Steven G. Tidrick, SBN 224760
Joel B. Young, SBN 236662
**THE TIDRICK LAW FIRM**
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Plaintiff Steven Heldt

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| STEVEN HELDT,<br><br>        Plaintiff,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>        Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE TO MOTION TO TRANSFER VENUE**<br><br>DATE: August 4, 2015<br>TIME: 2:00 P.M.<br>CTRM: 1, 4th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed: April 14, 2015 |

This case concerns the discriminatory employment practices of Defendant Tata Consultancy Services Ltd. ("Tata"), which systematically favors South Asians (primarily Indian) over non-South Asians. Tata is a large multi-national corporation with tens of thousands of employees in the United States that has displaced non-South Asian workers in this district and across the country through a systematic pattern and practice of discrimination. Although only between 1 and 2 percent of the U.S. population is South Asian, approximately 95% of Tata's U.S. workforce is South Asian (primarily Indian). Plaintiff Steven Heldt chose to file suit in this forum, where Tata initially hired him and where Tata first discriminated against him, and where several Tata positions were available that Mr. Heldt unsuccessfully applied to. Defendant cannot sustain its burden of demonstrating that transfer

is warranted.

Mr. Heldt's choice of forum should be afforded significant weight, and Tata's motion should be denied.

## I. BACKGROUND

Tata conducts extensive business in this district, and has engaged in discriminatory conduct in this district. Compl. ¶ 13 (Dkt. #1). In fiscal year 2015, Tata had revenues of $15.5 billion and net income of $3.5 billion. Tata Press Release (Apr. 16, 2015) (Ex. 1), *available at* http://www.tcs.com/investors/Documents/PressReleases/TCS_PressRelease_IFRS_USD_Q4_15.PDF. Tata generates over half of its revenues from its North American operations and operates approximately 19 offices in the United States, including one in Santa Clara, California, in this district. Compl. ¶ 8. Tata has tens of thousands of employees in the United States, including numerous employees in this district. Compl. ¶ 8.

Tata provides consulting, IT, and outsourcing services. Approximately 95% of Tata's U.S.-based workforce is of South Asian descent, primarily from India, while less than 2% of the U.S. population is South Asian. *Id.* ¶ 1. Tata achieves its goal of displacing non-South Asian workers, in part, by securing visas for its preferred South Asian (primarily Indian) workers. *Id.* ¶ 21. Tata is one of the top three H-1B visa sponsors in the United States, and is currently being investigated by the federal government for visa abuses.[1]

Plaintiff Steven Heldt was hired by Tata for a position in Pleasanton, California, in this district, at the client site of Kaiser Permanente. Compl. ¶¶ 13, 25. Several hundred Tata employees

---

[1] Press Release of Sen. Sessions, *Sessions & Durbin Announce Labor Department Investigation on Abuses within H-1B Visa Program* (June 16, 2015) (Ex. 4), *available at* http://www.sessions.senate.gov/public/index.cfm/2015/6/sessions-durbin-announce-labor-department-investigation-on-abuses-within-h-1b-visa-program (discussing "tide of visa abuse" and companies that "have laid off thousands of American workers and replaced them with H-1B visa holders").

worked at the Kaiser Permanente client site in Pleasanton, all but three of whom were South Asian. *Id.* ¶ 25. After being removed from his position in Pleasanton, Mr. Heldt interviewed with Tata for multiple other positions in this district, including in Silicon Valley, San Francisco, and Cupertino, for positions servicing Tata clients Cisco, Genentech, and Apple respectively, but Tata did not place him in any of these positions because of its preference for Indians. *Id.* ¶¶ 28-30, 35-36. During his employment with Tata, Mr. Heldt frequently reported to Jeevak Sharman, a human resources representative who was located at Tata's Santa Clara, California office in this district. *Id.* ¶ 13. Mr. Heldt was willing to accept a position in this district or elsewhere in the United States, but Tata fired him partly on the pretextual grounds that he would not accept a position outside of California. *Id.* ¶ 41.

