1  Steven G. Tidrick, SBN 224760
2  Joel B. Young, SBN 236662
   **THE TIDRICK LAW FIRM**
3  2039 Shattuck Avenue, Suite 308
   Berkeley, California 94704
4  Telephone: (510) 788-5100
   Facsimile: (510) 291-3226
5  E-mail: sgt@tidricklaw.com
   E-mail: jby@tidricklaw.com
6
7  Attorneys for Plaintiff Steven Heldt

8                      **UNITED STATES DISTRICT COURT**
                       **NORTHERN DISTRICT OF CALIFORNIA**
9                              **OAKLAND DIVISION**

10 STEVEN HELDT,
                                        Case No.: 4:15-cv-01696-YGR
11         Plaintiff,

12         v.                           **CLASS ACTION**

13 TATA CONSULTANCY SERVICES, LTD.,     **PLAINTIFF'S OPPOSITION TO
                                        DEFENDANT'S MOTION TO DISMISS
14         Defendant.                   COUNTS I AND II.**

15                                      DATE: August 11, 2015
                                        TIME: 2:00 P.M.
16                                      CTRM: 1, 4th Floor
                                        JUDGE: Hon. Yvonne Gonzalez Rogers
17
                                        Complaint Filed: April 14, 2015
18

19
       Plaintiff Steven Heldt ("Mr. Heldt"), by and through his undersigned attorneys, hereby
20
   submits this opposition to Defendant Tata Consultancy Services, Ltd.'s ("Tata") Motion to Dismiss
21
   Counts I and II (Dkt. #21). Mr. Heldt, along with two additional plaintiffs, Brian Buchanan and
22
   Christopher Slaight, filed an amended complaint concurrently with this opposition. (Dkt. #39).
23
   Accordingly, Tata's motion should be denied as moot. *Collins v. Winex Investments, LLC*, No.
24
   08cv51-L(CAB), 2008 WL 927572, at *1 (S.D. Cal. April 4, 2008) ("where a plaintiff elects to file
25
   an amended complaint, a district court may treat an existing motion to dismiss as moot").

Even if considered, Tata's motion fails on its merits. "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint" and must be denied if the plaintiff states "a cognizable legal theory." *Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148, at *2 (N.D. Cal. Feb. 2, 2015) (citation omitted). Tata argues that Mr. Heldt impermissibly advances a national origin discrimination claim under 42 U.S.C. § 1981.[1] Def.'s Mot. at 7-8. Tata is wrong. Mr. Heldt alleges discrimination under § 1981 on the basis of race and ethnicity (including discrimination against those "who are not of South Asian race, ancestry, ethnicity, and those of Indian, Nepalese, or Bangladeshi national ethnic groups"). Am. Compl. ¶ 84. "Under 42 U.S.C. § 1981, discrimination based on 'ancestry or ethnic characteristics,' is prohibited." *Fonseca v. Sysco Food Serv. of Az., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) (quoting *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). "[R]ace has been defined broadly to cover immigrant ethnic groups," such as those alleged by Mr. Heldt. *Id.*; *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (explaining that under § 1981, "race" is to be defined broadly to include "ethnic groups such as the Chinese"); *Benigni v. City of Hemet*, 879 F.2d 473, 478 (9th Cir. 1988) ("targets of race discrimination for purposes of section 1981 include groups that today are considered merely different ethnic or national groups, such as Arabs, Jews, Germans and Italians") (citation omitted); *Bertoli v. Cascade Precision, Inc.*, No. CV 03-1698-BR, 2004 WL 948795, at *2 (D. Or. April 14, 2004) (holding that "Plaintiff has stated a claim for race discrimination under § 1981 based on his Italian ancestry"). Because discrimination on the basis of "ethnic or national groups" is cognizable under § 1981, Tata's motion must be denied.

DATED:  July 6, 2015                                   Respectfully submitted,

By: /s/Steven Tidrick

---

[1] Tata also argues that Mr. Heldt may not advance Title VII or § 1981 claims under a disparate impact theory. Def.'s Mot. at 2. Mr. Heldt does not intend to do so.

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

Steven G. Tidrick, SBN 224760  
Joel B. Young, SBN 236662  
**THE TIDRICK LAW FIRM**  
2039 Shattuck Avenue, Suite 308  
Berkeley, California 94704  
Telephone: (510) 788-5100  
Facsimile: (510) 291-3226  
E-mail: sgt@tidricklaw.com  
E-mail: jby@tidricklaw.com  

Daniel Low, SBN 218387  
Daniel Kotchen (*pro hac vice*)  
Michael von Klemperer (*pro hac vice*)  
**KOTCHEN & LOW LLP**  
1745 Kalorama Road NW, Suite 101  
Washington, DC 20009  
Telephone: (202) 471-1995  
Email: dlow@kotchen.com;  
dkotchen@kotchen.com; mvk@kotchen.com  

Michael F. Brown  
**DVG LAW PARTNER LLC**  
P.O. Box 645  
Neenah, WI 54957  
920-238-6781  
920-273-6177 (fax)  
mbrown@dvglawpartner.com  

Vonda K. Vandaveer  
**V.K. Vandaveer, P.L.L.C.**  
P.O. Box 27317  
Washington, DC 20038-7317  
202-340-1215  
202-521-0599 (fax)  
atty@vkvlaw.com  

*Attorneys for Plaintiff Steven Heldt*

3  
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS – CASE NO. 4:15-CV-01696-YGR