1  Steven G. Tidrick, SBN 224760
2  Joel B. Young, SBN 236662
   **THE TIDRICK LAW FIRM**
3  2039 Shattuck Avenue, Suite 308
   Berkeley, California 94704
4  Telephone: (510) 788-5100
   Facsimile: (510) 291-3226
5  E-mail: sgt@tidricklaw.com
   E-mail: jby@tidricklaw.com

Attorneys for Plaintiff Steven Heldt

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| STEVEN HELDT,<br><br>        Plaintiff,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>        Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE COMPLAINT**<br><br>DATE: August 11, 2015<br>TIME: 2:00 P.M.<br>CTRM: 1, 4th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed: April 14, 2015 |

# TABLE OF CONTENTS

TABLE OF CONTENTS .......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.   Tata's Substantive Challenge To Mr. Heldt's Standing To Assert A Failure To Hire Claim Is Improper Under Rule 12(f), And Is Moot. ..................................................................... 3

    II.  Tata May Not Challenge This Court's Subject Matter Jurisdiction On A Rule 12(f) Motion, This Court Does Have Subject Matter Jurisdiction Over Mr. Heldt's Discrimination Claims, And Tata's Use Of Visa Workers Does Not Immunize Their Discrimination In Violation Of Title VII And § 1981. ..................................................................................................... 4

    III. Tata's Substantive Challenge To Mr. Heldt's Class Period Allegation Is Improper Under Rule 12(f), And Mr. Heldt's Class Period Allegation Is Appropriate. ............................... 8

    IV. Tata's Substantive Challenge To Mr. Heldt's § 1981 Claim Is Improper Under Rule 12(f), And Mr. Heldt's Allegations Are Permissible. ...................................................................... 9

    V.  Tata's Substantive Challenge To Mr. Heldt's Statistical Allegations Is Improper Under Rule 12(f), And Mr. Heldt's Allegations Are Permissible. ........................................................ 11

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Alves v. Masters Entm't Group, LLC.*, No. 3:07-CV-305, 2008 WL 4452145 (N.D. Ind. Sept. 30, 2008) ............................................................................................................................. 6

*Benigni v. City of Hemet*, 879 F.2d 473 (9th Cir. 1988) ................................................... 10

*Bertoli v. Cascade Precision, Inc.* No. CV 03-1698-BR, 2004 WL 948795 (D. Or. April 14, 2004) 10

*Biran v. JP Morgan Chase & Co.*, No. 02 CIV 5506, 2002 WL 31040345 (S.D.N.Y. Sept. 12, 2002) ............................................................................................................................. 6

*Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335 (N.D. Cal. 1991) ............................. 2

*Cruz v. Bank of N.Y. Mellon*, No. 12-CV-846-LHK, 2012 WL 2838957 (N.D. Cal. July 10, 2012) ..................................................................................................................... passim

*Cruz v. Sky Chefs, Inc.*, No. C-12-2705 DMR, 2013 WL 1892337 (N.D. Cal. May 6, 2013) ............. 3

*Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511 (9th Cir. 2011) ............................. 11

*Diaz v. AT&T*, 752 F.2d 1356 (9th Cir. 1985) ................................................................... 11

*Fonseca v. Sysco Food Servs. of Az., Inc.*, 374 F.3d 840 (9th Cir. 2004) ..................... 9, 10

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ......................................................... 4

*Hazelwood Sch. Dist. v. United States*, 433 U.S. 299 (1977) ...................................... 7, 11

*In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955 (C.D. Cal. 2000) ............. 2, 3, 4

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977) .................................... 8, 11

*Irish v. City of Sacramento*, No. Civ.S-04-1813, 2006 WL 224436 (E.D. Cal. Jan. 30, 2006) ...... 7, 12

*Jones v. R.R. Donnelley & Sons*, 541 U.S. 369 (2004) ...................................................... 9

*Julien v. Scott*, No. C 96-1858-CAL, 1998 WL 410896 (N.D. Cal. July 17, 1998) .......... 11

