1  MICHELLE M. LA MAR (SBN 163038)
   mlamar@loeb.com
2  PATRICK N. DOWNES (SBN 186461)
   pdownes@loeb.com
3  ERIN M. SMITH (SBN 235039)
   esmith@loeb.com
4  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
5  Los Angeles, CA  90067
   Telephone: 310.282.2000
6  Facsimile: 310.282.2200

7  Attorneys for Defendant
   TATA CONSULTANCY SERVICES,
8  LTD.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  OAKLAND DIVISION

13  STEVEN HELDT,                    Case No.: 15-cv-01696-YGR
    BRIAN BUCHANAN, and
14  CHRISTOPHER SLAIGHT             **CLASS ACTION**

15              Plaintiffs,          **DEFENDANT'S REQUEST FOR
                                     JUDICIAL NOTICE IN SUPPORT
16          v.                       OF MOTIONS TO STRIKE AND TO
                                     DISMISS COMPLAINT**
17  TATA CONSULTANCY SERVICES,
    LTD.,                            [Motion To Strike and Motion to Dismiss
18                                   filed concurrently herewith]
              Defendant.
19

20                                   DATE:     September 1, 2015
                                     TIME:     2:00 p.m.
21                                   CTRM:     1, 4th Floor
                                     JUDGE:    Hon. Yvonne Gonzalez Rogers
22
                                     Complaint Filed:   April 14, 2015
23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2439527.1
205625-10015

REQUEST FOR JUDICIAL NOTICE
CASE NO.: 3:15-CV-01696-YGR

1    Defendant Tata Consultancy Services, Ltd. ("TCS") respectfully requests judicial

2  notice of the following documents, pursuant to Federal Rule of Evidence 201, in support of

3  its Motion To Strike the Amended Complaint and Motion To Dismiss Counts I and II of

4  the Amended Complaint:

5          1.  Plaintiff Heldt's Charge of Discrimination filed with the United States Equal

6              Employment Opportunity Commission (attached as Exhibit A), in further

7              support of TCS' Motion to Strike.

8          2.  United States Department of Labor – Labor Condition Application for

9              Nonimmigrant Workers  ETA Form 9035CP – General Instructions for the

10             9035 & 9035E, (attached as Exhibit B) in further support of TCS' Motion to

11             Dismiss.

14  Dated:   July 28, 2015                    LOEB & LOEB LLP
                                              MICHELLE M. LA MAR
15                                            PATRICK N. DOWNES
                                              ERIN M. SMITH
16

17                                            By:  /s/ Michelle M. La Mar
                                                   Michelle M. La Mar
18                                                 Attorneys for Defendant
                                                   TATA CONSULTANCY SERVICES, LTD.
19

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2439527.1
205625-10015

2

REQUEST FOR JUDICIAL NOTICE
CASE NO.: 3:15-CV-01696-YGR

EXHIBIT A

RECEIVED

NOV - 3 2014       480-2015-00453

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA  X  EEOC | EEOC |

_____ and EEOC

State or local Agency, if any

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Steven Heldt | (310) 850-5331 | 7/3/1969 |

| Street Address | City, State and ZIP Code |
|---|---|
| 266 W. 17th St. | San Pedro, CA 90731 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Tata Consultancy Services Ltd. | +501 | (818)333-1650 |

| Street Address | City, State and ZIP Code |
|---|---|
| 303 N. Glenoaks Blvd. Ste. 850 | Burbank, CA 95054 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

X RACE  __ COLOR  __ SEX  __ RELIGION  X NATIONAL ORIGIN

__ RETALIATION  __ AGE  __ DISABILITY  __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 10/12  Latest 3/14

__ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):
Please see attached document.
Please send all correspondence for Mr. Heldt to:
P.O. Box 5020
San Pedro, CA 90733
Please copy Mr. Heldt's attorney Michael von Klemperer
on all correspondence at:
Kotchen & Low LLP
1745 Kalorama Rd. NW, Ste. 101
Washington, DC 20009

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLANANT |
| 10/30/2014     [signature]   Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

1

# UNITED STATES EQUAL EMPLOYMENT
## OPPORTUNITY COMMISSION

Steven Heldt

Complainant,

v.

Tata Consultancy Services, Ltd.

Respondent.

## ATTACHMENT TO EEOC CHARGE

Steven Heldt states as follows with respect to this matter against Tata Consultancy Services, Ltd. ("Tata"):

1.     Mr. Heldt is a citizen of the United States of America, born in the Unites States, and of American national origin and ancestry. He is Caucasian. He was at all material times a resident of the United States. Mr. Heldt is a member of a protected class, as recognized by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*). Mr. Heldt has advanced training and job experience in information technology services and holds three certifications in information security.

2.     Tata is a business that provides consulting, technology, and outsourcing services. Tata is headquartered in Mumbai, India and operates in the United States. Tata has approximately 19 offices in the United States, including in Burbank, California. Tata has over 305,000 employees worldwide, making it the third largest IT employer in the world. Tata is a subsidiary of the Tata Group, also headquartered in Mumbai, India.

3.     Tata has about 14,000 employees in the United States and over 90 percent are of South Asian race and national origin.[1] Tata made over $13 billion in revenue in the past fiscal year. Tata derives over 50% of its revenue from North America, the vast majority of which is from the United States.

4.     Tata has engaged in a systematic pattern and practice of discriminating against non-South Asian employees and in many instances replacing them with South Asian employees. Tata has used and continues to use a company-wide employment policy and practice of hiring, retaining, and promoting South Asian employees (including South Asian employees with H-1B visas, L-1

---

[1] As used herein, "South Asian race and national origin," "South Asian workers," and the like refers to individuals of Indian, Bangladeshi, and Nepali ancestry, ethnicity, and/or birth.

