1  MICHELLE M. LA MAR (SBN 163038)
   mlamar@loeb.com
2  PATRICK N. DOWNES (SBN 186461)
   pdownes@loeb.com
3  ERIN M. SMITH (SBN 235039)
   esmith@loeb.com
4  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
5  Los Angeles, CA  90067
   Telephone: 310.282.2000
6  Facsimile: 310.282.2200

7  Attorneys for Defendant
   TATA CONSULTANCY SERVICES, LTD.
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12

13  STEVEN HELDT,                          Case No.: 3:15-cv-01696-YGR
    BRIAN BUCHANAN, and
14  CHRISTOPHER SLAIGHT
                                           CLASS ACTION
15          Plaintiffs,
                                           TATA CONSULTANCY SERVICES,
16       v.                                LTD.'S NOTICE OF MOTION AND
                                           MOTION TO DISMISS COUNTS I
17  TATA CONSULTANCY SERVICES,             AND II OF AMENDED COMPLAINT
    LTD.,                                  PURSUANT TO RULES 8(A), 9(B),
18                                         12(B)(1) AND 12(B)(6) OF THE
          Defendant.                       FEDERAL RULES OF CIVIL
19                                         PROCEDURE; MEMORANDUM OF
                                           POINTS AND AUTHORITIES
20
                                           [Request for Judicial Notice and Motion
21                                          to Strike Filed Concurrently]

22                                         DATE:    September 1, 2015
                                           TIME:    2:00 p.m.
23                                         CTRM:    1, 4th Floor
                                           JUDGE:   Hon. Yvonne Gonzalez-Rogers
24
                                           Complaint Filed:   April 14, 2015
25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................. 1

II.     PLAINTIFF'S ALLEGATIONS ............................................................ 2

III.    ARGUMENT ....................................................................................... 3

    A.   Legal Standard for the Motion to Dismiss ..................................... 3

    B.   Legal Standard for the Motion to Dismiss Pursuant to Rule
        12(b)(1) .......................................................................................... 4

    C.   The Visa Allegations Fail to State a Claim .................................... 4

        1.   The Use of The United States Visa Program Cannot Support
            A Claim Of Discrimination Under Any Theory Due To The
            Absence Of Comparators .................................................... 4

        2.   This Court Lacks Subject Matter Jurisdiction to Hear Any
            Claim That TCS Misused The Visa Program By Failing To
            Hire United States Comparators .......................................... 6

    D.   Count I Should Also Be Dismissed Since Heldt Lacks Standing To
        Maintain A Failure To Hire Claim .................................................. 9

IV.    CONCLUSION .................................................................................. 10

LA2442419.1
205625-10015

i

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alves v. Masters Entm't Group, LLC*,
   No. 3:07-cv-305, TS, 2008 U.S. Dist. LEXIS 75736
   (N.D. Ind. Sept. 30, 2008) ................................................................................. 8

*Amchem Prods., v. Windsor*,
   521 U.S. 591 (1997) ......................................................................................... 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................... 3, 4

*Augustine v. United States*,
   704 F.2d 1074 (9th Cir. 1983) .......................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................ 3

*Biran v. JP Morgan Chase & Co.*,
   No. 02 civ. 5506 SHS, 2002 U.S. Dist. LEXIS 17076
   (S.D.N.Y. Sept. 12, 2002) ......................................................................... 6, 7, 8

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
   598 F.3d 1115 (9th Cir. 2010) ........................................................................ 10

*Chuang v. Univ. of Cal. Davis, Bd. Of Trs.*,
   225 F.3d 1115 (9th Cir. 2000) .......................................................................... 5

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) .......................................................................... 3

*De Simas v. Big Lots Stores, Inc.*,
   No. C 06-6614, SI, 2007 U.S. Dist. LEXIS 19257
   (N.D. Cal. Mar. 2, 2007) ................................................................................. 9

*Gen. Tel. Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) ....................................................................................... 10

*Henderson v. Alexander & Baldwin, Inc.*,
   No. 07-00101 2007 U.S. Dist. Lexis 94013
   (D.C. Haw. Dec. 20, 2007) .............................................................................. 5

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

ii

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

# TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*Kokkonen v. Guardian Life Ins. Co. of America,*
   511 U.S. 375 (1994) ................................................................. 4

