Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com; mvk@kotchen.com

Attorneys for All Plaintiffs

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

STEVEN HELDT,
BRIAN BUCHANAN, and
CHRISTOPHER SLAIGHT

Plaintiffs,

v.

TATA CONSULTANCY SERVICES, LTD.,

Defendant.

Case No.: 4:15-cv-01696-YGR

**CLASS ACTION**

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AMENDED COMPLAINT**

DATE: September 8, 2015
TIME: 2:00 P.M.
CTRM: 1, 4th Floor
JUDGE: Hon. Yvonne Gonzalez Rogers

Complaint Filed: April 14, 2015

## TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

STATEMENT OF THE ISSUES TO BE DECIDED ........ v

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Tata's Substantive Challenge To Plaintiffs' Statistical Allegations Is Improper Under Rule 12(f), And Mr. Heldt's Allegations Are Highly Pertinent And Material. ........ 4

II. Tata's Substantive Challenge To Mr. Heldt's Class Period Allegation Is Improper Under Rule 12(f), And Mr. Heldt's Class Period Allegation Is Pertinent and Material. ........ 5

III. Tata's Incorporated Arguments Also Fail. ........ 7

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Cases**

*Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335 (N.D. Cal. 1991) ............................................. 3

*Cruz v. Bank of N.Y. Mellon*, No. 12-CV-846-LHK, 2012 WL 2838957 (N.D. Cal. July 10, 2012) .. 2, 4, 6, 8

*Cruz v. Sky Chefs, Inc.*, No. C-12-2705 DMR, 2013 WL 1892337 (N.D. Cal. May 6, 2013) ............ 3

*Diaz v. AT&T*, 752 F.2d 1356 (9th Cir. 1985) ........................................................................ 5

*Fonseca v. Sysco Food Servs. of Az., Inc.*, 374 F.3d 840 (9th Cir. 2004) ........................................... 6

*In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955 (C.D. Cal. 2000) .............................. 2, 3, 4

*Jones v. R.R. Donnelley & Sons*, 541 U.S. 369 (2004) ............................................................ 6

*Lema v. Comfort Inn, Merced*, No. 1:10-cv-362-SMS, 2012 WL 2200770 (E.D. Cal. June 14, 2012) ........................................................................................................ 2, 3, 4, 7

*Love v. Pinnacle Nissan, Inc.*, 102 F. App'x. 597 (9th Cir. 2004) .................................................... 6

*Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015) ....... 7

*N.Y.C. Employees' Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121 (N.D. Cal. 2009) ................ 3, 4, 8

*O'Brien v. Sky Chefs, Inc.*, 670 F.2d 864 (9th Cir. 1982) ............................................................ 5

*Obrey v. Johnson*, 400 F.3d 691 (9th Cir. 2005) ........................................................................ 4

*Piva v. Xerox Corp.*, 654 F.2d 591 (9th Cir. 1981) ................................................................ 4, 5

*Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072 (C.D. Cal. 1994) ............................................ 3

*Skadegaard v. Farrell*, 578 F. Supp. 1209 (D.N.J. 1984) ........................................................... 2

*Sodano v. Chase Bank USA, NA*, No. 2:12-cv-369, 2012 WL 1552796 (E.D. Cal. May 1, 2012) 3, 4, 7

*Vartanian v. Nationwide Legal, Inc.*, No. C-12-0691 EMC, 2012 WL 2054995 (N.D. Cal. June 5, 2012) ................................................................................................................ 6

*Vesecky v. Matthews (Mill Towne Center) Real Estate, LLC*, No. CV-09-1741, 2010 WL 749636 (D.

Az. March 2, 2010) ........ 3, 8

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ........ 3, 4, 6, 7

**Statutes**

Civil Rights Act of 1866, 42 U.S.C. § 1981 ........ 6, 7

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ........ 6, 7

**Rules**

Fed. R. Civ. P. 12(f) ........ passim

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether the Court should strike pertinent and material statistical allegations from the complaint concerning Tata's grossly disproportionate workforce.

