1  Daniel Low, SBN 218387
   Daniel Kotchen (*pro hac vice*)
2  Michael von Klemperer (*pro hac vice*)
   **KOTCHEN & LOW LLP**
3  1745 Kalorama Road NW, Suite 101
   Washington, DC 20009
4  Telephone: (202) 471-1995
5  Email: dlow@kotchen.com;
   dkotchen@kotchen.com; mvk@kotchen.com
6
7  Attorneys for All Plaintiffs

8  **UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
   OAKLAND DIVISION**
9

10 STEVEN HELDT,
   BRIAN BUCHANAN, and                    Case No.: 4:15-cv-01696-YGR
11 CHRISTOPHER SLAIGHT,
                                          **CLASS ACTION**
12
              Plaintiff,                  **PLAINTIFFS' OPPOSITION TO
13                                        DEFENDANT'S MOTION TO DISMISS
       v.                                 COUNTS I AND II OF AMENDED
14                                        COMPLAINT.**
15 TATA CONSULTANCY SERVICES, LTD.,
                                          DATE:  September 8, 2015
              Defendant.                  TIME:  2:00 P.M.
16                                        CTRM:  1, 4th Floor
17                                        JUDGE: Hon. Yvonne Gonzalez Rogers

18                                        Complaint Filed: April 14, 2015

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................... ii  
TABLE OF AUTHORITIES ............................................................................................................. iii  
STATEMENT OF THE ISSUES TO BE DECIDED ......................................................................... v  
INTRODUCTION ............................................................................................................................... 1  
ARGUMENT ....................................................................................................................................... 2  
    I.    Tata's Lack-Of-Comparators Argument Is Wholly Unsupported By Caselaw, Plaintiffs' Pleadings, And The Visa Regulations On Which Its Argument Is Premised. .................................................................. 3  
    II.   This Court Has Subject Matter Jurisdiction Over Plaintiffs' Title VII and § 1981 Claims, And Tata's Use of Visa Workers Does Not Immunize Their Discrimination Under Either Statute. .............................. 5  
    III.  Mr. Heldt Has Standing To Assert A Title VII Claim......................................................................... 7  
CONCLUSION .................................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Alves v. Masters Entm't Group, LLC.*, No. 3:07-CV-305, 2008 WL 4452145 (N.D. Ind. Sept. 30, 2008) ................................................................................................................................ 7

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 2, 3

*Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998) ........................................................................ 3

*Bernhardt v. County of Los Angeles*, 279 F.3d 862 (9th Cir. 2002) ............................................ 2

*Biran v. JP Morgan Chase & Co.*, No. 02 CIV 5506, 2002 WL 31040345 (S.D.N.Y. Sept. 12, 2002) .................................................................................................................................... 7

*Cormier v. All Am. Asphalt*, 458 F. App'x 620 (9th Cir. 2011) .................................................. 3

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...................................................................................... 2

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) .................................................................. 8

*In re VeriSign*, No. C 02-02270 JW (PVT), 2005 WL 88969 (N.D. Cal. Jan. 13, 2005) ......... 7, 8

*Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977) ................................................... 2

*Irish v. City of Sacramento*, No. Civ.S-04-1813, 2006 WL 224436 (E.D. Cal. Jan. 30, 2006) ... 4

*Koehler v. Infosys Tech. Ltd.*, No. 13-cv-885-PP, 2015 WL 2168886, ___ F. Supp. 3d ___ (E.D. Wisc. May 8, 2015) ............................................................................................................. 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................................. 8

*Maduka v. Sunrise Hosp.*, 375 F.3d 909 (9th Cir. 2004) ..................................................... 2, 3, 4

*Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148 (N.D. Cal. Feb. 2, 2015) ....... 9

*Morelli v. Cedel*, 141 F.3d 39 (2d Cir. 1998) .............................................................................. 6

*Olvera-Morales v. Int'l Mgmt. Corp.*, 246 F.R.D. 250 (M.D.N.C. 2007) ................................... 6

1

*Piva v. Xerox Corp.*, 654 F.2d 591 (9th Cir. 1981)................................................................................ 4

2

*Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000)...................................................... 3

3

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ....................................................................................... 3

4

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)...................................................................... 2, 3, 4

