MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN AND CHRISTOPHER SLAIGHT<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>CLASS ACTION<br><br>**TATA CONSULTANCY SERVICES, LTD.'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: September 8, 2015<br>TIME:    2:00 p.m.<br>CTRM:  1, 4th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed:   April 14, 2015 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2446043.2
205625-10015

1

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FAC
CASE NO.: 4:15-CV-01696-YGR

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

As demonstrated by defendant Tata Consultancy Services, Ltd.'s ("TCS") motion to strike (the "motion"), the allegations pertaining to statistical data and the putative class period should be stricken because they are irrelevant and immaterial to the subject matter of this action.[1] The first amended complaint ("FAC") is permeated with unfounded statistical data allegations that bear no relationship to the claims pled. Because the jobs at issue require special training, education, or skills, comparisons to the general population are lacking in probative value and hence are irrelevant and/or immaterial to plaintiffs' prima facie case.

Plaintiffs do not dispute that the jobs at issue require specialized skills. Instead, they circumvent this argument by contending that their unsubstantiated statistical data allegations are permitted because gross statistical disparities between an employer's workforce and the general population in the proper case may constitute prima facie proof of a pattern or practice of discrimination. However, Plaintiffs never assert, much less demonstrate, that this is the proper case, and as set forth below, it is not.

The class period allegation as it pertains to Heldt's Title VII claims is also irrelevant and/or impertinent because it seeks to expand liability outside the limitations period. TCS properly demonstrates that the Title VII claim has, at most, a 300 day limitations period. Plaintiffs do not dispute this. TCS demonstrates in its motion that the earliest date that may be used to determine the class period for Heldt's Title VII claim is December 29, 2013. Again, plaintiffs do not dispute this. TCS concludes that the class period spanning from "April 14, 2011 onwards" is therefore inappropriate as it exceeds the liability period

---

[1] Plaintiffs also assert that TCS' incorporated arguments fail because they address substantive questions of law, and therefore are inappropriate for resolution on a Federal Rule of Civil Procedure ("Fed. R. Civ. Proc.") 12(f) motion to strike. However, plaintiffs do not assert that TCS' motion to dismiss arguments were improperly brought under Fed. R. Civ. Proc. 12(b). Thus, TCS addresses those arguments in its Motion to Dismiss and corresponding Reply in support thereof.

LA2446043.2
205625-10015

1

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FAC
CASE NO.: 4:15-CV-01696-YGR

**Loeb & Loeb**
A Limited Liability Partnership Including Professional Corporations

outside the limitations period. Plaintiffs do not dispute that the class period is improper as it pertains to the Title VII claims. Rather, they contend that because the class period also includes their 42 U.S.C. § 1981 claim, which has a four-year period of limitations, the class period allegation should not be stricken. We disagree. The appropriate response should be to strike this allegation from the FAC and require Plaintiffs to plead two separate class periods, with the Title VII period encompassing no more than December 29, 2013 to the present.

Hence, for the reasons set forth below, the motion to strike should be granted.

## II.

## ARGUMENT

### A.     Plaintiffs' Irrelevant And/or Impertinent Allegations

#### 1.     Plaintiffs' Use Of Statistical Data Is Inappropriate

In the motion, TCS demonstrated that plaintiffs' allegations of statistical data are impertinent and irrelevant because the statistical data, in and of itself, is insubstantial and misleading. In response, plaintiffs' argue that their statistical data allegations concerning TCS' workforce, as compared to the broader population are material because "statistical demographic data is of central importance to this suit and relates directly to plaintiffs' pattern and practice claims." (Opp. at 4:7-9.) They further contend that plaintiffs' statistical data allegations are proper in this case. Finally, they argue that TCS' challenge goes to the substance of plaintiffs' allegations, which is "wholly inappropriate on a motion to strike." All three arguments fail.

Taking the second point first, plaintiffs' contention that TCS' argument "fails on the merits" is blatantly incorrect. Indeed, plaintiffs' do not even dispute TCS' argument. Rather, they seek to side step the argument by contending that "[g]ross statistical disparities between the composition of an employer's work force and the composition of the general population *in a proper case* may constitute, by themselves, prima facie proof of a pattern or practice of discrimination." *Piva v. Xerox Corp.*, 654 F.2d 591, 596 (9th Cir. 1981) *citing Hazelwood School Dist. v. United States*, 433 U.S. 299, 308 (1977).

LA2446043.2
205625-10015

2

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FAC
CASE NO.: 4:15-CV-01696-YGR

**Loeb & Loeb**
A Limited Liability Partnership Including Professional Corporations

Emphasis added.  Relying on that proposition, plaintiffs conclude that their statistical data allegations are appropriate.  However, plaintiffs fail to recognize the limiting language—"in a proper case"—in arriving at their conclusion.  The "proper case" is one where the jobs at issue "involve[] skills that many persons possess or can easily learn" such that "statistical comparisons between the composition of the defendant's employees in the position and the composition of the general work force" would be highly probative.  *Id*.  The "proper case" is *not* the one currently before this Court, where special qualifications are required to fill particular jobs.  *Id.*  ("[o]n the other hand, '[w]hen special qualifications are required to fill particular jobs, comparisons to the general population…may have little probative value.").  Here, plaintiffs ***do not dispute*** that the jobs at issue in this proceeding require specialized training, education, and skills.  Thus, any comparison to the general population would have no probative value to this case, and is therefor irrelevant and/or immaterial.[2]

Moreover, plaintiffs' additional authority further undercuts their argument.[3]  In *Piva*, the Ninth Circuit found that the "district court did not err in finding the statistical disparity unpersuasive."  654 F.2d at 596-97 (concluding that "[b]ecause there was no evidence that most workers would be qualified to be Xerox salespersons, the district court did not err in finding the statistical disparity unpersuasive").  In short, the composition of the general workforce to jobs requiring particular skill was held insufficient.  *Id.*  Here, it is ***undisputed*** that the jobs at issue are specialized, highly technical professions requiring

---

[2] Where the job at issue requires particular training, education or skills, then the comparison must be limited to the population with those qualifications.  *See, e.g., Hazelwood, supra,* 433 U.S. at 308, n.13 (finding that the appropriate comparison in a discriminatory hiring case involving teachers was between the percentage of black teachers in the school's workforce and the percentage of qualified (licensed) black teachers in the geographic area from which the school drew its applicants.  The Supreme Court rejected a comparison to general workforce data since teachers have skills and qualifications (teaching certificates) not typically found in the workforce at large).

