PAGES 1 - 15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN HELDT, ET AL.,
PLAINTIFF,
VS.
TATA CONSULTANCY SERVICES, INC.,
DEFENDANT.

NO. C-15-1696 YGR
TUESDAY, SEPTEMBER 15, 2015
OAKLAND, CALIFORNIA
MOTION TO DISMISS
CASE MANAGEMENT CONFERENCE

**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFFS:**
KOTCHEN & LOW, LLP
1745 KALORAMA ROAD NW, SUITE 101
WASHINGTON, DC 20009
BY: DANIEL L. LOW, ESQUIRE

**FOR DEFENDANT:**
LOEB & LOEB
10100 SANTA MONICA BLVD., SUITE 2200
LOS ANGELES, CALIFORNIA 90067
BY: MICHELLE M. LA MAR, ESQUIRE, ESQUIRE
PATRICK DOWNES, ESQUIRE, ESQUIRE

**REPORTED BY:**
DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
OFFICIAL COURT REPORTER

TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

TUESDAY, SEPTEMBER 15, 2015 2:07 P.M.

P R O C E E D I N G S

**THE COURT:** GOOD AFTERNOON.

**THE CLERK:** CALLING CIVIL ACTION 15-1696 HELDT VERSUS TATA CONSULTANCY SERVICES.

COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

**MR. LOW:** DANIEL LOW FROM THE LAW FIRM OF KOTCHEN & LOW ON BEHALF OF THE PLAINTIFFS.

**MS. LA MAR:** GOOD AFTERNOON, YOUR HONOR. MICHELLE LA MAR, LOEB & LOEB ON BEHALF OF THE DEFENDANTS.

**MR. DOWNES:** GOOD AFTERNOON, YOUR HONOR. PATRICK DOWNES OF LOEB & LOEB ON BEHALF OF DEFENDANTS.

**THE COURT:** GOOD AFTERNOON. WELCOME TO THE BAY AREA.

WITH RESPECT TO THE MOTIONS, I DON'T HAVE TOO MANY QUESTIONS. I DO HAVE ONE FOR CLARIFICATION PURPOSES.

IT APPEARS TO ME THAT -- I'LL HAVE ONE OF YOU COME UP TO EACH MIC.

IT APPEARS TO ME THAT THE DEFENDANTS HAVE VIEWED THE COMPLAINT IN A WAY THAT IS NOT QUITE ACCURATE. AND THAT IS THAT THIS IS NOT A COMPLAINT TO ENFORCE THE REQUIREMENTS OF THE VISA PROGRAM, IT'S MERELY EVIDENCE OF THEIR DISCRIMINATION CLAIM.

MY SENSE WAS, FROM READING THE PAPERS, THAT YOU ESSENTIALLY CONCEDE THAT, ALTHOUGH YOU PUT IT IN FOOTNOTE 8, BUT I WANT TO MAKE SURE THAT I'M UNDERSTANDING THAT PARTICULAR

ISSUE ACCURATELY.

SO, FIRST, AM I CORRECT IN MY ASSESSMENT THAT THIS COMPLAINT DOES NOT SEEK TO HAVE THE COURT SOMEHOW ENFORCE THESE SPECIFIC PROVISIONS OF THE VISA PROGRAM?

**MR. LOW:** THAT IS CORRECT, YOUR HONOR.

**THE COURT:** ALL RIGHT. SO, DOESN'T THAT MOOT YOUR ISSUES?

**MS. LA MAR:** I DON'T THINK IT DOES, YOUR HONOR. BASICALLY WHEN YOU ARE UTILIZING A LAWFULLY-ISSUED VISA IN A WAY THAT'S CONSISTENT WITH WHAT CONGRESS INTENDED, THAT IF YOU ARE USING IT IN A LAWFUL WAY, JUST LIKE YOU WOULD ANY TREATY --

**THE COURT:** OKAY. BUT THAT'S AN EVIDENTIARY ISSUE TO BE DEALT WITH PRIOR TO TRIAL. THAT'S NOT THEIR CLAIM.

THEIR CLAIM IS DISCRIMINATION THAT THEY HAVE AND ARE NOT HIRING OR NOT PLACING OTHERS WHO ARE NOT OF SOUTHEAST ASIAN DESCENT. THAT'S THE CLAIM. THAT'S WHAT THEY ARE SEEKING -- THAT'S WHAT -- NOW, I DON'T KNOW IF THAT'S TRUE OR NOT, BUT THAT IS WHAT THEY ARE ASSERTING.

SO WHETHER OR NOT INFORMATION REGARDING THE VISAS COME INTO A TRIAL OR NOT IS NOT REALLY RELEVANT TO THE FUNDAMENTAL BASIS FOR THE CLAIM.

**MS. LA MAR:** I UNDERSTAND WHAT THE COURT'S SAYING, BUT WOULDN'T THERE BE AN ISSUE IF, IN FACT --

**THE COURT:** YOU NEED TO SPEAK INTO THE MIC.

**MS. LA MAR:** SORRY. WOULDN'T THERE IN FACT BE AN ISSUE WHEN ALL VISA HOLDERS, ALL VISA HOLDERS ARE FOREIGNERS, ALL OF THEM ARE COMING HERE UNDER THE VISA PROGRAM. ALL OF THEM ARE. AND TO SAY THAT PROCESS IS DISCRIMINATORY, AND THAT'S WHAT THEY ARE SAYING, THEY ARE SAYING YOUR LAWFUL USE OF THE VISA PROGRAM IS DISCRIMINATORY. THAT'S --

**THE COURT:** RESPONSE.

**MS. LA MAR:** I'M SORRY?

**THE COURT:** A RESPONSE.

**MR. LOW:** YOUR HONOR, IT'S NOT THE USE OF THE VISA PROGRAM THAT IS DISCRIMINATORY, IT'S -- THE DISCRIMINATION IS ACCOMPLISHED THROUGH BRINGING IN VISA HOLDERS. AND THE ALLEGATION IS THEY VIOLATED TITLE VII AND SECTION 1981, NOT THAT THEY VIOLATED THE IMMIGRATION ACT.

**THE COURT:** SAY THAT AGAIN.

**MR. LOW:** THE ALLEGATION IS THAT THE DEFENDANT DISCRIMINATED, AND TO ACCOMPLISH THAT DISCRIMINATION AND BRING IT -- AND HIRE ONLY SOUTH ASIANS, THE DEFENDANT BROUGHT IN VISA HOLDERS FROM SOUTH ASIA. IT WAS THE PROCESS THROUGH WHICH THEY ACCOMPLISHED THEIR DISCRIMINATION. THE PROCESS ITSELF WAS NOT -- IS NOT BEING CHALLENGED.

**THE COURT:** SO IF I EXCLUDED FROM EVIDENCE ALL EVIDENCE REGARDING THE USE OF VISAS, VISAS OR THE IDENTIFICATION OF PERSONS THROUGH VISAS, DO YOU HAVE A CASE?

**MR. LOW:** YES. WE WOULD CERTAINLY STILL HAVE A CASE

BECAUSE THE STATISTICAL DISPARITY IS VAST; THAT 95 PERCENT APPROXIMATELY OF THEIR WORKERS ARE SOUTH ASIAN COMPARED TO APPROXIMATELY 2 PERCENT OF IT WORKERS.

SO THIS IS MORE KIND OF BACKGROUND THAT EXPLAINS HOW THE DISCRIMINATION WORKED. WE'RE NOT CHALLENGING ANY VIOLATION OF THE IMMIGRATION ACT.

**THE COURT:** RESPONSE.

**MS. LA MAR:** YOUR HONOR, WHAT THEY'RE SAYING IS THE LAWFUL USE OF THE VISA SYSTEM INCREASES THE NUMBER OF SOUTHEAST ASIANS THAT ARE IN THE WORK FORCE. THEY ARE USING THAT NUMBER TO INFLATE THE STATISTICS. THEY ARE USING H1V WORKERS TO SAY THAT THOSE ARE THE COMPARATORS THAT CAUSE THE DISCRIMINATION. THEY ARE SAYING THAT THEY ARE THE ONES THAT TOOK THE AMERICAN JOBS.

IF YOU WERE TO EXCLUDE ALL EVIDENCE OF VISA HOLDERS FROM THIS CASE, WE WOULDN'T BE LOOKING AT A 95 PERCENT, 2 PERCENT. THEY ARE SAYING THE USE OF THE VISA HOLDERS IS THE WAY THEY ACCOMPLISH DISCRIMINATION.

SO WE BASICALLY HAVE AN INDIAN COMPANY WHO LAWFULLY BRINGS EMPLOYEES OVER TO THE U.S. IN ACCORDANCE WITH CONGRESS' DIRECTIVES, IN ACCORDANCE WITH THE WORLD TRADE ORGANIZATION TREATIES, AND THEN WE'RE SAYING THE FACT THAT YOU DID THAT IS DISCRIMINATORY BECAUSE THERE'S TOO MANY SOUTHEAST ASIANS.

AND THEY ARE NOT EVEN SAYING -- AND THROUGH THE VISA PROGRAM, THEY CAN'T EVEN SAY THAT -- THAT THEIR IMPACT ON

THEIR JOBS WAS INAPPROPRIATE. BECAUSE THE VISA PROGRAM BASICALLY AFFORDS TATA THE RIGHT TO SAY, HEY LOOK, ALL WORKERS -- SIMILARLY-EMPLOYED WORKERS ARE NOT GOING TO BE IMPACTED BY THE USE OF THE VISA HOLDERS. SO WHEN THEY SAY THERE'S NO MISUSE OF THE VISA PROGRAM, THEY ARE SAYING THERE IS NO ADVERSE ACTION.

SO IF I UNDERSTOOD PLAINTIFFS' COUNSEL CORRECTLY, AND THE VISA HOLDERS ARE NOT AT ISSUE, THEN I THINK THERE'S NO PROBLEM IN GRANTING OUR MOTIONS.

**MR. LOW:** YOUR HONOR, THIS IS A 12(B)(6) MOTION FOR FAILURE TO STATE A CLAIM. WE DON'T HAVE A CLAIM FOR VISA HOLDERS.

OUR CLAIM IS SECTION 1981 AND TITLE VII. THEY DON'T ALLEGE -- THEY DON'T ARGUE THAT WE DON'T HAVE A TITLE VII CLAIM OR A SECTION 1981 CLAIM. THIS GOES TO THE EVIDENCE THAT WE'LL USE ON SUMMARY JUDGMENT AND AT TRIAL TO PROVE OUR CLAIM. I DON'T THINK IT IS APPROPRIATE AT THIS STAGE OF THE CASE.

ALSO, WE DO NOT CONCEDE THAT THEY USED THE VISAS PROPERLY; WE DON'T ALLEGE THAT THEY MISUSED THEM. BUT THE STANDARD ON 12(B)(6) IS WHETHER THERE IS ANY SET OF FACTS UNDER WHICH WE WILL BE ABLE TO PROVE OUR CLAIM.

**THE COURT:** PARAGRAPH 22 OF YOUR AMENDED COMPLAINT SEEMS TO COMPORT WITH THE THEORY THAT COUNSEL IS MAKING. THIS IS A MUCH LONGER COMPLAINT THAN RULE 8 REQUIRES. AND SOMETIMES THAT'S GOOD AND SOMETIMES THAT'S NOT NECESSARILY

GOOD.

SO IS THIS, IS PARAGRAPH 22 CRITICAL TO YOUR -- TO STATING A CLAIM? CAN YOU STATE A CLAIM WITHOUT 22?

**MR. LOW:** YOUR HONOR, PARAGRAPH 22 IS THE 1 TO 2 PERCENT VERSUS 95 PERCENT. YES, OUR COMPLAINT STILL STATES A CLAIM, BUT IT CERTAINLY IS RELEVANT BACKGROUND AND ADDS TO THE PLAUSIBILITY UNDER TWOMBLY THE STATISTICS ARE THAT STARK.

**THE COURT:** WELL, BUT THOSE STATISTICS, AS SHE ARGUES, ARE MISLEADING, AREN'T THEY? BECAUSE THEY ARE BASED UPON A FALSE PREMISE; THAT IS THAT THEY SOMEHOW SUGGEST THAT EMPLOYING PEOPLE WHO ARE HERE ON VISAS IS, AS A MATTER OF LAW, ILLEGAL.

**MR. LOW:** NO, I DON'T THINK THAT IS PART OF THE ARGUMENT. IT'S THAT THE WORKFORCE, HOWEVER THE WORKERS GOT THERE, IS DISPROPORTIONATELY SOUTH ASIAN. IT HAS NOTHING TO DO WITH THE VISAS THEMSELVES.

**THE COURT:** HOW ELSE DO THEY GET THERE BUT THROUGH VISAS?

**MR. LOW:** SOME OF THEM ARE LOCAL AND ARE SOUTH ASIANS WHO ARE IN THE UNITED STATES AS CITIZENS OR WITHOUT VISAS.

**THE COURT:** ARE UNITED STATES CITIZENS OF SOUTH ASIAN DESCENT IN THE CLASS OR NOT?

**MR. LOW:** YES, YOUR HONOR. WELL, JUST TO CLARIFY. PART OF THE WORK FORCE, NOT PART OF THE CLASS THAT WE ARE SEEKING TO REPRESENT.

**THE COURT:** SO UNITED STATES CITIZENS WHO ARE SOUTH ASIAN DESCENT ARE NOT PART OF THE PLAINTIFFS' CLASS UNDER YOUR VIEW?

**MR. LOW:** CORRECT, YOUR HONOR.

**THE COURT:** SO IT'S ONLY THE FOREIGN ONES WHO ARE HERE ON VISAS WHO ARE PART OF THE PLAINTIFFS' CLASS.

**MR. LOW:** NO, THEY ARE -- THOSE ARE NOT PART OF THE CLASS. OUR CLASS IS COMPOSED OF NON-SOUTH ASIANS WHO WERE DENIED EMPLOYMENT. THE PLAINTIFF CLASS IS THE CAUCASIANS.

**THE COURT:** UNITED STATES CITIZENS ARE UNITED STATES CITIZENS. I AM ASKING YOU WHETHER UNITED STATES CITIZENS WHO ARE OF SOUTH ASIAN DESCENT ARE PART OF THE PLAINTIFFS' CLASS.

**MR. LOW:** NO, YOUR HONOR. THEY ARE PART OF THE 95 PERCENT SOUTH ASIAN WORKFORCE OF THE DEFENDANTS. THE CLASS IS COMPOSED OF MOSTLY -- WELL, NON-SOUTH ASIANS.

**THE COURT:** WELL, UNITED STATES CITIZENS ARE NOT -- THAT'S WHY I AM ASKING THE QUESTION.

**MR. LOW:** JUST TO CLARIFY. I DON'T WANT TO CONFUSE CLASS MEMBERS AND WHO IS PART OF THE WORKFORCE THAT WE ARE CHALLENGING.

THE 95 PERCENT, IT WOULD INCLUDE U.S. CITIZENS WHO ARE SOUTH ASIAN. THE PEOPLE WHO ARE DISCRIMINATED AGAINST WHO WE SEEK TO REPRESENT AS A CLASS ARE THE NON-SOUTH ASIANS REGARDLESS OF WHETHER THEY ARE U.S. CITIZENS --

**THE COURT:** DO YOU UNDERSTAND MY DISTINCTION THAT I

AM TRYING TO MAKE BETWEEN UNITED STATES CITIZENS OF SOUTH ASIAN DESCENT AND SOUTH ASIANS?

**MR. LOW:** I THINK SO, YOUR HONOR.

**THE COURT:** SOME PEOPLE ARE HERE AND ARE HERE BECAUSE THEY WERE BORN HERE AND HAPPEN TO HAVE FAMILY WHO CAME FROM SOUTH ASIA.

**MR. LOW:** CORRECT.

**THE COURT:** I.E., OF SOUTH ASIAN DESCENT.

**MR. LOW:** YES, YOUR HONOR.

**THE WITNESS:** SO I'M NOT MEXICAN. I'M A UNITED STATES CITIZEN OF A MEXICAN DESCENT. ALL RIGHT?

SO MY QUESTION TO YOU IS WHETHER UNITED STATES CITIZENS WHO HAPPEN TO BE OF SOUTH ASIAN DESCENT, PERHAPS THEY HAVE BEEN HERE FOR GENERATIONS, WHETHER THEY WOULD BE IN THE CLASS OF PLAINTIFFS.

AND WHAT I HEAR YOU SAYING IS, NO, THEY WOULDN'T BE IN THE CLASS OF PLAINTIFFS.

**MR. LOW:** OUR DISCRIMINATION CLAIMS ARE BASED ON RACE AND NATIONAL ORIGIN. YOU KNOW, THAT'S -- OBVIOUSLY THE -- THEY WOULD NOT HAVE RACE-BASE CLAIM, NATIONAL ORIGIN, THAT'S SOMETHING I HADN'T THOUGHT ABOUT. I'M JUST NOT SURE.

**THE COURT:** ARE THEY TREATING AMERICANS DIFFERENTLY FROM NON-AMERICANS REGARDLESS OF THEIR RACE OR NATIONAL ORIGIN?

**MR. LOW:** I THINK THAT MAY BE SOMETHING WE'D HAVE TO

GET DISCOVERY TO GET MORE CLARITY ON.

**THE COURT:** THE QUESTION IS, WHAT DOES YOUR COMPLAINT SAY. AND IT SOUNDS LIKE YOU DON'T KNOW BECAUSE YOU HADN'T THOUGHT ABOUT IT. OR MAYBE YOU THOUGHT ABOUT IT AND IT'S JUST NOT CLEAR. BUT SO FAR I HAVEN'T HEARD A CLEAR ANSWER COMING OUT OF YOUR COMPLAINT AS YOU STAND HERE TODAY.

**MR. LOW:** AS I STAND HERE TODAY, I WOULD SAY... FOR THE NATIONAL ORIGIN DISCRIMINATION, THEY WOULD BE PART OF THE CLASS.

**THE COURT:** ALL RIGHT. WELL, I WILL GO BACK AND LOOK AT THIS.

SINCE I HAVE YOU HERE, WE ARE GOING TO DO YOUR CASE MANAGEMENT CONFERENCE. ONCE THIS COMPLAINT IS SETTLED, I'M GOING TO ISSUE AN ORDER WITH RESPECT TO YOUR CASE MANAGEMENT CONFERENCE.

NEITHER OF YOU PRACTICE LOCALLY, SO LET ME JUST GIVE YOU SOME OVERVIEWS OF HOW I DO THINGS. ONE IS, HAVE YOU READ MY STANDING ORDER ON CIVIL CASES? YES OR NO?

**MS. LA MAR:** YES, YOUR HONOR.

**MR. LOW:** YES, YOUR HONOR.

**THE COURT:** THEN YOU KNOW THAT THERE ARE NO DISCOVERY MOTIONS TO BE FILED. SO SHORT LETTERS TO THE EXTENT THEY'RE NEEDED. I CAN TELL YOU, I DON'T LIKE DISCOVERY DISPUTES. I AM IN TRIAL ALL THE TIME. IF YOU HAVE A DISCOVERY DISPUTE AND I HAVE TO SPEND MY TIME DEALING WITH IT, THEN YOU CAN EXPECT

TO BE CALLED UP TO THE BAY AREA TO APPEAR IN PERSON TO EXPLAIN TO ME WHY IT IS.

IF YOU HAVE PROBLEMS WITH DEPOSITIONS, YOU CAN EXPECT TO HAVE THEM HELD RIGHT HERE IN OAKLAND. IF IT YOU CAN'T FIGURE OUT WHEN YOUR CEO'S OR CFO'S ARE GOING TO BE DEPOSED, WHEN YOU COME HERE, COME WITH THEIR CALENDARS BECAUSE I WILL SET THE SCHEDULE. SO WHAT DOES ALL THIS MEAN? IT MEANS GET ALONG. IF YOU GET ALONG, THEN YOU DON'T HAVE ANY ISSUES WITH ME AND I DON'T HAVE TO GET CRANKY WITH YOU BECAUSE I'M IN THE MIDDLE OF A SEVEN-WEEK TRIAL AND I HAVE TO DEAL WITH YOUR PETTY LITTLE DISCOVERY ISSUES. HIGH STANDARDS.

IN THE NORTHERN DISTRICT OF CALIFORNIA, THERE ARE GUIDELINES. YOU NEED TO COMPORT AND COMPLY WITH THEM. L.A. LAWYERS, BY THE WAY, DON'T HAVE A GREAT REPUTATION UP HERE FOR BEING COLLEGIAL. SO START WORKING ON CHANGING THE REPUTATION OF L.A. LAWYERS IN NORTHERN CALIFORNIA.

CASE MANAGEMENT CONFERENCES: IN GENERAL, I REQUIRE THAT YOU ARE HERE UNLESS YOU'VE SETTLED, IN WHICH CASE I CAN TAKE CARE OF SOMETHING ON THE PHONE. I FIND IT VERY DIFFICULT TO ENGAGE WITH LAWYERS ON TELECONFERENCES. SO GENERALLY I DON'T ALLOW OR LIKE TO HAVE YOU ON THE TELEPHONE.

YOU ALWAYS HAVE TO DO -- TO THE EXTENT THAT YOU HAVE ANOTHER ONE, YOU HAVE TO DO AN UPDATED CASE MANAGEMENT STATEMENT. THEY ARE REQUIRED BY LOCAL RULE. AND FREQUENTLY LAWYERS FORGET. IF YOU FORGET, YOU WILL RECEIVE AN ORDER TO

SHOW CAUSE WHY YOU SHOULDN'T BE SANCTIONED FOR YOUR FORGETFULNESS, AND YOU WILL BE PUSHED OFF CALENDAR BY ABOUT A WEEK.

MOTIONS TO SEAL: WE HAVE A PARTICULAR WAY WE DO THEM UP HERE. WE ALLOW YOU TO SEAL THEM ON YOUR OWN IN THE FIRST INSTANCE, BUT I SHOULD BE ABLE TO GO ON TO ECF AND CLICK ON THE ENTRY AND SEE EXACTLY, IN A HIGHLIGHTED WAY, WHAT IT IS YOU WANT TO SEAL SO I CAN SAY YES OR NO.

IF YOU HAVE A MOTION THAT DEPENDS -- THAT INCLUDES -- PARTS OF THE MOTION PAPERS ARE UNDER SEAL, YOU HAVE TO FILE THE MOTION SEPARATELY. IF YOU DON'T FILE THE MOTION SEPARATELY, IT WILL NOT GET ON CALENDAR. SO THE ADMINISTRATIVE MOTION TO SEAL IS SEPARATE AND DISTINCT FROM YOUR UNDERLYING LAW AND MOTION.

OKAY. EVEN IF I DENY THE MOTION TO DISMISS, IT IS NOT AT ALL CLEAR TO ME HOW THIS CASE IS GOING TO END UP A CLASS ACTION. IT'S, YOU KNOW -- UNLESS YOU FIND SOME POLICY OR PROCEDURE OR SOMETHING WHERE WE CAN ADDRESS THIS PARTICULAR ISSUE. *WAL-MART*, YOU KNOW, MAKES IT VERY DIFFICULT TO GET THESE EMPLOYMENT ACTIONS TEED UP IN A CLASS ACTION WAY. SO I NEED THAT ISSUE RESOLVED FIRST AND FOREMOST.

DAMAGES DISCOVERY IS BIFURCATED. WE AREN'T GOING TO DEAL WITH DAMAGES UNTIL I MAKE SURE THAT WE EITHER HAVE A CERTIFIED CLASS OR NOT. MY CASES DON'T SIT AROUND FOR 18 MONTHS ON CLASS CERTIFICATION UNLESS YOU ARE AN MDL. I WANT THAT MOTION

FILED AND DISCOVERY CONDUCTED ON CLASS CERTIFICATION ISSUES WHICH, BY THE WAY, CANNOT BE BIFURCATED FROM MERITS DISCOVERY BECAUSE THESE DAYS WE HAVE TO LOOK AT IT ALL IN ORDER TO EVALUATE WHETHER OR NOT YOU ARE GOING TO HAVE OR CAN SUSTAIN A CLASS ACTION.

SO JUNE 7TH IS WHEN YOU WOULD FILE YOUR MOTION FOR CLASS CERTIFICATION. AFTER THAT I'LL GIVE YOU MORE DATES, BUT THAT IS THE FIRST ISSUE.

I USE A PROTOCOL FOR SUMMARY JUDGMENT MOTIONS. AND BY THE WAY, YOU ONLY GET ONE UNLESS I AGREE OTHERWISE. THAT PROTOCOL REQUIRES THAT BEFORE YOU FILE A MOTION FOR SUMMARY JUDGMENT, YOU HAVE TO COME IN AND SPEAK TO ME. THIS IS ROUTINELY USED IN THE SOUTHERN DISTRICT OF NEW YORK. IT IS NOT ROUTINELY USED UP HERE. I FIND THOSE CONFERENCES TO BE QUITE SUCCESSFUL.

VERY FREQUENTLY, NOT SO MUCH IN THIS CASE BECAUSE WE DON'T HAVE LOTS OF CAUSES OF ACTION, BUT FREQUENTLY, AND ESPECIALLY IN EMPLOYMENT CASES, A PLAINTIFF HAS NO CHOICE BUT TO FILE A DOZEN DIFFERENT CAUSES OF ACTION OR CLAIMS. BUT ONCE THEY GET THEIR DISCOVERY, THEY FIGURE OUT WHAT THEY REALLY HAVE AND WHAT THEY DON'T HAVE. SO AT THESE CONFERENCES WE ARE ABLE TO RESOLVE MUCH OF A MOTION WITHOUT ANY MOTION WORK.

SO EFFICIENCY IS ALWAYS MY PREFERENCE. IF YOU COME IN, YOU WANT TO FILE YOUR MOTION, YOU HAVE TO IDENTIFY -- ESSENTIALLY GIVE ME AN EXECUTIVE SUMMARY ON THE BASIS,

INCLUDING CASE LAW. I'LL TAKE A LOOK AT IT. YOU WILL GIVE -- I TAKE IT IT WOULD COME FROM THE DEFENDANT, NOT THE PLAINTIFF. THE PLAINTIFF WILL THEN TELL ME ALL OF THE REASONS WHY IT WON'T WORK. WE WILL HAVE A NICE DISCUSSION. I CANNOT STOP YOU FROM FILING YOUR MOTION, BUT I CERTAINLY CAN GIVE YOU SOMETHING TO THINK ABOUT IF IT'S NOT APPROPRIATE.

AND I HAVE HAD DEFENDANTS WHO HAVE CHOSEN NOT TO DO IT BECAUSE IT BECOMES PRETTY CLEAR THAT THESE ARE FACTUAL ISSUES. MAYBE NOT HERE IF WE HAVE A POLICY OR PROCEDURE, SOMETHING LIKE THAT. I DON'T KNOW. I MEAN, I DON'T KNOW ANYTHING AT THIS JUNCTURE OTHER THAN SEEING WHAT YOU'VE GOT IN YOUR COMPLAINT. BUT YOU ONLY GET ONE AND YOU HAVE TO TEE IT UP IN ADVANCE.

SO IT SOUNDED TO ME LIKE YOU WANTED TO TEE THAT UP ON THE EARLIER SIDE. JUNE 7TH AS WELL.

SO MY VIEW IS THAT, YOU KNOW, TO THE EXTENT THAT I CAN, I USUALLY TRY TO DEAL WITH CASES IN THEIR TOTALITY. SO I DON'T LIKE TO DO THINGS PIECEMEAL. IT'S NOT VERY EFFICIENT FOR ME.

OKAY? 35 DAYS' NOTICE IS THE WAY WE DO IT. YOU PUT IT ON FILE, AND IT'S TWO WEEKS FOR OPPOSITION, ONE WEEK FOR REPLY, I GET TWO WEEKS TO ANALYZE IT.

QUESTIONS?

**MR. LOW:** NO. THANK YOU, YOUR HONOR.

**MS. LA MAR:** NO. I DON'T THINK SO, YOUR HONOR. THANK YOU SO MUCH.

**THE COURT:** OKAY. I WILL TRY TO GET AN ORDER OUT SOON ON THE MOTION TO DISMISS, BUT AT LEAST YOU HAVE SOMETHING YOU CAN WORK WITH AT THIS JUNCTURE.

**MR. LOW:** THANK YOU.

**MS. LA MAR:** THANK YOU, YOUR HONOR.

**THE COURT:** THANK YOU.

(PROCEEDINGS CONCLUDED AT 2:35 P.M.)

**CERTIFICATE OF REPORTER**

I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

Diane E. Skillman

DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

THURSDAY, SEPTEMBER 24, 2015