1  Daniel Low (SBN 218387)
   Daniel Kotchen (*pro hac vice*)
2  Michael von Klemperer (*pro hac vice*)
   **KOTCHEN & LOW LLP**
3  1745 Kalorama Road NW, Suite 101
   Washington, DC 20009
4  Telephone: (202) 471-1995
   Email: dlow@kotchen.com;
5  dkotchen@kotchen.com; mvk@kotchen.com

6  Attorneys for All Plaintiffs

7  MICHELLE M. LA MAR (SBN 163038)
   mlamar@loeb.com
8  PATRICK N. DOWNES (SBN 186461)
   pdownes@loeb.com
9  ERIN M. SMITH (SBN 235039)
   esmith@loeb.com
10 LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
11 Los Angeles, CA  90067
   Telephone: 310.282.2000
12 Facsimile: 310.282.2200

13 Attorneys for Defendant
   TATA CONSULTANCY SERVICES,
14 LTD.

15

16              UNITED STATES DISTRICT COURT

17             NORTHERN DISTRICT OF CALIFORNIA

18                     OAKLAND DIVISION

19 STEVEN HELDT,                    | Case No.: 4:15-cv-01696-YGR
   BRIAN BUCHANAN, and
20 CHRISTOPHER SLAIGHT             | Assigned to Hon.
                                   | Yvonne Gonzalez Rogers
21            Plaintiffs,
                                   | **STIPULATED PROTECTIVE
22      v.                         | ORDER FOR STANDARD
                                   | LITIGATION**
23 TATA CONSULTANCY SERVICES,
   LTD.,                           | Complaint Filed:   April 14, 2015
24
             Defendant.
25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2433158.1
205625-10015

STIPULATED PROTECTIVE ORDER FOR
STANDARD LITIGATION

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from

LA2433158.1
205625-10015

3

STIPULATED PROTECTIVE ORDER FOR
STANDARD LITIGATION

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1    that other portions of the material, documents, items, or communications for which

2    protection is not warranted are not swept unjustifiably within the ambit of this Order.

3        Mass, indiscriminate, or routinized designations are prohibited.  Designations that

4    are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

5    to unnecessarily encumber or retard the case development process or to impose

6    unnecessary expenses and burdens on other parties) expose the Designating Party to

7    sanctions.

8        If it comes to a Designating Party's attention that information or items that it

9    designated for protection do not qualify for protection, that Designating Party must

10   promptly notify all other Parties that it is withdrawing the mistaken designation.

11       5.2    <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this

12   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

13   ordered, Disclosure or Discovery Material that qualifies for protection under this Order

14   must be clearly so designated before the material is disclosed or produced.

15       Designation in conformity with this Order requires:

16       (a)    for information in documentary form (e.g., paper or electronic

17   documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

18   that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains

19   protected material.  If only a portion or portions of the material on a page qualifies for

20   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

21   making appropriate markings in the margins).  A Party or Non-Party that makes original

22   documents or materials available for inspection need not designate them for protection

23   until after the inspecting Party has indicated which material it would like copied and

24   produced.  During the inspection and before the designation, all of the material made

25   available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party

26   has identified the documents it wants copied and produced, the Producing Party must

27   determine which documents, or portions thereof, qualify for protection under this Order.

28   LA2433158.1
     205625-10015

                                        5                 STIPULATED PROTECTIVE ORDER FOR
                                                          STANDARD LITIGATION

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1    6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

2    process by providing written notice of each designation it is challenging and describing the

3    basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

4    written notice must recite that the challenge to confidentiality is being made in accordance

5    with this specific paragraph of the Protective Order.  The parties shall attempt to resolve

6    each challenge in good faith and must begin the process by conferring directly (in voice to

7    voice dialogue; other forms of communication are not sufficient) within 14 days of the date

8    of service of notice.  In conferring, the Challenging Party must explain the basis for its

9    belief that the confidentiality designation was not proper and must give the Designating

10    Party an opportunity to review the designated material, to reconsider the circumstances,

11    and, if no change in designation is offered, to explain the basis for the chosen designation.

12    A Challenging Party may proceed to the next stage of the challenge process only if it has

13    engaged in this meet and confer process first or establishes that the Designating Party is

14    unwilling to participate in the meet and confer process in a timely manner.

15    6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

16    intervention, the Designating Party shall file and serve a motion to retain confidentiality

17    under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

18    within 21 days of the initial notice of challenge or within 14 days of the parties agreeing

19    that the meet and confer process will not resolve their dispute, whichever is earlier.  Each

20    such motion must be accompanied by a competent declaration affirming that the movant

21    has complied with the meet and confer requirements imposed in the preceding paragraph.

22    Failure by the Designating Party to make such a motion including the required declaration

23    within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality

24    designation for each challenged designation.  In addition, the Challenging Party may file a

25    motion challenging a confidentiality designation at any time if there is good cause for

26    doing so, including a challenge to the designation of a deposition transcript or any portions

27    thereof.  Any motion brought pursuant to this provision must be accompanied by a

28    LA2433158.1
205625-10015

7    STIPULATED PROTECTIVE ORDER FOR
STANDARD LITIGATION

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1   competent declaration affirming that the movant has complied with the meet and confer

2   requirements imposed by the preceding paragraph.

3   The burden of persuasion in any such challenge proceeding shall be on the Designating

4   Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or

5   impose unnecessary expenses and burdens on other parties) may expose the Challenging

6   Party to sanctions.  Unless the Designating Party has waived the confidentiality

7   designation by failing to file a motion to retain confidentiality as described above, all

8   parties shall continue to afford the material in question the level of protection to which it is

9   entitled under the Producing Party's designation until the court rules on the challenge.

10   7.      ACCESS TO AND USE OF PROTECTED MATERIAL

11          7.1      Basic Principles.  A Receiving Party may use Protected Material that is

12   disclosed or produced by another Party or by a Non-Party in connection with this case only

13   for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material

14   may be disclosed only to the categories of persons and under the conditions described in

15   this Order.  When the litigation has been terminated, a Receiving Party must comply with

16   the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be

17   stored and maintained by a Receiving Party at a location and in a secure manner that

18   ensures that access is limited to the persons authorized under this Order.

19          7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

20   ordered by the court or permitted in writing by the Designating Party, a Receiving Party

21   may disclose any information or item designated "CONFIDENTIAL" only to:

22          (a)      the Receiving Party's Outside Counsel of Record in this action, as

23   well as employees of said Outside Counsel of Record to whom it is reasonably necessary

24   to disclose the information for this litigation and who have signed the "Acknowledgment

25   and Agreement to Be Bound" that is attached hereto as Exhibit A;

26

27

28   LA2433158.1                           8                STIPULATED PROTECTIVE ORDER FOR
     205625-10015                                          STANDARD LITIGATION

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

(b)       the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)       Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)       the court and its personnel;

(e)       court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)       during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)       the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.       <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)       promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1    (b)    promptly notify in writing the party who caused the subpoena or order

2  to issue in the other litigation that some or all of the material covered by the subpoena or

3  order is subject to this Protective Order.  Such notification shall include a copy of this

4  Stipulated Protective Order; and

5    (c)    cooperate with respect to all reasonable procedures sought to be

6  pursued by the Designating Party whose Protected Material may be affected.

7    If the Designating Party timely seeks a protective order, the Party served with the

8  subpoena or court order shall not produce any information designated in this action as

9  "CONFIDENTIAL" before a determination by the court from which the subpoena or order

10  issued, unless the Party has obtained the Designating Party's permission.  The Designating

11  Party shall bear the burden and expense of seeking protection in that court of its

12  confidential material – and nothing in these provisions should be construed as authorizing

13  or encouraging a Receiving Party in this action to disobey a lawful directive from another

14  court.

15  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

16    THIS LITIGATION

17    (a)    The terms of this Order are applicable to information produced by a

18  Non-Party in this action and designated as "CONFIDENTIAL." Such information

19  produced by Non-Parties in connection with this litigation is protected by the remedies and

20  relief provided by this Order.

21  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

22  additional protections.

23    (b)    In the event that a Party is required, by a valid discovery request, to

24  produce a Non-Party's confidential information in its possession, and the Party is subject

25  to an agreement with the Non-Party not to produce the Non-Party's confidential

26  information, then the Party shall:

27

28  LA2433158.1
    205625-10015

10    STIPULATED PROTECTIVE ORDER FOR
      STANDARD LITIGATION

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

(1)      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

LA2433158.1
205625-10015

11

STIPULATED PROTECTIVE ORDER FOR
STANDARD LITIGATION

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1   11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

2         <u>PROTECTED MATERIAL</u>

3         When a Producing Party gives notice to Receiving Parties that certain inadvertently

4   produced material is subject to a claim of privilege or other protection, the obligations of

5   the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

6   This provision is not intended to modify whatever procedure may be established in an e-

7   discovery order that provides for production without prior privilege review.  Pursuant to

8   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

9   effect of disclosure of a communication or information covered by the attorney-client

10  privilege or work product protection, the parties may incorporate their agreement in the

11  stipulated protective order submitted to the court.

12  12.   <u>MISCELLANEOUS</u>

13        12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

14  person to seek its modification by the court in the future.

15        12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

16  Protective Order no Party waives any right it otherwise would have to object to disclosing

17  or producing any information or item on any ground not addressed in this Stipulated

18  Protective Order.  Similarly, no Party waives any right to object on any ground to use in

19  evidence of any of the material covered by this Protective Order.

20        12.3   <u>Filing Protected Material</u>.  Without written permission from the Designating

21  Party or a court order secured after appropriate notice to all interested persons, a Party may

22  not file in the public record in this action any Protected Material.  A Party that seeks to file

23  under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected

24  Material may only be filed under seal pursuant to a court order authorizing the sealing of

25  the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order

26  will issue only upon a request establishing that the Protected Material at issue is privileged,

27  protectable as a trade secret, or otherwise entitled to protection under the law.  If a

28  LA2433158.1
    205625-10015

12    STIPULATED PROTECTIVE ORDER FOR
          STANDARD LITIGATION

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1   Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule

2   79-5(d) is denied by the court, then the Receiving Party may file the information in the

3   public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

4   13.   FINAL DISPOSITION

5        Within 60 days after the final disposition of this action, as defined in paragraph 4,

6   each Receiving Party must return all Protected Material to the Producing Party or destroy

7   such material.  As used in this subdivision, "all Protected Material" includes all copies,

8   abstracts, compilations, summaries, and any other format reproducing or capturing any of

9   the Protected Material.  Whether the Protected Material is returned or destroyed, the

10  Receiving Party must submit a written certification to the Producing Party (and, if not the

11  same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

12  (by category, where appropriate) all the Protected Material that was returned or destroyed

13  and (2) affirms that the Receiving Party has not retained any copies, abstracts,

14  compilations, summaries or any other format reproducing or capturing any of the Protected

15  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of

16  all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

17  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

18  consultant and expert work product, even if such materials contain Protected Material.

19  Any such archival copies that contain or constitute Protected Material remain subject to

20  this Protective Order as set forth in Section 4 (DURATION).

21  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23  Dated:   October 9, 2015                LOEB & LOEB LLP
                                            MICHELLE M. LA MAR
24                                          PATRICK N. DOWNES
                                            ERIN M. SMITH
25

26                                          By: /s/ Patrick N. Downes
                                                Patrick N. Downes
27

28  LA2433158.1                      13      STIPULATED PROTECTIVE ORDER FOR
    205625-10015                             STANDARD LITIGATION

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Attorneys for defendant
TATA CONSULTANCY SERVICES, LTD.

Dated:  October 9, 2015

KOTCHEN & LOW LLP
DANIEL LOW
DANIEL KOTCHEN
MICHAEL VON KLEMPERER


By: /s/ Daniel Kotchen
     Daniel Low (SBN 218387)
     Daniel Kotchen (*pro hac vice*)
     Michael von Klemperer (*pro hac vice*)
     KOTCHEN & LOW LLP
     1745 Kalorama Road NW, Suite 101
     Washington, DC 20009
     Telephone:  (202) 471-1995
     E-mail:  dlow@kotchen.com;
     E-mail:  dkotchen@kotchen.com;
     E-mail:  mvk@kotchen.com

     Steven G. Tidrick (SBN 224760)
     Joel B. Young (SBN 236662)
     THE TIDRICK LAW FIRM
     2039 Shattuck Avenue, Suite 308 Berkeley,
     California 94704 Telephone: (510) 788-5100
     Facsimile: (510) 291-3226
     E-mail: sgt@tidricklaw.com
     E-mail: jby@tidricklaw.com

Michael F. Brown
DVG LAW PARTNER LLC
P. O. Box 645
Neenah, WI 54957
Telephone: (920) 238-6781
Facsimile: (920) 273-6177
E-mail: mbrown@dvglawpartners.com

Vonda K. Vandaveer
V.K. VANDAVEER, P.L.L.C.
P. O. Box 27317
Washington, D.C. 20038-7317
Telephone: (202) 340-1215
Facsimile: (202) 521-0599
E-mail: atty@vkvlaw.com

Attorneys for Plaintiffs

LA2433158.1
205625-10015

14

STIPULATED PROTECTIVE ORDER FOR
STANDARD LITIGATION

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4    DATED:_____        _____

5                                            Hon. Yvonne Gonzalez Rogers
                                             United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    LA2433158.1
      205625-10015                    15    STIPULATED PROTECTIVE ORDER FOR
                                             STANDARD LITIGATION

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Northern District of

California on [date] in the case of _____ **[insert formal name of the case and the**

**number and initials assigned to it by the court]**.  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.  I further agree to submit to the

jurisdiction of the United States District Court for the Northern District of California for

the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____


Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2433158.1

205625-10015

STIPULATED PROTECTIVE ORDER FOR
STANDARD LITIGATION