MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT,<br>BRIAN BUCHANAN, and<br>CHRISTOPHER SLAIGHT<br><br>          Plaintiffs,<br><br>          v.<br><br>TATA CONSULTANCY SERVICES,<br>LTD.,<br><br>          Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>CLASS ACTION<br><br>**TATA CONSULTANCY SERVICES,<br>LTD.'S ANSWER TO SECOND<br>AMENDED COMPLAINT**<br><br><br>Complaint Filed:    April 14, 2015 |

## DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Tata Consultancy Services, Ltd. ("TCS") answers the Second Amended Complaint as follows:

1.      Defendant admits that TCS is an Indian company but denies the remainder of the allegations in paragraph 1, inclusive of all subparts and footnotes.

2.      Defendant denies the allegations contained in paragraph 2.

3.      Defendant denies the allegations contained in paragraph 3, except admits that plaintiff Heldt's employment with TCS began in June 2012.

4.      Defendant denies the allegations contained in paragraph 4, except admits that plaintiff Heldt's employment with TCS began in June 2012.

5.      Defendant denies the allegations in paragraph 5, except admits that plaintiffs purport to maintain Title VII and section 1981 claims.

6.      Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 6 and denies them on that basis.

7.      Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 7 and denies them on that basis.

8.      Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 8 and denies them on that basis.

9.      Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 9 and denies them on that basis.

10.      Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 10 and denies them on that basis.

11.      Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 10 and denies them on that basis.

12.      The first sentence of paragraph 12 is a legal conclusion to which no response is required.   To the extent a response is required, defendant denies the allegations.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Defendant admits that Mr. Heldt filed an administrative charge with the EEOC, but denies the remainder of the allegations in paragraph 12.

13.     Defendant denies the allegations in paragraph 13, except admits that it provides consulting and technology services, among other things, and that it is headquartered in Mumbai, India.

14.     Defendant states that paragraph 14 is a legal conclusion to which no response is necessary.

15.     Defendant states that paragraph 15 is a legal conclusion to which no response is necessary.

16.     Defendant states that paragraph 16 is a legal conclusion to which no response is necessary.

17.     Defendant states that paragraph 17 is a legal conclusion for which no response is necessary.

18.     Defendant states that the first sentence of paragraph 18 is a legal conclusion to which no response is necessary, and denies the remaining allegations set forth in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant admits the allegations in paragraph 20, except that it denies the accuracy of the description of defendant's business services.

21.     Defendant denies the allegations in paragraph 21.

22.     Defendant denies the allegations of paragraph 22, and states that it lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in footnote 2 and denies them on that basis.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24, except admits that there is a unit titled the Talent Acquisition Group.

25.     Defendant denies the allegations in paragraph 25.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

2

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

26.     Defendant denies the allegations in paragraph 26, and states that it lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in footnote 3 and denies them on that basis.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 31 and accompanying footnote and denies the allegations on that basis.

32.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 32 and denies the allegations on that basis.

33.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 33 and denies the allegations on that basis.

34.     Defendant denies the allegations in paragraph 34.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39, except admits that representatives from defendant attended a job fair in Arcadia, California in or about October 2014, that defendant had a booth at the job fair, and that Mr. Buchanan has never been an employee of defendant.

40.     Defendant denies the allegations in paragraph 40 except that it admits that positions were available at SCE and in the United States.

41.     Defendant denies the allegations in paragraph 41 except admits that Mr. Buchanan has never been an employee of defendant.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

3

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

42.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations with respect to Mr. Buchanan and his alleged request for an extension from SCE.  Defendant denies the remainder of the allegations in paragraph 42.

43.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 43 and denies them on that basis.

44.     Defendant denies the allegations in paragraph 44 including footnote 3, except that defendant admits Mr. Heldt interviewed for a position at Kaiser Permanente in Pleasanton, California.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46, except admits that in or about October 2002, Mr. Heldt was released from the Kaiser Permanente account and placed with the Resource Management Group to be submitted for a new allocation.

47.     Defendant denies the allegations in paragraph 47 except that it admits that attempts were made by the Resource Management Group to allocate Mr. Heldt.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations of paragraph 49 except admits that Mr. Mohan Reddy has spoken with Mr. Heldt.

50.     Defendant admits that Mr. Heldt was selected for a position at Humana in Louisville, Kentucky but denies all other allegations of paragraph 50.

51.     Defendant admits that Mr. Heldt worked out of Louisville, Kentucky and denies the remaining allegations of paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant admits that Mr. Heldt was given the opportunity to interview for non-insurance and non-health care clients and denies all other allegations of paragraph 55.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

4

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant denies the allegations in paragraph 59.

60.     Defendant denies the allegations in paragraph 60 except admits that TCS terminated Mr. Heldt.

61.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations regarding Mr. Heldt's observations in paragraph 61 and denies the allegations on that basis.

62.     Defendant denies the allegations in paragraph 62 except that defendant admits Mr. Slaight began work on July 9, 2012 and underwent training in Cincinnati, Ohio and Chennai, India.

63.     Defendant admits the allegations in paragraph 63.

64.     Defendant denies the allegations in paragraph 64 except that defendant admits that Alok Bhalla and Vignesh Ramanan were supervisors.

65.     Defendant denies the allegations in paragraph 65 except that defendant admits that Mr. Slaight was placed with the Resource Management Group to be submitted for a new allocation and that he was considered for a position at Bank of America.

66.     Defendant denies the allegations in paragraph 66, except admits that Mr. Slaight was terminated on or about April 19, 2013.

67.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 67 and denies them on that basis.

68.     Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 68 and denies them on that basis.

69.     Defendant denies the allegations in paragraph 69, inclusive of all subparts and footnotes.

70.     Defendant denies the allegations in paragraph 70.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

5

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

## COUNT I

78. Defendant re-alleges the allegations in paragraphs 1 through 77 as if fully set forth herein.

79. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 79, except admits that plaintiff Heldt purports to proceed as set forth therein.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

## COUNT II

83. Defendant re-alleges the allegations in paragraphs 1 through 82 as if fully set forth herein.

84. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 84, except admits that plaintiffs purport to proceed as set forth therein.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

## PRAYER FOR RELIEF

Defendant denies that plaintiffs and/or the purported class they seek to represent are entitled to any damages or relief and prays for judgment against plaintiffs as follows:

1. That plaintiffs recover nothing from their Second Amended Complaint;

2. For costs and legal fees of the suit herein; and

3. For such other and further relief as the Court deems just and proper.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

6

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

1

## AFFIRMATIVE DEFENSES

2

## FIRST AFFIRMATIVE DEFENSE

3

### (Failure to State a Cause of Action)

4       1.    Defendant alleges that the Second Amended Complaint ("SAC"), and each

5   count contained therein, fails to state a claim for which relief may be granted.

6

## SECOND AFFIRMATIVE DEFENSE

7

### (Lack of Standing)

8       2.    Defendant alleges that plaintiffs lacks standing to prosecute one or more

9   claims.

10

## THIRD AFFIRMATIVE DEFENSE

11

### (Statute of Limitations)

12       3.    Defendant alleges that plaintiffs' claims are barred, in whole or in part, by

13   the applicable statutes of limitation, to the extent the class period exceeds the applicable

14   limitations period for civil and/or administrative claims.

15

## FOURTH AFFIRMATIVE DEFENSE

16

### (Failure to Exhaust Administrative/Procedural Remedies)

17       4.    Defendant alleges that plaintiffs' claims are barred, in whole or in part, to the

18   extent they failed to exhaust applicable administrative remedies.

19

## FIFTH AFFIRMATIVE DEFENSE

20

### (Mitigation/Offset)

21       5.    Defendant alleges that plaintiffs' claims are barred, in whole or in part, to the

22   extent that any plaintiff failed to mitigate damages and other alleged losses as required by

23   law.  Moreover, any such damages must be offset by the amount of any benefits any

24   plaintiff has already received as provided by law.

25

## SIXTH AFFIRMATIVE DEFENSE

26

### (Lack of Proximate Cause)

27       6.    Defendant alleges that plaintiffs' injuries and damages, if any, were directly

28   and proximately caused by the acts, omissions and/or negligence of plaintiffs and/or other

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

7

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

persons and/or entities other than defendant.  Defendant has no control over such persons and/or entities, and the conduct of such persons and/or entities constitutes an intervening and superseding cause of the alleged injuries and damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

8.     Defendant alleges that plaintiffs' claims are frivolous and without foundation in fact.  Furthermore, this lawsuit is being pursued by plaintiffs in bad faith and for vexatious reasons and for the purpose of harassing defendant.  Accordingly, defendant is entitled to recover its attorneys' fees and the appropriate costs and expenses in defending this action.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

9.     Defendant alleges that it acted in good faith and with reasonable belief and did not, in any manner directly or indirectly, perform any act, or fail to perform any act, which would violate any of plaintiffs' alleged rights.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

11.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, by the California Workers' Compensation Act or another state's equivalent.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

8

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

1

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

12.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Business Reasons/Business Necessity)

14.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, because the acts or omissions, if any, of defendant were taken for legitimate, non-discriminatory reasons and/or in furtherance of legitimate business interests.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

15.     Defendant alleges that plaintiffs' claims fail to allege facts which if proven, would entitle plaintiffs to recover punitive damages against defendant.  Recovery of any such punitive damages would violate applicable laws, including defendant's due process.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

16.     Defendant alleges that any recovery on plaintiffs' claims are barred, in whole or in part, due to the discovery of after-acquired evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure To Utilize Internal Grievance Procedures)

17.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, to the extent that any plaintiff failed to avail themselves of defendant's internal complaint procedures.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

9

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

18.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, because defendant exercised reasonable care to prevent and correct any alleged discriminatory and/or retaliatory conduct, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

19.     Defendant alleges that plaintiffs' claims are barred, in whole or in part, to the extent each decision at issue was made based on a bona fide occupational qualification.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Claims Outside the Scope of the Administrative Charge(s))

20.     Plaintiffs' claims are barred to the extent that any of their allegations are outside the scope of the administrative charges filed by plaintiff(s).

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (No Class Action)

21.     Plaintiffs are not entitled to certification of this action as a class action because the purported class is not so numerous that joinder of its members is impracticable, questions of law or fact are not common to the class, plaintiffs' claims are not typical of the claims or defenses of the purported class, plaintiffs will not fairly and adequately protect the interests of the class, and the requirements of Fed. R. Civ. P. 23(b) are not met in this case.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

10

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR

1

## TWENTY SECOND AFFIRMATIVE DEFENSE

2

### (Release)

3       22.     Plaintiffs' claims are barred to the extent any plaintiff has released any

4   claim.

5

6   Dated:   October 13, 2015              LOEB & LOEB LLP
                                           MICHELLE M. LA MAR
7                                          PATRICK N. DOWNES
                                           ERIN M. SMITH
8

9                                          By: /s/Michelle M. La Mar
                                               Michelle M. La Mar
10                                             Attorneys for Defendant
                                               TATA CONSULTANCY SERVICES, LTD.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2455543.3
205625-10015

11

DEFENDANT'S ANSWER TO SAC
CASE NO.: 4:15-CV-01696-YGR