Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
E-mail: dlow@kotchen.com;
E-mail: dkotchen@kotchen.com;
E-mail: mvk@kotchen.com

Attorneys for Plaintiffs Buchanan and Slaight

MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
**LOEB & LOEB LLP**
1011 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorney for Defendant
TATA CONSULTANCY SERVICES, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION TO EXTEND COURT DEADLINES PENDING MEDIATION**<br><br>Complaint Filed: April 14, 2015<br>Rule 56 Filing Deadline: Nov. 22, 2016<br>Class Certification Filing Deadline: Nov. 22, 2016<br><br>The Honorable Yvonne Gonzalez Rogers |

---

JOINT STIPULATION TO EXTEND COURT DEADLINES PENDING MEDIATION
CASE NO. 4:15-CV-01696-YGR

10866740.3
205625-10015

**JOINT STIPULATION TO EXTEND COURT DEADLINES PENDING MEDIATION**

Plaintiffs Brian Buchanan and Christopher Slaight ("Plaintiffs") and Defendant Tata Consultancy Services, Ltd. ("TCS") (collectively "Parties")[1], by and through their undersigned attorneys, hereby move to extend the existing court deadlines pending mediation. The Parties have agreed, and respectfully request, that the Court enter into an order extending all pretrial deadlines approximately four months so the Parties can focus their efforts on mediation and potential resolution of this case.[2] The Parties have agreed to a mediation with Kim Deck and Mark Lehocky of Adjudicate West and have reserved January 24, 2017 for such mediation.

The Parties have endured considerable expense in the action and believe mediation should occur now that substantial fact discovery has been completed. To date, the Parties have completed the following discovery: (1) seven Rule 30(b)(6) depositions; (2) Plaintiff Slaight's deposition; (3) Plaintiff Buchanan's deposition; (4) collection and processing of 6657.41 GBs of ESI by TCS; (5) substantial fact discovery; and (6) subpoenas served on, and responded to, by third parties.

The Parties believe the costs attendant to class certification and summary judgment will not improve the prospects for settlement, and should thus be deferred and potentially avoided altogether to permit the parties to mediate. "[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936).

---

[1] Named Plaintiff Steven Heldt has filed a stipulated request to withdraw as a named Plaintiff from this Action. (Docket # 87).

[2] The Court has granted one previous joint request to continue deadlines in order to facilitate discovery (Docket #83).

A scheduled mediation session satisfies the good cause requirement and justifies the short stay sought here. *See Stemple v. QC Holdings, Inc.*, No. 12–cv–01997–BAS(WVG), 2015 WL 1344906, at *4 (S.D. Cal. Mar. 20, 2015) (finding good cause to stay "all proceedings and deadlines … to allow [the parties] to schedule, prepare for, and participate in a mediation session"); *ArrivalStar, S.A. v. Blue Sky Network, LLC*, No. CV 11–4479 SBA, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) (staying discovery pending mediation to "conserve the resources of the parties"). Mediation will also help conserve judicial resources and potentially prevent unnecessary briefing. Finally, granting the requested stay will not impose an undue burden on either party, as mediation is in the best interests of the parties and will allow for a just and efficient resolution of the proceedings. *ArrivalStar,* 2012 WL 588806, at *2 (noting that the stay "will not pose an inequity on any party"); *Bel Air Mart v. Cleaners,* No. 2:10–cv–002392–MCE–EFB, 2013 WL 2434687, at *4 (E.D. Cal. June 5, 2013) (granting joint motion for stay when there was no "substantial risk of damage as a result of [the] stay").

The Parties therefore propose the following dates in light of the January 24, 2017, mediation:

- Rule 56 Motion: March 22, 2017
- Motion for Class Certification: March 22, 2017
- Opposition to Rule 56 Motion: May 17, 2017
- Opposition to Class Certification: May 17, 2017
- Reply in support of Rule 56 Motion: June 14, 2017
- Reply in support of Class Certification: June 14, 2017

/ / /

/ / /

For the foregoing reasons, the Parties respectfully request that the Court enter into the accompany order and extend the existing court deadlines pending mediation.

Dated: October 26, 2016            By: /s/ Daniel Kotchen
    Daniel Low (SBN 218387)
    Daniel Kotchen (*pro hac vice*)
    Michael von Klemperer (*pro hac vice*)
    KOTCHEN & LOW LLP

    *Attorneys for Plaintiffs Buchanan and Slaight*

Dated: October 26, 2016            By: /s/ Michelle M. La Mar
    Michelle M. La Mar
    Patrick N. Downes
    Erin M. Smith
    LOEB & LOEB LLP

    *Attorneys for Defendant*

# [PROPOSED] ORDER

For good cause shown, the Parties' Joint Stipulation to Extend Court Deadlines Pending Mediation is hereby GRANTED, and all case deadlines are extended as follows:

- Rule 56 Motion:                                  March 22, 2017
- Motion for Class Certification:                  March 22, 2017
- Opposition to Rule 56 Motion:                    May 17, 2017
- Opposition to Class Certification:               May 17, 2017
- Reply in support of Rule 56 Motion:              June 14, 2017
- Reply in support of Class Certification:         June 14, 2017

IT IS SO ORDERED.


DATED: _____          _____
                                         HON. YVONNE GONZALEZ ROGERS
                                         UNITED STATES DISTRICT JUDGE