Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone:  (202) 471-1995
E-mail:  dlow@kotchen.com;
E-mail:  dkotchen@kotchen.com;
E-mail:  mvk@kotchen.com

Attorneys for Plaintiffs Buchanan and Slaight

MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
PATRICK N.  DOWNES (SBN 186461)
pdownes@loeb.com
**LOEB & LOEB LLP**
1011 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorney for Defendant
TATA CONSULTANCY SERVICES, LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION TO EXTEND COURT DEADLINES PENDING MEDIATION**<br><br>Complaint Filed:       April 14, 2015<br>Rule 56 Filing Deadline:   Nov. 22, 2016<br>Class Certification Filing<br>Deadline:            Nov. 22, 2016<br><br>The Honorable Yvonne Gonzalez Rogers |

**JOINT STIPULATION TO EXTEND COURT DEADLINES PENDING MEDIATION**

Plaintiffs Brian Buchanan and Christopher Slaight ("Plaintiffs") and Defendant Tata Consultancy Services, Ltd. ("TCS") (collectively "Parties")[1], by and through their undersigned attorneys, hereby move to extend the existing court deadlines pending mediation. The Court previously denied the Parties' prior stipulated request without prejudice[2]. Accordingly, the Parties have again agreed to a more truncated schedule, and respectfully request, that the Court extend all pretrial deadlines approximately two months. The Parties make this request so as to focus their resources on mediation and potential resolution of this case as opposed to motion preparation and expert discovery.[3] The Parties have agreed to a mediation with Kim Deck and Mark Lehocky of Adjudicate West and have now reserved January 5, 2017 for the mediation.

The Parties have endured considerable expense in the action and believe mediation should occur now that substantial fact discovery has been completed and prior to further expense of the certification process. To date, the Parties have completed the following discovery: (1) seven Rule 30(b)(6) depositions; (2) Plaintiff Slaight's deposition; (3) Plaintiff Buchanan's deposition; (4) collection and processing of 6657.41 GBs of ESI by TCS; (5) substantial fact discovery; and (6) subpoenas served on, and responded to, by third parties.

The Parties believe the costs attendant to the expert process, class certification and summary judgment will not improve the prospects for settlement, and should thus be deferred and potentially avoided altogether to permit the parties to mediate. "[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997). This discretion is "incidental to the

---

[1] Named Plaintiff Steven Heldt has withdrawn as a named Plaintiff from this Action. (Docket # 87, 89).

[2] The Court denied the Parties prior request for a four (4) month extension on October 28, 2016. (Docket #90).

[3] The Court has granted one previous joint request to continue deadlines in order to facilitate discovery (Docket #83).

1  power inherent in every court to control the disposition of the causes on its docket with
2  economy of time and effort for itself, for counsel, and for litigants." *Landis v. No. American*
3  *Co.*, 299 U.S. 248, 254 (1936).
4        A scheduled mediation session satisfies the good cause requirement and justifies the
5  short stay sought here. *See Stemple v. QC Holdings, Inc.*, No. 12–cv–01997–BAS(WVG),
6  2015 WL 1344906, at *4 (S.D. Cal. Mar. 20, 2015) (finding good cause to stay "all
7  proceedings and deadlines … to allow [the parties] to schedule, prepare for, and participate
8  in a mediation session"); *ArrivalStar, S.A. v. Blue Sky Network, LLC*, No. CV 11–4479 SBA,
9  2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) (staying discovery pending mediation to
10 "conserve the resources of the parties").  Mediation will also help conserve judicial resources
11 and potentially prevent unnecessary briefing.  Finally, granting the requested stay will not
12 impose an undue burden on either party, as mediation is in the best interests of the parties
13 and will allow for a just and efficient resolution of the proceedings.  *ArrivalStar,* 2012 WL
14 588806, at *2 (noting that the stay "will not pose an inequity on any party"); *Bel Air Mart v.*
15 *Cleaners,* No. 2:10–cv–002392–MCE–EFB, 2013 WL 2434687, at *4 (E.D. Cal. June 5,
16 2013) (granting joint motion for stay when there was no "substantial risk of damage as a
17 result of [the] stay").
18
19       The Parties therefore propose the following dates in light of the January 5, 2017,
   mediation:
20 - Rule 56 Motion:                                   January 31, 2017
21
22 - Motion for Class Certification:                 January 31, 2017
23 - Opposition to Rule 56 Motion:                 March 6, 2017
24 - Opposition to Class Certification:             March 6, 2017
25 - Reply in support of Rule 56 Motion:         March 27, 2017
26
27 - Reply in support of Class Certification:       March 27, 2017
28

For the foregoing reasons, the Parties respectfully request that the Court enter into the accompany order and extend the existing court deadlines pending mediation.

Dated: November 1, 2016        By: /s/ Daniel Kotchen
                                   Daniel Low (SBN 218387)
                                   Daniel Kotchen (*pro hac vice*)
                                   Michael von Klemperer (*pro hac vice*)
                                   KOTCHEN & LOW LLP

                                   *Attorneys for Plaintiffs Buchanan and Slaight*

Dated: November 1, 2016        By: /s/ Michelle M. La Mar
                                   Michelle M. La Mar
                                   Patrick N. Downes
                                   Erin M. Smith
                                   LOEB & LOEB LLP

                                   *Attorneys for Defendant*

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Dated: November 1, 2016        By: /s/ Daniel Kotchen
                                   Daniel Kotchen

**[PROPOSED] ORDER**

For good cause shown, the Parties' Joint Stipulation to Extend Court Deadlines Pending Mediation is hereby GRANTED, and all case deadlines are extended as follows:

- Rule 56 Motion:                              January 31, 2017
- Motion for Class Certification:              January 31, 2017
- Opposition to Rule 56 Motion:                March 6, 2017
- Opposition to Class Certification:           March 6, 2017
- Reply in support of Rule 56 Motion:          March 27, 2017
- Reply in support of Class Certification:     March 27, 2017

IT IS SO ORDERED.

DATED: _____        _____
                              HON. YVONNE GONZALEZ ROGERS
                              UNITED STATES DISTRICT JUDGE