LOEB & LOEB LLP
MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**TATA CONSULTANCY SERVICES, LTD.'S PRELIMINARY RESPONSE TO PLAINTIFFS' NOTICE OF ALLEGED DISCOVERY MISCONDUCT AND REQUEST FOR TELEPHONIC CASE MANAGEMENT CONFERENCE**<br><br>Complaint Filed:   April 14, 2015 |

Defendant Tata Consultancy Services, Ltd. ("TCS") submits the following preliminary response to the Notice of Discovery Misconduct and Request for Telephonic Case Management Conference submitted by plaintiffs Brian Buchanan and Christopher Slaight ("Plaintiffs").

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11101996.2
205625-10015

## I.   PLAINTIFFS' NOTICE IS INAPPROPRIATE

Plaintiffs' notice sets forth an incomplete and inaccurate statement of the history of the discovery in this matter. TCS is entitled to an opportunity to submit thorough briefing in response to the unwarranted assertions in Plaintiffs' notice. However, as Plaintiffs are aware, counsel for TCS is flying to New York today to attend Rule 30(b)(6) depositions which Plaintiffs requested on only ten days' notice. Thus, TCS submits only this preliminary response.

Although TCS does not object to the setting of a discovery conference, it requests the opportunity to fully brief these matters and be heard before any orders are made concerning discovery. Indeed, Defendant would like to file exemplars from the approximately 3,500,000 pages of documents and six databases that it has produced, as well excerpts from the multiple 30(b)(6) depositions taken in this matter.

## II.   TCS HAS FULLY COMPLIED WITH PLAINTIFFS' DISCOVERY REQUESTS AND ITS OBLIGATIONS UNDER THE FRCP

Throughout this litigation Plaintiffs have attempted to utilize a set of unclear and argumentative discovery requests propounded in 2015, (which Defendant objected to) in an ever-changing interpretation of their meaning. Defendant had no desire to participate in a discovery dispute and thus engaged in an agreed-upon process to streamline and clarify the information Plaintiffs wanted. Plaintiffs' notice fails to specify which discovery request Defendant did not respond to and does not appropriately characterize the ongoing efforts of TCS.

In January through March, 2016, TCS produced multiple 30(b)(6) deponents to testify regarding TCS' employee departments and record-keeping systems. The deponents clearly identified and explained in detail the types of records available at TCS. Jeevak Sharma for example, testified that TCS knows why its employees leave and maintains a record of these reasons. (Depo of Sharma 8:22-9:20). From depositions such as Mr. Sharma's, Plaintiffs requested various databases and 219 email boxes. All databases Plaintiffs requested (and ultimately decided were relevant) were produced as of September,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11101996.2
205625-10015

2

2016. The only databases not produced were Global Speed, Knowme and Ultimatix, which TCS offered to produce, but based on the size or relevancy of these items, Plaintiffs decided to forego the production (without prejudice). TCS should not now be penalized for not producing databases which Plaintiffs were aware of based upon the deposition testimony. For the court's reference, the following databases were produced:

- "Visa Information System" - a system containing the names of TCS employees who have obtained or applied for a visa as described in the 30(b)(6) deposition. (Jindal Dep., at 14:17-24). It includes the following data, among other things: Employee Name and Number; Visa Status; Visa Type; Relocation Type; Base Branch; Project; Location; I94 Expiration Date; Wages; Various Remarks; and Work Location Zip Code.

- "Global Business Associate Management System" (aka GBAMS) - a database where specific third-party vendors (who provide independent contractors for certain positions) can access TCS job requirements. (Kumar Dep., at 65:24-67:11). It includes the following data, among other things: Information regarding the requestor; Skills; Staffing Priority; Role Name; Job Description; Location Id; Location Name; City; Country Code; Forwarded Date; Status; Selected Business Associate No; Selected Business Associate Name; Rate Information; External Currency; Requirement End Date; and Duration.

- The "Grievance Management Portal" - a system where TCS employees lodge grievances. (Sharma Dep., at 31:16-18). It includes the following data: Initiator Name, department and contact information; Initiator base, project and whereabouts; date, status and a log of the specific complaint and outcome.

- The "Career Portal" - a portal for individuals to apply for posted TCS jobs. (Chinnari Dep., at 37:21-38:8). It includes extensive data regarding opportunities and internal candidates.

- "Exciting Opportunities" - a site on the TCS internal portal where open job requirements from RGS are published. (Kumar Dep., at 18-23) It includes information regarding applicants and the status of posted opportunities.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

11101996.2
205625-10015

3

- "Requirement Gathering System" (aka RGS) - a database of open job requirements posted on the TCS internal portal. (Kumar Dep., at 43:13-16) This system is accessible to all existing employee in TCS. (*Id.*, at 16-17). RMG leads can use this system to match job descriptions with qualified existing TCS employees. (*See* Kumar Dep., at 19-22). It includes extensive data regarding the requirements for each position.

Another omission from Plaintiffs' notice is the fact that it fails to mention the millions of documents TCS has produced, in addition to the six databases. Indeed, more than 7,000 regular reports (such as CV trackers, offer extended reports and applicant flow logs), yearly EEO-1 reports, other affirmative action information, vendor contracts, resumes, handbooks, codes of conduct, and information as to the named Plaintiffs and their email boxes have all been produced.

As for the production of email boxes, Plaintiffs had a hand in the delay. Plaintiffs requested and TCS forensically collected 219 email boxes from the RGS and TAG teams (the teams who helped fulfill staffing requests). Plaintiffs initial search terms yielded hundreds of thousands of hits per email box (and millions of hits in total) for terms such as "United States" and "Indians." TCS worked with Plaintiffs, and searched three separate sets of requested search terms (some of which expanded the initial search). The parties ultimately agreed upon 15 email boxes on August 31, 2016. Although Plaintiffs did not narrow their search terms a fourth time (even after TCS confirmed Plaintiffs' terms still yielded millions of hits), TCS began its conversion from Lotus Notes to the required format and started producing the email boxes. Some of the email boxes have taken two weeks or more to convert based on their size. TCS has now produced nine of the fifteen email boxes, and the email production is now approximately 3,500,000 documents alone.

As for the alleged discrepancies between the various spreadsheets TCS has produced, there are reasons for those differences, including the fluctuation in employee numbers from year to year, duplication of information in the produced databases and role changes, among other things. It is perplexing that Plaintiffs, who have not noticed any

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11101996.2
205625-10015

4

explanatory depositions at all would notice a 30(b)(6) deposition to ask a TCS witness to explain the differences in the records, yet before receiving such an explanation, ask the Court to schedule a conference to address discovery misconduct.

Finally, Plaintiffs fault TCS for alleged inconsistencies in a document that was produced under the mediation privilege. However, as TCS has repeatedly explained to Plaintiffs, the document is attorney work product, created by a consultant to TCS' counsel (and at counsel's instruction). TCS provided the spreadsheet for the singular purpose of facilitating settlement communications during mediation, and candidly admitted that the document could not be relied upon for *any* purpose. Any claim of discovery misconduct based upon this spreadsheet or its contents is not well taken.

## III. CONCLUSION

While TCS has no opposition to the setting of a conference with the Court (or a Magistrate) to address these matters, TCS requests the opportunity to fully brief the Court prior to the issuance of any orders concerning discovery.[1]

Dated:   January 23, 2017              LOEB & LOEB LLP
                                       MICHELLE M. LA MAR
                                       PATRICK N. DOWNES
                                       ERIN M. SMITH

                                       By: /s/ Michelle M. La Mar
                                           Michelle M. La Mar
                                           Attorneys for Defendant
                                           TATA CONSULTANCY SERVICES, LTD.

---

[1] Plaintiffs have apparently misinterpreted TCS' position with regard to extending the class certification briefing schedule. When counsel for Plaintiffs and counsel for TCS conferred by telephone on January 20, 2017, regarding this matter, counsel for TCS stated that TCS would not object to an extension of the class certification briefing schedule if Plaintiffs believed an extension was needed. Counsel for TCS did not agree or indicate that Plaintiffs actually need an extension, as their notice appears to suggest.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11101996.2
205625-10015

5