Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
E-mail: dlow@kotchen.com;
E-mail: dkotchen@kotchen.com;
E-mail: mvk@kotchen.com

Attorneys for Buchanan and Slaight

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT

Plaintiffs,

v.

TATA CONSULTANCY SERVICES, LTD.,

Defendant.

Case No.: 4:15-cv-01696-YGR

**CLASS ACTION**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Date: March 14, 2017
Time: 2:00 p.m.
Location: Courtroom 1, 4th Floor, Oakland

Hon. Yvonne Gonzalez Rogers

Complaint Filed: April 14, 2015

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE**
**FOURTH AMENDED COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that at 2:00 p.m. on March 14, 2017, in Courtroom 1, 4th Floor of the above-titled court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Brian Buchanan and Christopher Slaight ("Plaintiffs") will, and hereby do, move this Court for an order granting Plaintiffs leave to file a Fourth Amended Complaint, attached hereto as Exhibit 1.

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs seek to amend the Third Amended Complaint (Dkt. #82) to add additional parties and an additional claim. Specifically, plaintiffs seek to add Steven Webber, Seyed Amir Masoudi, and Nobel Mandili as named plaintiffs, to add an additional count for their disparate impact claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and to conform the complaint to recently received discovery. Mr. Masoudi has exhausted his administrative remedies and obtained his right to sue notice on January 30, 2017. Pursuant to 42 U.S.C. § 2000e-5, Mr. Masoudi must file a complaint against Tata within 90 days of January 30 to preserve his rights. Mr. Webber and Mr. Mandili have both filed charges of discrimination with the EEOC and have requested their right to sue notice. As set forth in Plaintiffs' accompanying memorandum of points and authorities, leave to amend should be freely given, and no reason exists to deny Plaintiffs leave to file their amended complaint. Discovery in this case is ongoing, and recently produced documents and data have revealed critical information concerning the operation and scope of Defendant Tata Consultancy Services, Ltd.'s ("Tata's") discriminatory scheme against non-South Asians. This newly acquired evidence warrants an amendment of the complaint and the addition of several new named plaintiffs.

Dated: January 31, 2017

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low, SBN 218387
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
dlow@kotchen.com;
mvk@kotchen.com

Michael F. Brown
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Vonda K. Vandaveer
**V.K. Vandaveer, P.L.L.C.**
P.O. Box 27317
Washington, DC 20038-7317
202-340-1215
202-521-0599 (fax)
atty@vkvlaw.com

Steven Tidrick, SBN 224760
Joel Young, SBN 236662
**The Tidrick Law Firm**
2039 Shattuck Avenue #308
Berkeley, CA 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

*Attorneys for Plaintiffs Buchanan and Slaight*

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT ........ i

TABLE OF CONTENTS ........ iii

TABLE OF AUTHORITIES ........ iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT ........ 1

I. STATEMENT OF ISSUES TO BE DECIDED ........ 1

II. BACKGROUND ........ 1

III. LEGAL STANDARD ........ 5

IV. ANALYSIS ........ 6

A. There is No Bad Faith or Dilatory Motive By Plaintiffs. ........ 6

B. Plaintiffs' Motion for Leave is Timely. ........ 7

C. Tata Will Not Suffer Prejudice By Allowing Plaintiffs' Amendment. ........ 8

D. Tata Cannot Demonstrate Futility. ........ 10

E. Plaintiffs' Previous Amendments Were Not Related to Deficiencies in the Complaint. ........ 11

V. CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 11

*Bone v. City of L.A.*, 471 Fed.Appx. 620 (9th Cir. 2012) ........ 10, 11

*Ciampi v. City of Palo Alto*, No. 09–CV–02655–LHK, 2010 WL 5174013 (N.D. Cal. Dec. 15, 2010) ........ 5

*Cormier v. All Am. Asphalt*, 458 F. App'x 620 (9th Cir. 2011) ........ 11

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ........ 5, 6, 7, 9

*Foman v. Davis*, 371 U.S. 178 (1962) ........ 5, 6

*Fosmire v. Progressive Max Ins. Co.*, No. C10–5291JLR, 2011 WL 4459780 (W.D. Wash. Sept. 26, 2011 ........ 9

*Gonzales v. Comcast Corp*., No. 1:10-cv-01010-LJO-SKO, 2011 WL 1833118 (E.D. Cal. May 13, 2011) ........ 5, 7, 8, 9

*Gray v. Cnty. of Riverside*, No. 13-00444-VAP (OPx), 2014 WL 12597907 (C.D. Cal. July 18, 2014) ........ 7

*Griggs v. Pace Am. Grp., Inc*., 170 F.3d 877 (9th Cir. 1999) ........ 5

*In re Facebook Privacy Litig.*, No. 10–cv–02389(RMW), 2015 WL 2453734 (N.D. Cal. May 22, 2015) ........ 5, 6, 9

*Jackson v. Bank of Haw.*, 902 F.2d, 1385 (9th Cir. 1990) ........ 8

*James v. UMG Recordings, Inc.*, Nos. C 11–1613 SI, C 11–2431 SI, C 11–5321 SI, 2012 WL 4859069 (N.D. Cal. Oct. 11, 2012) ........ 7

*Johnson v. Serenity Transp., Inc.*, No. 15–cv–02004–JSC, 2015 WL 4913266 (N.D. Cal. Aug. 17, 2015) ........ 9

*McCrary v. Elations Co., LLC*, No. 13–00242 JGB (OPx), 2014 WL 1779243 (C.D. Cal. Jan. 13, 2014) ........ 6

*Moeller v. Taco Bell Corp.*, No. C 02–5849 PJH, 2013 WL 6140730 (N.D. Cal. Nov. 21, 2013) ........ 5

*N. Cal. River Watch v. Ecodyne Corp.*, No. 10–5105 MEJ, 2013 WL 146324 (N.D. Cal. Jan. 14, 2013) ........ 12

*Slavok v. Fast Water Heater Partners I, LP*, No. 14–cv–04324–JST, 2015 WL 5071933 (N.D. Cal. Aug. 27, 2015) .......... 9, 10, 11

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .......... 10

*Todd v. Tempur-Sealy Int'l, Inc.*, No. 13–cv–04984–JST, 2015 WL 5064076 (N.D. Cal. Aug. 26, 2015) .......... 6, 7, 9

*Zoe Marketing, Inc. v. Impressions, LLC*, No. 14cv1881 AJB (WVG), 2015 WL 12216341 (S.D. Cal. June 1, 2015) .......... 6, 10

**Statutes**

42 U.S.C. § 1981 .......... 1

42 U.S.C. § 2000e .......... 1, 4, 6, 8

**Rules**

Fed. R. Civ. P. 15(a)(2) .......... 1, 5

Fed. R. Civ. P. 16(b)(4) .......... 5

Fed. R. Civ. P. 19 .......... 8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Plaintiffs Brian Buchanan and Christopher Slaight ("Plaintiffs"), by and through their undersigned attorneys, hereby move the Court for leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a). Leave to amend "should [be] freely give[n,]" Fed. R. Civ. P. 15(a)(2), and, for the reasons stated below, Plaintiffs respectfully request that the Court grant their motion.

## I. STATEMENT OF ISSUES TO BE DECIDED

(1) Whether, pursuant to Fed. R. Civ. P. 15(a)(2), the Court should grant Plaintiffs' Motion for Leave to File Fourth Amended Complaint to add Steven Webber, Seyed Amir Masoudi, and Nobel Mandili as named plaintiffs, to add an additional count for Plaintiffs' disparate impact claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and to conform the complaint to recently received discovery.

## II. BACKGROUND

This case involves Defendant Tata Consultancy Services, Ltd.'s ("Tata's") systematic pattern and practice of discrimination against non-South Asians and non-Indians in hiring, promotions, and terminations across the United States. Plaintiffs bring this case on behalf of themselves and a class of similarly situated individuals to remedy pervasive, ongoing race and national origin discrimination by Tata in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"). 3d Am. Compl. ¶¶ 5, 78-87 (Dkt. #82). The Court has not set a deadline for amending pleadings or for the close of fact discovery in this matter.

On August 28, 2015, Plaintiffs issued their first set of document requests. Pls.' First Req. for Produc. of Docs. (Dkt. #96-3). While Plaintiffs repeatedly sought responsive documents and data from Tata, Tata has continuously misrepresented the documents it has available and has delayed

production. For instance, just two weeks ago, and roughly 1.5 years after Plaintiffs issued their initial discovery requests, Tata produced two sets of critical employee data. *See* Email from M. La Mar. to D. Kotchen, *et al.* (Jan. 17, 2016) (Ex. 2); Email from M. La Mar. to D. Kotchen, *et al.* (Jan. 19, 2016) (Ex. 3). Tata has repeatedly assured Plaintiffs that such employee data was unavailable, and the employee data previously produced by Tata was incomplete, unworkable, and produced in such a way that a comprehensive statistical analysis of Tata's discriminatory business practices was effectively impossible. *See* Email from D. Kotchen to M. La Mar, *et al.* (Jan. 18, 2017) (Ex. 2); Pls.' Notice of Discovery Misconduct at 1 (Dkt. #96). Further, Tata's corporate representative testified just last week that Tata was not instructed to compile this data until September or October 2016, and that while the data sets were compiled in September or October, they were not produced to Plaintiffs until January 2017, just two weeks prior to Plaintiffs' class certification deadline (and too late for Plaintiffs to move for summary judgment). Sharma Dep. Tr. 25:8-26:20, 30:23-31:4 (Jan. 25, 2017) (Ex. 4). And even these most recent data sets are incomplete and are missing data fields inexplicably omitted by Tata. *See id.* 30:1-22, 33:1-15, 51:14-52:3. On January 27, 2017 – following a 30(b)(6) deposition – Tata committed to producing complete data sets along with a host of other categories of unproduced documents identified in the deposition.[1] Email from M. La Mar to D. Kotchen, *et al.* (Jan. 27, 2017) (Ex. 5). Tata has not committed to a time frame in which it will produce the data and documents.

---

[1] Tata agreed to produce, *inter alia*, data fields missing from prior productions, workforce planning documents, visa ready reports, visa utilization reports, allocation reports, reports and summaries regarding unallocated employees, a complete list of job levels at Tata, manpower reports, and documents and data relating to Tata's affirmative action planning. Email from D. Kotchen to M. La Mar (Jan. 26, 2017) (Ex. 5); Email from M. La Mar to D. Kotchen (Jan. 26, 2017) (Ex. 5).

Last August, Tata also committed to producing emails for 15 custodians. Email from M. von Klemperer to M. La Mar, *et al.* (Aug. 23, 2016) (Ex. 6); Email from M. La Mar to M. von Klemperer, *et al.* (Aug. 24, 2016) (Ex. 6). This production began on November 28 and remains incomplete.[2]

While Tata's discovery remains far from complete, documents recently produced by Tata reveal the egregiousness of its discrimination in favor of South Asians. For example, at least 70% of Tata's U.S. workforce is comprised of visa holders, all – or the vast majority of whom – are from India. Tata achieves such a disproportionate U.S. workforce by an explicit corporate directive to staff U.S. positions with "visa ready associates."[3] Thus, Tata's leadership directs that, in staffing U.S. positions, Tata must "utilize every visa to the maximum extent." TCS057813-7818 at 7815 ("Leadership directive is to utilize every visa to the maximum extent – L1 B: 5 Yrs, H1 B: 6 Yrs & L1 A: 7 Yrs.") (Ex. 9). Individuals in India who have "unutilized visas and work permits" must be "mapped" to positions in the U.S.[4] Tata's explicit preference to fill positions with visa-ready South Asians disadvantages: (1) qualified non-South Asian applicants; and (2) the comparatively few non-South Asian Tata employees, who are routinely placed in a non-productive status (referred to as being "benched"), seek and are rejected for new positions within Tata in favor of visa-ready South Asians,

---

[2] Tata's production of documents and data is many months beyond the deadlines agreed to in the parties' agreed discovery plan. *See* Renewed Joint Mot. to Extend Scheduling Order Deadlines at 4 ¶¶ 3-4 (Dkt. #80).

[3] *See, e.g.*, TCS137485-7487 at 7485 ("Leadership Team has advised to utilize visa ready Associates at on site unless (1) There is no way the person can continue in the US because of one or more challenges related to visa validity / work authorization. (2) HR confirms that the personal / medical issues the Associate is facing are so grave that he must travel back.") (Ex. 7); TCS177617-7618, at 7617 (RMG Lead Ambika G: "Can we look at Visa ready or visa eligible cvs please." Alok Bhalla: "Visa Ready will be a preference.") (Ex. 8).

[4] TCS007391-7452 at 7425 (RMG Manual: "The visa utilization report is published every fortnight by Chennai Data Support. It gives a view of the number of associates in the branch who have valid visas and work permits, and [are] currently at offshore. It also gives a split of how many associates have utilized their visas and work permits. You can split the data branch wise and visa type wise. RMG should try and map associates with unutilized visas and work permits for onsite opportunities.") (Ex. 10).

and are subsequently terminated. Tata itself recognizes that preferring "visa ready" individuals for U.S. positions is discriminatory, as reflected in the testimony of Tata's head of diversity testifying on behalf of the corporation:

> Q: As the head of diversity at TCS, would you be concerned if there was a leadership directive for positions to be filled with visa-ready individuals?
> A: Yes.
> Q: Why would you be concerned about that?
> A: Because as I said, citizenship or nationality should not be the basis for determining a person is fit against a particular position.

Ganapathy (30(b)(6)) Dep. Tr. 42:25-43:10 (Jan. 25, 2017) (Ex. 11).

About 30% of Tata's U.S. workforce is non-visa-dependent. Yet, even among this relatively small group, roughly half of these employees are South Asian. *See* TCS007257 (Ex. 12). Tata is able to achieve such a disproportionate share of South Asian employees through the use of headhunters, who track candidate nationality and then predominantly send Tata its preferred candidates – South Asians.[5]

Plaintiffs now seek leave to amend their complaint to add Steven Webber, Seyed Amir Masoudi, and Nobel Mandili as named plaintiffs, to add a disparate impact claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and to conform the complaint to newly produced discovery. *See* Proposed 4th Am. Compl. (Ex. 1). Mr. Masoudi has exhausted his administrative remedies and obtained his right to sue notice on January 30, 2017. Plaintiffs 0002319-2320 (Ex. 15); Email from W. Gerardo to L. Tremaine (Jan. 30, 2017) (Ex. 16). Pursuant to 42 U.S.C. § 2000e-5, Mr. Masoudi must file a complaint against Tata within 90 days of January 30 to preserve his rights. Similarly, Mr. Webber and Mr. Mandili have both filed charges of discrimination with the EEOC and have requested their right to sue notice.

[5] *See, e.g.*, TCS038987 (vendor Diverse Lynx LLC submitting a candidate with "Nationality" listed as "Indian" and stating "[h]e is in India, but if he gets a project, I can deliver him") (Ex. 13); TCS038607-8608 at 8607 (Ex. 14).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings with leave of the court, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[6] Leave to amend "rests in the discretion of the trial court[,]" *In re Facebook Privacy Litig.*, 2015 WL 2453734, at *3, and "[t]he Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality.'" *Gonzales v. Comcast Corp.*, No. 1:10-cv-01010-LJO-SKO, 2011 WL 1833118, at *3 (E.D. Cal. May 13, 2011) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that "this determination should be performed with all inferences in favor of granting the motion"); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting that "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties.").

The Court considers the following factors when determining whether to grant leave to amend: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; [] (4) futility of the proposed amendment[; and (5)] … whether the plaintiff has previously amended his complaint." *Ciampi v. City of Palo Alto*, No. 09–CV–02655–LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because the burden rests on the party opposing the amendment, the Court should only deny the requested leave when Defendant can "show[] prejudice, unfair delay, bad faith, or futility of amendment." *McCrary v. Elations Co., LLC*,

[6] Because no deadline to amend the pleadings has been set by the Court, the applicable standard for Plaintiffs' motion for leave is Rule 15's lenient standard, and not the good cause standard governed by Rule 16. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 16(b)(4); *Moeller v. Taco Bell Corp.*, No. C 02–5849 PJH, 2013 WL 6140730, at *1 (N.D. Cal. Nov. 21, 2013) ("given that no deadline for amending pleadings was ever set, the court finds that the applicable standard is provided by Rule 15(a)"); *In re Facebook Privacy Litig.*, No. 10–cv–02389(RMW), 2015 WL 2453734, at *4 (N.D. Cal. May 22, 2015) (analyzing plaintiffs' motion to amend under Rule 15 when "the stipulated scheduling order entered by the court … set no deadline for amendment of the pleadings").

No. 13–00242 JGB (OPx), 2014 WL 1779243, at *3 (C.D. Cal. Jan. 13, 2014) (internal quotation omitted); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that in the absence of these reasons, "the leave sought should, as the rules require, be 'freely given.'"); *DCD Programs*, 833 F.2d at 186. "'Absent prejudice, or a strong showing of [bad faith, undue delay, or futility], there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *In re Facebook Privacy Litig.*, 2015 WL 2453734, at *3 (quoting *Serpa v. SBC Telecomm.*, 318 F.Supp.2d 865, 870 (N.D. Cal. 2004)).

## IV. ANALYSIS

Because Tata cannot "show[] prejudice, unfair delay, bad faith, or futility of amendment[,]" *McCrary*, 2014 WL 1779243, at *3, leave to amend should be granted.

### A. There is No Bad Faith or Dilatory Motive By Plaintiffs.

Tata cannot reasonably argue that Plaintiffs' proposed Fourth Amended Complaint is motivated by bad faith, dilatory motive, or other improper purpose. Despite repeated requests for discovery since August 2015, Tata just recently produced documents concerning the scope and effect of its discriminatory scheme, and Plaintiffs are moving to amend promptly after learning of this evidence. *See Zoe Marketing, Inc. v. Impressions, LLC*, No. 14cv1881 AJB (WVG), 2015 WL 12216341, at *3 (S.D. Cal. June 1, 2015) (finding no evidence of bad faith when motion to amend was brought "promptly after discovering evidence supportive of an [additional] theory of liability"); *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13–cv–04984–JST, 2015 WL 5064076, at *1, 4 (N.D. Cal. Aug. 26, 2015) (granting leave to file Third Amended Complaint adding, *inter alia*, nationwide class claims and "new factual allegations based on information learned during discovery"). Further, on January 30, 2017, Mr. Masoudi's received his Notice of Right to Sue, which requires him to file a complaint within 90 days. Plaintiffs 0002319-320 (Ex. 15); 42 U.S.C. § 2000e-5(f)(1). This motion comes 1 day

after Mr. Masoudi obtained the right to sue.[7] Email from W. Gerardo to L. Tremaine (Jan. 30, 2017) (Ex. 16). "Since there is no evidence in the record which would indicate a wrongful motive," as Plaintiffs' proposed amendment is motivated by evidence recently disclosed in discovery, "there is no cause to uphold the denial of leave to amend on the basis of bad faith." *DCD Programs*, 833 F.2d at 187.

**B. Plaintiffs' Motion for Leave is Timely.**

While "undue delay alone is insufficient to justify denial of a motion to amend[,]"[8] no credible claim can be made that Plaintiffs unduly delayed seeking to amend the complaint. Mr. Masoudi received his right to sue notice yesterday. Moreover, Plaintiffs just received discovery – documents and data that Plaintiffs have diligently sought since the beginning of discovery – that is critical to their pattern and practice and disparate impact analysis, and provides important details regarding the operation of Tata's discriminatory scheme. *See* Notice of Discovery Misconduct at 1-3 (Dkt. #96); Email from D. Kotchen to M. La Mar, *et al.* (Jan. 18, 2017) (Ex. 2); Email from D. Kotchen to M. La Mar (Jan. 20, 2017) (Ex. 3). Courts have repeatedly rejected arguments of undue delay under similar circumstances. *See, e.g.*, *Tempur-Sealy Int'l*, 2015 WL 5064076, at *2 (finding no undue delay when discovery was ongoing and defendants had produced a large volume of documents just five months prior); *James v. UMG Recordings, Inc.*, Nos. C 11–1613 SI, C 11–2431 SI, C 11–5321 SI, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11, 2012) ("Five months to complete a review of the discovery and draft the [] amended complaint is not *undue* delay. Indeed, courts have found that undue delay cannot exist where … discovery has not ended"); *Gray v. Cnty. of Riverside,* No. 13-00444-VAP (OPx), 2014 WL 12597907, at *3 (C.D. Cal. July 18, 2014) (granting motion to amend to add plaintiffs and

---

[7] The other Plaintiffs have requested their notices right to sue and will notify the Court promptly upon receiving them.

[8] *Gonzalez*, 2011 WL 1833118, at *3.

holding "that Plaintiffs' delay in filing the [Second Amended Complaint] until after they filed the Class Certification motion [did not] render[] the request so untimely that denial of leave to amend is appropriate"); *Cf Jackson v. Bank of Haw.*, 902 F.2d, 1385, 1388 (9th Cir. 1990) (finding undue delay when fifteen months elapsed between obtaining the requisite facts and appellants' filing). Plaintiffs should not be penalized for Tata's discovery misconduct and repeated delays, and thus the Court should grant Plaintiffs' requested leave.

**C. Tata Will Not Suffer Prejudice By Allowing Plaintiffs' Amendment.**

Tata will not suffer prejudice from Plaintiffs' proposed amendment. First, Mr. Masoudi received his right to sue notice yesterday. Plaintiffs 0002319-320 (Ex. 15); Email from W. Gerardo to L. Tremaine (Jan. 30, 2017) (Ex. 16). Mr. Webber and Mr. Mandili have also requested their right to sue notices. Pursuant to 42 U.S.C. § 2000e-5(f)(1), Mr. Masoudi must file a lawsuit against Tata within 90 days to preserve his statutory rights. Accordingly, Tata will face claims by Mr. Masoudi (and the other new plaintiffs) irrespective of whether this amendment is granted. If forced to file a separate suit, Mr. Masoudi will assert claims that closely mirror those asserted in this class action and arise out of the same discriminatory scheme. Rather than prejudice Tata, granting leave to amend will benefit Tata as it will not be required to defend separate suits in (possibly) separate courts, and would avoid the prospect of inconsistent judgments. *See* Fed. R. Civ. P. 19(a)(1)(ii) (requiring joinder of party where party's absence may "leave an existing party subject to a substantial risk of incurring … inconsistent obligations").

Second, discovery is ongoing, no deadline for amendment has been set or passed, and no trial date has been set. *See, e.g.*, *Gonzalez*, 2011 WL 1833118, at *7 (granting motion to amend after the close of class discovery as "the matter ha[d] not been scheduled for trial"). And the "[m]ere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend." *Johnson v. Serenity Transp., Inc.*, No. 15–cv–02004–JSC, 2015 WL 4913266, at *5 (N.D.

Cal. Aug. 17, 2015). This is particularly true here, as the additional disparate impact claim challenges the same conduct as Plaintiffs' disparate treatment claims and, accordingly, will not change the "nature of the litigation[.]" *Gonzalez*, 2011 WL 1833118, at *7 (finding no undue prejudice when "the ultimate nature of the litigation ha[d] not dramatically changed" by new theory); *Tempur-Sealy Int'l*, 2015 WL 5064076, at *3 (noting that additional claim did not substantially prejudice defendants when they "will not have to radically change their litigation strategy in order to defend against [the] … additional … claim"); *Slavok v. Fast Water Heater Partners I, LP*, No. 14–cv–04324–JST, 2015 WL 5071933, at *3-4 (N.D. Cal. Aug. 27, 2015).

While some additional discovery will be required as to the new Plaintiffs, the additional burden is comparatively limited, and this discovery can be taken while Plaintiffs complete their discovery of Tata. Indeed, Plaintiffs have already taken depositions of ten corporate representatives, Tata has taken the depositions of three plaintiffs, and Tata is in the process of compiling and producing additional documents and data, as well as ESI from at least 15 custodians. Adding three individuals will do little to increase Tata's burden. In contrast, denying leave to amend would lead to one or more additional lawsuits by the three new plaintiffs, starting discovery over and resulting in substantial duplication of effort (and cost) for all parties. Moreover, "the need for additional discovery, alone, is insufficient to justify the denial of leave to amend." *Fosmire v. Progressive Max Ins. Co.*, No. C10–5291JLR, 2011 WL 4459780, at *3 (W.D. Wash. Sept. 26, 2011); *see also In re Facebook Privacy Litig.*, 2015 WL 2453734, at *5 (holding that while "a class representative will saddle [defendant] with some additional discovery, the court is not convinced that this burden will be so unfair as to justify denial of plaintiff's motion [and that] … any additional discovery … will be limited to [the new class representative]"); *DCD Programs*, 833 F.2d at 187-88 (finding addition of new party not prejudicial when discovery was ongoing and no trial date was pending).

**D. Tata Cannot Demonstrate Futility.**

An amendment is futile if the modified or added claim would not survive a motion to dismiss. *Zoe Marketing*, 2015 WL 12216341, at *5 ("In evaluating futility, courts apply a similar standard to that used in considering a motion to dismiss under Rule 12(b)(6)."). To survive a motion to dismiss, a "complaint must include sufficient factual allegations which, when accepted as true, 'state a claim to relief that is plausible on its face.'" *Bone v. City of L.A.*, 471 Fed.Appx. 620, 622 (9th Cir. 2012) (quoting *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011)). And denial of a motion to amend on the grounds of futility is rare, as "'courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed'" so that a Plaintiff can test his claim on the merits. *Slavok*, 2015 WL 5071933, at *2 (quoting *Clarke v. Upton*, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010)).

Under this standard, Tata cannot argue that Plaintiffs' motion is futile. First, this Court has already denied Tata's efforts to dismiss this case (and strike allegations from the complaint). Order (Sept. 18, 2015) (Dkt. #70). The proposed Fourth Amended Complaint adds additional details and strengthened evidence of Tata's discriminatory scheme. There is no plausible argument that a complaint with these additional details is futile when Plaintiffs' prior complaint, drafted without the benefit of discovery, survived a motion to dismiss.

Second, to plead a viable discrimination claim, a plaintiff need only state that he suffered an adverse employment action as a result of a protected characteristic and provide basic background to place his claim in context. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (finding complaint that alleged plaintiff "had been terminated on account of his national origin in violation of Title VII ... detailed the events leading to his termination, provided relevant dates, and included the

... nationalities of at least some of the relevant persons involved in his termination" sufficient).[9] The Fourth Amended Complaint satisfies this liberal pleading standard. The complaint alleges that Tata has and continues to operate under a pattern and practice of discrimination in favor of South Asians, and that this conduct has an adverse impact on non-South Asians. *See e.g.*, 4th Am. Compl. ¶¶ 1-5, 19-32, 90-102 (Ex. 1). For example, Tata's corporate directive instructs employees to favor South Asian visa workers for U.S. positions and to maximize visa workers to the fullest extent. *Id.* ¶¶ 24-27. These practices have adversely affected non-South Asians, including Mr. Webber, Mr. Masoudi, and Mr. Mandili who remained on the bench, were not selected for open positions within Tata due to the company's preference for South Asians, and were ultimately terminated. *Id.* ¶¶ 51-79. Plaintiffs' allegations sufficiently "'state a claim to relief that is plausible on its face[,]'" and are sufficient to survive a motion to dismiss. *Bone*, 471 Fed.Appx. at 622 (quoting *Cook*, 637 F.3d at 1004); *see Swierkiewicz*, 534 U.S. at 514.

**E. Plaintiffs' Previous Amendments Were Not Related to Deficiencies in the Complaint.**

In analyzing this factor, "'district courts look for a plaintiff's 'repeated failure to cure deficiencies by previous amendments.'" *Slavok*, 2015 WL 5071933, at *3 (quoting *Jara v. Aurora Loan Servs.. LLC*, No. 11–cv–00419–LB, 2011 WL 4536898, at *5 (N.D. Cal. Sept. 30, 2011)).[10]

---

[9] As the Ninth Circuit has recognized, "*Swierkiewicz* is still good law after *Twombly* and *Iqbal*." *Cormier v. All Am. Asphalt*, 458 F. App'x 620, 620 (9th Cir. 2011) (citing *Starr v. Baca*, 652 F.3d 1202, 1213-16 (9th Cir. 2011)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 569-70 (2007) (explaining that the Court's "analysis [did] not run counter to *Swierkiewicz*").

[10] On July 6, 2015, Plaintiff Steven Heldt filed an Amended Complaint (Dkt. #39), adding as plaintiffs Brian Buchanan and Christopher Slaight. Mr. Heldt is represented by The Law Office of James A. Otto. *See* Order (June 9, 2016) (Dkt. #86). On October 27, 2016, the Court granted Mr. Heldt's motion to withdraw as a named plaintiff in the class action. Order (Oct. 27, 2016) (Dkt. #89). The Amended Complaint was later superseded by a Second Amended Complaint (Dkt. #73) which Plaintiffs filed pursuant to the Court's September 18, 2015 Order (Dkt. #70). On April 20, 2016, Plaintiffs filed their Third Amended Complaint (Dkt. #82), adding a Title VII claim for Plaintiff Brian Buchanan following his receipt of a Notice of Right-to-Sue from the Equal Opportunity Commission ("EEOC") (Dkt. #81-1).

Plaintiffs do not seek to cure deficiencies in a previous complaint. Rather, move to amend the complaint to add three named plaintiffs, a disparate impact claim, and to conform the complaint to recently received discovery. *See Slavok*, 2015 WL 5071933, at *3 (granting leave when amendments were "based in part on documents produced during informal discovery"); *N. Cal. River Watch v. Ecodyne Corp.*, No. 10–5105 MEJ, 2013 WL 146324, at *3, 6 (N.D. Cal. Jan. 14, 2013) (permitting Third Amended Complaint when plaintiff moved to amend within a month after receiving new discovery).

## V. CONCLUSION

Because no ground exists to deny amendment, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File Fourth Amended Complaint.

Dated: January 31, 2017

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low, SBN 218387
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
dlow@kotchen.com;
mvk@kotchen.com

Michael F. Brown
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Vonda K. Vandaveer
**V.K. Vandaveer, P.L.L.C.**
P.O. Box 27317
Washington, DC 20038-7317

202-340-1215
202-521-0599 (fax)
atty@vkvlaw.com

Steven Tidrick, SBN 224760
Joel Young, SBN 236662
**The Tidrick Law Firm**
2039 Shattuck Avenue #308
Berkeley, CA 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

*Attorneys for all Plaintiffs Buchanan and Slaight*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on January 31, 2017.

Dated: January 31, 2017

/s/Daniel Kotchen
Daniel Kotchen