LOEB & LOEB LLP
MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
LAURA A. WYTSMA (SBN 189527)
lwytsma@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**SEPARATE STATEMENT OF TATA CONSULTANCY SERVICES, LTD. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint Filed: April 14, 2015 |

Pursuant to the Standing Order of this Court, Tata Consultancy Services, Ltd. ("TCS") submits the following Separate Statement of Material Facts in support of its Motion for Summary Judgment.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

| Issue No. 1 | **Plaintiffs Have Not Proven A Pattern Or Practice of Disparate Treatment**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 1. | TCS is a technology company headquartered in Mumbai, India, and conducts business worldwide.<br>Declaration of Jeevak Sharma ("Sharma Decl.") ¶ 2. | |
| 2. | Whether a TCS customer chooses to retain its own staff, to reduce its staff, or to eliminate its staff entirely in connection with a project being handled by TCS, is the customer's exclusive choice.<br>Sharma Decl. ¶ 2. | |
| 3. | TCS staffs its projects based on the skills needed for the assignment.<br>Sharma Decl. ¶ 3. | |
| 4. | The choice of who to staff on projects is made by the TCS project manager or often the client.<br>Sharma Decl. ¶ 3. | |
| 5. | Managers initially choose from existing TCS employees grouped together by the Resource Management Group ("RMG").<br>Sharma Decl. ¶ 3. | |
| 6. | "Existing" TCS employees means current employees who have been hired from the local labor pool ("local hires"), and "expats" who have been temporarily transferred to the United States on a visa.<br>Sharma Decl. ¶ 3. | |
| 7. | Existing employees who are "visa ready" in India are also used when job requirements or a lack of availability dictates a need to activate visas and travel to the United States. | |

11310532.1
205625-10015

2

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 1 | **Plaintiffs Have Not Proven A Pattern Or Practice of Disparate Treatment**<br><br>Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | Sharma Decl. ¶ 3. | |
| 8. | RMG only places existing TCS employees. It does not seek to hire from outside the company.<br>Sharma Decl. ¶ 3. | |
| 9. | If there are no existing employees (local, expat, or visa ready) available for an assignment and the project is short-term (usually less than one year), then TCS will resort to third-party vendors to fill the vacancy with a temporary contractor employed by a third-party vendor.<br>Sharma Decl. ¶ 4. | |
| 10. | These temporary contractors (who are paid by their agency) are not substitutes for TCS' regular workforce.<br>Sharma Decl. ¶ 4. | |
| 11. | The choice of who to staff on projects is made by the TCS project manager or often the client.<br>Sharma Decl. ¶ 4. | |
| 12. | If an unfulfilled project is long-term, TCS' recruiting department, the Talent Acquisition Group or "TAG", will begin the process of recruiting a full-time local hire.<br>Sharma Decl. ¶ 4 | |
| 13. | TAG only recruits from the United States labor market and does not generally recruit H-1B candidates, even if they are in the United States.<br>Sharma Decl. ¶ 4. | |

11310532.1
205625-10015

3

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 1 | **Plaintiffs Have Not Proven A Pattern Or Practice of Disparate Treatment**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Supporting Evidence** |
|---|---|---|
| 14. | The hiring managers and sometimes the clients generally make the decision of who TCS hires as a full-time employee.<br>Sharma Decl. ¶ 4. | |
| 15. | The only statistics Plaintiffs have identified to support their "pattern and practice" discrimination claim are from (1) 2010 census data reflecting the number of South-Asians living in the United States, (2) a survey by the Association of Information Technology Professionals ("AITP") (a networking organization for paying members) as to the demographics of its membership, and (3) an assumption as to the composition of TCS' workforce, which plaintiffs allege is "approximately 95% South Asian workers (primarily from India)."<br>Third Am. Compl. (Dkt. No. 82) ¶¶ 22-23 and fn. 2.<br>Buchanan Interrogatory Responses (La Mar Decl. Ex. C, Resp. to Interrogatory Nos. 8, 9, 11, 12, 15, 16 and 17).<br>Slaight Interrogatory Responses (La Mar Decl. Ex. D, Resp. to Interrogatory Nos. 8, 11, 12, 15 and 16) | |
| 16. | Plaintiffs' statistics include existing TCS employees hired in India and temporarily on assignment in the United States pursuant to approved work visas.<br>Third Am. Compl. (Dkt. No. 82) ¶¶ 22-23 and fn. 2. | |
| 17. | Plaintiffs' statistics include TCS employees authorized to enter the United States to work under a multinational trade agreement to which both India and the United States are parties. | |

11310532.1
205625-10015

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

4

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

| Issue No. 1 | **Plaintiffs Have Not Proven A Pattern Or Practice of Disparate Treatment**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | Opposing Party's Response and Supporting Evidence |
|---|---|---|
|  | Third Am. Compl. (Dkt. No. 82) ¶¶ 22-23 and fn. 2 |  |
| 18. | Plaintiffs' statistics are not confined to the demographics of technical workers in the United States, but rather on the percentage of "South-Asians" in the population at large as reflected in seven-year-old census data.<br>Third Am. Compl. (Dkt. No. 82) ¶¶ 22-23 and fn. 2 |  |
| 19. | The census data Plaintiffs rely on does not show the demographics of qualified IT professionals in the United States.<br>Third Am. Compl. (Dkt. No. 82) ¶¶ 22-23 and fn. 2 |  |
| 20. | Plaintiffs' statistics are not confined to the geographic regions where they worked or sought work.<br>Third Am. Compl. (Dkt. No. 82) ¶¶ 22-23 and fn. 2 |  |

| Issue No. 2 | **There Is No Genuine Issue Of Material Fact As To Buchanan's Individual Discrimination Claims**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 21. | Buchanan was never employed by TCS. He worked for Southern California Edison ("SCE") as an "IT Specialist."<br>La Mar Decl. Ex. A at 19:6-20:11. |  |
| 22. | In 2013, SCE announced that it was outsourcing its IT functions.<br>La Mar Decl. Ex. at 24:15-19; 33:22-23. |  |
| 23. | Buchanan participated in a knowledge transfer to TCS, and was eventually terminated by SCE in February 2015.<br>La Mar Decl. Ex. at 110:13-15. |  |

11310532.1
205625-10015

5

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 2 | **There Is No Genuine Issue Of Material Fact As To Buchanan's Individual Discrimination Claims**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Supporting Evidence** |
|---|---|---|
| 24. | When asked in his deposition why he was suing TCS, Buchanan responded: "Well, I feel that I was discriminated against from my former position, not given the opportunity to apply for it, and I also feel that for, you know, loss of wages."<br>La Mar Decl. Ex. A at 58:2-7. | |
| 25. | Buchanan never attended any town hall meeting set up by TCS to advise SCE employees about positions and hiring with TCS.<br>La Mar Decl. Ex. A at 66:4-15. | |
| 26. | Buchanan did not apply online apply online for a position.<br>La Mar Decl. at 86:23-87:4. | |
| 27. | Buchanan alleges that he was "not allowed" to apply to TCS based on his attendance at a job fair in October 2014, in which TCS (along with 30 other prospective employers) participated.<br>La Mar Decl. Ex. A at 60:22-61:24. | |
| 28. | According to Buchanan, the TCS booth was staffed by three or four TCS employees speaking to each other in Hindi, one of whom broke away from the discussion to have a brief conversation with Buchanan.<br>La Mar Decl. Ex. A at 60:22-61:24. | |
| 29. | Buchanan alleges that the tone of the conversation was dismissive, and that a TCS employee accepted Buchanan's resume unwillingly and then quickly resumed discussion with other TCS employees.<br>La Mar Decl. Ex. A at 70:19-71:5 | |

11310532.1
205625-10015

6

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 2 | **There Is No Genuine Issue Of Material Fact As To Buchanan's Individual Discrimination Claims**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Supporting Evidence** |
|---|---|---|
| 30. | Buchanan testified that he has "no idea" why the TCS employees at the job fair were dismissive."<br>La Mar Decl. Ex. A at 89:17-22. | |
| 31. | Buchanan did nothing to follow up with TCS after the job fair.<br>La Mar Decl. Ex. A at 86:13-15. | |
| 32. | Buchanan handed out 20-30 resumes in total to prospective employers at the career fair, but received no interviews or any responses except from one company that invited him to periodically check its website for openings.<br>La Mar Decl. Ex. A at 79:10-22; 200:14-202:13. | |
| 33. | On August 2014, Buchanan was invited by email to several TCS town halls to learn more about employment opportunities with TCS. The email announcing the town hall meetings included an electronic calendar invitation, which Buchanan rejected.<br>Sharma Decl. Ex. K; La Mar Decl. Ex. A at 66:4-67:18.  . | |
| 34. | Buchanan has "no idea" if the town hall meetings and application process was discriminatory—because he chose not to participate.<br>La Mar Dec. Ex. A at 65:21-66:3 | |
| 35. | Buchanan's only attempt to obtain employment with TCS was dropping off his resume at the job fair.<br>La Mar Decl. Ex. A at 86:23-25. | |
| 36. | Buchanan never subsequently tried to apply at TCS after the job fair.<br>La Mar Decl. Ex. A at 96:5-7. | |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 2 | **There Is No Genuine Issue Of Material Fact As To Buchanan's Individual Discrimination Claims**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Supporting Evidence** |
|---|---|---|
| 37. | Buchanan has never identified a specific job at TCS that he wanted; he looked online but saw no TCS positions matching his skills, and does not know whether a "general applications support" position (the position he wanted) was available at TCS when he attended the job fair.<br>La Mar Decl. Ex. A at 71:6-12; 86:16-87:4. | |
| 38. | Buchanan testified that he believes TCS discriminated against him because he is white, TCS employees were dismissive at a job fair, and "the statistics."<br>La Mar Decl. Ex. A at 91:9-15. | |
| 39. | The statistics Buchanan referenced come from nondescript internet searches suggesting that the TCS workforce is 90 percent Indian. Buchanan is unaware of how this purported data was computed.<br>La Mar Decl. Ex. A at 120:8-121:9; 122:5-8; 190:21-195:9. | |
| 40. | Buchanan knows of no facts to support the complaint's allegation that TCS senior managers maintained "a culture of hostility toward non-acceptance of American workers."<br>La Mar Decl. Ex. A at 225:6-17. | |
| 41. | He also knows of no facts to corroborate the allegation in the complaint that a TCS human resources representative (1) told recruiters to focus on Indian candidates, (2) expressed a dislike for Americans, and (3) stated that Indians were smarter and better qualified. | |

11310532.1
205625-10015

8

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 2 | **There Is No Genuine Issue Of Material Fact As To Buchanan's Individual Discrimination Claims**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Supporting Evidence** |
|---|---|---|
| | La Mar Decl. Ex. A at 226:5-228:15. | |

| Issue No. 3 | **There Is No Genuine Issue Of Material Fact As To Slaight's Individual Discrimination Claim**<br><br>**Moving Party's Undisputed Material Facts and Supporting Evidence** | **Opposing Party's Response and Supporting Evidence** |
|---|---|---|
| 42. | Slaight testified that the interview and recruiting process with TCS was completely fair and nondiscriminatory, and did not favor Indians in any way.<br>La Mar Decl. Ex. B. at 26:11-28:6; 33:14-20. | |
| 43. | After Slaight was hired by TCS, he helped TCS with its on-campus recruiting efforts at DeVry in January 2013.   Slaight felt no pressure to select Indians when he participated in recruiting, and has no facts or information suggesting that TCS' campus recruiting process is discriminatory or favors Indians.<br>La Mar Decl. Ex. B. at 41:13-45:16, 51:23-52:7. | |
| 44. | In May 2012, TCS offered Slaight a position as a software engineer.  Slaight accepted the offer, and signed an acknowledgment of TCS' policies against discrimination and harassment<br>La Mar Decl. Ex. B at 56:14-57:13; 61:4-62:16; Sharma Decl. Exs. A and B. | |
| 45. | When Slaight was hired, he understood that TCS was in the business of providing IT consulting at client sites.<br>La Mar Decl. Ex. B at 63:13-21. | |

11310532.1
205625-10015

9

SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 3 | There Is No Genuine Issue Of Material Fact As To Slaight's Individual Discrimination Claim<br><br>Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 46. | Slaight testified there was nothing about TCS' training program that was discriminatory or favored Indians.<br><br>La Mar Decl. Ex. B at 65:22-66:3. | |
| 47. | In approximately September, 2012, Slaight learned there had been a reorganization at the client he was originally assigned to, and that the position offered to him was no longer available. Slaight understood that he would be "benched" temporarily while TCS found him a new project.<br><br>La Mar Decl. Ex. B at 83:11-84:13. | |
| 48. | TCS found a new assignment for Slaight while he was still training in India.<br><br>La Mar Decl. Ex. B at 83:22-84:13. | |
| 49. | Slaight was placed with another TCS client in New Jersey upon his return from India on October 1, 2012.<br><br>La Mar Decl. Ex. B at 95:2-24; 195:15-196:6. | |
| 50. | Slaight does not believe that the elimination of his original assignment had anything to do with Indian favoritism or discrimination.<br><br>La Mar Decl. Ex. B at 84:14-85:8. | |
| 51. | Slaight alleges that while in his employment at TCS, he did not receive "substantial" work.<br><br>La Mar Decl. Ex. B at 106:6-15. | |
| 52. | Slaight knows of no facts indicating that he was treated differently because of his race or national origin. | |

11310532.1
205625-10015

10

SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 3 | There Is No Genuine Issue Of Material Fact As To Slaight's Individual Discrimination Claim<br><br>Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
|  | La Mar Decl. Ex. B at 130:7-131:4. |  |
| 53. | Slaight testified: Q: Do you have any facts that would support a [contention] that you were treated unfairly because of your race? A: Not to my knowledge. Q: How about your national origin, do you have any facts that would suggest you were treated unfairly because of your national origin? European/white, I think is what you said it was. A: Not to my knowledge.<br>La Mar Decl. Ex. B at 129:1-131:4. |  |
| 54. | Slaight does not deny he received counseling regarding unprofessional behavior toward clients, profanity, poor punctuality, poor attendance, unprofessional personal appearance, lack of sensitivity to cultural differences, and failure to take initiative in learning technology.<br>La Mar Decl. Ex. B at 134:10-136:20. |  |
| 55. | Slaight does not believe the criticism he received was because he is white.<br>La Mar Decl. Ex. B at 144:19-24. |  |
| 56. | On February 27, 2013, the contact employee of TCS' client (who is non-Indian) requested that Slaight be removed from the project, stating "we do not think Chris Slaight is the right fit for our team. Please release him at your convenience." Slaight was counseled by his supervisors.<br>La Mar Decl. Ex. B at 129:20-21, 142:5-14; Sharma Decl. Exs. D and E. |  |

11310532.1
205625-10015

11

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 3 | There Is No Genuine Issue Of Material Fact As To Slaight's Individual Discrimination Claim<br><br>Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 57. | TCS removed Slaight from the project on March 27, 2013.<br>Sharma Decl. Ex. D | |
| 58. | The following day, TCS started to identify other projects matched to Slaight's skills.<br>La Mar Decl. Ex. B at 144:25-151:18. | |
| 59. | Slaight only wanted positions in New York or New Jersey.<br>La Mar Decl. Ex. B at 144:25-151:18. Sharma Decl. Exs. G and H. | |
| 60. | Slaight does not believe that he was treated in an unfair or discriminatory manner throughout this process.<br>La Mar Decl. Ex. B at 151:1-18. | |
| 61. | Slaight participated in a phone interview on April 17, 2014, to assess his technical skills for a position with a banking client.<br>La Mar Decl. Ex. B at 157:25-158:14. | |
| 62. | Slaight agrees that his experience did not match the requirements for the position, and does not believe that he was denied this position because of his race or national origin.<br>La Mar Decl. Ex. B at 159:10-160:24. | |
| 63. | On April 19, 2014, Slaight was terminated because TCS had no positions matching his skills and geographic requirements.<br>La Mar Decl. Ex. B at 153:21-157:16; Sharma Decl. Exs. G, H, I and J. | |
| 64. | When deposed, Slaight admitted that he has no facts suggesting that his termination was due to his race. | |

11310532.1
205625-10015

12

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

| Issue No. 3 | There Is No Genuine Issue Of Material Fact As To Slaight's Individual Discrimination Claim<br><br>Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| | La Mar Decl. Ex. B at 161:15-18. | |
| 65. | Slaight has no facts or information to substantiate the "pattern-or-practice" accusations in the complaint.<br><br>La Mar Decl. Ex. B at 182:13-209:7. | |
| 66. | Slaight has no facts or information to substantiate the claim that TCS discriminated against him personally.<br><br>La Mar Decl. Ex. B at 182:13-209:7. | |

The undersigned attests that the evidence cited herein fairly and accurately supports the facts as asserted.

Dated:  January 31, 2017

LOEB & LOEB LLP
MICHELLE M. LA MAR
PATRICK N. DOWNES
LAURA A. WYTSMA
ERIN M. SMITH

By: /s/ Michelle M. La Mar
    Michelle M. La Mar
    Attorneys for Defendant
    TATA CONSULTANCY SERVICES, LTD.

11310532.1
205625-10015

13

SEPARATE STATEMENT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Case No.: 4:15-cv-01696-YGR

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations