Michelle M. La Mar (SBN 163038)
mlamar@loeb.com
Patrick N. Downes (SBN 186461)
pdownes@loeb.com
Laura A. Wytsma (SBN 189527)
lwytsma@loeb.com
Erin M. Smith (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.:  4:15-cv-01696-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**TATA CONSULTANCY SERVICES, LTD.'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Complaint Filed:    April 14, 2015 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1

OPPOSITION TO MOTION FOR LEAVE TO AMEND
Case No.: 4:15-cv-01696-YGR

**INTRODUCTION**

Almost two years after filing suit—and on the very same day motions for summary judgment were due—plaintiffs sought leave to file a fourth amended complaint to add a new liability theory and three additional plaintiffs.  Plaintiffs have shown no good cause for their belated amendment.  On its face, the reasons offered in plaintiffs' motion fail to justify their request.  Nothing in the discovery produced by Tata Consulting Services ("TCS") led to the disclosure of the three new putative plaintiffs.  To the contrary, these individuals have been known to, and represented by, plaintiffs' counsel for months.

In addition, Plaintiffs' new liability theory—disparate impact—was known to plaintiffs since 2014.  Former plaintiff Steven Heldt filed a Charge of Discrimination against TCS before the Equal Employment Opportunity Commission ("EEOC") on November 3, 2014, alleging that TCS' policies and procedures "have had a disparate impact on non-South Asian individuals…"  *See* Declaration of Michelle La Mar ("La Mar Decl.") ¶ 2, Ex. 1 at pg. 5. Plaintiff Brian Buchanan filed a Charge with the EEOC on May 14, 2015, containing the *same* allegation.  La Mar Decl. Ex. 2 at pg.5.  Because the original complaint was unclear as to whether a disparate impact theory was being pursued, TCS sought clarification by way of a motion to dismiss.  On July 6, 2015, Mr. Heldt filed an opposition to that motion, in which he stated:  "Tata also argues that Mr. Heldt may not advance Title VII or § 1981 claims under a disparate impact theory. … *Mr. Heldt does not intend to do so*."  Of course, Mr. Heldt then removed himself as class representative and TCS moved for summary judgment on the claims of the remaining two plaintiffs, both apparently agreeing with Mr. Heldt not to assert a disparate impact claim in light of their multiple amendments.

As addressed in TCS' pending motion for summary judgment, the two currently named plaintiffs have no bona fide claims.  Plaintiff Christopher Slaight does not believe that his hiring, training, job assignment, or termination was discriminatory; he was let go for the simple reason that he refused to relocate to available positions.  Plaintiff Brian

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

Buchanan filed suit because he was not greeted in a sufficiently friendly manner at a job fair.

Faced with the prospect of no viable class representative and no proof of intentional discrimination, plaintiffs now propose a game of musical chairs—amending to add three new plaintiffs and assert a theory of liability that was previously considered and abandoned. Plaintiffs base their request for leave to amend on "new evidence," but the evidence they cite was produced months ago. Plaintiffs also conjure a dubious discovery dispute that, even if true (which it is not), has no connection to the new plaintiffs or the previously disavowed disparate impact claim.

Given that TCS has already filed its summary judgment motion, and since the parties are now two weeks away from the commencement of class certification briefing, granting leave to amend would be highly prejudicial to TCS. The extremely belated motion for leave to amend should be denied.

## FACTUAL BACKGROUND

A. **Plaintiffs Have Filed Four Complaints, And Have Consistently Maintained That A Disparate Impact Theory Was Not Being Pursued**

Asserting a violation of the Civil Rights Act of 1866 based on alleged "disparate treatment," plaintiff Steven Heldt filed suit against TCS on April 14, 2015. ECF No. 1. Brian Buchanan and Christopher Slaight joined as plaintiffs in an amended complaint on July 6, 2015. ECF No. 39. On July 28, 2015, TCS filed a motion to dismiss. ECF No. 39. Although the Court denied the motion, it expressed "concerns about remaining ambiguities" in the first amended complaint, and ordered plaintiffs to file an amended complaint. ECF No. 70 (Sept. 9, 2015) at 1. On September 28, 2015, plaintiffs filed a second amended complaint, which TCS answered. ECF No. 75. On April 20, 2016, plaintiffs filed a third amended complaint, with Buchanan adding a claim under Title VII of the Civil Rights Act of 1964. ECF No. 82.

Heldt and Buchanan both identified a disparate impact theory of liability in the Charges of Discrimination they filed with the EEOC in 2014 and 2015, respectively. La

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

Mar Decl. Exs. 1 and 2.  However, throughout the pleading process, plaintiffs explicitly disclaimed any "disparate impact" claim.  ECF No. 40 at fn. 1 ("Tata also argues that Mr. Heldt may not advance Title VII or § 1981 claims under a disparate impact theory.  … Mr. Heldt does not intend to do so."); *see also* ECF No. 41 at 11 ("Tata's argument fails on the merits because it is premised on the false and somewhat inexplicable assumption that Mr. Heldt advances disparate impact claims.").  Accordingly, all discovery in this case has focused on the disparate treatment theory alleged in the pleadings.

**B.**     **Proposed New Plaintiffs Masoudi And Webber Previously Accused TCS of Discrimination But Did Not Join the Suit.**

On August 3, 2016, plaintiffs' counsel in this action wrote to TCS' in-house attorney to negotiate an individual settlement for Mr. Masoudi.  La Mar Decl. Ex. 3 ("Please let me know when you are available to discuss the severance agreement forwarded to our client, Mr. Amir Masoudi, on June 29, 2016.")  More than six months later, plaintiffs now propose to add Mr. Masoudi to this action.

On October 13, 2016, a second putative plaintiff, Mr. Webber, wrote to TCS that:

> Your organization is the most deplorable group I have ever experienced, & wholly unfit to be doing business in the United States.  I will offer a one time opportunity to settle out of court for the amount of $275,000,00 USD, or I will immediately join into [sic] existing suit if you do not respond with 10 business days.

La Mar Decl. Ex. 4  For reasons not disclosed by plaintiffs, Mr. Masoudi and Mr. Webber elected to wait until TCS had filed its summary judgment motion to seek leave to amend.  Plaintiffs' motion provides no information whatsoever concerning when they first learned about the three proposed plaintiffs and does not even attempt to demonstrate good cause for the passage of time between when they were discovered or became clients and now.  When Slaight was deposed on September 17, 2016, and when Buchanan was deposed on September 21, 2016, both were asked to identify individuals knowledge of alleged discriminatory practices by TCS.  Neither of them did so even though plaintiffs' counsel had been representing Mr. Massoudi for several months by that time.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

3

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

### C.   TCS Has Cooperated in Providing Timely Discovery

Plaintiffs first served discovery in August 2015. Mot. at p.1. After conferring on plaintiffs' overly broad discovery, TCS began providing responsive information in November 2015. La Mar Decl. ¶ 5. To assist in the process and at plaintiffs' request, TCS produced multiple deponents pursuant to Rule 30(b)(6) to describe TCS' documents and processes. *Id*. On January 27, 2016, Umesh Kumar, the head of TCS' Resource Management Group, testified on behalf of TCS regarding the process by which TCS fills positions in the United States with existing employees, and TCS' records relating to the demographics of its workforce, among other things. *Id*. On January 28, 2016, Shyam Chinnari testified as to TCS' hiring process for employees newly hired to work in the United States, as well as records related to the group responsible for such hiring. *Id*. On February 26, 2016, Amit Jindal, head of TCS' Immigration Team testified for TCS regarding TCS' Visa Information System, an electronic record of information relating to employees in the United States under visas. *Id*. This system was provided in July of 2016. *Id*. Presumably, and although unclear in the amended pleading, the facially neutral policy upon which plaintiffs seek to base their disparate impact theory is TCS' use of the United States visa program to employ its existing workforce on projects in the United States.

Plaintiffs do not identify any statement by either Mr. Kumar, Mr. Jindal or any other TCS witness that misled them. Again, the purpose of these early depositions was to assist plaintiffs in shaping the discovery. TCS has now produced more than 5,000,000 items in discovery to plaintiffs. La Mar Decl. ¶ 6. TCS disagrees with plaintiffs characterization of the discovery that has been provided to date, but nonetheless, plaintiffs' arguments concerning discovery fail to identify what newly disclosed (or still undisclosed) information excused them from seeking leave to amend earlier. To the contrary, the documents plaintiffs cite as the basis for their new disparate impact theory were produced by TCS long ago. The RMG Manual—which plaintiffs have characterized as a corporate directive to "map" unused visa holders to positions in the United States—was produced to plaintiffs on June 13, 2016. La Mar Decl. ¶ 6. The emails identified in footnote 3 of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

motion were produced on November 23, 2016. *Id.* The first email is an internal communication relating to how one associate could return home to India temporarily for his wedding without losing his ability to work in the United States. Kotchen Decl. Ex. 6; La Mar Decl. ¶¶ 6-7, Ex. 5. The second email reflects that TCS sought to fill a position internally, including through the use of a visa ready associate when no local personnel were available who met the job qualifications. Kotchen Decl. Ex. 8.

There is no "new" or withheld evidence justifying plaintiffs delay in seeking leave to amend.

### D. TCS Has Already Filed Its Motion For Summary Judgment In Accordance With The Court's Scheduling Order

On January 13, 2017, TCS served notice of its intent to file a summary judgment motion. ECF No. 94. On January 23, 2017, this Court granted TCS permission to file such motion without a pre-filing conference. ECF No. 97. On Friday, January 27, 2017, plaintiffs notified TCS they intended to seek leave to amend their complaint. La Mar Decl. ¶ 8, Ex. 6. On January 31, 2017, —the very same day dispositive motions were due— plaintiffs moved for leave to file a fourth complaint adding three new plaintiffs and an entirely new theory of liability. ECF No. 104 (Jan. 31, 2017).

Plaintiffs' motion for class certification is due on February 21, 2017. TCS' opposition is due on March 6, 2017. To date, all of the discovery and analysis conducted in this case have pertained to a disparate treatment theory of discrimination. All of the individual discovery has been focused on Mr. Heldt, Mr. Slaight, and Mr. Buchanan.

### ARGUMENT

### A. Plaintiffs' Motion Should Be Denied

Although appropriate when "justice so requires" (Fed. R. Civ. P. 15(a)), leave to amend is not an absolute right. Rather, leave to amend after an answer has been filed is a matter for the Court's sound discretion. *See Schlacter-Jones v. General Tel. of Calif.*, 936 F.2d 435, 443 (9th Cir. 1991). Where "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

1  *Hamilton v. Williamson*, 2009 U.S. Dist. LEXIS 30274, at *9 ( E.D. Mich. Apr. 6, 2009)

2  (denying motion for leave to add disparate impact claim; citation omitted).[1]

3       A court may deny leave to amend when there is evidence of undue or unexplained

4  delay, bad faith, prejudice to the opposing party, or futility of the proposed amendment.

5  *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)

6  (affirming denial of leave to amend); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d

7  1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the

8  complaint would cause the opposing party undue prejudice, is sought in bad faith,

9  constitutes an exercise in futility, or creates undue delay."). Because plaintiffs' proposed

10 amendment reflects each of these factors, leave to amend should not be granted.

11      **B.    Plaintiffs Cannot Excuse Their Significant Delay**

12          This case was filed on April 14, 2015—almost two years ago. As to the newly

13 added plaintiffs, plaintiffs' counsel have known about Massoudi for at least six months

14 given that they tried to negotiate an individualized agreement with him in August, 2016.

15 La Mar Decl. ¶ 3. Webber threatened to join the lawsuit five months ago, but never did.

16 These potential plaintiffs have offered no explanation for delaying until now—after TCS

17 filed its summary judgment motion—to seek to be added to the case.[2] The newly proposed

18 plaintiffs cannot credibly argue that anything related to the discovery in this action

19 prevented them from being added earlier because they did not need discovery to assert

20

21  _____

22  [1] Whether the Court considers the motion under the stringent standard for modifying
    scheduling orders, or the traditional (*not* "lenient") test for pleading amendment, plaintiffs
23  have not shown good cause to amend their complaint after the dispositive motion deadline.

24  [2] TCS was never served with the EEOC charges purportedly filed by these new proposed
    plaintiffs, and is therefore unaware of when they were filed. La Mar Decl. ¶ 3. Although
25  plaintiffs attribute their delay to the fact that "right to sue" letters have yet to issue for two
    of them, they could have requested a "right to sue" letter at any point after filing claims.
26  *See* § 42 U.S.C. § 2000e-5(f); *see* https://www.eeoc.gov/employees/lawsuit.cfm. Also, no
    such letter was necessary for them to assert a Section 1981 claim under the Civil Rights
27  Act, as it contains no administrative exhaustion requirements. *See Butler v. Crittenden
    County, Ark.*, 708 F.3d 1044, 1049 (8th Cir. 2013).
28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

6

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

1   claims against TCS.  Indeed, they have all allegedly done so with the EEOC without

2   obtaining any information from TCS.

3         Moreover, plaintiffs offer no excuse for their delay in asserting an entirely new

4   theory of liability.  They attempt to excuse their delay by pointing to TCS' discovery.

5   Mot. at 7.  But this is a red herring.  The statistical evidence that plaintiffs rely on for

6   disparate impact appears to be the same data recited in the original complaint.  In fact,

7   every complaint in this action has alleged that TCS uses the visa program extensively.  A

8   disparate impact claim must have been considered by plaintiffs when they *twice* disavowed

9   it in 2015.  To the extent plaintiffs believe the discovery demonstrates that TCS has a

10  preference for visa workers, the evidence relating to TCS' use of visa holders is not new.

11  The subject matter was expounded upon in Rule 30(b)(6) testimony a year ago, and was

12  reflected in documents produced in July, 2016.

13        In addition, plaintiffs have taken three prior opportunities to amend their original

14  complaint.  "Delay may … become undue 'when a movant has had previous opportunities

15  to amend a complaint.'"  *Carr v. New Jersey*, 2012 U.S. Dist. LEXIS 62042, *4 (D.N.J.

16  May 3, 2012) (denying motion for leave to amend disparate impact claim after defendant

17  filed summary judgment motion).  A "district court's discretion to deny leave to amend is

18  particularly broad where plaintiff has previously amended the complaint."  *City of L.A. v.

19  San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011).

20        In short, plaintiffs delay in seeking leave to amend is inexcusable, and does not

21  justify the filing of a fourth amended complaint.  *See Dupree v. Apple, Inc.*, 2017 U.S.

22  Dist. LEXIS 7765, at *15 (N.D. Cal. Jan. 18, 2017) (denying motion for leave to file

23  Fourth Amended Complaint to add disparate impact claim where plaintiff waited

24  "approximately nine months to a year after the most recent events underlying the new

25  causes of action"); *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 421 (D.D.C. 2010) (denying

26  leave to add disparate impact claim where "abundantly clear that the plaintiff was fully

27  aware of the information underlying his proposed disparate impact claims long before the

28  [newly disclosed discovery] on which he purports to base those claims").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

## C.   Plaintiffs' Proposed Amendment Will Significantly Prejudice TCS

"[T]he trial preparation needed to defend against a disparate impact claim is distinct from that necessary to defend against a disparate treatment claim." *Spence v. City of Philadelphia*, 147 Fed. Appx. 289, 292 (3d Cir. Pa. 2005). Allowing a "new theory of liability at summary judgment" prejudices a defendant who "face[s] different burdens and defenses under this second theory of liability." *Id.; see also, Hamilton*, 2009 U.S. Dist. LEXIS 30274, at *10 ("Because the ... deadline for filing dispositive motions ... was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court;" citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *Rogers v. Fed. Express Corp.*, 2007 U.S. Dist. LEXIS 73011, at *16 (N.D. Okla. Sept. 28, 2007) ("The fact that plaintiff's motion to amend [to add a disparate impact claim] was filed after defendant's motion for summary judgment was filed also suggests that plaintiff was seeking to 'salvage a lost case by untimely suggestion of new theories of recovery;'" citation omitted).

For almost two years, TCS has defended itself against a disparate *treatment* claim, with the explicit understanding that plaintiffs did not allege a disparate *impact* claim.[3] With this understanding, TCS propounded discovery requests, took depositions, consulted with experts, filed a dispositive motion, and so on, to defend itself. Only now that it is abundantly clear that TCS did not act with intentional bias are plaintiffs seeking leave to add a claim that they could have filed in 2015. Based on this prejudice alone, the proposed amendment should be denied.

> The proposed amendment, at this stage, would [clearly] prejudice Defendants. Plaintiff seeks to bring an entirely new claim and theory—an alleged disparate impact claim—that will change the scope of this case. If the amendment were allowed, Defendants would be required to defend against (and take discovery relating to) a disparate impact claim, which differs in type and scope from the

---

[3] ECF No. 40 at fn. 1 ("Tata also argues that Mr. Heldt may not advance Title VII or § 1981 claims under a disparate impact theory. ... Mr. Heldt does not intend to do so."); ECF 41 at 11 ("Tata's argument fails on the merits because it is premised on the false and somewhat inexplicable assumption that Mr. Heldt advances disparate impact claims.").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

> claims in this case to date. ... [T]his will have a legitimate, prejudicial impact on Defendants' preparation and defense.
>
> ...
>
> It would also require the Court to defer ruling on a fully briefed and pending summary judgment motion. ... [I]t would be prejudicial to Defendants to ... put aside the fully briefed motion for summary judgment, and force Defendants to only now begin to evaluate a new claim that could have been brought many months ago and which could require additional and different discovery than has been taken in this case to date.

*Carr*, 2012 U.S. Dist. LEXIS 62042, at *7-9 (denying leave to amend); *see also Dupree v. Apple, Inc.*, 2017 U.S. Dist. LEXIS 7765, at *13-14 (N.D. Cal. Jan. 18, 2017) (denying leave to amend to add disparate impact claim which would require defendant to "engage in extensive new discovery" and "develop entirely different defenses", and further delay resolution of case; citation omitted); *Rizzo v. PPL Serv. Corp.*, 2005 U.S. Dist. LEXIS 11457, at *12 (E.D. Pa. June 10, 2005) (denying leave to assert disparate impact claim where it would cause undue prejudice); *Verney v. Dodaro*, 872 F. Supp. 188, 193 (M.D. Pa. 1995) ("[I]t is more likely that the Commission conducted its discovery believing that is faced only a disparate treatment claim. Plaintiff's complaint was filed well over a year ago, yet Plaintiff has made no attempt, until now, to amend it.").

Coleman v. Quaker Oats Co., 232 F.3d 1271 (9th Cir. 2000) is directly on point. There, the district court rejected a disparate impact claim not raised in the first three complaints; it was raised only at the summary judgment stage. The district court refused to grant leave to add this theory at the summary judgment stage. *Id.* at 1291. The Ninth Circuit affirmed, reasoning that allowing the plaintiffs to proceed with a disparate impact theory would prejudice the defendant. *Id.* at 1292. The court explained:

> A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations. A disparate impact theory, lacking the requirement that the plaintiff prove intent and focusing on statistical analyses, requires that the defendant develop entirely different defenses, including the job relatedness of the challenged business practice or its business necessity. Neither of

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

9

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

these are necessary to defend against a disparate treatment theory.  This case illustrates the problem.  At no time prior to summary judgment did [plaintiffs] identify which facially neutral Quaker employment practice they challenged as having a discriminatory impact…The lack of notice on this issue central to the cause of action makes it difficult, if not impossible, for Quaker to know how to defend itself.  After having focused on intentional discrimination in their complaint and during discovery, the employees cannot turn around and surprise the company at the summary judgment stage …

*Id.* at 1292-93 (italics added).

Likewise here, plaintiffs should not be permitted to surprise TCS at the summary judgment stage with a new liability theory requiring additional discovery and necessitating an additional summary judgment motion.  This prejudice to TCS alone warrants denying the motion.

**D.      The Proposed Amendment Is Futile.**

Plaintiffs' proposed amendments to the complaint are futile for several reasons.

First, TCS implemented arbitration agreements and class action waivers with its employees on or about July, 2015.  Webber signed such a provision. La Mar Decl. ¶ 4, Ex. 5.  He is barred from bringing claims in federal court, and consequently, it would be futile to allow him to attempt to do so.  *See AT&T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011).

Second, plaintiffs cannot rely on TCS's lawful use of the visa system to establish liability.  Indeed, plaintiffs have expressly disclaimed reliance on the use of visas to prove liability.  ECF 59 at 5-6 ("…Tata's attempt to distort Plaintiffs' valid and well-pled Title VII and § 1981 claims into an attack on Tata's visa practices is unfounded").[4]

---

[4] Further, "a disparate impact claim requires plaintiff to identify a policy that is facially neutral." *Bryant v. Greater New Haven Transit Dist.*, 2014 U.S. Dist. LEXIS 90996, at *31 (D. Conn. July 2, 2014) (rejecting untimely asserted disparate impact claim as futile); *see also Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971); *Welch v. Eli Lilly & Co.*, 2009 U.S. Dist. LEXIS 70389, at *21(S.D. Ind. Aug. 11, 2009) (denying leave to add disparate impact claim where plaintiffs' EEOC charges failed to identify a neural employment practice).  Yet according to plaintiffs' allegations, TCS's policies are *not* facially neutral; rather they expressly favor Indian visa holders.  Mot. at 3:4-9.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR

Finally, as set forth in TCS' motion for summary judgment, Title VII does not require an employer to correct racial or statistical imbalances in its workforce by replacing existing workers with new hires from minority groups. *See e.g. Int'l Bd. Of Teamsters v. United States*, 431 U.S. 324, 339, fn. 20 (1977). Yet that is precisely the obligation that plaintiffs' disparate impact theory seeks to impose upon TCS for its use of existing employees to fulfill project requirements in the United States.

Because the proposed amendment would be futile, it should not be allowed.

## CONCLUSION

The currently named plaintiffs have no legitimate discrimination claims. Knowing this, plaintiffs have attempted to salvage this action by seeking leave to add three additional parties who they have known about for months. These parties should not be permitted to join the action at this late juncture as named representatives.

As for the disparate impact claim plaintiffs wish to add, it could have been asserted at any point in the last two years. But plaintiffs made a deliberate choice not to assert that claim until the dispositive motion deadline and the eve of class certification briefing.

Such gamesmanship should not be sanctioned; leave to amend should be denied.


Dated:   February 14, 2017                              Respectfully submitted,

                                                        LOEB & LOEB LLP


                                                        By: /s/ Michelle M. La Mar
                                                            Michelle M. La Mar
                                                            Attorneys for Defendant
                                                            TATA CONSULTANCY SERVICES, LTD.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11

OPPOSITION TO MOTION FOR LEAVE TO AMEND
CASE NO. 4:15-cv-01696-YGR