MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
LAURA A. WYTSMA (SBN 189527)
lwytsma@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>**DECLARATION OF MICHELLE M. LA MAR IN SUPPORT OF TATA CONSULTANCY SERVICES, LTD.'S OPPOSITION TO MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>Complaint Filed:   April 14, 2015 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12305624.1
205625-10015

DECLARATION OF MICHELLE M. LA MAR
CASE NO.: 4:15-CV-01696-YGR

## DECLARATION OF MICHELLE M. LA MAR

I, Michelle M. La Mar declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and before the United States District Court for the Northern District of California. I am a partner at the law firm of Loeb & Loeb LLP, and am an attorney of record for Tata Consultancy Services, Ltd. ("TCS") in this matter. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this Declaration and, if so called upon to do so, I would competently testify to the facts set forth below.

2. Attached hereto as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination served upon TCS on behalf of former named plaintiff Steven Heldt. The Charge is dated November 3, 2014. Paragraph 25 (page 5) of Mr. Heldt's Charge includes disparate impact allegations. Attached hereto as Exhibit 2 is a true and correct copy of the EEOC Charge of Discrimination served upon TCS on behalf of named plaintiff Brian Buchanan. The Charge is dated May 14, 2015. Paragraph 32 of the Charge (page 5) includes disparate impact allegations.

3. Upon being served with plaintiffs' Motion for Leave to File a Fourth Amended Complaint ("Motion") on January 31, 2017, TCS learned for the first time that plaintiffs sought to add Amir Masoudi, Steven Webber, and Nobil Mandili as named plaintiffs. Neither I nor TCS have been served with EEOC Charges filed on behalf of these individuals. Nonetheless, plaintiffs have known about Mr. Masoudi since at least August, 2016. On August 3, 2016, Lindsey Tremaine, counsel of record for plaintiffs in this action, contacted Rebecca Hirschklau, TCS' (in-house) Senior Corporate Employment Counsel. Ms. Tremaine's email stated that Amir Masoudi was her client, and that she wanted to discuss a severance agreement which had been given to Mr. Masoudi by TCS. Attached hereto as Exhibit 3 is a true and correct copy of Ms. Tremaine's email to Ms. Hirschklau dated August 3, 2016. Plaintiffs never disclosed that they intended to add Mr. Masoudi as a named plaintiff in this action prior to January 31, 2017.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12305624.1
205625-10015

2

DECLARATION OF MICHELLE M. LA MAR
CASE NO.: 4:15-CV-01696-YGR

4.  With respect to Mr. Webber, he emailed TCS on October 13, 2016 demanding an "out of court" settlement of $275,000, and threatened that if he did not receive such a settlement, he would immediately join this action. A true and correct copy of Mr. Webber's email of October 13, 2016, to TCS employee Richard Ethan Harralson (who works in TCS' Talent Engagement Department) is attached hereto as Exhibit 4. Mr. Webber executed an arbitration agreement with TCS which included a waiver of class claims. A true and correct copy of the arbitration agreement executed by Mr. Webber is attached hereto as Exhibit 5.

5.  Plaintiffs first served discovery in this action in August, 2015. After conferring on plaintiffs' overly broad discovery, TCS began providing responsive information in November, 2015. To assist in the process and at plaintiffs' request, TCS produced multiple deponents pursuant to Rule 30(b)(6) to describe TCS' documents and processes. On January 27, 2016, Umesh Kumar, the head of TCS' Resource Management Group, testified on behalf of TCS regarding the process by which TCS fills positions in the United States with existing employees, and TCS' records relating to the demographics of its workforce, among other things. On January 28, 2016, Shyam Chinnari testified as to TCS' hiring process for employees newly hired to work in the United States, as well as records related to the group responsible for such hiring. On February 26, 2016, Amit Jindal, head of TCS' Immigration Team, testified for TCS regarding TCS' Visa Information System, an electronic record of information relating to employees in the United States under visas. This system was provided to plaintiffs in July of 2016.

6.  TCS has now produced more than 5,000,000 items in discovery to plaintiffs. However, the items cited in support of plaintiffs' Motion were produced long ago. Specifically, the RMG Manual—which plaintiffs have characterized as a corporate directive to "map" unused visa holders to positions in the United States—was produced to plaintiffs on June 13, 2016. The emails cited in footnote 3 of the Motion (attached as Exs. 8 and Ex. 9 to the Declaration of Daniel Kotchen) were produced on November 23, 2016.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12305624.1
205625-10015

3

DECLARATION OF MICHELLE M. LA MAR
CASE NO.: 4:15-CV-01696-YGR

7. Additional context is available for the emails cited in footnote 3 of the Motion. Plaintiffs have argued that Exhibit 7 to the Kotchen Declaration establishes that visa ready associates must be used on site unless there is a challenge to visa validity or work authorization, or unless Human Resources confirms that the Associate is too ill to remain on site and must return back to his or her home country. However, the Exhibit relates to a request by a TCS associate to return home for his wedding. TCS was weighing available options given that the work permit held by the associate would no longer be valid if he returned home. A true and correct copy of the full exchange pertinent to this situation is attached hereto as Exhibit 6.

8. TCS was first notified of plaintiffs' intention to file a fourth amended complaint on Friday, January 27, 2017. A true and correct copy of the email from Mr. Kotchen's to me regarding plaintiffs' motion for leave to amend is attached hereto as Exhibit 7. Notwithstanding plaintiffs' intention to seek leave to amend their complaint, TCS was required to, and did, file its motion for summary judgment in this action on Tuesday, January 31, 2017.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of February, 2017, at Los Angeles, California.

/s/ Michelle M. La Mar
Michelle M. La Mar

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12305624.1
205625-10015

4

DECLARATION OF MICHELLE M. LA MAR
CASE NO.: 4:15-CV-01696-YGR