MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
LAURA A. WYTSMA (SBN 189527)
lwytsma@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**ADMINISTRATIVE MOTION OF DEFENDANT TATA CONSULTANCY SERVICES, LTD. TO FILE UNDER SEAL**<br><br>[Declaration of Erin M. Smith attached hereto] |

## INTRODUCTION

Defendant Tata Consultancy Services, Ltd. ("TCS") respectfully requests an order sealing certain evidence submitted in connection with its opposition to plaintiffs' motion for leave to file a Fourth Amended Complaint. This request is made pursuant to Civil Local Rules 7-11 and 79-5. The redacted documents are attached as Exhibits 4 and 6 to the declaration of Michelle La Mar filed concurrently, and the redactions are specifically identified in the accompanying proposed order. The redactions protect confidential, proprietary and/or personal information which is not relevant to the substance of TCS' opposition.

## ARGUMENT

A party must assert a "compelling reason" to seal judicial records attached to a dispositive motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Invasion of a third party privacy interest demonstrates a compelling reason to seal narrowly redacted information. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 U.S. Dist. LEXIS 26519 at *3 (N.D. Cal. Mar. 4, 2015) (noting that "invasion of [a] third party's privacy" constitutes a compelling reason to file an exhibit under seal).

Here, the information on Exhibit 4 sought to be filed under seal consists of the private e-mail address, home address and home phone number of proposed plaintiff Steven Webber, and the identity of a TCS client. Moreover, Exhibit 6 has been redacted in its entirety, as it consists of e-mail communications within TCS concerning the immigration status and personal travel request of a TCS employee whose identity is not relevant to the motion. No good purpose would be served by disclosing such information to the public, and none of the redacted information is relevant to the pending motion or plaintiffs' allegations against TCS. Third parties whose communications have unwittingly become relevant to the pending motion should be afforded the right to remain anonymous. In addition, Exhibit 6 was produced in discovery pursuant to this Court's stipulated protective order. [Dkt. # 76.]

## CONCLUSION

For the foregoing reasons, TCS respectfully requests that the Court permit it to file the designated exhibits under seal, as specified in the proposed order submitted concurrently.

Dated: February 14, 2017

LOEB & LOEB LLP
MICHELLE M. LA MAR
LAURA A. WYTSMA
PATRICK N. DOWNES
ERIN M. SMITH

By: /s/ Erin M. Smith
Erin M. Smith
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

# DECLARATION OF ERIN M. SMITH

I, Erin M. Smith, declare as follows:

1. I am a partner with the law firm of Loeb & Loeb, LLP, counsel for defendant Tata Consultancy Services, Ltd. ("TCS"). I have personal knowledge of the following facts and if called as a witness, I would testify to them under oath.

2. In connection with its opposition to plaintiffs' motion for leave to file a Fourth Amended Complaint, TCS has redacted portions of Exhibit 4 to the concurrently filed La Mar declaration, and has redacted Exhibit 6 of that declaration in its entirety. The portions of Exhibit 4 which TCS redacted reflect (i) the personal e-mail address, home phone number and home address of proposed plaintiff Steven Webber, and (ii) the identity of a TCS client. TCS is in a highly competitive business and TCS seeks to protect the names of its clients and employees from unnecessary public controversy when these identities are not relevant to the controversy.

3. TCS has redacted Exhibit 6 to the La Mar declaration in its entirety because it reflects communications within TCS relating to the immigration status, personal travel plans and request for leave of absence of a TCS employee whose identity is not relevant to the pending action. Such information is personal and confidential, and not relevant to the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 14, 2017, at Los Angeles, California.

/s/ Erin M. Smith
ERIN M. SMITH