# Exhibit 43

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

STEVEN HELDT,
BRIAN BUCHANAN, and
CHRISTOPHER SLAIGHT

Plaintiffs,

v.

TATA CONSULTANCY SERVICES, LTD.,

Defendant.

Case No.: 4:15-cv-01696-YGR

**CLASS ACTION**

**DECLARATION OF STEVEN WEBBER**

Complaint Filed: April 14, 2015

---

**DECLARATION OF STEVEN WEBBER**

---

Steven Webber deposes and states as follows:

1. I was born in the United States, and resided in Kansas at all times discussed below. I am over the age of eighteen and have personal knowledge of the matters stated herein.

2. I started work with Tata Consultancy Services ("Tata") in January 2016 as a Senior Digital Media Architect servicing Verizon in Irving, Texas. Out of the approximately 1,000 Tata employees on the Verizon account in Irving, I was the only non-Indian worker in my Tata group.

3. When the Verizon position ended in April 2016, I was assigned a new Indian manager, Samarjeet Kumar, and was placed on the bench. I provided Mr. Kumar with a copy of my resume, as I was told that he would submit my profile for open positions within the company. However, Mr. Kumar made no effort to help me find work, and Tata's internal portal indicated that he did not submit my resume to a single hiring manager, nor did he apply to any job openings on my behalf.

4. While on the bench, I actively searched for positions within Tata. For example, in April 2016, I found an open position with Direct TV in Los Angeles, California on Tata's online portal and contacted the hiring manager directly. On or around April 15, I underwent a telephone interview for the position. I performed well during the interview, but was not selected for the position.

5. In mid-July 2016, Tata informed me that it had secured a client contract with Freddie Mac in Tyson's Corner, Virginia. I submitted my resume for a Senior System Solution Architect role

and underwent three interviews with Tata and Freddie Mac. All of my interviews were conducted by individuals of South Asian race and Indian national origin. Tata informed me that I was selected for the position, and I began performing design work for the role, as well as making relocation and travel arrangements, as the position was set to begin on September 12. My selection for the position was also confirmed a few days later by an Indian employee from Freddie Mac. The following week, however, I was told by Bridget Reeves, Regional Talent Engagement Manager, that Freddie Mac decided not to go forward with the contract and that I would remain on the bench until further notice. It is my understanding that Freddie Mac did not renege on the contract and that a less qualified Indian worker was placed in my position.

6. On September 12, 2016, I was terminated by Tata after remaining on the bench for five months.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 18 day of January, 2017.

Steven Webber

Steven Webber