Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
E-mail:  dlow@kotchen.com;
E-mail:  dkotchen@kotchen.com;
E-mail:  mvk@kotchen.com

Attorneys for Buchanan, Slaight,
Webber, Masoudi, and Mandili

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>**CORRECTED PLAINTIFFS' OPPOSITION TO DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S REQUEST FOR JUDICIAL NOTICE**<br><br>Complaint Filed:  April 14, 2015 |

1

1

## CORRECTED PLAINTIFFS' OPPOSITION TO DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S REQUEST FOR JUDICIAL NOTICE

2

3

4

5

6

7

8

9

10

11

12

13

Plaintiffs hereby submit this opposition to Defendant Tata Consultancy Services, Ltd.'s ("Tata's") Request for Judicial Notice (Dkt. #107). Tata requests that this Court take judicial notice of two documents in support of its Motion for Summary Judgment: (1) "U.S. Equal Employment Opportunity Commission; Enforcement Guidance on Application of Title VII and the Americans with Disabilities Act to Conduct Overseas and to Foreign Employers Discriminating in the United States" (Dkt. #107-1) and (2) "Complaint in *Office of Federal Contract Compliance Programs, United States Department of Labor v. Palantir Techs., Inc.*" (Dkt. #107-2). "The party requesting judicial notice bears the burden of persuading the court that the particular fact[s are] not reasonably subject to dispute and [are] capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned." *Harrison v. Milligan*, No. C 09–4665 SI (pr), 2012 WL 1835428, at *1 (N.D. Cal. May 21, 2012); *see also* Fed. R. Evid. 201(b)(2). Judicial notice here is not appropriate.

14

15

16

17

Tata makes no effort to satisfy its burden. It does not identify which portions of the two documents establish undisputed facts for which judicial notice can be taken.  Rule 201 does not envision the application of judicial notice to entire documents. *See Harrison*, 2012 WL 1835428, at *1.

18

19

20

21

22

23

24

25

26

Further, Tata's citation to these materials in its summary judgment brief demonstrates that they are reasonably subject to dispute. Tata cites the EEOC Enforcement Guidance for the proposition that "[t]he EEOC mandates that such agreements must be read consistently with the purposes of Title VII." Tata's Mot. for Summ. J. at 10 (Dkt. #106) (referring to the General Agreement on Trade in Services ("GATS")). But GATS is not referenced in the EEOC Enforcement Guidance and is otherwise irrelevant to this case. Indeed, by its very terms, GATS does not apply "to the movement of all categories of natural persons supplying services under the Agreement." GATS Annex on Movement of Natural Persons ¶¶ 1-4, available at https://www.wto.org/english/docs_e/legal_e/26-gats.pdf. Further, "Congress explicitly stated that

27

28

CORRECTED PLAINTIFFS' OPPOSITION TO TATA'S REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:15-CV-01696-YGR

1   '[n]o provision of [GATS], nor the application of any such provision to any person or circumstance,

2   that is inconsistent with any law of the United States shall have effect.'" *United States v. Lombardo*,

3   639 F. Supp. 2d 1271, 1287, 89 (D. Utah 2007) (quoting 19 U.S.C. § 3512(a)(1)). Thus, given the

4   irrelevance of GATS to this case, the EEOC Enforcement Guidance is correct in its suggestion that

5   Tata's discriminatory scheme is actionable under Title VII: "[i]t is well settled that, absent

6   constraints imposed by treaty or by binding international agreement, Title VII applies to a foreign

7   employer when it discriminates within the United States." *See* EEOC Enforcement Guidance at 6

8   (Dkt. #107-1)

9       Similarly, Tata cites the administrative complaint for the proposition that "more than 70% of

10   applicants for software engineering positions at a Palo Alto employer were Asian." Tata's Mot. for

11   Summ. J. at 11-12 (Dkt. #106). But complaints contain allegations, not facts. *See* Fed. R. Civ. P.

12   8(a)-(b). While the Court "may take judicial notice of 'matters of public record[,]'" it may not take

13   judicial notice of "*disputed* facts stated in public records." *Lee v. City of L.A.*, 250 F.3d 668, 689-90

14   (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). The

15   veracity of these statistics has not been tested, nor proven. Accordingly, the accuracy of this

16   document "can[] reasonably be questioned," Fed. R. Evid. 201(b)(2), which merits a denial of

17   Tata's request. *See Wilkins*, 455 F.Supp.2d at 1101 (denying request for judicial notice when "the

18   Court cannot easily confirm the truth or accuracy of the [facts]"). Moreover, the facts cited in the

19   complaint are irrelevant, as this case is involves nationwide discrimination in favor of *South* Asians,

20   and against non-South Asians, not discrimination for or against *Asians* in Palo Alto. *See Ruiz v. City

21   of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice of

22   documents that were irrelevant to the issue pending before the court).

23       For the foregoing reasons, Plaintiffs respectfully request the Court deny Tata's Request for

24   Judicial Notice.

25

26

27                                                    3

28

Dated: March 7, 2017

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low, SBN 218387
Michael von Klemperer (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dkotchen@kotchen.com;
dlow@kotchen.com;
mvk@kotchen.com

Michael F. Brown (*pro hac vice* forthcoming)
**DVG LAW PARTNER LLC**
P.O. Box 645
Neenah, WI 54957
920-238-6781
920-273-6177 (fax)
mbrown@dvglawpartner.com

Steven Tidrick, SBN 224760
Joel Young, SBN 236662
**The Tidrick Law Firm**
2039 Shattuck Avenue #308
Berkeley, CA 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

*Attorneys for all Plaintiffs Buchanan, Slaight, Webber, Masoudi, and Mandili*

4

CORRECTED PLAINTIFFS' OPPOSITION TO TATA'S REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:15-CV-01696-YGR

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on March 7, 2017.

Dated: March 7, 2017                                          /s/Daniel Kotchen
                                                                      Daniel Kotchen

CORRECTED PLAINTIFFS' OPPOSITION TO TATA'S REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:15-CV-01696-YGR