MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
LAURA A. WYTSMA (SBN 189527)
lwytsma@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**NOTICE OF LODGING OF EXCERPTS OF DEPOSITION TESTIMONY OF DAVID NEUMARK AND DWIGHT GIOVANNI**<br><br>Date: May 16, 2017<br>Time: 2:00 p.m.<br>Loc.: Courtroom 1, 4th Flr., Oakland<br><br>Complaint Filed: April 14, 2015 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

NOTICE OF LODGING OF EXCERPTS OF
DEPOSITION TRANSCRIPTS
CASE No. 4:15-cv-01696-YGR

1  Defendant's hereby lodge: (1) excerpts of deposition testimony of plaintiffs' Expert
2  David Neumark, Ph.D., supplementing Exhibit A to the Declaration of Patrick Downes[1]
3  [Docket No. 125-1.]; and (2) excerpts from the certified deposition transcript of Gwight
4  Giovanni, which was not available as of the filing date of TCS's Opposition to plaintiffs'
5  Motion for Class Certification (the "Opposition") [Docket No. 127.].  The Opposition
6  references Mr. Giovanni's rough deposition transcript and the corresponding cites to the
7  certified, final transcript are as follows:

| **Cites to Giovanni Rough Deposition Transcript Referenced in Opposition to Motion for Class Certification** | **Corresponding Giovanni Deposition Testimony from Certified Transcript** |
|---|---|
| 174:11 – 175:8; Opposition, pp. 23:28 – 24:2. | 180:7 – 181:4. |

Dated:   March  24, 2017    LOEB & LOEB LLP
                            MICHELLE M. LA MAR
                            LAURA A. WYTSMA
                            PATRICK N. DOWNES
                            ERIN M. SMITH

                            By: /s/ Erin M. Smith
                               Erin M. Smith
                               Attorneys for Defendant
                               TATA CONSULTANCY SERVICES, LTD

---

[1] A few excerpts of David Nuemark's deposition transcript were inadvertently omitted from Exhibit A to the Downes Declaration [Docket No. 125-1].

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2

NOTICE OF LODGING OF EXCERPTS OF
DEPOSITION TRANSCRIPTS
CASE NO. 4:15-cv-01696-YGR

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing: Notice of Lodging was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on March 24, 2017.

Dated: March 24, 2017            /s/ *Erin M. Smith*
                                 Erin M. Smith

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

3

NOTICE OF LODGING OF EXCERPTS OF
DEPOSITION TRANSCRIPTS
Case No. 4:15-cv-01696-YGR

# LODGMENT 1

*Deposition Testimony of Plaintiffs' Expert David Neumark, Ph.D.*

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3                        OAKLAND DIVISION

 4

 5   STEVEN HELDT, BRIAN          )
     BUCHANAN and CHRISTOPHER     )
 6   SLAIGHT,                     )
                                  )
 7              Plaintiffs,       )
                                  )
 8       vs.                      )  Case No.
                                  )  4:15-cv-01696-YGR
 9   TATA CONSULTANCY SERVICES,   )
     LTD.,                        )  Volume I
10                                )
                Defendants.       )
11   _____)

12

13

14


15       VIDEOTAPED DEPOSITION OF DAVID NEUMARK, Ph.D.

16                     Irvine, California

17                 Wednesday, March 15, 2017

18

19

20

21

22

23

24   Reported by:  Mary K. Medley
                   CSR No. 9557
25   NDS Job No.:  190350
```

                                                                1

David Neumark, Ph.D.                                               March 15, 2017

```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3                         OAKLAND DIVISION

 4

 5   STEVEN HELDT, BRIAN          )
     BUCHANAN and CHRISTOPHER     )
 6   SLAIGHT,                     )
                                  )
 7              Plaintiffs,       )
                                  )
 8      vs.                       )  Case No.
                                  )  4:15-cv-01696-YGR
 9   TATA CONSULTANCY SERVICES,   )
     LTD.,                        )  Volume I
10                                )
                Defendants.       )
11   _____)

12

13

14

15      VIDEOTAPED DEPOSITION OF DAVID NEUMARK, Ph.D.,

16      taken on behalf of the Defendant, at 9210 Irvine

17      Center Drive, Irvine, California, beginning at

18      9:20 a.m. and ending at 3:08 p.m., on Wednesday,

19      March 15, 2017, before Mary K. Medley, CSR No.

20      9557.

21

22

23

24

25
```
                                                                            2

```
 1    APPEARANCES:

 2

 3    For the Plaintiffs and The Witness:

 4         KOTCHEN & LOW, LLP
           BY:  DANIEL A. KOTCHEN, ESQ.
 5         1745 Kalorama Road NW, Suite 101
           Washington, D.C. 20009
 6         (202) 468-4014
           dkotchen@kotchen.com
 7

 8    For the Defendant:

 9         LOEB & LOEB, LLP
           BY:  PATRICK N. DOWNES, ESQ.
10              BERNARD R. GIVEN, II, ESQ.
           10100 Santa Monica Boulevard, Suite 2200
11         Los Angeles, California 90067
           (310) 282-2000
12         pdownes@loeb.com
           bgiven@loeb.com
13

14    Also Present:

15         KIRILL DAVIDOFF, The Videographer

16         G. EDWARD ANDERSON, Ph.D.

17

18

19

20

21

22

23

24

25
```

```
 1                              INDEX

 2   WITNESS                                              PAGE

 3   DAVID NEUMARK, Ph.D.

 4         Examination by Mr. Downes                         6

 5


 6                            EXHIBITS

 7   MARKED              DESCRIPTION                      PAGE

 8   Exhibit 1    Expert Report of David Neumark             8

 9   Exhibit 2    University of California,                 74
                  Irvine, documents
10
     Exhibit 3    Document entitled "Detecting             107
11                Discrimination In Audit And
                  Correspondence Studies"
12
     Exhibit 4    Expert Report of David Neumark,          120
13                Errata

14   Exhibit 5    Document entitled "Workplace             121
                  Segregation In The United States:
15                Race, Ethnicity, And Skill"

16   Exhibit 6    Plaintiffs' Notice Of Motion             140
                  And Motion For Class
17                Certification

18

19                    QUESTIONS WITNESS

20               INSTRUCTED NOT TO ANSWER

21                          (None)

22

23                   INFORMATION REQUESTED

24                          (None)

25
                                                                4
```

```
 1   them and their workplaces and, you know, outcomes.        09:32
 2   We typically would never have -- never?  We
 3   typically wouldn't have something like the identity
 4   of the managers making decisions identified in the
 5   data --                                                   09:32
 6       Q.   Okay.
 7       A.   -- nor would we know anything about what
 8   made them tick.
 9       Q.   Is one of the practices -- Do you
10   understand one of the practices of alleged              09:32
11   discrimination by Tata its use of what I'll call
12   deputees?
13       A.   So I know they -- I know they bring in
14   workers on visas, which I think is, more or less --
15       Q.   That's right, for --                             09:33
16       A.   -- more or less, the same thing.
17       Q.   Let's say, for the purposes of today, when
18   I say, "deputees," I mean what you just said,
19   bringing in workers on visas.
20       A.   Right.                                           09:33
21            So I -- That's -- Best of my understanding,
22   this may be a legal issue, but that per se is not a
23   discriminatory practice.  That's not -- as far as I
24   know, not an issue here, at least I haven't been
25   asked to look at that specifically.                       09:33
```

16

```
 1   know what the process is.  You know, if they send           11:05
 2   them back and they're terminated the next day, I
 3   could think this is some sort of subterfuge, I'm not
 4   sure what for exactly.
 5           So, you know, I -- I'm not sure what                 11:06
 6   scenario I want to be envisioning here.
 7           I'm also -- I -- Also, I have no -- I have
 8   no basis for thinking that actually happens in the
 9   data.  Maybe it does, I -- Again, I'm telling you
10   what I see in the data.                                     11:06
11       Q.  If the data doesn't record the termination
12   of deputees, you would have to redo your analysis in
13   paragraph 7 and paragraph 8; correct?
14       A.  Well, if you're telling me, okay, without
15   regard to where it happened, but if you're simply --        11:06
16   so let's start with the simpler question.  If you're
17   telling me people who were involuntarily terminated
18   deputees or South Asians actually were terminated,
19   then the data are wrong.  So, clearly, in that case,
20   I would have to.                                            11:06
21       Q.  Okay.  Is there anything left that you're
22   planning to do on this case?
23       MR. KOTCHEN:  Objection.  Calls for -- calls for
24   speculation.  It calls him to predict the future.
25       MR. DOWNES:  No, no, I just want to know right          11:07
```

                                                                      72

1                    PENALTY OF PERJURY CERTIFICATE

2

3         I hereby declare I am the witness in the within

4    matter, that I have read the foregoing transcript and

5    know the contents thereof; that I declare that the same

6    is true to my knowledge, except as to the matters which

7    are therein stated upon my information or belief, and as

8    to those matters, I believe them to be true.

9         I declare being aware of the penalties of perjury,

10   that the foregoing answers are true and correct.

11

12

13

14

15        Executed on the _____ day of _____, ____,

16   at _____, _____.

17             (CITY)                    (STATE)

18

19

20

21            _____

22                     DAVID NEUMARK, Ph.D.

23

24

25

168

# LODGMENT 2

*Deposition Testimony of Dwight Giovanni*

```
 1                UNITED STATES DISTRICT COURT

 2               NORTHERN DISTRICT OF CALIFORNIA

 3                      OAKLAND DIVISION

 4

 5   STEVEN HELDT, BRIAN         )
     BUCHANAN and CHRISTOPHER    )
 6   SLAIGHT,                    )
                                 )
 7              Plaintiffs,      )
                                 )
 8      vs.                      ) Case No.
                                 ) 4:15-cv-01696-YGR
 9   TATA CONSULTANCY SERVICES,  )
     LTD.,                       ) Volume I
10                               )
                Defendants.      )
11   _____)

12

13

14       - CONFIDENTIAL - ATTORNEYS' EYES ONLY -

15

16      VIDEOTAPED DEPOSITION OF DWIGHT GIOVANNI

17             Raleigh, North Carolina

18            Wednesday, March 15, 2017

19

20

21

22

23

24   Reported by:  M. Dawn Eddinger

25   NDS Job No.:  190457
                                                        1
```

```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                      OAKLAND DIVISION
 4
 5   STEVEN HELDT, BRIAN          )
     BUCHANAN and CHRISTOPHER     )
 6   SLAIGHT,                     )
                                  )
 7             Plaintiffs,        )
                                  )
 8       vs.                      ) Case No.
                                  ) 4:15-cv-01696-YGR
 9   TATA CONSULTANCY SERVICES,   )
     LTD.,                        ) Volume I
10                                )
               Defendants.        )
11   _____)
12
13
14
15       VIDEOTAPED DEPOSITION OF DWIGHT GIOVANNI,
16    the witness, taken on behalf of the Defendant,
17    on Wednesday, March 15, 2017, commencing at
18    1:18 p.m., at 3737 Glenwood Avenue, Suite 100,
19    Raleigh, North Carolina, before M. Dawn
20    Eddinger, Court Reporter and Notary Public.
21
22
23
24
25
                                                    2
```

```
 1    APPEARANCES OF COUNSEL:

 2


 3    On behalf of the Plaintiffs (appearing via
      videoconference):
 4
              KOTCHEN & LOW, LLP
 5            BY:  MICHAEL VON KLEMPERER, ESQ.
                   LINDSEY GRUNERT, ESQ.
 6            1745 Kalorama Road NW
              Suite 101
 7            Washington, D.C. 20009
              (202) 468-4014
 8


 9


10    On behalf of the Defendant (appearing via
      videoconference):
11
              LOEB & LOEB, LLP
12            BY:  LAURA WYTSMA, ESQ.
                   DIMITRY KROL, ESQ.
13                 ERIN M. SMITH, ESQ.
              10100 Santa Monica Boulevard
14            Suite 2200
              Los Angeles, California 90067
15            (310) 282-2000


16


17    Also Present:

18            DAVID SEVERANCE, The Videographer

19

20

21

22

23

24

25
                                                    3
```

```
 1                        EXHIBITS

 2

 3    WITNESS

 4    DWIGHT GIOVANNI

 5    EXAMINATION                                         PAGE

 6          by Ms. Wytsma                                 7, 189

 7          by Mr. von Klemperer                          182

 8

 9

10                        EXHIBITS

11    MARKED              DESCRIPTION                    PAGE

12    Exhibit 1    Resume of Dwight Giovanni              34

13    Exhibit 2    Letter dated January 15, 2015,         39
                   from Mr. Srinivasan to Dwight
14                 Giovannni

15    Exhibit 3    Subpoena to Testify at a Deposition   114
                   in a Civil Action
16
      Exhibit 4    Offer letter dated January 15, 2015   131
17
      Exhibit 5    Employment Application                124
18
      Exhibit 6    Declaration of Dwight Giovanni        135
19

20

21

22

23

24

25
                                                              4
```

```
 1        to get back on the record before you ask
 2        me a question.
 3              THE VIDEOGRAPHER:  Never went off.
 4              THE WITNESS:  Oh, okay.  We're not
 5        off the record, he said.  Go ahead.
 6    BY MS. WYTSMA:
 7    Q.  Mr. Giovanni, have you made any decision
 8        as to whether to pursue legal action
 9        against TCS based on the allegations that
10        you raised in your declaration?
11              THE WITNESS:  Counsel?
12              MR. VON KLEMPERER:  You can answer
13        yes or no.
14    A.  Yes.
15    Q.  And what is that decision?
16    A.  I answered your question.
17    Q.  So this -- you -- yes, you do intend to
18        pursue legal action against TCS; is that
19        correct?
20    A.  That is correct.
21    Q.  And that's based on the assertions that
22        are contained in your declaration marked
23        as Exhibit 6; is that correct?
24              THE WITNESS:  Counsel?
25              MR. VON KLEMPERER:  Objection.
```

180

```
 1         Calls for a legal conclusion.
 2              THE WITNESS:  Thank you.
 3    Q.   Is that correct?
 4    A.   That is correct.
 5    Q.   And do you believe that your declaration
 6         contains a complete and accurate statement
 7         of the ways in which you believe TCS
 8         treated you unfairly or in a different
 9         manner based on -- race or national
10         origin?
11    A.   Yes.
12              MR. VON KLEMPERER:  Objection.
13         Calls for a legal conclusion.
14              THE WITNESS:  Thank you.
15              MR. VON KLEMPERER:  You can
16         answer.
17    A.   Yes.
18              MS. WYTSMA:  I think your counsel
19         has a few follow-up questions, but I
20         appreciate your time and your patience
21         today.  Thank you.
22              THE WITNESS:  No problem.
23              MR. VON KLEMPERER:  Okay,
24         Mr. Giovanni.  I just have a few
25         questions.
```

181

```
 1                PENALTY OF PERJURY CERTIFICATE

 2


 3          I hereby declare I am the witness in the within

 4     matter, that I have read the foregoing transcript and

 5     know the contents thereof; that I declare that the same

 6     is true to my knowledge, except as to the matters which

 7     are therein stated upon my information or belief, and as

 8     to those matters, I believe them to be true.

 9          I declare being aware of the penalties of perjury,

10     that the foregoing answers are true and correct.

11


12


13


14


15          Executed on the _____ day of _____, ____,

16     at _____, _____.

17               (CITY)                    (STATE)

18


19


20


21              _____

22                         DWIGHT GIOVANNI

23


24


25

                                                              195
```

```
1                    CERTIFICATE

2        State of North Carolina
         County of Wake
3
         I, M. Dawn Eddinger, a notary public in
4        and for the State of North Carolina, do
         hereby certify that there came before me
5        on the 15th day of March, 2017, the person
         hereinbefore named, who was by me duly
6        sworn to testify to the truth and nothing
         but the truth of his knowledge concerning
7        the matters in controversy in this cause;
         that the witness was thereupon examined
8        under oath, the examination reduced to
         typewriting.
9
         I further certify that I am not counsel
10       for, nor in the employment of any of the
         parties to this action; that I am not
11       related by blood or marriage to any of the
         parties, nor am I interested, either
12       directly or indirectly, in the results of
         this action.
13
         In witness whereof, I have hereto set my
14       hand, this the 24th day of March, 2017.

15

16

17
         M. Dawn Eddinger
18       Notary Public

19

20

21

22

23

24

25
                                                    196
```