## II. TRANSFER SHOULD BE DENIED BECAUSE RESMED CANNOT CARRY ITS BURDEN TO MAKE A STRONG SHOWING OF INCONVENIENCE

### A. Tata Has a "Heavy Burden" of Showing That Convenience and the Interests of Justice Factors Favor Transfer to the Central District

Tata seeks transfer pursuant to 28 U.S.C. § 1404(a), which "provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). Under § 1404(a), "defendants generally bear 'a heavy burden of proof to justify the necessity of the transfer.'" *Wade v. Indus. Funding Corp.*, No. C-92-0343-RFP, 1992 WL 207926, at *2 (N.D. Cal. May 28, 1992) (quoting *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1555 (N.D. Cal. 1988)). The burden is on the movant to establish that the relevant factors favor transfer, including that "transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Hendricks v. StarKist Co.*, No. 13-cv-729 YGR, 2014 WL 1245880, at *1-2 (N.D. Cal. Mar. 25, 2014). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). For a defendant to meet its "heavy

burden," "[a]ffidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony." *E. & J. Gallo Winery v. F&P S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). Transfer is inappropriate if it would merely "shift the inconvenience from one party to another." *Hendricks*, 2014 WL 1245880, at *5.

**B.     Tata Cannot Carry Its Heavy Burden of Proof**

Tata cannot carry its heavy burden of proof to demonstrate that the relevant factors favor transfer. Among the convenience factors that a court may consider in the Ninth Circuit are:

> "(1) the location where [any] relevant agreements were negotiated and executed, (2) the [forum] that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

*Bias v. Wells Fargo & Co.*, No. 12-CV-664 YGR, 2012 WL 2906664, at *5 (N.D. Cal. July 13, 2012) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). In addition, courts consider: (9) whether transfer will promote the interests of justice, which includes the speed of each district in resolving cases, and the local interest in deciding the controversy. *Hendricks*, 2014 WL 1245880, at *5-6. Each of these nine factors and a tenth factor cited by Tata are neutral or weigh against transfer.

**1.     Factor 1: The Location Where Any Relevant Agreements Were Negotiated Is Neutral**

Plaintiff alleges employment discrimination, not breach of contract, and Tata has not pointed to any agreements relevant to this litigation. This factor does not support a transfer.

**2.     Factor 2: The Forum Most Familiar with the Governing Law Is Neutral**

As Tata concedes, both forums are equally familiar with the applicable law. Tata Mem. P. & A. in Support of Mot. to Transfer ("Transfer Mot.") at 12 (Dkt. #22). This factor therefore does not support transfer.

4

### 3. Factor 3: Plaintiff's Choice of Forum Weighs Heavily Against Transfer.

"Generally, '[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Hendricks*, 2014 WL 1245880, at *2 (quoting *Decker Coal Co.*, 805 F.2d at 843). Title VII of the Civil Rights Act of 1964 contains a special venue provision granting venue in, *inter alia*, "any judicial district in the state in which the unlawful employment practice is alleged to have been committed," and "any judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)((3). Because of the special venue provision, "'a plaintiff's choice of forum is entitled to greater deference where a case arises under Title VII,'" and this heightened deference applies "in class action suits as well as individual actions." *Wellens v. Daiichi Sankyo Co.*, No. C 13-00581 CW, 2013 WL 3242294, at *2-3 (N.D. Cal. June 25, 2013) (quoting *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005)).[2]

"In determining the appropriate amount of deference to accord plaintiff's choice of forum, courts must consider the extent of the parties' contacts with the chosen forum, including contacts relating to the plaintiff's cause of action." *Hendricks*, 2014 WL 1245880, at *3 (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)). In a class action, even outside the Title VII context, plaintiff's choice of forum is entitled to "'significant weight'" if there is "'no evidence [of] forum shopping'" and if "'both plaintiffs and defendant have significant contacts with [plaintiff's chosen forum].'" *Id.* (quoting *Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1186 (N.D. Cal. 2010)).[3]

---

[2] Title VII necessarily increases the deference to Plaintiff's choice of forum, and a Title VII cause of action is "not simply [a] factor[] that should be weighed in deciding whether or not to give the plaintiff's choice of forum greater deference." *Gelber v. Leonard Wood Mem'l for Eradication of Leprosy*, No. C 07-01785 JSW, 2007 WL 1795746, at *3 (N.D. Cal. June 21, 2007).

[3] Especially where a class has not yet been certified, a plaintiff's choice of forum weighs against transfer. *Hendricks*, 2014 WL 1245880, at *2 (citing *Van Slyke v. Capitol One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007)). If the operative facts "have not occurred within the forum and the forum has no interest in the parties or subject matter," then "[m]inimal weight" is given to a

The parties' contacts with this forum need not be equal to contacts with the proposed transferee forum, but they only need to be "significant" to entitle Plaintiff's forum choice to "significant weight." *Id.*

Mr. Heldt alleges that venue is appropriate in this district pursuant to the venue provision of Title VII, Compl. ¶ 13, and Plaintiff's forum choice is therefore entitled to "greater deference," even in a class action. *Wellens*, 2013 WL 3242294, at *2-3.[4]

Moreover, Mr. Heldt did not engage in forum shopping, and both parties have extensive contacts with this district, including contacts related to Mr. Heldt's causes of action. According to Tata itself, "incidents giving rise to this Action occurred in Northern California." Transfer Mot. at 8. Mr. Heldt was hired to work in this district, moved to this district, and lived and worked in this district when he was first discriminated against by Tata. Mr. Heldt was also subsequently passed over for several job openings in this district because of Tata's discriminatory practices, and the Tata human resources representative that Mr. Heldt frequently reported to was located in this district. Compl. ¶¶ 13, 25-26. Tata has extensive other contacts with this district. Tata maintains an office in this district and employs thousands of employees at various client sites throughout this district, which includes Silicon Valley and is the home of numerous technology companies that are Tata clients and employ Tata workers. Compl. ¶¶ 8, 14, 25. Many of the putative class members reside in this district, and were passed over for positions located in this district in violation of Title VII. *See Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. C 14-0437 CW, 2014 WL 5695051, at *4 (N.D. Cal. Nov. 4, 2014) (finding that plaintiff who resided outside the chosen district had not engaged in forum shopping where it had "significant contacts in the district" and

---

plaintiff's forum choice. *Hansell v. TracFone Wireless, Inc.*, No. C-13-3440 EMC, 2013 WL 6155618, at *3 (N.D. Cal. Nov. 22, 2013).

[4] *See also Hansell*, 2013 WL 6155618, at *3 ("Although this action is brought as a class action, Plaintiff['s] choice of forum is given some presumptive weight.").

operative acts occurred in the district).

Because both Mr. Heldt and Tata have extensive contacts with this district, including contacts related to Mr. Heldt's causes of action, because Mr. Heldt did not engage in forum shopping,[5] and he alleges Title VII violations, his choice of forum is entitled to "significant weight," and weighs against transfer. *Hendricks*, 2014 WL 1245880, at *3 (citing *Roling*, 756 F. Supp. 2d at 1186); *Wellens*, 2013 WL 3242294, at *2-3.[6]

### 4. Factor 4: The Parties Contacts with Each Forum

As described in Section II(B)(3) above, Tata and Mr. Heldt have had extensive contacts with this district. Tata "engages in continuous and systematic business contacts within this District, and maintains a substantial physical presence in this District." Compl. ¶ 13. Tata has a regional office and thousands of employees in this district. *See* Compl. ¶¶ 8, 13, 25; Tata, U.S. Offices (Ex. 2), *available at* http://www.tcs.com/worldwide/n_america/locations/usa/Pages/offices.aspx (listing Tata regional office in Santa Clara). During the relevant time period, Mr. Heldt has lived in and worked for Tata in this district. Compl. ¶¶ 13, 25. The parties also had significant contacts with the Central District. This factor is neutral.

### 5. Factor 5: The Contacts Relating to Plaintiff's Causes of Action Related to the Chosen Forum.

"'[T]his factor considers the parties' contacts with the forum, not whether those contacts are unique or whether the parties have contacts with other forums." *Hendricks*, 2014 WL 1245880, at *4 (quoting *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011)).

---

[5] Rather, Tata is engaged in forum shopping. *See Simpson v. Vantage Hospitality Group, Inc.*, No. 12-cv-04814-YGR, 2012 WL 6025772, at *3 (N.D. Cal. Dec. 4, 2012) (denying motion to transfer putative class action to the Central District where "Plaintiff argues that Defendant itself is forum shopping by seeking transfer to another district when venue here is proper").

[6] *See also Bias*, 2012 WL 2906664, at *5 (N.D. Cal. July 13, 2012) (finding that class action plaintiffs' choice of forum "still favors the current venue" even though – unlike here – the named plaintiffs never lived in the district).

Tata admits that "incidents giving rise to this Action occurred in Northern California." Transfer Mot. at 8. Tata has discriminated against Mr. Heldt in this district by making discriminatory statements to Mr. Heldt while he worked in Pleasanton in this district and by passing over Mr. Heldt for positions at several different client sites in this district. Compl. ¶ 13. In connection with his employment, Mr. Heldt frequently communicated with a Tata human resources representative in this district. *Id.*[7] This factor weighs against a transfer.

### 6. Factor 6: The Differences in the Costs of Litigation Between the Two Forums

Transfer is not appropriate to merely shift litigation costs from one party to the other. *Hendricks*, 2014 WL 1245880, at *5. A court may consider the relative means of the parties in assessing the differential in litigation costs. *Id.* (citing *Dwyer v. GM Corp.*, 853 F. Supp. 690, 693-94 (S.D.N.Y. 1994)).

Tata's means substantially exceed those of Mr. Heldt. Tata is a multi-national corporation with billions of dollars in annual revenues and profits. Compl. ¶ 8, 16; Tata Press Release (Apr. 16, 2015) (Ex. 1) *available at* http://www.tcs.com/investors/Documents/Press Releases/TCS_PressRelease_IFRS_USD_Q4_15.PDF (touting $3.5 billion in profits last year). Mr. Heldt is an individual IT worker who was fired by Tata. Compl. ¶¶ 4-5, 41.

Two of Mr. Heldt's counsel are located in this district in Berkeley, California, and they would incur significant travel costs if this case were transferred. (Some of Mr. Heldt's counsel are located in neither district). Tata's counsel are located in the Central District. This factor weighs against transfer because "transfer would shift the costs onto the party with more limited means." *Gelber*, 2007 WL 1795746, at *4.

---

[7] Putative class members were also discriminated against in this district, and many reside in this district, where Tata maintains a regional office and where thousands of Tata employees work at one the numerous Tata client sites in this district. Compl. ¶¶ 13, 25.

### 7. Factor 7: Ease of Access to Sources of Proof Does Not Favor Transfer

The ease of access to proof weighs in favor of transfer if it is shown that "it would be particularly burdensome to produce [evidence and records important to the litigation] here, or that any party would otherwise be prejudiced by having to offer them as proof in this district." *Bias*, 2012 WL 2906664, at *6 (citing *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1091 (E.D. Cal. 2005) (fact that documents are stored and maintained out of state, without more, did not demonstrate hardship that would warrant convenience transfer)). Because of technological advances in document storage and retrieval, "transportation of documents generally is not regarded as a burden." *Hendricks*, 2014 WL 1245880, at *4 (citing *Van Slyke*, 503 F. Supp. 2d at 1362). "When evidence is in electronic form, this factor is neutral or carries minimal weight." *Hansell*, 2013 WL 6155618, at *4.

The evidence relevant to this lawsuit consists of documents rather than bulky physical evidence, and "transportation of documents generally is not regarded as a burden." *Hendricks*, 2014 WL 1245880, at *4.

Moreover, Tata admits that most of its relevant documents are located in New Jersey and therefore do not support a transfer to a different district in California. Transfer Mot. at 12 ("Admittedly, much of the personnel information is stored in New Jersey."). Tata states that its clients may have relevant documents, Transfer Mot. at 12, though those documents are presumably in electronic form. Further, at least four Tata clients referenced in the complaint are located in this district, not the Central District. Compl. ¶ 13 (Kaiser Permanente, Apple, Cisco, and Genentech).

Tata admits that at least one relevant Tata witness is located in this district. *Id.* at 10; *see also* Compl. ¶ 13. While Tata suggests that some relevant documents might be located in the Central District, Tata does not identify any such documents or any reason they would be particularly burdensome to produce in this district, and therefore fails to carry its burden of demonstrating that

this factor weighs in favor of transfer. *Bias*, 2012 WL 2906664, at *6; *Adobe Sys. Inc. v. My Choice Software, LLC*, No. 14-cv-02150-BLF, 2014 WL 6346776, at *4 (finding defendants failed to carry their burden of proof where "Defendants assert that key evidence is located in the Central District but, again, they do not submit a declaration in support of that assertion.").[8]

### 8. Factor 8: The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses Does Not Favor Transfer

In establishing inconvenience to witnesses, the moving party must "'name the witness, state their location, and explain their testimony and its relevance.'" *Hendricks*, 2014 WL 1245880, at *3 (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)). "Affidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony." *E. & J. Gallo Winery*, 899 F. Supp. at 466.

Tata fails to carry its burden of showing that this factor favors transfer, as Tata fails to name any third party witnesses, their testimony, or its relevance, and fails to submit a declaration regarding third party witnesses (with the exception of a declaration stating that one former employee, Mr. Saravanan, probably resides in India). Srinavasan Decl. ¶ 10 (Dkt. #23); Transfer Mot. at 11-12; *Hendricks*, 2014 WL 1245880, at *4 (finding that movant failed to carry its burden where it did not identify any non-party witnesses that would be inconvenienced).[9]

### 9. Factor 9: The Interests of Justice Do Not Favor Transfer

Relevant public interest considerations include degrees of court congestion, local interest in deciding local controversies, and burdening citizens of an unrelated forum with jury duty. *Id.* at *6.

---

[8] *See also Wellens*, 2013 WL 3242294, at *4 (finding minimal burden of transferring from New Jersey to Northern California copies of ESI and hard copy documents relevant to employment discrimination complaint, including personnel files, job descriptions, promotional materials, and policies and procedures).

[9] Tata states that some clients may have relevant information based on "the allegations of the complaint" (Transfer Mot. at 11) rather than any investigation by Tata or the affidavit or declaration of any witness. Even if this were true, several clients referenced in the complaint are located in this district. Compl. ¶ 13.

### a. Court Congestion Is Neutral

This factor relates to whether trial may be speedier in another court because of its less crowded docket. *Id.* But a court "'should not transfer a case on the basis of docket congestion after determining the balance of the other factors weighs against transfer.'" *Id.*

In 2014, there were more civil case filings and more pending cases per judgeship in the Central District (511 and 458 respectively) compared to the Northern District (440 and 446). La Mar Decl. Ex. A at 3 (Dkt. #24-1); *see also Bias*, 2012 WL 2906664, at *7 (analyzing "congest[ion] by virtue of the higher volume of filings and pending cases").

While Tata points out that the time to disposition or trial was 2.4 months and 5.7 months faster in the Central District in 2014, Tata admits that this may not be a meaningful difference, and that this factor may be neutral. Transfer Mot. at 13 (citing *Hansell*, 2013 WL 6155618, at *5) (finding it "unclear whether any appreciable difference in time is expected" where there was a 1.6 month and 14.8 month difference in time to disposition and to trial)). Moreover, this difference is likely to decline going forward. There is currently a judicial vacancy in the Central District, with no pending nominee, but no vacancies in this district. *See* Current Judicial Vacancies (Ex. 3), *available at* http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies. And if the court transferred the case, "that transfer would itself result in further delay in reaching the merits of Plaintiffs' claims." *Senne v. K.C. Royals Baseball Corp.*, No. 14-cv-00608-JCS, 2015 WL 2412245, __ F. Supp. 3d __, at *60 (N.D. Cal. May 20, 2015).

Because the Central District has a more crowded docket and there is unlikely to be any meaningful difference in resolution times, this factor is neutral. *Hansell*, 2013 WL 6155618, at *5.

### b. Local Interest in Deciding Local Controversies and Jury Duty is Neutral

Tata "seek[s] a transfer within the same state, so California's interest in resolving local disputes at home will be satisfied wherever this case may land." *CES Group, LLC v. DMG Corp.*,

No. 14-cv-02919-BLF, 2015 WL 457405, at *4 (N.D. Cal. Feb. 3, 2015).

Moreover, "incidents giving rise to this Action occurred in Northern California[.]" Transfer. Mot. at 8; *accord* Compl. ¶ 13. Tata discriminated against Mr. Heldt and other unsuccessful job applicants in this district, which is where one of Tata's regional offices is located and where thousands of Tata jobs are located. Compl. ¶ 13, 25-26. Thus, there is a local interest in deciding the case in this district, and jurors would not be asked to decide a case "unrelated" to the forum, as there are numerous connections between the lawsuit and this forum. *Hendricks*, 2014 WL 1245880, at *6; Compl. ¶ 13.

**10. The Convenience of Party Witnesses Does Not Favor Transfer**

Tata argues that a tenth factor – the convenience of party witnesses – favors transfer. Transfer Mot. at 8. But courts give "less consideration" to the convenience of party witnesses as opposed to non-party witnesses, as compulsory process generally is not required to compel the attendance of party witnesses. *Hendricks*, 2014 WL 1245880, at *3. "[R]elevant witnesses will likely be deposed at a location that is most convenient to them," and inconvenience would only occur if the case proceeds to trial. *K.C. Royals*, 2015 WL 2412245, at *60. In establishing inconvenience to witnesses, the moving party must name the witness, state their location, and explain their testimony and its relevance. *Hendricks*, 2014 WL 1245880, at *3. "Affidavits or declarations are required to identify key witnesses and a generalized statement of their anticipated testimony." *E. & J. Gallo Winery*, 899 F. Supp. at 466.

Tata has submitted a declaration from Narsasimhan Srinivasan, Vice President, Head of Human Resources. Mr. Srinivasan identifies the locations of five Tata employees named in the Complaint (and one former employee). Srinavasan Decl. ¶¶ 5-10. But the declaration is inadequate as it does not identify whether they will be "key witnesses" and does not provide "a generalized statement of their anticipated testimony." *E. & J. Gallo Winery*, 899 F. Supp. at 466. Tata has failed to carry its burden of proof on this factor.

In its brief, Tata offers a generalized statement of the anticipated testimony of the five Tata

employees that Tata asserts may be relevant witnesses (but without a supporting declaration). Transfer Mot. at 9-10. Three of these witnesses do not reside in either district. *Id.* Of the remaining two witnesses, one resides in this district, and one resides in the proposed transferee district. *Id.*[10] Thus, even if the court credited Tata's assertions despite the lack of a supporting declaration, this factor is neutral. *Id.*[11]

In sum, Plaintiff's choice of forum in this Title VII case is entitled to substantial deference and weighs against transfer. The parties significant contacts with this district related to Mr. Heldt's causes of action also weighs against transfer. The remaining factors are largely neutral, and Tata has failed to carry its heavy burden of demonstrating that a transfer to the Central District would be significantly more convenient.

### III. CONCLUSION

For the foregoing reasons, Tata's motion to transfer should be denied.

DATED: June 22, 2015

Respectfully submitted,

By: /s/Steven Tidrick

Steven G. Tidrick, SBN 224760
Joel B. Young, SBN 236662
**THE TIDRICK LAW FIRM**
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

---

[10] Moreover, Mr. Heldt anticipates that additional relevant party witnesses will be located in this district who engaged in discrimination against him and other class members, as he applied for multiple positions located in this district, and one of Tata's regional offices is in this district. Compl. ¶ 13. Mr. Heldt alleges that Tata discriminated in favor of South Asians, and that directions to discriminate were given to regional human resources managers, one of whom is located in this district. Compl. ¶¶ 13, 19-24.

[11] Whether or not the Central District would be more convenient for Mr. Heldt is "irrelevant," as he "chose to pursue this action in the Northern District of California, and opposes this motion." *Roling*, 756 F. Supp. 2d at 1186.

Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com; mvk@kotchen.com

Michael F. Brown (*pro hac vice* forthcoming)
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Vonda K. Vandaveer
**V.K. Vandaveer, P.L.L.C.**
P.O. Box 27317
Washington, DC 20038-7317
202-340-1215
202-521-0599 (fax)
atty@vkvlaw.com

*Attorneys for Plaintiff Steven Heldt*