*Koehler v. Infosys Tech. Ltd.*, No. 13-cv-885-PP, 2015 WL 2168886, ___ F. Supp. 3d ___ (E.D. Wisc. May 8, 2015) ................................................................................................. 6

*Lema v. Comfort Inn, Merced*, No. 1:10-cv-362-SMS, 2012 WL 2200770 (E.D. Cal. June 14, 2012) ................................................................................................................................ passim

*Love v. Pinnacle Nissan, Inc.*, 102 F. App'x. 597 (9th Cir. 2004) ....................................... 9

*Manatt v. Bank of Am., NA*, 339 F.3d 792 (9th Cir. 2003) ................................................ 10

*Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015) ....... 9

*N.Y.C. Employees' Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121 (N.D. Cal. 2009) .................... 2, 3

*O'Brien v. Sky Chefs, Inc.*, 670 F.2d 864 (9th Cir. 1982)...................................................... 12

*Olvera-Morales v. Int'l Mgmt. Corp.*, 246 F.R.D. 250 (M.D.N.C. 2007) ............................................. 6

*Piva v. Xerox Corp.*, 654 F.2d 591 (9th Cir. 1981)........................................................... 7, 11

*Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072 (C.D. Cal. 1994) .................................. 3

*Skadegaard v. Farrell*, 578 F. Supp. 1209 (D.N.J. 1984)...................................................... 2

*Sodano v. Chase Bank USA, NA*, No. 2:12-cv-369, 2012 WL 1552796 (E.D. Cal. May 1, 2012)3, 5, 10, 11

*St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604 (1987)........................................................ 10

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)....................................................... 7, 12

*Vartanian v. Nationwide Legal, Inc.*, No. C-12-0691 EMC, 2012 WL 2054995 (N.D. Cal. June 5, 2012) ........................................................................................................................... 9

*Venkatraman v. REI Sys., Inc.* 417 F.3d 418 (4th Cir. 2005) .............................................. 6

*Vesecky v. Matthews (Mill Towne Center) Real Estate, LLC*, No. CV-09-1741, 2010 WL 749636 (D. Az. March 2, 2010) ........................................................................................................ 2

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ..................................................... 4

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ........................... passim

*Zhang v. China Gate, Inc.*, No. C07-964RSM, 2007 WL 2686834 (W.D. Wash. Sept. 7, 2007)........ 7

**Statutes**

Civil Rights Act of 1866, 42 U.S.C. § 1981 ................................................................................ passim

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ..................................... 6, 7, 8, 9

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 5

Fed. R. Civ. P. 12(f) ......................................................................................................... passim

**Regulations**

20 C.F.R. § 655.705(c)(1) ......................................................................................................... 8

20 C.F.R. § 655.730(c)(4) ......................................................................................................... 8

Plaintiff Steven Heldt ("Mr. Heldt"), by and through his undersigned attorneys, hereby submits this opposition to Defendant Tata Consultancy Services, Ltd.'s ("Tata's") Motion to Strike the Complaint (Dkt. #26). For the following reasons, Tata's Motion should be denied.

## INTRODUCTION

Tata is a business that provides information technology ("IT") outsourcing and consulting services in the United States, where it employs at least 14,000 individuals. Compl. ¶ 8 (Dkt. #1). Tata has engaged – and continues to engage – in widespread employment discrimination in its United States workforce. *See, e.g.*, *id.* ¶ 1. The end result of Tata's pattern and practice of intentional discrimination is a United States workforce that consists of approximately 95% South Asians, despite the fact that South Asians make up only about 1-2% of the United States population and a similar proportion of IT workers. *Id.* ¶¶ 1, 17 & n.2, 24. Tata achieves this grossly disproportionate workforce by discriminating in hiring – relying on visa workers from South Asia to fill positions in the United States, and favoring South Asians already located in the United States. *Id.* ¶¶ 21-22. In fact, Tata management explicitly instructs its Talent Acquisition Unit, which recruits employees for Tata's United States operations, to focus on hiring only South Asians because of a discriminatory belief that they are smarter and better qualified than Americans. *Id.* ¶¶ 18-20. Tata also achieves its grossly disproportionate workforce by discriminating against the comparatively few non-South Asians it does hire (including Mr. Heldt) in employment decisions, such as job assignment, promotion/demotion, and termination decisions. *Id.* ¶ 23.

Rather than address these core allegations, Tata seeks to strike portions of Mr. Heldt's complaint under Federal Rule of Civil Procedure 12(f) – a disfavored mechanism used only in extreme cases to remove wholly superfluous or inflammatory allegations from a complaint – not, as Tata has done here, to challenge the underlying merits of a plaintiff's case.

## ARGUMENT

"Striking a party's pleadings is an extreme measure that is infrequently granted." *Lema v. Comfort Inn, Merced*, No. 1:10-cv-362-SMS, 2012 WL 2200770, at *2 (E.D. Cal. June 14, 2012). A court may only strike portions of a complaint in four limited circumstances: where the challenged material is "'redundant, immaterial,[1] impertinent,[2] or scandalous.[3]'" *Cruz v. Bank of N.Y. Mellon*, No. 12-CV-846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (quoting Fed. R. Civ. P. 12(f)). Such motions are disfavored "[b]ecause of their frequent use as a delaying tactic and because of judicial policy favoring resolution on the merits." *Lema*, 2012 WL 2200770, at *2. A "motion to strike should not be granted unless it is clear that the matter to be stricken could have *no possible bearing* on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (denying motion to strike allegations where "this court cannot say that the [disputed] paragraphs contribute nothing to plaintiffs' claims") (emphasis added). Additionally, to strike a challenged matter, the moving party bears the burden of demonstrating that it suffers prejudice as a result of its inclusion in the complaint. *N.Y.C. Employees' Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009); *see also Vesecky v. Matthews (Mill Towne Center) Real Estate, LLC*, No. CV-09-1741, 2010 WL 749636, at *1 (D. Az. March 2, 2010) (explaining the defendant bears the burden to show "how such material will cause prejudice").

A motion to strike is not a substitute for a motion to dismiss and may not be used "as a means

---

[1] "'Immaterial' means that the matter has no bearing on the controversy before the court." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

[2] "'Impertinent' has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence." *Id.*

[3] "'Scandalous' includes allegations that cast a cruelly derogatory light on a person a party or other person." *Id.*; *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984) ("Scandalous pleading for purposes of Rule 12(f) must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'") (citation omitted).

of challenging plaintiffs' claims on the merits." *Sodano v. Chase Bank USA, NA*, No. 2:12-cv-369, 2012 WL 1552796, at \*9 (E.D. Cal. May 1, 2012). Thus, a court "may not resolve 'disputed and substantial factual or legal issue[s] in deciding … a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-94 (9th Cir. 2010) (explaining further that "Rule 12(f) is neither an authorized nor a proper way to procure dismissal of all or a part of a complaint") (modification in original). "'[I]f the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits.'" *Lema*, 2012 WL 2200770, at \*2 (quoting *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994)); *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d at 965 ("If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion"). "In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cruz v. Sky Chefs, Inc.*, No. C-12-2705 DMR, 2013 WL 1892337, at \*4 (N.D. Cal. May 6, 2013).

Tata raises five arguments in support of its motion to strike, each of which fails to satisfy this demanding standard, is moot given Mr. Heldt's concurrently filed amended complaint, and/or misstates the nature of Mr. Heldt's allegations and claims. Additionally, Tata fails to explain how it is prejudiced from the inclusion of any of the challenged material. *See Berry*, 667 F. Supp. 2d at 1128.

### I. Tata's Substantive Challenge To Mr. Heldt's Standing To Assert A Failure To Hire Claim Is Improper Under Rule 12(f), And Is Moot.

Tata argues that Mr. Heldt lacks standing to assert discrimination in hiring, and that the Court must therefore strike allegations related to its hiring practices. Def.'s Mot. at 3-4. But Tata's hiring practices relate directly to its general policy of discrimination against non-South Asians (resulting in a 95% South Asian workforce in the United States), and are therefore neither impertinent nor
3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE – CASE NO. 4:15-CV-01696-YGR

immaterial.[4] The motion to strike these allegations must therefore be denied. *See* Fed. R. Civ. P. 12(f) (permitting striking only of "any redundant, immaterial, impertinent, or scandalous matter"); *Cruz*, 2012 WL 2838957, at *2; *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d at 965.

Rather, Tata advances a substantive challenge to Mr. Heldt's standing that is inappropriate on a motion to strike. *See, e.g. Whittlestone, Inc.*, 618 F.3d at 973 (explaining a court "may not resolve 'disputed and substantial factual or legal issue[s] in deciding … a motion to strike"); *Lema*, 2012 WL 2200770, at *2 (motion to strike should be denied where "challenged matter may raise an issue of fact or law"). Whether Mr. Heldt may advance a failure to hire claim on behalf of a class is "a disputed … legal issue," and thus inappropriate for resolution on a motion to strike. *Whittlestone, Inc.*, 618 F.3d at 973; *see, e.g., Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2553 (2011) (recognizing that "'proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion'") (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 159 n.15 (1982)).

Moreover, Tata's argument is moot, as the amended complaint, filed concurrently, adds an additional plaintiff who applied for a position with Tata but was not hired. Am. Compl. ¶¶ 2, 31-43 (Dkt. #39).

### II. Tata May Not Challenge This Court's Subject Matter Jurisdiction On A Rule 12(f) Motion, This Court Does Have Subject Matter Jurisdiction Over Mr. Heldt's Discrimination Claims, And Tata's Use Of Visa Workers Does Not Immunize Their Discrimination In Violation Of Title VII And § 1981.

Tata argues that Mr. Heldt's visa-related allegations should be stricken "because this court lacks subject matter jurisdiction to address Plaintiff's allegations." Def.'s Mot. at 4-7. In Tata's view, Mr. Heldt's "exclusive remedy is to complain to the appropriate administrative agency,"

---
[4] Nor are they redundant or scandalous.

4

regarding Tata's alleged misuse of the visa program. *Id.* at 7. But Tata does not, and could not, argue that Mr. Heldt's allegations related to Tata's visa use are "'redundant, immaterial, impertinent, or scandalous,' the only possible bases to strike material under Rule 12(f)." *Cruz*, 2012 WL 2838957, at *2 (quoting Fed. R. Civ. P. 12(f)). Because Mr. Heldt's visa-related allegations are neither immaterial (as the method by which Tata achieves its discriminatory goals is relevant to Mr. Heldt's individual and class claims), nor impertinent (as Tata's use of visa workers to achieve its discriminatory goals relates directly to Mr. Heldt's discrimination claims), these allegations cannot be stricken.[5]

Moreover, a motion to strike is not an appropriate method of challenging this Court's subject matter jurisdiction, which is governed by Fed. R. Civ. P. 12(b)(1), or the merits of Mr. Heldt's underlying claims, which is governed by Fed. R. Civ. P. 12(b)(6). *Whittlestone, Inc.*, 618 F.3d at 973 (observing that a motion to strike is not a substitute for a motion to dismiss); *Lema*, 2012 WL 2200770, at *2; *Sodano*, 2012 WL 1552796, at *9. Were this Court "to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading," the Court "would be creating redundancies within the Federal Rules of Procedure because a Rule 12(b)[] motion … already serves such a purpose." *Whittlestone, Inc.*, 618 F.3rd at 974 (rejecting this approach).

Even were the Court to consider the substance of Tata's argument, the Court must still deny the motion to strike. Tata attempts to distort Mr. Heldt's discrimination claims into an attack on Tata's visa practices. This effort is baseless. As alleged, Tata operates under an intentional pattern and practice of employment discrimination against individuals who are not South Asian such that it employs approximately 95% South Asians in the United States – a number grossly disproportionate

---

[5] *See Whittlestone, Inc.*, 618 F.3d at 974-75 (finding "the claim for damages is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief," nor "impertinent, because whether these damages are recoverable pertains directly to the harm being alleged"). Nor are the allegations redundant or scandalous.

with the United States population and the relevant market. Compl. ¶¶ 1, 17 & n.2, 24. Tata achieves its discriminatory goals in at least three ways – through heavy reliance on visa workers from Indian and other South Asian countries, by discriminating in local hiring (*i.e.*, favoring South Asian located in the United States over non-South Asians), and, for the comparatively few non-South Asians Tata does hire in the United States, disfavoring these individuals in employment decisions including work assignments, placement, promotion/demotion, and termination decisions. *Id.* ¶¶ 21-23. The end result of these practices is a work force that is 95% South Asian in the United States, despite the fact that South Asian make up only about 1-2% of the United States population and relevant market. *Id.* ¶¶ 1, 17 & n.2, 24. The fact that Tata utilizes visa workers to achieve, in part, its discriminatory goals does not immunize it from suit under Title VII and § 1981. *See, e.g., Koehler v. Infosys Tech. Ltd.*, No. 13-cv-885-PP, 2015 WL 2168886, ___ F. Supp. 3d ___, at \*7 (E.D. Wisc. May 8, 2015) (rejecting argument that plaintiffs may not rely on defendant's visa practices in proving their claims under Title VII and § 1981); *Olvera-Morales v. Int'l Mgmt. Corp.*, 246 F.R.D. 250, 252, 257 (M.D.N.C. 2007) (certifying Title VII class alleging sex discrimination where employer secured greater proportion of preferential guest worker visas for men than women). Tata is simply wrong in its assertion that Mr. Heldt's "exclusive remedy … is to complain to the appropriate administrative agency." Def.'s Mot. at 7. Tellingly, Tata fails to cite a single case that strikes or dismisses a Title VII or § 1981 complaint for failure to exhaust administrative remedies under the Immigration and Nationality Act.[6]

---

[6] Tata cites extensively from *Biran v. JP Morgan Chase & Company* in support of its INA exhaustion argument. *See* Def.'s Mot at 4-6 (citing No. 02 CIV 5506, 2002 WL 31040345 (S.D.N.Y. Sept. 12, 2002)). But the plaintiff in *Biran* did not assert claims under Title VII or § 1981, making Tata's reliance unavailing. 2002 WL 31040345, at \*1 ("Ishai Biran brings this action pro se pursuant to 8 U.S.C. §§ 1182(n) and 1324(b), provisions of the Immigration and Nationality Act"). The other cases on which Tata relies, Def.'s Mot. At 6-7, are similarly inapplicable to a Title VII or § 1981 discrimination case. *See, e.g.*, *Venkatraman v. REI Sys., Inc.* 417 F.3d 418, 422-24 (4th Cir. 2005) (affirming dismissal of INA claim under 8 U.S.C. § 1182(n)); *Alves v. Masters Entm't Group, LLC.*, No. 3:07-CV-305, 2008 WL 4452145, at \*3 (N.D. Ind. Sept. 30, 2008) (dismissing INA claim under

Tata's second visa-related argument is equally misguided. Tata suggests that, in citing Tata's visa practices, he defeats his own *prima facie* case. Def.'s Mot. at 7-8. As with Tata's other substantive arguments, whether Mr. Heldt can establish a *prima facie* case of discrimination is inappropriate on a motion to strike. *See* Fed. R. Civ. P. 12(f) (permitting striking only of "redundant, immaterial, impertinent, or scandalous matter"); *Cruz*, 2012 WL 2838957, at *2. In fact, such an inquiry is not even appropriate on a motion to dismiss. *Irish v. City of Sacramento*, No. Civ.S-04-1813, 2006 WL 224436, at *2-3 (E.D. Cal. Jan. 30, 2006) ("the question on this motion under Rule 12(b)(6) is not whether plaintiff *can establish a prima facie* case, but whether plaintiff *has alleged* sufficient facts to state a claim") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)) (emphasis in original).

Moreover, Tata's argument fails on its merits. Tata suggests that to establish a *prima facie* case of discrimination, "a plaintiff must establish that he or she was qualified for the position but that someone outside the protected category was hired instead." Def.'s Mot. at 7. This statement is wrong as a matter of law. While comparative evidence of this sort can be relevant *at summary judgment* under the *McDonnell Douglas* test, where a plaintiff alleges that a defendant engaged in a pattern and practice of discrimination, as Mr. Heldt does here, "[g]ross statistical disparities between the composition of an employer's work force and the composition of the general population in a proper case may constitute, by themselves, *prima face* proof of a pattern and practice of discrimination." *Piva v. Xerox Corp.*, 654 F.2d 591, 596 (9th Cir. 1981) (citing *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-08 (1977); *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 339

---

8 U.S.C. § 1182(n)); *Zhang v. China Gate, Inc.*, No. C07-964RSM, 2007 WL 2686834, at *2-3 (W.D. Wash. Sept. 7, 2007) (same). Nothing in these cases suggests that an employer's reliance on visa workers somehow immunizes that employer's practices from Title VII or § 1981 liability. In fact, the plaintiff in *Venkatraman* brought Title VII claims in addition to claims under the INA, which the court considered separately and without noting any conflict. *See* 417 F.3d at 420-25.

(1977)).

The second premise of this argument, that a visa only issues after the United States government has determined that there is no qualified American workers for the position, is also wrong. Def.'s Mot. at 8. Tata's only citation for this false premise is Mr. Heldt's own complaint. *Id.* (citing Compl. ¶ 21). But the complaint does not, and could not, assert that an H-1B visa only issues after a determination by the United States government that there are no qualified American workers. *Cf.* Compl. ¶ 21 (stating that "H-1B visas *are intended to be used* to bring specialized foreign workers to the United States when there are insufficient United States workers to perform the jobs at issue") (emphasis added). The United States government issues an H-1B visa following the submission of a Labor Condition Application ("LCA") by an employer containing attestations regarding the wages, working conditions, and benefits to be provided to the proposed H-1B visa worker. *See, e.g.*, 20 C.F.R. §§ 655.705(c)(1), 655.730(c)(4). At no point during this process does the United States government make a determination that there are no qualified American workers available for the position, and nothing in the INA or relevant regulations suggest otherwise.

### III. Tata's Substantive Challenge To Mr. Heldt's Class Period Allegation Is Improper Under Rule 12(f), And Mr. Heldt's Class Period Allegation Is Appropriate.

Tata seeks to strike Mr. Heldt's class period allegation, arguing it is improperly defined under Title VII. Def.'s Mot. at 8-9. But Tata does not, and could not, argue that Mr. Heldt's class period allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Because Mr. Heldt's class period allegation is neither immaterial (it directly affects the scope of recovery and membership for the class), nor impertinent (it directly relates to his asserted claims), this allegation cannot be stricken.[7] *Id.*

Moreover, resolving the appropriate class period under Title VII and § 1981 is a question of

---

[7] Nor is the allegation redundant or scandalous.

8

law, and thus inappropriate for consideration on a Rule 12(f) motion. *See Vartanian v. Nationwide Legal, Inc.*, No. C-12-0691 EMC, 2012 WL 2054995, at *2 (N.D. Cal. June 5, 2012) (denying Rule 12(f) motion raising statute of limitations argument as neither "authorized" nor "proper"); *accord Whittlestone, Inc.*, 618 F.3d at 974-75 (reversing district court's decision on Rule 12(f) decision and holding "that 12(f) does not authorize district courts to strike claims … on the ground that such claims are precluded as a matter of law").

In addition, the substance of Tata's statute of limitations argument is flawed. Mr. Heldt alleges claims under both Title VII and § 1981. The statute of limitations for a § 1981 claim is four years. *Love v. Pinnacle Nissan, Inc.*, 102 F. App'x. 597, 598 (9th Cir. 2004) (citing *Jones v. R.R. Donnelley & Sons*, 541 U.S. 369 (2004)). Mr. Heldt filed his initial complaint on April 14, 2015, making April 14, 2011 onwards the appropriate class period. Pleading two overlapping classes – as Tata suggests Mr. Heldt must do – would serve little purpose as "[a]nalysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case." *Fonseca v. Sysco Food Servs. of Az., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). "Both require proof of discriminatory treatment and the same set of facts can give rise to both claims." *Id.* The parties will have ample opportunity to address the appropriate class period at class certification. *See Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148, at *5 (N.D. Cal. Feb. 2, 2015) (denying motion to strike class allegations because "the issue is more appropriately raised at the class certification stage").

**IV. Tata's Substantive Challenge To Mr. Heldt's § 1981 Claim Is Improper Under Rule 12(f), And Mr. Heldt's Allegations Are Permissible.**

Tata argues that Mr. Heldt may not advance national origins claims under § 1981 and seeks to strike related allegations. Def.'s Mot. at 9.[8] But Tata's preference for certain racial/ethnic groups

---

[8] Tata also argues that Mr. Heldt may not advance a disparate impact theory under § 1981. While

9

is at the heart of Mr. Heldt's discrimination claims, making any such allegations neither impertinent nor immaterial.[9] The motion to strike these allegations must therefore be denied. Fed. R. Civ. P. 12(f)).

Moreover, this substantive challenge to Mr. Heldt's claims is inappropriate on a motion to strike. *Whittlestone, Inc.*, 618 F.3d at 973-94; *Lema*, 2012 WL 2200770, at *2; *Sodano*, 2012 WL 1552796, at *9.

In addition, the substance of Tata's argument fails because § 1981 claims can properly be brought based on ethnic or national groups, and Mr. Heldt alleges discrimination under § 1981 on the basis of race and ethnicity (including discrimination against those "who are not of South Asian race, ancestry, ethnicity, and those of Indian, Nepalese, or Bangladeshi national ethnic groups"). Am. Compl. ¶ 84. "Under 42 U.S.C. § 1981, discrimination based on 'ancestry or ethnic characteristics,' is prohibited." *Fonseca*, 374 F.3d at 850 (quoting *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987)). "[R]ace has been defined broadly to cover immigrant ethnic groups," such as those alleged by Mr. Heldt. *Id.*; *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (explaining that under § 1981 "race" is to be defined broadly to include "ethnic groups such as the Chinese"); *Benigni v. City of Hemet*, 879 F.2d 473, 478 (9th Cir. 1988) ("targets of race discrimination for purposes of section 1981 include groups that today are considered merely different ethnic or national groups, such as Arabs, Jews, Germans and Italians") (citation omitted); *Bertoli v. Cascade Precision, Inc.* No. CV 03-1698-BR, 2004 WL 948795, at *2 (D. Or. April 14, 2004) (holding that "Plaintiff has stated a claim for race discrimination under § 1981 based on his Italian ancestry").

---

this substantive argument is also inappropriate on a motion to strike, Mr. Heldt does not intend to advance a disparate impact claim.

[9] Nor are they be redundant or scandalous.

## V. Tata's Substantive Challenge To Mr. Heldt's Statistical Allegations Is Improper Under Rule 12(f), And Mr. Heldt's Allegations Are Permissible.

Finally, Tata challenges Mr. Heldt's references to the demographic make-up of the United States, which it suggests, "has no relationship to the claims pled." Def.'s Mot. at 10. But these statistical allegations are neither immaterial nor impertinent and should not be stricken.[10] *See* Fed. R. Civ. P. 12(f); *Cruz*, 2012 WL 2838957, at *2. Statistical demographic data is of central importance to this suit and relates directly to Mr. Heldt's pattern and practice claims.

Moreover, as with Tata's other arguments, this substantive attack on Mr. Heldt's pleadings is inappropriate on a motion to strike. *Whittlestone, Inc.*, 618 F.3d at 973; *Lema*, 2012 WL 2200770, at *2; *Sodano*, 2012 WL 1552796, at *9.

In addition, Tata's argument fails on the merits because it is premised on the false and somewhat inexplicable assumption that Mr. Heldt advances disparate impact claims. Def.'s Mot. at 10 ("Plaintiff is providing this [statistical] information to support disparate impact theories under his first and second causes of action").[11] But Mr. Heldt alleges that Tata has engaged in an intentional pattern and practice of discrimination. *See, e.g.*, Compl. ¶ 1 (Tata's "grossly disproportionate workforce is the result of Tata's intentional pattern and practice of employment discrimination against individuals who are not South Asian"). "Gross statistical disparities between the composition of an employer's work force and the composition of the general population in a proper case may constitute, by themselves, *prima face* proof of a pattern and practice of discrimination." *Piva*, 654 F.2d at 596 (citing *Hazelwood Sch. Dist.*, 433 U.S. at 307-08; *Int'l Bhd. of Teamsters*, 431 U.S. at 339); *see also Diaz v. AT&T*, 752 F.2d 1356, 1363 (9th Cir. 1985) ("Statistical data is relevant

---

[10] Nor are they redundant or scandalous.

[11] Tata relies on two cases, *Julien v. Scott* and *Darensburg v. Metropolitan Transportation Commission*, both of which were summary judgment decisions and thus inapplicable on a motion to strike. Def.'s Mot. at 10 (citing No. C 96-1858-CAL, 1998 WL 410896 (N.D. Cal. July 17, 1998); 636 F.3d 511 (9th Cir. 2011).

11

because it can be used to establish a general discriminatory pattern in an employer's hiring or promotion practices … and can therefore create an inference of discriminatory intent"); *O'Brien v. Sky Chefs, Inc.*, 670 F.2d 864, 866 (9th Cir. 1982) ("Statistical data is one way to establish a *prima facie* case").[12] It is difficult to conceive of a starker, or more pertinent, statistical disparity than 95% to 1-2%. *See* Compl. ¶ 24 (noting that Tata's workforce "consists of approximately 95% South Asians, a number grossly disproportionate with the demographic makeup of the United States (which consists of approximately 1-2% South Asians)"); *see also id.* ¶ 17 n.2 (noting that only 2% of a national association of IT professionals was made up of Asians).

## CONCLUSION

Because Tata's motion fails to establish that any of the challenged material is redundant, immaterial, impertinent, or scandalous, raises improper substantive arguments, fails on the merits of those improper arguments, mischaracterizes Mr. Heldt's allegations, fails to identify any prejudice, and/or is now moot given Mr. Heldt's amended complaint, the motion should be denied.

DATED: July 6, 2015

Respectfully submitted,

By: /s/Steven Tidrick

Steven G. Tidrick, SBN 224760
Joel B. Young, SBN 236662
**THE TIDRICK LAW FIRM**
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

---

[12] Importantly, Mr. Heldt need not prove, or even allege, each element of a *prima facie* case at this stage. *See Irish*, 2006 WL 224436, at \*2-3 ("the question on this motion under Rule 12(b)(6) is not whether plaintiff *can establish a prima facie* case, but whether plaintiff *has alleged* sufficient facts to state a claim") (citing *Swierkiewicz*, 534 U.S. at 510-12) (emphasis in original).

Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com; mvk@kotchen.com

Michael F. Brown
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Vonda K. Vandaveer
**V.K. Vandaveer, P.L.L.C.**
P.O. Box 27317
Washington, DC 20038-7317
202-340-1215
202-521-0599 (fax)
atty@vkvlaw.com

*Attorneys for Plaintiff Steven Heldt*