2

visas, or lawful permanent resident status) over non-South Asian employees (or job applicants) with the same or better qualifications.

5.     H-1B visas are intended to be used to bring specialized foreign workers to the United States when there are insufficient United States workers to perform the jobs at issue. Tata is consistently one of the top three H-1B sponsors in the United States. For example, in 2013, Tata sponsored 8,701 new H-1B visas. In 2012, Tata sponsored 6,692 new H-1B visas. In 2011, Tata sponsored 5,365 new H-1B visas. On information and belief Tata sponsored, all, or the vast majority, of these H-1B visas for South Asian workers. Overreliance on visa-holders is one method Tata uses to maintain its grossly disproportionate South Asian workforce.

6.     Mr. Heldt is an experienced and highly skilled information technology professional with considerable academic and work experience. Mr. Heldt has a BA in Economics from UNC Chapel Hill, a Masters of Information Technology from AIU, a Security+ certification from CompTia, and both the CISA and CISM certifications from ISACA.

7.     Mr. Heldt has been employed in the information technology field since 1996. As a result of his training and experience, Mr. Heldt has a wide array of skills that include expertise in Project Management, Business Analysis, Software Development, Networking, IT Operations, IT Governance, IT Security, IT Risk Management, IT Assurance, IT Compliance and Incident Response.

8.     Mr. Heldt interviewed with a recruiter for Tata in June 2012 for a position with Tata at Tata client Kaiser Permanente in Pleasanton, CA. Mr. Heldt was hired, relocated to Pleasanton from Los Angeles, and started working at the Kaiser Permanente client site under Tata supervision in July 2012 in the role of IT GRC Project Manager.[2] Within one week of starting with Tata, Mr. Heldt was removed by Tata from his initial IT GRC project and placed on another project with Kaiser Permanente titled 'List Validation and Reporting' which was unrelated to the project he was initially recruited to perform. Mr. Heldt's role at this new project was IT Project Manager. This role, and all future roles Tata assigned to Mr. Heldt during his employment, were not commensurate with his originally assigned IT GRC Project Manager position, given the responsibilities of the positions and Mr Heldt's specialized experienced and career track. Of the several hundred Tata employees assigned to this client site, Mr. Heldt was one of only three non-South Asians. In October 2012, Tata removed Mr. Heldt from the Kaiser Permanente project and placed him on the "bench" – *i.e.* he was still employed by Tata but assigned no client work. On information and belief, Tata assigned one or more South Asian employees to assume the IT Project Manager role originally assigned to Mr. Heldt.

9.     Over the next several months, Mr. Heldt interviewed telephonically with multiple Tata managers numerous times for various positions unrelated to his career focus of IT GRC at various Tata client sites. The individual responsible for assisting Mr. Heldt in obtaining

---

[2] The ITGRC Project Manager position involved the project management of an Information Technology Governance Risk and Compliance system named Archer. The skills required to manage this position include traditional Information Technology project management combined with elevated skills related to the management of Information Technology Governance, Risk and Compliance.

2

additional client work, Tata recruiting manager Ambika G.,[3] refused to allow Mr. Heldt to interview for open positions aligned with his background and experience in spite of Mr. Heldt's repeated requests. On information and belief, Ms. Ambika G. is of South Asian race and Indian national origin.

10.    During this "benched" period, Mr. Heldt spoke with his former Tata supervisor Mohan Reddy from his Kaiser Permanente project. Mr. Heldt expressed to Mr. Reddy that he was concerned about the amount of time it was taking for him to be assigned project work. Mr. Reddy told Mr. Heldt that it would be difficult for him to find an assignment because he was an American and not South Asian. On information and belief, Mr. Reddy is of South Asian race and Indian national origin.

11.    In March 2013, Mr. Heldt was finally assigned to a new project with Tata client Humana Insurance in Louisville, KY. Mr. Heldt relocated to Louisville from California. Mr. Heldt was to hold the position of IT Project Manager on a health care system. This position did not require Mr. Heldt to utilize his specialized IT GRC skills. However, upon arrival and throughout his tenure at the new assignment, Mr. Heldt's Tata managers, never "on-boarded" him with the Humana project and he was never assigned work commensurate with his experience or position. Rather, Mr. Heldt was required to sit in the office lobby and was assigned menial tasks such as signing for FedEx packages, opening the secured door to the lobby area for people attempting to access to the office area, and directing people to other workers in the office area. Of the several hundred Tata employees assigned to this client site, Mr. Heldt was one of only eight or nine non-South Asians. In May 2013, Mr. Heldt was removed from the Humana project and, with Tata permission, relocated back to California. Mr. Heldt paid for his own moving expenses with the understanding that he would be reimbursed by Tata shortly after returning to California, per instructions from Tata HR and according to Tata policy.

12.    Upon returning to California, Mr. Heldt requested that he be reimbursed for expenses incurred during his move to and from Louisville, per Tata policy. Mr. Heldt also was still awaiting reimbursement for expenses incurred during his move to Pleasanton from Los Angeles, so he again requested this money.    Mr. Heldt's total expenses exceeded $21,000. Reimbursements were handled by Srinivas Malladi, a Human Resources manager and Mr. Heldt's contact person in the Tata Human Resources department. On information and belief, Mr. Malladi is of South Asian race and Indian national origin. In his interactions with Mr. Heldt, Mr. Malladi was extremely hostile, rude, and abusive and he refused to reimburse Mr. Heldt for his full expenses. He also questioned Mr. Heldt on why he moved to Louisville and asked if he had gone there for a vacation. Mr. Malladi also made a number of anti-American comments. For instance, Mr. Malladi stated that "Americans need to start getting in line [with Tata] and stop being so selfish and demanding." He also stated that Americans demand too much and do not do their jobs correctly. He also criticized Americans for trying to "exercise their rights." During this conversation, Mr. Malladi also stated, "[t]his is why I don't like dealing with Americans."

13.    Mr. Heldt was again placed on the bench until August 2013. During this time period, Mr. Heldt again interviewed for multiple positions with Tata that were not related to his IT GRC

---

[3] Mr. Heldt does not know Ms. Ambika G.'s last name, however, she used the e-mail address "ambika.g@tcs.com" and worked at Tata's New Jersey office.

3

career focus and expertise but which he was willing to accept. Mr. Heldt requested that Ms. Ambika G. allow him to interview for open positions that were aligned with his IT GRC career focus and expertise. Ms. Ambika G. refused Mr. Heldt's requests and was hostile, rude and aggressive in her responses to Mr. Heldt's requests.

14.     In August 2013, Mr. Heldt was assigned to a project with the Tata client Advanced Sterilization Products, a Johnson & Johnson company, in Orange County, CA, as a General Project Manager for a supply chain project, unrelated to both IT Project Management and IT GRC. Mr. Heldt was never properly on-boarded to the project by the local Tata manager and he was never assigned work commensurate with his experience or position. Rather, Mr. Heldt was assigned a project creating an Excel spreadsheet to track project details. This assignment was not commensurate with his experience and position. Of the approximately 200 Tata employees assigned to this client site, Mr. Heldt was the only non-South Asian. In September 2013, Mr. Heldt was removed from the Johnson & Johnson project and again benched. On information and belief, Tata assigned a South Asian employee to the General Project Manager role originally assigned to Mr. Heldt.

15.     From September 2013 through November 2013, Mr. Heldt was interviewed by several South Asian Tata managers for projects unrelated to his IT GRC career focus and expertise but which he was willing to accept. During this time period, Mr. Heldt requested that Ms. Ambika G. allow him to interview for open positions aligned with his IT GRC career focus and expertise, but again Ms. Ambika G. refused Mr. Heldt's request.

16.     In November 2013, Mr. Heldt was assigned a project with Tata client Farmers Insurance in Los Angeles, CA, as an IT Project Manager. This position did not require Mr. Heldt to utilize his specialized IT GRC skills. Of the approximately 100 Tata employees assigned to this client site, Mr. Heldt was the only non-South Asian. Mr. Heldt was removed from the Farmers Insurance project in December 2013 and again benched. On information and belief, Tata assigned a South Asian employee to the IT Project Manager role originally assigned to Mr. Heldt.

17.     In February 2014, Mr. Heldt interviewed for an IT GRC position with Tata client Sony. Mr. Heldt was selected for the position, but the project was canceled before Mr. Heldt could join the project. Mr. Heldt remained on the bench.

18.     In March 2014, Mr. Malladi, called Mr. Heldt and told him he was being terminated as he had been on the bench for 3 months. Mr. Malladi also stated that Mr. Heldt was being released because Mr. Heldt would only accept positions in California. Mr. Heldt responded that he was willing to accept a position anywhere in the United States. Nevertheless, Tata terminated Mr. Heldt.

19.     At no point during his employment with Tata was Mr. Heldt ever disciplined or cited for poor performance or misconduct of any kind. Likewise, to Mr. Heldt's knowledge, he was never removed from a client project for poor performance or misconduct.

20.     Tata repeatedly benched Mr. Heldt, and when assigned client work, assigned him work not commensurate with his experience or position, because of Tata's preference for South Asian

4

5

employees. Ultimately, Mr. Heldt was terminated because of Tata's preference for South Asian employees.

21.    Over his tenure with Tata, Mr. Heldt observed that well over 90 percent of Tata employees in the United States were South Asian. At each of the client sites to which Mr. Heldt was assigned, he observed that approximately 99 percent of Tata employees were South Asian. Additionally, at each of the clients sites to which Mr. Heldt was assigned, he observed that South Asian employees were promptly on-boarded and assigned work that was more substantive than work assigned to non-South Asians.

22.    The effect of the practices complained of above, has been to deprive Mr. Heldt, and other non-South Asian employees, of equal employment opportunities because of their national origin, race, and ancestry as non-South Asians.

23.    The unlawful employment practices complained of above were intentional, and furthermore, were done with malice and reckless indifference to Mr. Heldt's (and other non-South Asians') federally protected rights.

24.    As a proximate result of Tata's willful and unlawful discrimination, Mr. Heldt, and other non-South Asians, have lost wages, benefits, and other financial and non-financial injuries, and have suffered emotional distress.

25.    Tata's policies, procedures, and actions described above have had a disparate impact on non-South Asian individuals, who are treated adversely as a result of these activities.

26.    In submitting this charge, Mr. Heldt requests the EEOC permit him to pursue all damages and remedies available at law, on his own behalf, and on behalf of a class of individuals similarly affected by Tata's discriminatory employment practices.

Dated: October 30, 2014

Steven Heldt

5



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN, JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

| | |
|---|---|
| Administration | EEOC Number    480-2015-00453C |
| TATA CONSULTANCY SERVICES, LTD. | Case Name      Steven Heldt |
| 303 N Glenoaks Blvd | Filing Date      November 3, 2014 |
| Burbank, CA 91502 | |

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your Right to Sue notice. **This Right to Sue Notice allows you to file a private lawsuit in State court.** According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

7

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Steven Heldt<br>P.O. Box 5020<br>San Pedro, CA 90733 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br><br>Los Angeles, CA 90012 |

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2015-00453 | **John H. Sohn,**<br>**Intake Supervisor** | **(213) 894-1090** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

|  |  |  |
|---|---|---|
| Enclosures(s) | **Rosa M. Viramontes,**<br>**Acting District Director** | (Date Mailed) |

cc:   **Administration**<br>**TATA CONSULTANCY SERVICES, LTD.**<br>**303 N Glenoaks Blvd**<br>**Burbank, CA 91502**

**Michael Von Klemperer**<br>**Kotchen & Low LLP**<br>**1745 Kalorama Rd NW Ste 101**<br>**Washington, DC 20009**

8

# EXHIBIT B

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



---

**IMPORTANT**: Please read these instructions carefully before completing the ETA Form 9035 or 9035E –Labor Condition Application for Nonimmigrant Workers. These instructions contain full explanations of the questions and attestations that make up the ETA Form 9035 and 9035E. *In accordance with Federal Regulations at 20 CFR 655.730(b), incomplete or obviously inaccurate Labor Condition Applications (LCAs) will not be certified by the Department of Labor. If the employer received approval by the Department of Labor to submit this form non-electronically, **ALL** required fields/items must be completed as well as any fields/items where is a response is conditioned on the response to another required field/item.*

Anyone, who knowingly and willingly furnishes any false information in the preparation of ETA Form 9035 or 9035E and any supporting documentation, or aids, abets, or counsels another to do so is committing a federal offense, punishable by fine or imprisonment up to five years or both (18 U.S.C. §§ 2, 1001). Other penalties apply as well to fraud or misuse of this immigration document and to perjury with respect to this form (18 U.S.C. §§ 1546, 1621).

OMB Notice:  These reporting instructions have been approved under the Paperwork Reduction Act of 1995.  Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Obligations to reply to the ETA 9035 or ETA 9035E are mandatory (Immigration and Nationality Act, Sections 212(n) and (t) and 214(c).  Public reporting burden for this collection of information is estimated to average 45 minutes per response, including the time to review instructions, search existing data sources, gather and maintain the data needed, and complete and review the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Room C-4312, 200 Constitution Ave. NW, Washington, DC 20210.  (Paperwork Reduction Project OMB 1205-0310).

---

## HOW TO FILE

**A.  Who May File:**
A United States employer who desires to apply for a labor condition application on behalf of a foreign worker(s) must file the ETA Form 9035 or 9035E.

**B.  How to File and Retention of Records**
1.  For all occupations, online filing of the ETA Form 9035E is required through the LCA Online System accessible at http://www.foreignlaborcert.doleta.gov.  Employers with physical disabilities that prohibit them from filing electronic applications or employers without Internet access can file the LCA by U.S. mail.  These employers must obtain permission to file their application by U.S. mail by submitting a written request to the following address:

>        Office of Foreign Labor Certification
>        Employment & Training Administration
>        U.S. Department of Labor
>        200 Constitution Avenue, NW, Room C-4312
>        Washington, DC 20210
>        Attn: Temporary Programs Manager

2.  In accordance with 20 CFR 655, Subpart H, either at the employer's principal place of business in the U.S. or at the place of employment, the employer shall retain copies of the records required by this subpart for a period of one year beyond the last date on which any H-1B nonimmigrant is employed under the labor condition application or, if no nonimmigrants were employed under the labor condition application, one year from the date the labor condition application expired or was withdrawn. Required payroll records for the H-1B employees and other employees in the occupational classification shall be retained at the employer's principal place of business in the U.S. or at the place of employment for a period of three years from the date(s) of the creation of the record(s), except that if an enforcement action is commenced, all payroll records shall be retained until the enforcement proceeding is completed through the procedures set forth in 20 CFR 655, Subpart I.  For a complete list of documents that must be retained and/or made available for public access see 20 CFR 655.760.

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



---

## Section A
## Employment - Based Nonimmigrant Visa Information

1. Enter one of the following classification symbols to indicate the type of visa supported by this application:  "**H-1B**", "**H-1B1 Chile**", "**H-1B1 Singapore**" or "**E-3 Australian.**"  When filing this application electronically, the system will provide a dropdown of these approved visa classification symbols.

    The **H-1B** visa allows an employer to temporarily employ a foreign professional worker in the U.S. on a nonimmigrant basis in a specialty occupation or as a fashion model of distinguished merit and ability. A specialty occupation requires the theoretical and practical application of a body of specialized knowledge and a bachelor's degree or the equivalent in the specific specialty (e.g., sciences, medicine and health care, education, biotechnology, and business specialties, etc…).

    The **H-1B1-Chile** visa applies to those employers temporarily hiring business professionals who are nationals of Chile under the Chile Free Trade Agreement.

    The **H-1B1-Singapore** visa applies to those employers temporarily hiring business professionals who are nationals of Singapore under the Singapore Free Trade Agreement.

    The **E-3** visa applies to those employers temporarily hiring business professionals who are nationals of Australia under Title V of the REAL ID Act of 2005 (Division B) in the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005.

---

## Section B
## Temporary Need Information

1. Enter the title of the job opportunity for which the labor condition application is being sought by the employer.

2. Enter the six or eight-digit Standard Occupational Classification (SOC)/Occupational Network (O*NET) code for the occupation, which most clearly describes the work to be performed..  For example, the six-digit SOC code for a computer systems analyst is 15-1051.00.  **Appendix I** provides a mapping of the current 3-digit Dictionary of Occupational Title (DOT) codes to the SOC/O*NET classification system authorized for use with this form.  You may use the 3-digit DOT code to complete the I-129 petition for USCIS.

3. Enter the occupational title associated with the SOC/O*NET (OES) code.  For example, the occupational title associated with SOC/O*NET code 15-1051.00 is "Computer Systems Analyst".

4. Enter whether this position is full-time by indicating "Yes" or "No".  Although there is no regulatory definition for full-time employment, the Department generally considers 35 hours per week as the distinction point between full-time and part-time.

    **Note**: If this position is part-time, the employer attests that the foreign worker(s) supported by the LCA will not regularly work more than the number of hours indicated (which may be a range of hours) on the United States Citizenship and Immigration Services Form(s) I-129 filed for the nonimmigrant(s).  Note:  All foreign workers under the LCA must be part-time if question 4 is marked "No";  all foreign workers must be full- time if question 4 is marked "Yes."

5. Enter the beginning date for the worker's period of employment.  Use a month/day/full year (MM/DD/YYYY) format.

6. Enter the end date for the worker's period of employment, which cannot be more than three years after the start date for H-1B LCAs and initial H-1B1 LCAs.  The end date for the worker's period of employment for E-3 LCAs and H-1B1 extensions cannot be more than two years after the start date.  Use a month/day/full year (MM/DD/YYYY) format.

7. The collection of this item contains two parts.  First, enter the number of worker positions being requested for certification.  Second, use collection items (a) through (f) to enter the number of foreign workers in each applicable USCIS defined category under which you plan to file various Form I-129s for the workers so that the sum of the numbers in (a) through (f) equals the total number of worker positions requested. Every box MUST be filled.  If the employer plans to request no foreign workers in a particular category, please indicate "0 (zero)."

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



## Section C
## Employer Information

1.  Enter the full legal name of the business, person, association, firm, corporation, or organization, i.e., the employer filing this application.  The employer's full legal name is the exact name of the individual, corporation, LLC, partnership, or other organization that is reported to the Internal Revenue Service.

2.  Enter the full trade name or "Doing Business As" (DBA) name, if applicable, of the business, person, association, firm, corporation, or organization, i.e., the employer filing this application.

3.  Enter the street address of the employer's principal place of business.

4.  If additional space is needed for the street address, use this line to complete the employer's street address.

5.  Enter the city of the employer's principal place of business.  If the city and country are the same, the name <u>must</u> still be entered in <u>both</u> fields.

6.  Enter the state of the employer's principal place of business.

7.  Enter the postal (zip) code of the employer's principal place of business.

8.  Enter the country of the employer's principal place of business.  If the city and country are the same, the name <u>must</u> still be entered in <u>both</u> fields.

9.  Enter the province of the employer's principal place of business, if applicable.

10. Enter the area code and telephone number for the employer's principal place of business.  Include country code, if applicable.

11. Enter the extension of the telephone number for the employer's principal place of business, if applicable.

12. Enter the nine-digit Federal Employer identification Number (FEIN) as assigned by the IRS.  <u>Do not enter a social security number</u>.

    **Note:** All employers, <u>including private households</u>, MUST obtain an FEIN from the IRS before completing this application.  Information on obtaining an FEIN can be found at <u>www.IRS.gov</u>.

13. Enter the four to six-digit North American Industry Classification System (NAICS) code that best describes the employer's business, not the foreign worker's job.  A listing of NAICS codes can be found at <u>http://www.census.gov/epcd/www/naics.html</u>

## Section D
## Employer Point of Contact Information

An employer point of contact is an employee of the employer whose position authorizes the employee to provide information and supporting documentation concerning this Labor Condition Application for Nonimmigrant Workers and to communicate with the Department of Labor on behalf of the employer.  The employer point of contact should be the individual most familiar with the content of this application and circumstances of the foreign worker's employment.

**Note:** The employer point of contact information in this Section, specifically the name, telephone number, and email address, <u>must</u> be different from the attorney/agent information listed in Section E, unless the attorney is an employee of the employer.

1.  Enter the last (family) name of the employer's point of contact.

2.  Enter the first (given) name of the employer's point of contact.

3.  Enter the middle initial of the employer's point of contact.  In the absence of a middle name, enter N/A.

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



4.  Enter the job title of the employer's point of contact.

5.  Enter the business street address for the employer's point of contact.

6.  If additional space is needed for the street address, use this line to complete the street address.

7.  Enter the city of the employer's point of contact.  If the city and country are the same, the name <u>must</u> still be entered in <u>both</u> fields.

8.  Enter the state of the employer's point of contact.

9.  Enter the postal (zip) code of the employer's point of contact.

10. Enter the country of the employer's point of contact.  If the city and country are the same, the name <u>must</u> still be entered in <u>both</u> fields.

11. Enter the province of the employer's point of contact, if applicable.

12. Enter the area code and business telephone number of the employer's point of contact.  Include country code, if applicable.

13. Enter the extension of the telephone number of the employer's point of contact, if applicable.

14. Enter the business e-mail address of the employer's point of contact in the format <u>name@emailaddress.top-level</u> domain.

**Section E**
**Attorney or Agent Information (if applicable)**

<u>Note</u>: The attorney/agent information in this Section, specifically the name, telephone number, and email address, <u>must</u> be different from the employer's point of contact information in Section D, unless the attorney is an employee of the employer.

1.  Identify whether the employer is represented by an attorney or agent in the process of filing this application.  Only mark one box.  If "Yes" complete the remainder of Section E.  If "No" in question 1, skip questions 2 to 19 and continue to Section F.

2.  Enter the last (family) name of the attorney/agent.

3.  Enter the first (given) name of the attorney/agent.

4.  Enter the middle initial of the attorney/agent.

5.  Enter the street address of the attorney/agent.

6.  If additional space is needed for the street address, use this line to complete the attorney/agent's street address.

7.  Enter the city of the attorney/agent.  If the city and country are the same, the name <u>must</u> still be entered in <u>both</u> fields.

8.  Enter the state of the attorney/agent.

9.  Enter the postal (zip) code of the attorney/agent.

10. Enter the country of the attorney/agent.  If the city and country are the same, the name <u>must</u> still be entered in <u>both</u> fields.

11. Enter the province of the attorney/agent, if applicable.

12. Enter the area code and telephone number of the attorney/agent.  Include country code, if applicable.

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



## Section E
## Attorney or Agent Information (continued)

13. Enter the extension of the telephone number of the attorney/agent, if applicable.

14. Enter the e-mail address of the attorney/agent in the format <u>name@emailaddress.top-level</u> domain.

15. Enter the attorney/agent's law firm or business name.

16. Enter the attorney/agent's law firm or business nine-digit FEIN as assigned by the IRS.   <u>Do not enter a social security number.</u>

17. Enter the attorney's state Bar number.  If the attorney is licensed in more than one state, enter only one state Bar number. If submitting this form electronically and the attorney is licensed in a state which does not issue state Bar numbers, leave the field blank and once confirmed it will be automatically prepopulated with "N/A."

**Note:** The answers to questions 18 and 19 below should correspond to the same state for which a Bar number was provided in question 17, if any.

18. Enter the <u>state</u> of the highest court where the attorney is in good standing.

19. Enter the <u>name</u> of the highest court in the state where the attorney is in good standing.

## Section F
## Rate of Pay

1. Enter the rate of pay to be paid to the foreign worker(s).  If the wage offer is expressed as a range, enter the bottom of the wage range to be paid.

   Enter the top of the wage range to be paid to the foreign worker(s).  in the section indicating "Rate Up to (Optional)."

2. Enter whether the rate of pay is in terms of per year, month, two weeks, week or hour in the section indicating "Rate is Per."

## Section G
## Employment and Prevailing Wage Information

**Note:** *It is important for the employer to define the place of intended employment with as much geographic specificity as possible.  The place of employment address listed <u>must be a physical location and cannot be a Post Office (P.O.) Box</u>.  The employer may use this section to identify up to three (3) physical locations and corresponding prevailing wages covering each location where work will be performed.  If the employer has received approval from the Department of Labor to submit this form non-electronically and the work is expected to be performed in more than one location, an attachment must be submitted in order to complete this section.*

    a.  **Place of Employment**

See the definition of "place of employment" in 20 Code of Federal Regulations (CFR) 655.715 and regulation concerning short term placement in 20 CFR 655.735.

1. Enter the street address of the place of intended employment.  If primary address is not known, please enter "N/A".

2. If additional space is needed for the street address, use this line.

3. Enter the city of the place of intended employment.

4. Enter the county of the place of intended employment.  If there is no county designation or it is not known, please enter "N/A".

5. Enter the state/district/territory of the place of intended employment.

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



6.   Enter the postal (zip) code of the place of intended employment.  If there is no postal code designation or it is not known, please enter "N/A".

**Section G**
**Employment and Prevailing Wage Information (continued)**

**PREVAILING WAGE INFORMATION**

7.   If the employer received a Prevailing Wage Determination (PWD) from the State Workforce Agency (SWA) or an OFLC National Processing Center (NPC), enter the state/district/territory of the Agency  which issued the PWD.  If the employer did not obtain a PWD from the SWA or NPC, enter "N/A".  **Use this field ONLY where the employer obtained a prevailing wage from the SWA or NPC.**

7(a). Enter the prevailing wage tracking number assigned by the SWA or NPC.  If the SWA or NPC did not assign a prevailing wage tracking number **OR** the employer did not obtain a PWD from the SWA or NPC, enter "N/A".  **Use this field ONLY where the employer obtained a prevailing wage from the SWA or NPC.**

8.   If the employer received a prevailing wage from either the SWA , NPC or the Foreign Labor Certification Data Center Online Wage Library at http://www.flcdatacenter.com, identify whether the wage (skill) level of the job opportunity is a level I, II, III, or IV.  Only mark one box.  Otherwise, mark "N/A".

9.   Enter the prevailing wage for the job opportunity.

10.  Identify whether the prevailing wage is per hour, week, bi-weekly, month, or year.  Only mark one box.

11.  Identify whether the prevailing wage source is Occupational Employment Statistics (OES); Collective Bargaining Agreement (CBA); Davis-Bacon Act (DBA); McNamara-O'Hara Service Contract Act (SCA); or Other (includes employer-provided independent authoritative source survey).  In accordance with 20 CFR 655.731, employers may use an independent authoritative wage source in lieu of a SWA or NPC prevailing wage determination or another legitimate source of wage information as long as the data source used meets all the criteria set forth under 20 CFR 655.731(b)(3)(iii)(B) or (C), as appropriate.  **Only mark one box.**

**Note**:  Mark "OES" in circumstances where the prevailing wage was obtained from either the SWA, NPC or the Foreign Labor Certification Data Center Online Wage Library at http://www.flcdatacenter.com

11(a). Enter the year in which the data source used to list the prevailing wage was published.

11(b). Specify the name of the company **and** exact wage survey used by the employer for the prevailing wage.

**Note**: This field should be used in circumstances where the employer has marked "Other" in question 11 **OR** "OES" in question 11 **and** the employer did not obtain a prevailing wage from the SWA or NPC.  For example, if the employer obtained a prevailing wage using OES data from the Foreign Labor Certification Data Center Online Wage Library at http://www.flcdatacenter.com, then the words "OFLC Online Data Center" must be entered in the space provided

**Section H**
**Employer Labor Condition Statements**

**The employer must read and agree to statements (1) and (4) below and demonstrate that agreement by marking "Yes" to Question 1 in Section H of the Form ETA 9035E and by signing the application.  The employer agrees to develop and maintain documentation supporting labor condition statements (1) and (4) as specified in 20 CFR 655.731 and 655.734, and to make this document available to Department of Labor officials upon request.  The employer also agrees to make available for public examination a copy of the labor condition application and necessary supporting documentation as specified in 20 CFR 655.760 within one (1) working day after the date on which the application has been filed with the Department of Labor.  This documentation must be retained for public examination at the place of employment or the employer's principal place of business as specified in Section J of this form.**

(1) **Wages:** The employer attests that H-1B, H-1B1 or E-3 foreign workers will be paid wages which are at least the higher of the actual wage level paid by the employer to all other individuals with similar experience and qualifications for the specific employment in

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



---

question or the prevailing wage level for occupational classification in the area of intended employment. By marking "Yes" to Question 1 of Section H, the employer also attests that it will pay these nonimmigrants the required wage for time in nonproductive status due to a decision of the employer or due to the nonimmigrant's lack of a permit or license. The employer further attests that these nonimmigrants will be offered benefits and eligibility for benefits on the same basis, and in accordance with the same criteria, as offered to U.S. workers. See 20 CFR 655.731.

(2) **Working Conditions:** The employer attests that H-1B, H-1B1 or E-3 foreign workers in the named occupation will not adversely affect the working conditions of workers similarly employed. The employer further attests that nonimmigrants will be afforded working conditions on the same basis, and in accordance with the same criteria, as offered to U.S. workers. See 20 CFR 655.732.

(3) **Strike, Lockout, or Work Stoppage:** The employer attests that on the date the application is signed and submitted, there is not a strike, lockout, or work stoppage in the course of a labor dispute in the named occupation at the place of employment and that, if such a strike, lockout, or work stoppage occurs after the application is submitted, the employer will notify the Employment & Training Administration (ETA) within three (3) days of such occurrence and the application will not be used in support of a petition filing with the United States Citizenship and Immigration Services (USCIS) for H-1B, H-1B1 or E-3 nonimmigrants to work in the same occupation at the place of the employment until ETA determines the strike lockout or work stoppage has ceased . See 20 CFR 655.733.

(4) **Notice:** The employer attests that as of the date of filing, notice of the Labor Condition Application (LCA) has been or will be provided to workers employed in the named occupation. Notice of the application shall be provided to workers through the bargaining representative, or where there is no such bargaining representative, notice of the filing shall be provided either through physical posting in conspicuous locations where H-1B, H-1B1 or E-3 nonimmigrants will be employed, or through electronic notification to employees in the occupational classification for which nonimmigrants are sought. The employer further attests that each nonimmigrant employed pursuant to the application will be provided with a copy (or original, as appropriate) of the certified Form ETA 9035E, or ETA 9035 (if applicable). As stated above for H-1B, H-1B1 or E-3 nonimmigrants, the employer must provide the certified LCA to the nonimmigrant, who must follow the H-1B, H-1B1 or E-3 procedures of USCIS and the Department of State. The notification shall be provided no later than the date the nonimmigrant reports to work at the place of employment. See 20 CFR 655.734.

1.   Mark "Yes" or "No". The employer must agree to all four labor condition statements listed as (1) to (4). **Please note that marking "Yes" indicates that you have read and agree to the above-listed statements.**

---

**Section I**
**Additional Employer Labor Condition Statements – H-1B Employers ONLY**

All H-1B employers are required to complete Section I of this form in order for an application regarding an H-1B nonimmigrant to be processed. See 20 CFR 655.736 for more detailed guidance as to what constitutes an "H-1B employer" or a "willful violator."

**a. Subsection 1**

**NOTE:** The determination as to whether an employer is H-1B dependent is a function of the number of H-1B nonimmigrants employed as a proportion of the total number of full-time equivalent employees employed in the United States. The following table can be used to determine whether the employer is an H-1B dependent employer:

| NUMBER OF FULL-TIME EQUIVALENT EMPLOYEES (U.S. WORKERS AND H-1B WORKERS) | NUMBER OF H-1B NONIMMIGRANT EMPLOYEES |
|---|---|
| 1 to 25 | 8 or more |
| 26 to 50 | 13 or more |
| 51 or more | 15% or more of the workforce (US and H-1B workers) |

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



1. Mark "Yes" or "No" if the employer is H-1B dependent. The employer is an H-1B dependent employer if the number of H-1B nonimmigrants employed by the employer as a proportion of the total number of full-time equivalent employees employed in the United States matches the chart above.

    **If an employer marks "No" and is or becomes H-1B dependent, the submitted labor condition application shall be deemed invalid and may not be used in support of a new petition or extension of a petition for an H-1B nonimmigrant. By marking "No", the employer also acknowledges that if it uses this application despite its invalidity, it is required to comply with the Additional Employer Labor Condition Statements in Subsection 2 of section H.**

2. Mark "Yes" or "No" if the employer is a willful violator. The employer is willful violator if the employer has been found during the five (5) years preceding the date of the application (and after October 20, 1998) to have committed a willful violation or a misrepresentation of a material fact.

    **If an employer marks "No" and was found, prior to the date of filing, to have committed a willful violation or a misrepresentation, the submitted labor condition application shall be deemed invalid and may not be used in support of a new petition or extension of a petition for an H-1B nonimmigrant. By marking "No," the employer also acknowledges that if it uses this application despite its invalidity, it is required to comply with the Additional Employer Labor Condition Statements in Subsection 2 of section I.**

3. Mark "Yes" or "No" to this question after marking "Yes" to question 1 or 2 of Subsection 1 in Section I AND the employer intends to use this application ONLY to support H-1B petitions or extensions of status for expected H-1B nonimmigrants who will receive wages at a rate equal to at least $60,000 per year, or have attained a master's degree (or equivalent or higher degree) in a specialty related to the employment. The employer also agrees to maintain documentation required by 20 CFR 655.737.

    **If an employer marks "Yes" the employer acknowledges that if it uses this application in support of a petition or extension of a petition of an H-1B nonimmigrant who is not exempt, it is required to comply with the Additional Employer Labor Condition Statements in Subsection 2 of section I with respect to all H-1B nonimmigrants supported by this application.**

**b. Subsection 2**

All employers that are (1) H-1B dependent (as defined above) and/or (2) have been found to have committed a willful violation or a misrepresentation of a material fact during the five (5) year period preceding the date of this application (and after October 20, 1998), **must read and agree to statements (A) through (C) below and demonstrate that agreement by marking "Yes" in Subsection 2 of Section I of this application.** The employer agrees to develop and maintain documentation supporting labor condition statements (1) and (4) as specified in 20 CFR 655.738 and 655.739, and to make this document available to Department of Labor officials upon request. The employer also agrees to make available for public examination a copy of the labor condition application and necessary supporting documentation as specified in 20 CFR 655.760 within one (1) working day after the date on which the application has been filed with the Department of Labor. This documentation must be retained for public examination at the place of employment or the employer's principal place of business as specified in Section J of this form. The employer agrees:

    (A)    **Displacement:** The employer will not displace any similarly employed U.S. worker within the period beginning 90 days before and ending 90 days after the date of filing a petition for an H-1B nonimmigrant supported by this application.

    (B)    **Secondary Displacement:** The employer will not place any H-1B nonimmigrant employed pursuant to this application with any other employer or at another employer's worksite UNLESS the employer applicant first makes a bona fide inquiry as to whether the other employer has displaced or intends to displace a similarly employed U.S. worker within the period beginning 90 days before and ending 90 days after the placement, and the employer applicant has no contrary knowledge.

            **If the other employer displaces a similarly employed U.S. worker during such period, the displacement will constitute a failure to comply with the terms of the labor condition application and the employer applicant may be subject to civil money penalties and debarment. See 20 CFR 655.738.**

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



(C)   **Recruitment and Hiring:**  Prior to filing any petition for an H-1B nonimmigrant pursuant to this application, the employer took or will take good faith steps meeting industry-wide standards to recruit U.S. workers for the job for which the nonimmigrant is sought, offering compensation at least as great as required to be offered to the H-1B nonimmigrant.  The employer will (has) offer(ed) the job to any U.S. worker who (has) applied and is equally or better qualified that the H-1B nonimmigrant

**Under the Immigration and Nationality Act (INA) Section 212 (n)(1)(G)(ii), 8 U.S.C. 1182), this labor condition statement "C" does not apply to the employment of an H-1B nonimmigrant who is a "priority worker" (defined as a person with extraordinary ability, or outstanding professors or researchers, or certain multi-national executives or managers) within the meaning of Section 203 (b)(1)(A), (B), or (C) of the INA, 8 U.S.C. 1153.**

4.   Mark "Yes" or "No".  The employer must agree to all four labor condition statements listed above #4 as (A) to (C) of  Subsection 2 of Section I.  Answer this question only if you marked "Yes" to either or both question one and two above in Section I indicating that you are either an H-1B dependent employer or a willful violator or both.

**Section J**
**Public Disclosure Information**

1.   Please indicate whether the employer's required public disclosure information will be located at the employer's principal place of business AND/**OR** the place of employment.

**Section K**
**Declaration of Employer**

**Note:** If submitting this form non-electronically, the employer must sign and date the application prior to submission.  If submitting this form electronically, the employer must sign and date the application immediately upon receipt of the certified application and before submission to USCIS.  An attorney or agent should not sign this section unless the attorney or agent is an employee of the employer and has authority to sign as the employer.

1.   Enter the last (family) name of the person with authority to sign as the employer.

2.   Enter the first (given) name of the person with authority to sign as the employer.

3.   Enter the middle initial of the person with authority to sign as the employer.   In the absence of a middle name, enter N/A.

4.   Enter the job title of the person with authority to sign as the employer.

5.   The person with authority to sign as the employer must sign the application.  Read the entire application and verify all contained information prior to signing.

The person with authority to sign as the employer must date the application.  Use a month/day/full year (MM/DD/YYYY) format.

**Section L**
**Preparer Information**

**This section must be completed if the preparer** of this LCA is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.  For example, an employee of the attorney (e.g., paralegal) would complete the LCA preparer section.  If the employer or attorney/agent contact listed in sections D and E was the person preparing and submitting the LCA, then this section will be left blank.

1.   Enter the last (family) name of the person preparing this LCA by or on behalf of the employer.

2.   Enter the first (given) name of the person preparing this LCA by or on behalf of the employer.

3.   Enter the middle initial of the person with preparing this LCA by or on behalf of the employer.

OMB Approval: 1205-0310
Expiration Date: 05/31/2018

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035CP – General Instructions for the 9035 & 9035E
**U.S. Department of Labor**



4.  Enter the Firm/Business name of the person with preparing this LCA by or on behalf of the employer.

5.  Enter the email address of the person with preparing this LCA by or on behalf of the employer.  Format must be in the format name@emailaddress.top-level domain.

**Section M**
**U.S. Government Agency User ONLY**

Read this section.  No entries required.

**Section N**
**Signature Notification and Complaints**

Read this section.  No entries required.

**Section O**
**OMB *Paperwork Reduction Act/Information Control Number 1205-0*310**

Read this section.  No entries required.