*Mayes v. Kaiser Found. Hosps.,*
   No. 2:12-cv-1726 2014 U.S. Dist. LEXIS 76297, *35-36
   (E.D. Cal. June 3, 2014) ........................................................... 5

*Mortensen v. First Fed. Sav. & Loan Ass'n,*
   549 F.2d 884 (3d Cir. 1977) .................................................... 4

*Thomas v. Home Depot USA Inc.,*
   527 F. Supp. 2d 1003 (N.D. Cal. 2007) ................................... 9

*Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp.,*
   594 F.2d 730 (9th Cir. 1979) ................................................... 4

*Venkatraman v. REI Sys.,*
   417 F.3d 418, 423-25 (4th Cir. 2005) ...................................... 8

*Zhang v. China Gate, Inc.,*
   No. C07-964 RSM, 2007 U.S. Dist. LEXIS 66642
   (W.D. Wash. Sept. 7, 2007) .................................................... 8

**Statutes**

8 U.S.C. § 1182(n)(2)(A)-(n)(5)(A) .............................................. 8

**Other Authorities**

20 CFR §655.705(a)(2) .................................................................. 7

20 CFR §655.705(c) ...................................................................... 7

20 CFR §655.710 ........................................................................... 7

20 CFR §655.739 ........................................................................... 7

20 CFR §655.739(i) ....................................................................... 6

20 CFR §655.739(g) ................................................................... 6, 9

20 CFR §655.739(h) ...................................................................... 6

20 CFR §655.739(j) ....................................................................... 6

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

# TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

20 CFR §655.805 .................................................................................................................. 7

20 CFR §655.805(a) ......................................................................................................... 8, 9

20 CFR § 655.810(e)(2) ....................................................................................................... 8

Fed. R. Civ. Proc. 8(a)(2) .................................................................................................... 3

Fed. R. Civ. Proc. 12(b)(1) ........................................................................................... 4, 10

Fed. R. Civ. Proc. 12(b)(6) ............................................................................................. 3, 4

Fed. R. Civ. Proc. 12(h)(3) .................................................................................................. 4

Immigration and Nationality Act .................................................................................... 7, 8

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

iv

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

## NOTICE OF MOTION AND MOTION TO DISMISS

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on September 1, 2015, at 2:00 p.m., before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California, defendant Tata Consultancy Services, Ltd. ("TCS") will move the Court, pursuant to Rules 8(a), 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts I and II of the amended complaint ("FAC") with prejudice for failure to state a claim.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Request for Judicial Notice, the argument of counsel, all pleadings, records and papers on file herein, and such other matters that may be presented to the Court.

## ISSUES TO BE DECIDED

1.     Whether Counts I and II should be dismissed because plaintiffs base these intentional discrimination claims on TCS' visa practices and no comparators exist;

2.     Whether Counts I and II should be dismissed because plaintiffs base these intentional discrimination claims on TCS' visa practices and this Court lacks subject matter jurisdiction over plaintiffs' allegations; and

3.     Whether Count I should be dismissed because plaintiff Heldt bases this claim on TCS' alleged discriminatory hiring practices and Heldt lacks standing to maintain this claim since TCS hired Heldt.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

1

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Tata Consultancy Services, Ltd.'s ("TCS") previously moved to dismiss and strike portions of the complaint.  Although counsel for TCS met and conferred with plaintiffs' counsel prior to filing those motions, plaintiffs waited until *after* the motions were submitted in which to file their amended complaint ("FAC").  While plaintiffs have withdrawn their disparate impact theory under both counts, as well as their national origin allegations under Section 1981, plaintiffs have failed to cure the other legal deficiencies contained in their initial pleading.  Accordingly, TCS brings the instant motion.

Essentially, the FAC alleges two counts of employment discrimination.  Count I alleges a violation of Title VII, but that count is only alleged by the original plaintiff. Count II alleges violations of Section 1981 by plaintiff Heldt and two additional plaintiffs. Both counts are now pled solely under a theory of disparate treatment.[1]  (FAC ¶ 30.)

Plaintiffs identify three "methodologies" which allegedly support their allegations of Title VII and Section 1981 violations:  (1) TCS' use of the visa program made available by the United States to foreign workers; (2) TCS' alleged discriminatory preference for employees of South Asian descent when hiring from "local" candidate pools; and (3) TCS' alleged adverse treatment of non-South Asian employees post-hire.  (FAC ¶¶ 26-28). Since each count purports to state a claim based on each of these three "methods," for all practical purposes, the FAC pleads six distinct causes of action.

TCS moves to dismiss both counts to the extent they are based on the use of visas. TCS also moves to dismiss Count I to the extent it is based on a failure to hire theory since

---

[1] Plaintiffs' opposition to TCS' original motion to dismiss expressly states that an un-intentional discrimination (i.e. disparate impact) theory is not being pursued.  (Dkt. No. 40 at 2 n.1.)  In addition, the allegation appearing in the original complaint that disparate impact questions are common to the putative class is absent in the FAC.  (*Compare* Compl. ¶46.)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

1

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

Heldt lacks standing to maintain this claim.  As alleged in the FAC, Heldt indisputably was hired by TCS, and thus cannot complain of discriminatory failure to hire.

## II.

## PLAINTIFF'S ALLEGATIONS

TCS "provides consulting, IT and outsourcing services to companies in the United States and throughout the world."  (FAC ¶20 (emphasis added).)  Plaintiffs assert that TCS "has engaged in a systematic, company-wide, pattern and practice of discriminating in favor of South Asians and against individuals who are not South Asians in hiring, job placement, and termination."  (FAC ¶ 19.)  Plaintiffs aver that "South Asian" means "individuals of Indian, Bangladeshi, and Nepali ancestry, ethnicity, and/or birth."  (FAC at 2 n.1.)  Plaintiffs then allege their personal experience and observations regarding TCS.

The FAC asserts two counts based on three methods of discrimination, namely the use of the visa program (FAC ¶ 26), alleged discriminatory local hiring of South Asians (FAC ¶ 27) and discriminatory adverse employment decisions for non-South Asians (FAC ¶28).

Count I alleges a Title VII claim and is styled "disparate treatment."   Plaintiff Heldt, and not the other two named plaintiffs, alleges a "pattern and practice" of discrimination by "knowingly and intentionally" (1) favoring South Asians; (2) disfavoring non South Asians, and (3) "creating and maintaining an overwhelmingly disproportionate workforce in the United States consisting of approximately 95% or more South Asian employees."  (FAC ¶ 79.)

Count II alleges a Section 1981 claim and is also styled "disparate treatment."   The Section 1981 claim similarly asserts knowing and intentional discrimination.  (FAC ¶84.)  Plaintiffs expressly allege "intentional discrimination" in their Section 1981 claim.  (FAC ¶84.)   Plaintiffs purport to maintain a claim on behalf of "individuals who are not of South Asian race, ancestry, ethnicity, and those of Indian, Nepalese, or Bangladeshi national ethnic groups. . . " (FAC ¶84.)  As part of this claim, plaintiff

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

2

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

Buchanan alleges he was not hired for a position through TCS at Southern California Edison (FAC ¶ 39).

## III.

## ARGUMENT

### A.    Legal Standard for the Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (internal brackets and quotation marks omitted)).  The Court will not assume facts not alleged, nor will it draw unwarranted inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a Complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

3

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

556 U.S. at 678.  If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.  *Id*. at 678-79.

**B.**   **Legal Standard for the Motion to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint.  *See* Fed. R. Civ. Pro. 12(b)(1).  The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested.  *See, Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are of limited jurisdiction...It is to be presumed that a cause lies outside this limited jurisdiction…, and the burden of establishing the contrary rests on the party asserting jurisdiction.").  A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually."  *Thornhill Pub'g Co., Inc. v. General Tel. & Elecs. Corp*., 594 F.2d 730, 733 (9th Cir. 1979).  The standard for evaluating a facial challenge to jurisdiction under Rule 12(b)(1) is analogous to the standard applicable to Rule 12(b)(6).  *See, Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears that subject matter jurisdiction may be lacking.  *See* Fed. R. Civ. Proc. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that subject matter jurisdiction is lacking, it must dismiss the claim. *Id*.

**C.**   **The Visa Allegations Fail to State a Claim**

**1.**   **The Use of The United States Visa Program Cannot Support A Claim Of Discrimination Under Any Theory Due To The Absence Of Comparators**

Under both Count I (for alleged violations of Title VII) and Count II (for alleged violations of Section 1981), plaintiffs allege that TCS uses the visa program that is authorized by the laws of the United States as a vehicle to "achieve its discriminatory

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

4

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

goals" of race and national origin discrimination.  (FAC at 9:27 (quoting heading).)
However, by relying on TCS' lawful use of the U.S. visa program, plaintiffs actually
defeat their efforts to establish a *prima facie* case of discrimination under both Title VII
and Section 1981.

Indeed, to maintain a *prima facie* case under both Title VII and Section 1981, a
plaintiff must establish that he or she was qualified for the position, and that someone
outside the protected category was hired or treated more favorably instead.  *Chuang v.
Univ. of Cal. Davis, Bd. Of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000); *Henderson v.
Alexander & Baldwin, Inc.*, No. 07-00101 2007 U.S. Dist. Lexis 94013, 14-15 (D.C. Haw.
Dec. 20, 2007) (inability to present evidence that similarly situated co-workers were
treated more favorably is fatal to a *prima facie* case of discrimination in Title VII claim);
*Mayes v. Kaiser Found. Hosps.*, No. 2:12-cv-1726 2014 U.S. Dist. LEXIS 76297, *35-36
(E.D. Cal. June 3, 2014) (Section 1981 "plaintiff has not shown the employees allegedly
receiving more favorable treatment 'are similarly situated . . . in all material respects.'")
(citation omitted).

For a non-immigrant worker to obtain an H-1B visa (and thus work in the United
States) a showing must be made that the potential visa holder will not displace an
American worker.  Indeed, in conjunction with the visa application process, the H-1B
employer is required attest to the following:

> (A) **Displacement:**  The employer will not displace any similarly
> employed U.S. worker within the period beginning 90 days before
> and ending 90 days after the date of filing a petition for an H-1B
> nonimmigrant supported by this application.
>
> ***
>
> (C) **Recruitment and Hiring**: Prior to filing any petition for an H-
> 1B nonimmigrant pursuant to this application, the  employer took or
> will take good faith steps meeting industrywide standards to recruit
> U.S. workers for the job for  which the nonimmigrant is sought,
> offering compensation at least as great as required to be
> offered to the H1B nonimmigrant. The employer will (has) offer(ed)

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

5

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

the job to any U.S. worker who (has) applied and is equally or better qualified that the H1B nonimmigrant.

Request for Judicial Notice, Ex. B (U.S Dept. of Labor – Labor Condition Application for Nonimmigrant Workers  ETA Form 9035CP – General Instructions for the 9035 & 9035E); *see also,* 20 CFR § 655.739(g), (i), (h) and (j).

Accordingly, plaintiffs' allegations that TCS utilized the visa process to "achieve its discriminatory goals" is self-defeating.  By the lawful issuance of the visas, it is established that TCS recruited in a non-discriminatory manner for such positions and there are no "equally or better qualified U.S. workers" for the positions provided to the visa holders, (i.e. no comparators exist).  As such, the representative plaintiffs (as well as the putative class members) are not similarly situated co-workers with the visa holders, pursuant to the very requirements of the visa application process itself.  Accordingly, plaintiffs cannot maintain claims of discrimination under Title VII or Section 1981 using the visa holders as comparators.

Plaintiffs' theories of discrimination based on the utilization of the visa process thus fail and should be dismissed.

**2.      This Court Lacks Subject Matter Jurisdiction to Hear Any Claim That TCS Misused The Visa Program By Failing To Hire United States Comparators**

To the extent plaintiffs attempt to claim that TCS has *misused* the visa process, or made false statements in connection with that process, this Court lacks subject matter jurisdiction to hear such claims at this juncture.  *See, Biran v. JP Morgan Chase & Co.,* No. 02 civ. 5506 SHS, 2002 U.S. Dist. LEXIS 17076 (S.D.N.Y. Sept. 12, 2002).  Until the administrative process is completed, only the Department of Justice and Department of Labor may hear a claim that qualified U.S. workers are being displaced by non-immigrant workers through use of the visa system.  *Id.*

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

6

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

The legislature has set forth a two-tier enforcement approach to prevent the potential abuse of H-1B visas under the Immigration and Nationality Act utilizing the Department of Labor and the Department of Justice.  The Department of Labor ("DOL") administers the enforcement provisions of the Act, with the exception of complaints regarding non-selection of U.S. workers who have applied for specific positions but were not offered those positions.  The DOL is "responsible for investigating and determining an employer's misrepresentation in or failure to comply with [labor condition applications] in the employment of H-1B nonimmigrants."  20 CFR §655.705(a)(2) and §655.710.  This would include, for example, the use of a discriminatory recruiting process, failing to interview U.S. workers, recruiting based on age, national origin or race, failing to take good faith steps to recruit U.S. workers and displacement of U.S. workers during a specific timeframe.  20 CFR §655.805 and 20 CFR §655.739.

The Department of Justice, on the other hand, handles the specific task of "the enforcement and disposition of complaints regarding an H-1B-dependent employer's failure to offer a position filled by an H-1B nonimmigrant to an equally or better qualified United States applicant, or such employer's willful misrepresentation of material facts relating to this obligation."  *See* 20 CFR §655.705(c).

Consistent with the extensive administrative procedures set forth by the legislature, at a minimum, decisional authority holds that courts lack jurisdiction to hear claims regarding alleged misuse of the visa process until the administrative process is concluded. For instance, in *Biran, supra*, the plaintiff alleged that consulting firms used by the defendant (and the plaintiff's prospective employer) abused the H-1B visa program to disproportionately hire foreigners and discriminate against United States citizens.  Similar to plaintiffs here, Biran was a United States citizen seeking to adjudicate the proprietary of an H-1B visa program utilized by an employer.  *Id.* at *1.  The court granted the defendant's motion to dismiss for lack of subject matter jurisdiction, observing that "[n]ot only do comprehensive administrative mechanisms exist, but also the legislative history of the Immigration and Nationality Act yields no support for the proposition that Congress

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

7

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

intended to create a private right of action." *Id*. at *2-7.  In so ruling, the Court

expansively addressed the plaintiff's sole remedy:

> A separate subdivision of section 1182(n) – subsection 5 – sets forth the complaint procedure for a domestic worker who has been rejected for a job that is the subject of a labor condition application. Under that subdivision, the aggrieved party first must file a complaint with the Attorney General who, upon a finding of reasonable cause in the complaint, initiates binding arbitration proceedings. 8 U.S.C. § 1182(n)(5)(C).  The arbitrator's opinion is subject to judicial review in the appropriate United States Court of Appeals. 8 U.S.C. § 1182(n)(5)(D).
>
> \*\*\*
>
> A federal statute that does not create or imply a private right of action does not present a federal question pursuant to 28 U.S.C. § 1331 on behalf of private individuals. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986).  The conclusion that 8 U.S.C. §§ 1182(n) and 1324(b) do not create private rights of action mandates a finding that this Court lacks subject matter jurisdiction over Plaintiff's claim.

*Biran,* 2002 U.S. Dist. LEXIS 17076, at *5-7 (emphasis added).  *See also Venkatraman v. REI Sys.*, 417 F.3d 418, 423-25 (4th Cir. 2005) (U.S. citizen could not state a claim against former employer for supposed misuse of visa program since no private right of action existed).[2]

Further indicative of the legislature's intent that the Immigration and Nationality Act be the avenue for a party seeking relief for the purported misuse of the visa program is that the Act specifically provides remedies to any aggrieved parties that follow the administrative procedures set forth above.  Namely, 20 C.F.R. §655.810(e)(2) provides in pertinent part:

> the Administrator may impose such other administrative remedies as the Administrator determines to be appropriate, including but not limited to reinstatement of workers who were discriminated against in violation of §655.805(a), *reinstatement of displaced U.S. workers, back wages to workers*

---

[2] Similarly, visa holders themselves are required to submit their own claims to an administrative process. *Alves v. Masters Entm't Group, LLC*, No. 3:07-cv-305, TS, 2008 U.S. Dist. LEXIS 75736 (N.D. Ind. Sept. 30, 2008) (visa holder must exhaust administrative remedies before alleging violation of H-1B visa program); *Zhang v. China Gate, Inc.*, No. C07-964 RSM, 2007 U.S. Dist. LEXIS 66642, *7 (W.D. Wash. Sept. 7, 2007) ("In addition, § 1182(n) contains a comprehensive regulatory enforcement scheme that entrusts the investigation of complaints that aliens may have to the Secretary of Labor and the Attorney General.  *See* 8 U.S.C. § 1182(n)(2)(A)-(n)(5)(A).").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

8

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

1  *who have been displaced or whose employment has been terminated in*
   *violation of these provisions,* or other appropriate legal or equitable relief."
2  (Emphasis added.) [3]

3        In sum, no case or statute permits this Court to adjudicate plaintiffs wide-sweeping

4  allegations concerning the use of visas by TCS workers.  Plaintiffs' exclusive remedy at

5  this juncture is with the appropriate administrative agency.  Since this Court lacks subject

6  matter jurisdiction to resolve such disputes at this time, the motion to dismiss should be

7  granted.

8  **D.     Count I Should Also Be Dismissed Since Heldt Lacks Standing To Maintain A**

9         **Failure To Hire Claim**

10       Count I (Title VII) is only brought by plaintiff Heldt.  This claim should be

11  dismissed to the extent Heldt purports to maintain a Title VII claim based upon TCS'

12  supposed discriminatory hiring of South Asians.  (FAC ¶ 27.)  Heldt lacks standing to

13  maintain such a claim since, as his own allegations confirm, he was in fact hired by TCS.

14  (FAC ¶¶ 44-61.)

15       The Supreme Court of the United States has repeatedly held that class

16  "[r]epresentatives must be part of the class and possess the same interest and suffer the

17  same injury as the class members."  *Amchem Prods., v. Windsor*, 521 U.S. 591, 594-95

18  (1997) (citing *East Tex. Motor Freight Sys., Inc. v. Rodriquez*, 431 U.S. 395, 403 (1977)).

19  *See also, Thomas v. Home Depot USA Inc*., 527 F. Supp. 2d 1003, 1009 (N.D. Cal. 2007)

20  ("[a] [p]laintiff cannot go forward in a representative capacity with his PAGA claims after

21  the one-year statute of limitations under [California Code of Civil Procedure] § 340(a) has

22  run"); *De Simas v. Big Lots Stores, Inc.*, No. C 06-6614, SI, 2007 U.S. Dist. LEXIS 19257,

---

25    [3] 20 CFR §655.805(a) makes it a violation of the Act to "fail to comply with any
   manner of the provisions of subpart I or H of this part."

26    Subpart H of the Act imposes certain requirements upon H-1B employers, including
   the requirement that the employer not apply its screening criteria "in a disparate manner
27  (whether between H-1B and U.S. workers…)" or otherwise using its job screening criteria
   in a manner "prohibited by any applicable discrimination law (e.g., sex, race, age, national
28  origin)."  20 CFR §655.739(g).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

9

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR

at *4-5 (N.D. Cal. Mar. 2, 2007) (holding that a plaintiff could not pursue PAGA claims in a representative capacity because the statute of limitations barred the plaintiff's claim).

A motion to dismiss is appropriate to address plaintiff's lack of standing.  *See, e.g., Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (noting that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim"); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010) (discussing Article III requirements and affirming dismissal pursuant to Rule 12(b)(1) for lack of standing). Here, plaintiff Heldt cannot demonstrate any injury from TCS' hiring practices ***since TCS hired Heldt***.  Plaintiff Heldt has not "suffered the same injury" as the putative class members.  His allegations concerning TCS' supposedly discriminatory hiring practices should therefore be dismissed.

## IV.

## <u>CONCLUSION</u>

For these reasons, TCS's motion to dismiss should be granted.


Dated:   July 28, 2015                    LOEB & LOEB LLP
                                          MICHELLE M. LA MAR
                                          PATRICK N. DOWNES
                                          ERIN M. SMITH


                                          By: <u>/s/Michelle M. La Mar</u>
                                                Michelle M. La Mar
                                                Attorneys for Defendant
                                                TATA CONSULTANCY SERVICES, LTD.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2442419.1
205625-10015

10

DEFENDANT'S NOTICE OF MOTION AND
MOTION TO DISMISS FAC; MPA
CASE NO.: 3:15-CV-01696-YGR