2. Whether the Court may decide a substantive question of law on a motion to strike under Rule 12(f) and strike Plaintiffs' pertinent and material class period allegation.

3. Whether the Court should consider substantive legal arguments on a motion to strike under Rule 12(f), incorporated by reference from another motion, to strike pertinent and material allegations concerning Tata's hiring and use of visa workers to fill positions in the United States.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Steven Heldt, Brian Buchanan, and Christopher Slaight ("Plaintiffs"), by and through their undersigned attorneys, hereby submit this opposition to Defendant Tata Consultancy Services, Ltd.'s ("Tata's") Motion to Strike the Amended Complaint (Dkt. #47). For the following reasons, Tata's Motion should be denied.

## INTRODUCTION

Tata is a business that provides information technology ("IT") outsourcing and consulting services in the United States, where it employs at least 14,000 individuals. Am. Compl. ¶ 13 (Dkt. #39). Tata has engaged – and continues to engage – in widespread employment discrimination in its United States workforce. *See, e.g.*, *id.* ¶ 1. The end result of Tata's pattern and practice of intentional discrimination is a United States workforce that consists of approximately 95% South Asians, despite the fact that South Asians make up only about 1-2% of the United States population and a similar proportion of IT workers. *Id.* ¶¶ 1, 22 & n.2, 29-30. Tata achieves this grossly disproportionate workforce by discriminating in hiring – relying on visa workers from South Asia to fill positions in the United States, and favoring South Asians already located in the United States. *Id.* ¶¶ 26-27. In fact, Tata management explicitly instructs its Talent Acquisition Unit, which recruits employees for Tata's United States operations, to focus on hiring only South Asians because of a discriminatory belief that they are smarter and better qualified than Americans. *Id.* ¶¶ 23-25. Mr. Buchanan is a prime example of this discrimination. When Mr. Buchanan learned that his former employer would be outsourcing his job of thirty years to Tata, he applied for a position with Tata hoping to be retained in the same role. *Id.* ¶¶ 36, 39-41. Despite being well qualified, Tata chose not to hire Mr. Buchanan. *Id.* ¶ 41. Rather, Mr. Buchanan was tasked with training his replacements (it took several Tata employees to fulfil the role he had been performing single-handedly) and then released. *Id.*

Tata also achieves its grossly disproportionate workforce by discriminating against the comparatively few non-South Asians it does hire (including Mr. Heldt and Mr. Slaight) in employment decisions, such as job assignment, promotion/demotion, and termination decisions. *Id.* ¶¶ 3-4, 28. Despite both being well qualified, neither was assigned work commensurate with their experience, and eventually Tata fired both. *Id.* ¶¶ 3-4.

Rather than address these core allegations, Tata seeks to strike portions of Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(f) – a disfavored mechanism used only in extreme cases to remove wholly superfluous or inflammatory allegations from a complaint – not, as Tata has done here, to challenge the underlying merits of a plaintiff's case.

**ARGUMENT**

"Striking a party's pleadings is an extreme measure that is infrequently granted." *Lema v. Comfort Inn, Merced*, No. 1:10-cv-362-SMS, 2012 WL 2200770, at *2 (E.D. Cal. June 14, 2012). A court may only strike portions of a complaint in four limited circumstances: where the challenged material is "'redundant, immaterial,[1] impertinent,[2] or scandalous.[3]'" *Cruz v. Bank of N.Y. Mellon*, No. 12-CV-846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (quoting Fed. R. Civ. P. 12(f)). Such motions are disfavored "[b]ecause of their frequent use as a delaying tactic and because of judicial policy favoring resolution on the merits." *Lema*, 2012 WL 2200770, at *2. A "motion to strike should not be granted unless it is clear that the matter to be stricken could have *no possible*

1 "'Immaterial' means that the matter has no bearing on the controversy before the court." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

2 "'Impertinent' has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence." *Id.*

3 "'Scandalous' includes allegations that cast a cruelly derogatory light on a person a party or other person." *Id.*; *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984) ("Scandalous pleading for purposes of Rule 12(f) must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'") (citation omitted).

*bearing* on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339-1340 (N.D. Cal. 1991) (denying motion to strike allegations where "this court cannot say that the [disputed] paragraphs contribute nothing to plaintiffs' claims") (emphasis added). Additionally, to strike a challenged allegation, the moving party bears the burden of demonstrating that it suffers prejudice as a result of its inclusion in the complaint. *N.Y.C. Employees' Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009); *see also Vesecky v. Matthews (Mill Towne Center) Real Estate, LLC*, No. CV-09-1741, 2010 WL 749636, at *1 (D. Az. March 2, 2010) (explaining the defendant bears the burden to show "how such material will cause prejudice").

A motion to strike is not a substitute for a motion to dismiss and may not be used "as a means of challenging plaintiffs' claims on the merits." *Sodano v. Chase Bank USA, NA*, No. 2:12-cv-369, 2012 WL 1552796, at *9 (E.D. Cal. May 1, 2012). Thus, a court "may not resolve 'disputed and substantial factual or legal issue[s] in deciding … a motion to strike." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-94 (9th Cir. 2010) (explaining further that "Rule 12(f) is neither an authorized nor a proper way to procure dismissal of all or a part of a complaint") (modification in original) . "'[I]f the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied and the sufficiency of the allegations left for adjudication on the merits.'" *Lema*, 2012 WL 2200770, at *2 (quoting *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal. 1994)); *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d at 965 ("If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion"). "In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cruz v. Sky Chefs, Inc.*, No. C-12-2705 DMR, 2013 WL 1892337, at *4 (N.D. Cal. May 6, 2013).

Tata raises five arguments in support of its motion to strike, each of which fails to satisfy this demanding standard and/or misstates the nature of Plaintiffs' allegations and claims. Additionally,

Tata fails to explain how it is prejudiced from the inclusion of any of the challenged material thus failing to meet its burden to strike material. *See Berry*, 667 F. Supp. 2d at 1128; *Vesecky*, 2010 WL 749636, at *1.

**I. Tata's Substantive Challenge To Plaintiffs' Statistical Allegations Is Improper Under Rule 12(f), And Mr. Heldt's Allegations Are Highly Pertinent And Material.**

Tata challenges Plaintiffs' references to the demographic make-up of the United States, which it suggests, "has no relationship to the claims pled." Def.'s Mot. at 3.This is false. Statistical demographic data is of central importance to this suit and relates directly to Plaintiffs' pattern and practice claims. *Piva v. Xerox Corp.*, 654 F.2d 591, 596 (9th Cir. 1981) (noting relevance of gross disparities in an employer's workforce compared to population at large in discrimination case); *see also Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005) (discussing central role of statistics in pattern and practice discrimination case). Accordingly, allegations concerning Tata's workforce, as compared to the broader population, are neither impertinent nor immaterial.[4] The motion to strike these allegations must therefore be denied. *See* Fed. R. Civ. P. 12(f) (permitting striking only of "any redundant, immaterial, impertinent, or scandalous matter"); *Cruz*, 2012 WL 2838957, at *2; *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d at 965.

Tata challenges the substance of Plaintiffs' allegations – not their pertinence or materiality. *See, e.g.*, Def's. Mot. at 3-4 ("Statistical data offered to support pattern or practice claims usually involve a comparison between" the workforce and labor pool and "Plaintiffs' comparator group … is grossly overbroad"). Such substantive, merits-based challenges are wholly inappropriate on a motion to strike and must be rejected. *Whittlestone, Inc.*, 618 F.3d at 973-74; *Lema*, 2012 WL 2200770, at *2; *Sodano*, 2012 WL 1552796, at *9.

In addition, Tata's argument fails on the merits. The Ninth Circuit has explicitly held that

[4] Nor are they redundant or scandalous.

"[g]ross statistical disparities between the composition of an employer's work force and the composition of the general population in a proper case may constitute, by themselves, *prima face* proof of a pattern and practice of discrimination." *Piva*, 654 F.2d at 596 (citing *Hazelwood Sch. Dist.*, 433 U.S. at 307-08; *Int'l Bhd. of Teamsters*, 431 U.S. at 339); *see also Diaz v. AT&T*, 752 F.2d 1356, 1363 (9th Cir. 1985) ("Statistical data is relevant because it can be used to establish a general discriminatory pattern in an employer's hiring or promotion practices . . . and can therefore create an inference of discriminatory intent"); *O'Brien v. Sky Chefs, Inc.*, 670 F.2d 864, 866 (9th Cir. 1982) ("Statistical data is one way to establish a *prima facie* case").[5] It is difficult to conceive of a starker, or more pertinent, statistical disparity than 95% to 1-2%. *See* Compl. ¶ 24 (noting that Tata's workforce "consists of approximately 95% South Asians, a number grossly disproportionate with the demographic makeup of the United States (which consists of approximately 1-2% South Asians)"); *see also id.* ¶ 17 n.2 (noting that only 2% of a national association of IT professionals was made up of Asians). Courts treat statistics with far less disproportionality as evidence of intentional discrimination. *See, e.g.*, *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 424 (7th Cir. 2000) ("Two standard deviations is normally enough to show that it is extremely unlikely (that is, there is less than a 5% probability) that the disparity is due to chance, giving rise to a reasonable inference that the hiring was not race-neutral; the more standard deviations away, the less likely the factor played no role in the decision making process").

**II. Tata's Substantive Challenge To Mr. Heldt's Class Period Allegation Is Improper Under Rule 12(f), And Mr. Heldt's Class Period Allegation Is Pertinent and Material.**

Tata seeks to strike Plaintiffs' class period allegation, arguing it is improperly defined under

[5] Importantly, Plaintiffs need not prove, or even allege, each element of a *prima facie* case at this stage. *See Irish v. City of Sacramento*, No. Civ.S-04-1813, 2006 WL 224436 (E.D. Cal. Jan. 30, 2006) ("the question on this motion under Rule 12(b)(6) is not whether plaintiff *can establish a prima facie* case, but whether plaintiff *has alleged* sufficient facts to state a claim") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)) (emphasis in original).

Title VII. Def.'s Mot. at 4-5. But Tata does not, and could not, argue that the class period allegation is "'redundant, immaterial, impertinent, or scandalous' the only possible bases to strike material under Rule 12(f)." *Cruz*, 2012 WL 2838957, at *2 (quoting Fed. R. Civ. P. 12(f)). Because Plaintiffs' class period allegation is neither immaterial (it directly affects the scope of recovery and membership for the class), nor impertinent (it directly relates to their asserted claims),[6] this allegation cannot be stricken. *Id.*; *see also Whittlestone, Inc.*, 618 F.3d at 974-75.

Moreover, resolving the appropriate class period under Title VII and § 1981 is a question of law, and thus inappropriate for consideration on a Rule 12(f) motion. *See Vartanian v. Nationwide Legal, Inc.*, No. C-12-0691 EMC, 2012 WL 2054995, at *2 (N.D. Cal. June 5, 2012) (denying Rule 12(f) motion raising statute of limitations argument as neither "authorized" nor "proper"); *accord Whittlestone, Inc.*, 618 F.3d at 974-75 (reversing district court's decision on Rule 12(f) decision and holding "that 12(f) does not authorize district courts to strike claims . . . on the ground that such claims are precluded as a matter of law").

In addition, the substance of Tata's statute of limitations argument is flawed. Mr. Heldt alleges claims under both Title VII and § 1981. The statute of limitations for a § 1981 claim is four years. *Love v. Pinnacle Nissan, Inc.*, 102 F. App'x. 597, 598 (9th Cir. 2004) (citing *Jones v. R.R. Donnelley & Sons*, 541 U.S. 369 (2004)). Mr. Heldt filed his initial complaint on April 14, 2015, making April 14, 2011 onwards the appropriate class period. Pleading two overlapping classes – as Tata suggests Plaintiffs must do – would serve little purpose as "[a]nalysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case." *Fonseca v. Sysco Food Servs. of Az., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). "Both require proof of discriminatory treatment and the same set of facts can give rise to both

[6] Nor is the allegation redundant or scandalous.

claims." *Id.* The parties will have ample opportunity to address the appropriate class period at class certification. *See Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148, at *5 (N.D. Cal. Feb. 2, 2015) (denying motion to strike class allegations because "the issue is more appropriately raised at the class certification stage").

### III. Tata's Incorporated Arguments Also Fail.

Tata purports to "incorporate[]" three arguments from its Motion to Dismiss (Dkt. #50) into its Motion to Strike and briefly outlines each argument in its introduction. Def.'s Mot. at 1-2 (briefly noting failure to hire argument and two arguments concerning Plaintiffs' visa allegations). Plaintiffs address each of these arguments fully in their opposition to the Motion to Dismiss. However, to the extent these arguments are considered here, they fail, both on their merits (for the reasons discussed in Plaintiffs' opposition to the motion to dismiss)[7] and under Rule 12(f)'s demanding standard. Each argument involves substantive questions of law, and is therefore inappropriate for resolution on a 12(f) motion. *Compare Whittlestone, Inc.*, 618 F.3d at 973 (explaining a court "may not resolve 'disputed and substantial factual or legal issue[s] in deciding . . . a motion to strike"); *Lema*, 2012 WL 2200770, at *2 (motion to strike should be denied where "challenged matter may raise an issue of fact or law"); *with* Def.'s Mot. at 2 (arguing that Mr. Heldt lacks standing, that Plaintiffs' have failed to exhaust administrative remedies, and that Plaintiffs cannot establish a *prima facie* case). Moreover, Tata fails to explain how any of the challenged material is "'redundant, immaterial,

---

[7] Tata argues that Mr. Heldt lacks standing to assert a Title VII hiring claim. But Tata conflates Article III standing with Rule 23 class action requirements, and no question exists as to whether Mr. Heldt has standing to maintain a Title VII case. Pl.'s Oppn. to Def.'s Mot. to Dismiss, Section III. Next, Tata argues that Plaintiffs have failed to exhaust their administrative remedies under the INA – but this is a Title VII and § 1981 case, and Tata's reliance on visa workers, in part, to achieve their discriminatory goals does not immunize their actions from review under either statute. *Id.*, Section II. Finally, Tata argues that visas only issue after a determination is made that there are no suitable American workers to fill the positions, and thus, Plaintiffs will be unable to establish their *prima facie* case. This position is wholly unsupported by the pertinent visa regulations, and Mr. Buchanan alleges that Tata hired South Asian visa workers instead of him. *Id.*, Section I.

impertinent, or scandalous' the only possible bases to strike material under Rule 12(f)." *Cruz*, 2012 WL 2838957, at *2 (quoting Fed. R. Civ. P. 12(f)). Nor has Tata shown how it is prejudiced from the inclusion of any of the challenged material, another necessary factor in striking allegations from a complaint. *See Berry*, 667 F. Supp. 2d at 1128; *Vesecky*, 2010 WL 749636, at *1.

**CONCLUSION**

Because Tata's motion fails to establish that any of the challenged material is redundant, immaterial, impertinent, or scandalous, raises improper substantive arguments, fails on the merits of those improper arguments, and fails to identify any prejudice from the inclusion of the challenged material the motion should be denied.

DATED: August 14, 2015

Respectfully submitted,

By: /s/Daniel Low

Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com; mvk@kotchen.com

Michael F. Brown
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Vonda K. Vandaveer
**V.K. Vandaveer, P.L.L.C.**
P.O. Box 27317
Washington, DC 20038-7317
202-340-1215
202-521-0599 (fax)

atty@vkvlaw.com

Steven G. Tidrick, SBN 224760
Joel B. Young, SBN 236662
**THE TIDRICK LAW FIRM**
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

*Attorneys for All Plaintiffs*