5

6

*Venkatraman v. REI Sys., Inc.* 417 F.3d 418 (4th Cir. 2005) ............................................................... 7

7

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ...................................................................... 8

8

*Waters v. Heublein, Inc.*, 547 F.2d 466 (9th Cir. 1976)........................................................................ 8

9

*Zhang v. China Gate, Inc.*, No. C07-964RSM, 2007 WL 2686834 (W.D. Wash. Sept. 7, 2007)........ 7

10

**Statutes**

11

Civil Rights Act of 1866, 42 U.S.C. § 1981 .................................................................................. 2, 7, 8

12

13

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*............................................. 7, 8

14

**Rules**

15

Fed. R. Civ. P. 8(a) ............................................................................................................................ 2, 3

16

17

**Treatises**

18

A. Conte & H. Newberg, Newberg on Class Actions (4th ed. 2002) ................................................... 7

19

**Regulations**

20

20 C.F.R. § 655.736............................................................................................................................... 5

21

22

20 C.F.R. § 655.737(a)........................................................................................................................... 5

23

20 C.F.R. § 655.737(b)(1)...................................................................................................................... 5

24

25

26

27

28

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether the Court should dismiss Counts I and II based on a lack of comparators, where allegations regarding comparators are not required, Plaintiffs plead the existence of comparators, and pertinent visa regulations and Plaintiffs' allegations undermine Tata's lack of comparators argument.

2. Whether the Court lacks subject matter jurisdiction over Plaintiffs' Title VII and § 1981 discrimination claims in light of Tata's argument that the alleged discrimination should be addressed pursuant to the administrative process set forth in the Immigration and Nationality Act.

3. Whether Mr. Heldt has Article III standing to bring a Title VII claim, where he has alleged injury in fact caused by Tata's actions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Steven Heldt, Brian Buchanan, and Christopher Slaight ("Plaintiffs"), by and through their undersigned attorneys, hereby submits this opposition to Defendant Tata Consultancy Services, Ltd.'s ("Tata's") Motion to Dismiss Counts I and II of Amended Complaint (Dkt. #50).

**INTRODUCTION**

Tata is a business that provides information technology ("IT") outsourcing and consulting services in the United States, where it employs at least 14,000 individuals. Am. Compl. ¶ 13 (Dkt. #39). Tata has engaged – and continues to engage – in widespread employment discrimination in its United States workforce. *See, e.g.*, *id.* ¶ 1. The end result of Tata's pattern and practice of intentional discrimination is a United States workforce that consists of approximately 95% South Asians, despite the fact that South Asians make up only about 1-2% of the United States population and a similar proportion of IT workers. *Id.* ¶¶ 1, 22 & n.2, 29-30. Tata achieves this grossly disproportionate workforce by discriminating in hiring – relying on visa workers from South Asia to fill positions in the United States, and favoring South Asians already located in the United States. *Id.* ¶¶ 26-27. In fact, Tata management explicitly instructs its Talent Acquisition Unit, which recruits employees for Tata's United States operations, to focus on hiring only South Asians because of a discriminatory belief that they are smarter and better qualified than Americans. *Id.* ¶¶ 23-25. Mr. Buchanan is a prime example of this discrimination. When Mr. Buchanan learned that his former employer would be outsourcing his job of thirty years to Tata, he applied for a position with Tata hoping to be retained in the same role. *Id.* ¶¶ 36, 39-41. Despite being well qualified, Tata chose not to hire Mr. Buchanan. *Id.* ¶ 41. Rather, Mr. Buchanan was tasked with training his replacements (it took multiple Tata employees to fulfil the role he had been performing single-handedly) and then released. *Id.*

Tata also achieves its grossly disproportionate workforce by discriminating against the

comparatively few non-South Asians it does hire (including Mr. Heldt and Mr. Slaight) in employment decisions, such as job assignment, promotion/demotion, and termination decisions. *Id.* ¶¶ 3-4, 28. Despite both being well qualified, neither was assigned work commensurate with their experience, and eventually Tata fired both. *Id.* ¶¶ 3-4.

## ARGUMENT

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002). A complaint "must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)); *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004) (applying *Swierkiewicz* in § 1981 case). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A motion to dismiss for failure to state a claim is futile if a plaintiff alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A motion to dismiss for lack of standing is futile where the plaintiff "plead[s] general factual allegations of injury." *Bernhardt*, 279 F.3d at 867.

In a pattern and practice case, a plaintiff must ultimately prove at trial that "discrimination was the company's standards operating procedure." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977). However, at the pleading stage, a plaintiff need only state that he suffered an adverse employment action as a result of a protected characteristic (*e.g.* race or national origin) and provide basic background to place his claim in context. *Swierkiewicz*, 534 U.S. at 514 (finding complaint that alleged plaintiff "had been terminated on account of his national origin in violation of Title VII … detailed the events leading to his termination, provided relevant dates, and included the

… nationalities of at least some of the relevant persons involved in his termination" sufficient).[1]  Moreover, "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination" under *McDonnell Douglas* to satisfy Rule 8." *Id.* at 511-12, 515 (explaining that *McDonnell Douglas* sets forth an *evidentiary*, not a *pleading*, standard, and is not the exclusive method of proving employment discrimination); *accord Maduka*, 375 F.3d at 912-13.

Tata does not, and could not, challenge the adequacy of Plaintiffs' pleading under Rule 8(a). As alleged, Tata employs a workforce that is 95% South Asian in the United States, a number grossly disproportionate with the general population and relevant market, each Plaintiff is a member of a non-South Asian protected class, each Plaintiff faced an adverse employment action as a result of his status as non-South Asian, and each Plaintiff provides substantial detail regarding his experiences. Am. Compl. ¶¶ 1, 6-12, 31-66, 77-86. Moreover, Tata's senior management has expressed an explicit preference for South Asians based on the discriminatory belief that they are "smarter and better qualified than Americans," and has resisted efforts to increase diversity among Tata's 95% South Asian workforce. *Id.* ¶¶ 23-25. This is enough to state a claim for relief and provide Tata "fair notice." *Swierkiewicz*, 534 U.S. at 512; *see Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("'I was turned down for a job because of my race' is all a complaint has to say"); *accord Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000). Rather than address Plaintiffs' core allegations, Tata advances three flawed arguments, each of which fails on its merits.

**I.   Tata's Lack-Of-Comparators Argument Is Wholly Unsupported By Caselaw, Plaintiffs' Pleadings, And The Visa Regulations On Which Its Argument Is Premised.**

Tata argues that Plaintiffs cannot establish a *prima facie* case of discrimination because its reliance on visa workers to fill positions in the United States somehow eliminates the possibility of

---

[1] As the Ninth Circuit has recognized, "*Swierkiewicz* is still good law after *Twombly* and *Iqbal*." *Cormier v. All Am. Asphalt*, 458 F. App'x 620, 620 (9th Cir. 2011) (citing *Starr v. Baca*, 652 F.3d 1202, 1213-16 (9th Cir. 2011)); *see also Twombly*, 550 U.S. at 569-70 (explaining that the Court's "analysis [did] not run counter to *Swierkiewicz*").

comparators. Defs.' Mot. at 4-6.² This argument fatally flawed. First, this is a pattern and practice case, not a case that Plaintiffs are pursuing under *McDonnell Douglas* in which the use of "comparators" applies.³ Allegations of a gross statistical disparity or of direct evidence of discrimination – such as those at issue here – are sufficient to establish a *prima facie* case of discrimination. *Piva v. Xerox Corp.*, 654 F.2d 591, 596 (9th Cir. 1981) (citing *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-08 (1977)) ("Gross statistical disparities between the composition of an employer's work force and the composition of the general population in a proper case may constitute, by themselves, *prima face* proof of a pattern and practice of discrimination."); *Swierkiewicz*, 534 U.S. at 511 (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985)) (Where "a plaintiff is able to produce direct evidence of discrimination," he need not show each element of the *McDonnell Douglas* framework to establish a *prima facie* case). Accordingly, whether Plaintiffs can present adequate comparators outside their protected class is irrelevant. *See Maduka*, 375 F.3d at 912-13 (citing *Swierkiewicz* and rejecting similar lack-of-comparator argument).

Second, even if they were required to plead the existence of comparators, Plaintiffs do so. *See, e.g.*, Am. Compl. ¶¶ 38-41(alleging that Mr. Buchanan's role for his old employer was filled by several South Asian Tata workers, at least some of whom held visas, that Mr. Buchanan was forced to train), 61 (alleging that while Mr. Heldt was repeatedly assigned little to no work commensurate

---

² Tata supports this flawed argument with only decisions decided upon summary judgment, as the law is clear that, at the pleading stage, a plaintiff need not allege each element of his *prima facie* case. *See Swierkiewicz*, 534 U.S. at 511-12, 515 ("[W]e hold that an employment discrimination plaintiff need not plead a *prima facie* case of discrimination"); *Irish v. City of Sacramento*, No. Civ.S-04-1813, 2006 WL 224436, at *2-3 (E.D. Cal. Jan. 30, 2006) ("[T]he question on this motion under Rule 12(b)(6) is not whether plaintiff *can establish a prima facie* case, but whether plaintiff *has alleged* sufficient facts to state a claim") (emphasis in original).

³ *See Maduka*, 375 F.3d at 912-13 ("Whether similarly situated individuals outside [plaintiff's] protected class were treated more favorably is one of the four criteria for a *prima facie* case under *McDonnell Douglas*") (citation omitted).

with his experience, "he observed that South Asian employees were promptly on-boarded and assigned work that was more substantive"), 64 (alleging that Mr. Slaight's "South Asian colleagues were regularly assigned substantive work," while he was not).

Third, Tata is wrong that, to obtain a visa, "a showing must be made that the potential visa holder will not displace an American worker." Def.'s Mot. at 5. Tata relies on regulations that only apply to "H-1B dependent" employers who are required simply to attest (but not show) that an American worker is not displaced, but only if the job a putative visa worker is taking *pays less than $60,000*. *See* 20 C.F.R. § 655.736 (only "H-1B-dependent" employer, and employers who have "willfully violated their H-1B obligations" need make attestation); 20 C.F.R. § 655.737(a) (attestation does not apply to "'exempt' H-1B nonimmigrants"); 20 C.F.R. § 655.737(b)(1) (defining "exempt H-1B nonimmigrants" as those whose annual wages are "at least $60,000"). No such attestation could apply here, as reflected by the fact that Mr. Buchanan was displaced by lesser-qualified visa-holding South Asians who Mr. Buchanan himself had to train before they took his job and displaced him from the workforce to satisfy Tata's discriminatory objective. Am. Compl. ¶ 38. Simply put, Tata's claim that "[b]y the lawful issuance of the visas, it is established that TCS recruited in a non-discriminatory manner for such positions and there are no 'equally or better qualified U.S. workers for the positions,"' Def.'s Mot. at 6, is entirely unsupported by the relevant regulations and directly contradicts Plaintiffs' allegations concerning Mr. Buchanan's displacement from the workforce by lesser-qualified visa-holding South Asians.

**II.     This Court Has Subject Matter Jurisdiction Over Plaintiffs' Title VII and § 1981 Claims, And Tata's Use of Visa Workers Does Not Immunize Their Discrimination Under Either Statute.**

Tata argues that "[t]o the extent plaintiffs attempt to claim that TCS has *misused* the visa process, or made false statement in connection with that process, this Court lacks subject matter jurisdiction to hear such claims." Def.'s Mot. at 6. The amended complaint makes no such allegation

and Tata's attempt to distort Plaintiffs' valid and well-pled Title VII and § 1981 claims into an attack on Tata's visa practices is unfounded.

As alleged, Tata operates under an intentional pattern and practice of employment discrimination against individuals who are not South Asian such that it employs approximately 95% South Asians in the United States – a number grossly disproportionate with the United States population and the relevant market. Am. Compl. ¶¶ 1, 22 & n.2, 29. Tata achieves its discriminatory goals in at least three ways – through reliance on visa workers from Indian and other South Asian countries, by discriminating in local hiring (*i.e.*, favoring South Asian located in the United States over non-South Asians), and, for the comparatively few non-South Asians Tata does hire in the United States, disfavoring these individuals in employment decisions including work assignments, placement, promotion/demotion, and termination decisions. *Id.* ¶¶ 26-28. The end result of these practices is a work force that is 95% South Asian in the United States, despite the fact that South Asian make up only about 1-2% of the United States population and relevant market. *Id.* ¶¶ 1, 22 & n.2, 29. The fact that Tata utilizes visa workers to achieve, in part, its discriminatory goals does not immunize it from suit under Title VII and § 1981. *See, e.g., Morelli v. Cedel*, 141 F.3d 39, 43 (2d Cir. 1998) ("[A] foreign employer's domestic operations are not excluded from the reach of" Title VII, and such an employer has no "license to violate American laws prohibiting discrimination in employment"); *Koehler v. Infosys Tech. Ltd.*, No. 13-cv-885-PP, 2015 WL 2168886, ___ F. Supp. 3d ___, at *7 (E.D. Wisc. May 8, 2015) (rejecting argument that plaintiffs may not rely on defendant's visa practices in proving their claims under Title VII and § 1981); *Olvera-Morales v. Int'l Mgmt. Corp.*, 246 F.R.D. 250, 252, 257 (M.D.N.C. 2007) (certifying Title VII class alleging sex discrimination where employer secured greater proportion of preferential guest worker visas for men than women).

Tata is simply wrong in its assertion that, to seek recovery for its Title VII and § 1981 claims,

Plaintiffs' "exclusive remedy … is to complain to the appropriate administrative agency." Def.'s Mot. at 9. This is not an immigration case – it is a discrimination case. Tellingly, Tata fails to cite a single case that dismissed a Title VII or § 1981 complaint for failure to exhaust administrative remedies under the Immigration and Nationality Act.[4]

### III. Mr. Heldt Has Standing To Assert A Title VII Claim.

Finally, Tata argues that, because Tata hired Mr. Heldt, he cannot represent a class of non-hired class members and any Title VII claim based on Tata's hiring practices must be dismissed for lack of standing. Def.'s Mot. at 9-10. Tata's "argument conflates Article III's standing requirements with Fed. R. Civ. P. 23's class action requirements." *In re VeriSign*, No. C 02-02270 JW (PVT), 2005 WL 88969, at *4 (N.D. Cal. Jan. 13, 2005).

> In the class action context, Article III standing simply requires that the class representatives satisfy standing individually. No more is required. "Once threshold individual standing by the class representative is met, a proper party to raise a particular issue is before the court, and there remains no further separate class standing requirement in the constitutional sense."

*Id.* (quoting A. Conte & H. Newberg, Newberg on Class Actions § 2:5 (4th ed. 2002)). Here, no question exists as to whether Mr. Heldt has Article III standing to assert a Title VII claim. As alleged, Tata took several adverse actions against Mr. Heldt, including failing to assign him substantive work and terminating him. Am. Compl. ¶¶ 44-61. Accordingly, he has suffered injury in

---

[4] Tata cites extensively from *Biran v. JP Morgan Chase & Company* in support of its INA exhaustion argument. *See* Def.'s Mot at 6-8 (citing No. 02 CIV 5506, 2002 WL 31040345 (S.D.N.Y. Sept. 12, 2002)). But the plaintiff in *Biran* did not assert claims under Title VII or § 1981, making Tata's reliance unavailing. 2002 WL 31040345, at *1 ("Ishai Biran brings this action pro se pursuant to 8 U.S.C. §§ 1182(n) and 1324(b), provisions of the Immigration and Nationality Act"). The other cases on which Tata relies, Def.'s Mot. at 8, are similarly inapplicable to a Title VII or § 1981 discrimination case. *See, e.g.*, *Venkatraman v. REI Sys., Inc.* 417 F.3d 418, 422-24 (4th Cir. 2005) (affirming dismissal of INA claim under 8 U.S.C. § 1182(n)); *Alves v. Masters Entm't Group, LLC.*, No. 3:07-CV-305, 2008 WL 4452145, at *3 (N.D. Ind. Sept. 30, 2008) (dismissing INA claim under 8 U.S.C. § 1182(n)); *Zhang v. China Gate, Inc.*, No. C07-964RSM, 2007 WL 2686834, at *2-3 (W.D. Wash. Sept. 7, 2007) (same). Nothing in these cases suggests that an employer's reliance on visa workers somehow immunizes that employer's practices from Title VII or § 1981 liability. In fact, the plaintiff in *Venkatraman* brought Title VII claims in addition to claims under the INA, which the court considered separately and without noting any conflict. *See* 417 F.3d at 420-25.

fact, and that injury is causally connected to Tata. *In re VeriSign*, 2005 WL 88969, at *4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Waters v. Heublein, Inc.*, 547 F.2d 466, 469-70 (9th Cir. 1976) (defining Title VII standing broadly). No more is required to establish Article III standing.

"Whether [Mr. Heldt may] represent the claims of the class is a separate inquiry," not appropriate on a motion to dismiss.[5] *In re Verisign*, 2005 WL 88969, at *4. However, the Supreme Court has recognized that "'proof that an employer operated under a general policy of discrimination conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2553 (2011) (quoting *Falcon*, 457 U.S. at 159 n.15). As alleged, Tata operates under a broad and pervasive policy of discrimination against non-South Asian, the end result of which is a work force that is 95% South Asian. Am. Compl. ¶¶ 1-4. Senior Tata executives believe "Indians [are] smarter and better qualified than Americans." *Id.* ¶ 23-25. These executives are hostile to non-South Asian American workers and have resisted efforts to increase the diversity of Tata's 95% South Asian United States-based workforce. *Id.* This animus permeates the company's employment practices, making this case well suited for broad class treatment. Yet the scope of the class Mr. Heldt may represent is a question for the class certification stage – not a motion to dismiss.

---

[5] Tata relies on several class certification decisions, applying Rule 23 standards and analysis, inapposite on a motion to dismiss. *See* Def.'s Mot. at 9-10 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Gen. Tel. Co. of Sw v. Falcon*, 457 U.S. 147 (1982); *E. Tex. Motor Freight Sys., Inc. v. Rodriquez*, 431 U.S. 395 (1977)). Tata's other cited cases are similarly unsupportive of their argument. *Thomas v. Home Depot USA Inc.* and *De Simas v. Big Lots Stores, Inc.*, both involved plaintiffs who filed their claims after the applicable statute of limitations – an argument Tata does not, and cannot, make here. Def. Mot. at 9-10 (citing 527 F. Supp. 2d 1003 (N.D. Cal. 2007); No. C 06-6614, 2007 WL 686638 (N.D. Cal. Mar. 2, 2007). Finally, *Chandler v. State Farm Mutual Automobile Insurance, Co.* involved a plaintiff whose case was dismissed for failing to allege "sufficient facts to establish that his injury is fairly traceable to Defendant's conduct." 598 F.3d 1115, 1122 (9th Cir. 2010). As noted above, Mr. Heldt has plainly established all elements of Article III standing, including injury-in-fact and a causal connection between his injury and Tata's actions. No more is needed, and *Chandler* does not hold otherwise.

*See Meyer v. Bebe Stores, Inc.*, No. 14-cv-00267-YGR, 2015 WL 431148, at *5 (N.D. Cal. Feb. 2, 2015) (declining to decide class definition issue at the pleading stage because "the issue is more appropriately raised at the class certification stage"). Because Mr. Heldt has Article III standing, Tata's argument must be denied.[6]

## CONCLUSION

For the foregoing reasons, Tata's Motion to Dismiss Counts I and II of the Amended Complaint should be denied.

DATED: August 14, 2015

Respectfully submitted,

By: /s/Daniel Low

Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com; mvk@kotchen.com

Michael F. Brown
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Vonda K. Vandaveer
**V.K. Vandaveer, P.L.L.C.**
P.O. Box 27317
Washington, DC 20038-7317

---

[6] As a final note, Mr. Buchanan currently has a Title VII charge of discrimination pending before the EEOC for failure to hire. Upon receiving his Right to Sue Notice from the EEOC, Plaintiffs intend to seek leave to add a Title VII claim on behalf of Mr. Buchanan.

| | |
|---|---|
| 1 | 202-340-1215 |
| 2 | 202-521-0599 (fax) |
|   | atty@vkvlaw.com |

Steven G. Tidrick, SBN 224760
Joel B. Young, SBN 236662
**THE TIDRICK LAW FIRM**
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

*Attorneys for All Plaintiffs*