[3] In *Obrey v. Johnson*, 400 F.3d 691, 695-96 (9th Cir. 2005), the Ninth Circuit found "that the study of statistical evidence regarding hiring practices for senior-level positions was relevant for what it purported to analyze: the race of managers selected at the shipyard compared to the race of those who applied for managerial positions".  *Id.*  It did not, however, find that the racial composition of defendant's workforce (without attention to positions held or specialized skills necessary) compared to the racial demographic in the United States had any probative value.

LA2446043.2
205625-10015

3

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FAC
CASE NO.: 4:15-CV-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

significant education and professional qualifications.  As such, *Piva* actually bolsters TCS' argument that plaintiffs' statistical data allegations are irrelevant and/or immaterial.

To plaintiffs' first point, TCS does not claim that statistical evidence generally is irrelevant in pattern or practice disparate treatment cases.  Nor does it contend that plaintiffs' may not utilize statistical evidence at some point in this case.  Rather, as set forth above, TCS asserts that the statistical data allegations in the FAC are lacking in any probative value and as such do not pertain, and are not necessary, to the issues in question. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) ("'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.")

To plaintiffs' final point, TCS does not challenge the substance, but rather the "pertinence or materiality" of plaintiffs' statistical data allegations.  (Opp. at 4:19.)  As set forth above and in TCS' moving papers, these allegations are impertinent insofar as they will be rendered useless in seeking to establish a prima facie case of systemic disparate treatment and the motion to strike should be granted on this ground.

**2.     The Breadth of the Putative Class Period Is Still Improper**

In the motion, TCS demonstrates that the breadth of the putative class period for plaintiffs' Title VII claim is improper.  Plaintiffs argue, in opposition, that TCS does not contend that the class period allegation is impertinent, immaterial, redundant, or scandalous; that TCS' argument is flawed on its merits; and that resolving the appropriate class period is a question of law.  All three arguments fail.

Addressing the first two points together, plaintiffs do not disagree that the Title VII claim is, at most, 300 days.   But their class period, which includes the Title VII claim as currently pled, spans "from April 14, 2011 onwards" and is clearly wrong with respect to the Title VII claim.  Given plaintiffs' do not dispute that their Title VII claim has a 300-day limitations period, that period applies, and allegations of unlawful conduct under Title VII occurring outside of the 300-day limitations period do not pertain, and are not necessary to plaintiffs' Title VII claim. *See, e.g., Shabaz v. Polo Ralph Lauren Corp*., 586 F. Supp.2d 1205, 1211 (C.D. Cal. 2008) (granting motion to strike class allegations outside

LA2446043.2
205625-10015

4

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FAC
CASE NO.: 4:15-CV-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1  limitations period).  As set forth in the motion, the earliest date that may be used to
2  determine the class period on plaintiffs' Title VII claim is December 29, 2013, therefore
3  any purportedly unlawful conduct under Title VII occurring before that date is time-barred.
4  The class period allegation as currently plead would include conduct before December 29,
5  2013, and as such is immaterial and impertinent to plaintiffs' Title VII claim.

6  To the final point, plaintiffs' reliance on *Vartanian v. Nationwide Legal, Inc.*, No. C-12-0691 EMC, 2012 U.S. Dist. LEXIS 78059 (N.D. Cal. June 5, 2012)[4] to support their contention that resolving the appropriate class period under Title VII and section 1981 is a question of law, and thus inappropriate for consideration on motion to strike, is misplaced. In *Vartanian,* the court stated, "to the extent Defendant seeks to strike Plaintiff's allegations because they fail to state a claim or are legally precluded — e.g., section 558's statute of limitations, or the sufficiency of allegations of harm under section 226 — such arguments are not generally permitted on a motion to strike because 'courts are reluctant to determine disputed or substantial questions of law on a motion to strike.'" *Id*. (citations omitted and emphasis added).  Here, no disputed or substantial question of law exists regarding the limitations period for plaintiffs' Title VII claim.  Hence, the motion to strike should be granted on this ground as well.

---

[4] Moreover, plaintiffs' parenthetical following *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010)*, supra, 618 F.3d.* fails to include pertinent language in the Ninth Circuit's holding.  That language has been highlighted in bold as follows, "[w]e therefore hold that 12(f) does not authorize district courts to strike claims ***for damages*** on the ground that such claims are precluded as a matter of law."  (Emphasis added.)

LA2446043.2
205625-10015

5

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS' FAC
CASE NO.: 4:15-CV-01696-YGR

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

# III.

## CONCLUSION

For these reasons, the motion to strike should be granted.

Dated: August 25, 2015

LOEB & LOEB LLP
MICHELLE M. LA MAR
PATRICK N. DOWNES
ERIN M. SMITH

By: /s/Michelle M. La Mar
  Michelle M. La Mar
  Attorneys for Defendant
  TATA CONSULTANCY SERVICES, LTD.

LA2446043.2
205625-10015

6

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS' FAC
CASE NO.: 4:15-CV-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations