| | |
|---|---|
| Daniel Low, SBN 218387<br>Daniel Kotchen (*pro hac vice*)<br>Michael von Klemperer (*pro hac vice*)<br>**KOTCHEN & LOW LLP**<br>1745 Kalorama Road NW, Suite 101<br>Washington, DC 20009<br>Telephone: (202) 471-1995<br>E-mail:  dlow@kotchen.com;<br>E-mail:  dkotchen@kotchen.com;<br>E-mail:  mvk@kotchen.com<br><br>Attorneys for Buchanan, Slaight,<br>Webber, Masoudi, and Mandili | MICHELLE M. LA MAR (SBN 163038)<br>mlamar@loeb.com<br>LAURA A. WYTSMA (SBN 189527)<br>lwytsma@loeb.com<br>PATRICK N. DOWNES (SBN 186461)<br>pdownes@loeb.com<br>ERIN M. SMITH (SBN 235039)<br>esmith@loeb.com<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA  90067<br>Telephone: 310.282.2000<br>Facsimile: 310.282.2200<br><br>Attorneys for Defendant<br>TATA CONSULTANCY SERVICES, LTD. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT<br><br>                    Plaintiffs,<br><br>     v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br>                    Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>**DISCOVERY JOINT LETTER BRIEF**<br><br>Complaint Filed:  April 14, 2015 |

Dear Judge Gonzalez Rogers:

Pursuant to ¶ 8 of Judge Gonzalez Roger's Standing Order, Plaintiffs seek an order striking Tata's expert reports, and compelling the deposition of a witness prior to Plaintiffs' class certification reply filing deadline to address issues raised in the declaration of Michelle La Mar, submitted with Tata's class certification opposition.[1]

A. <u>Motion to Strike Tata's Expert Reports Per Fed. R. Civ. P. 37(c)</u>

Tata's expert declarations, filed in support of their opposition to Plaintiffs' motion for class certification (and motion to exclude the testimony of Dr. Neumark), rely extensively on critical employee data that was not disclosed in Tata's initial disclosures (or any supplement), and not produced to Plaintiffs until between January 17 and February 9, 2017 – shortly before Plaintiffs' class certification brief was due – despite being responsive to discovery requests issued in August 2015.[2] Def.'s Init. Discs. (Ex. 1); Pls.' 1st Set of Rogs at 3 (Ex. 2); Pls.' 1st Set of RFP at RFP 4, 6, 8, 10, 16 (Ex. 3); Dkt. #146 at 2; Dkt. #96.[3] This data was completely new to Plaintiffs. *Compare* Dkt. #96-2 at 1-2 (2015 data containing only employee number, nationality, and EEO-1 data), *with id.* at 9-12 (2017 data including additional fields for employee name, type (*i.e.* local or expat), base branch, location of hire, visa status, separation type, and reason for separation); *see also* Dkt. #157-2. Concerned about the disclosure of new data in January 2017, Plaintiffs noticed a Rule 30(b)(6) deposition to understand Tata's newly-produced data, which they took on January 25, 2017. Dkt. #146-1. Tata waited until after this deposition to produce its employee allocation/unallocation data. Despite repeated follow-ups, Tata has refused to explain the data fields and codes contained in this data. Dkt. #146 at 2; Dtk. #146-3; Dkt. #146-4. Then, on March 22, Tata produced additional applicant data related to its SCE client project. Tata's experts rely heavily on Tata's recently-produced data and incorporate the data into almost 30 separate analyses (the vast majority of their analyses) and throughout their reports. *See, e.g.*, Dkt. #128 at Figs. 1, 2A-2C, 3, 5-7, Attach. 3; Dkt. #129 at Tables 1-7, 14-23, 25 & App. Tables 1-3, 4.1-4.2; Dkt. #125-1 (Ex. D) (same)).

At the outset of a case, and "without awaiting a discovery request," a party must disclose "all documents [and] electronically stored information … that the disclosing party … may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). These disclosures must be promptly supplemented if incomplete. Fed. R. Civ. P. 26(e). A party who fails to disclose information, as required by Rule 26(a) and (e), "is not allowed to use that information … on a motion, at a hearing, or at trial[.]" Fed. R. Civ. P. 37(c)(1). Pursuant to Rule 37(c), exclusion of this information is mandatory. *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009). The burden is on the party facing Rule 37(c)(1) sanctions to prove harmlessness. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008).

Having failed to disclose the January, February, or March data on its initial disclosures (or any supplement), or to timely produce it despite being responsive to Plaintiffs' discovery requests, exclusion of the evidence is mandatory, and Tata's expert reports should likewise be struck.

---

[1] Given the time sensitive nature of this dispute (in light of April 3 and 10 briefing deadlines), the parties met and conferred by telephone on March 27.
[2] This data was compiled in September or October 2016. Dkt. #104-5 at 25:8-26:20, 30:23-31:4.
[3] Despite repeated inquiries from Plaintiffs, Tata repeatedly assured Plaintiffs that data of this sort did not exist (thus precluding Plaintiffs from moving to compel its production earlier). Dkt. #96 at 1.

Plaintiffs have been substantially prejudiced by Tata's conduct. For example, prior to moving for class certification, Tata failed to disclose to Plaintiffs a complete data set of the hiring, promotion, and termination of employees who worked in the U.S. This limited the scope of class certification – *e.g.*, Plaintiffs could not move for a promotions class, as promotions data was withheld. In addition, Plaintiffs were denied an opportunity to take follow-up discovery regarding the data (to fully understand it) prior to briefing class certification, and now face baseless criticisms of Plaintiffs' expert's analysis for failure to analyze the newly-produced data. Tata's conduct here mirrors its conduct in another ongoing matter, in which the court found Tata's discovery conduct "horrific[,]" and replete with "repeated failures by [Tata] to meet their discovery obligations timely[,]" and "suppressions of 'the truth[.]'" Dkt. #146-5 at 2, 4, 5 (Tata's "'cooperation in discovery in this case has been far below the standard expected by this court and the Rules of Civil Procedure, in terms of timeliness, due diligence and scope of production'") (quoting Dkt. #146-7 at 1).

B. <u>Motion to Compel Deposition of Witness To Address La Mar Decl. Per Fed. R. Civ. P. 37(a)</u>

In Plaintiffs' motion for class certification, Plaintiffs outline Tata's discovery misconduct in this case, including its withholding of critical documents and data until shortly before Plaintiffs' class certification brief was due (and too late for Plaintiffs to move for summary judgment). Dkt. #115 at 12-13.[4] In opposing Plaintiffs' motion, Tata submitted a lengthy declaration from Michelle La Mar, in which she purports to discuss the reasonableness of Tata's discovery conduct in this case. Dkt. #139. Beginning "if called and sworn as a witness, [I] could and would competently testify[,]" *id.* ¶ 1, the declaration states that Plaintiffs' characterization of the course of discovery in this case is "misleading[.]" *Id.* ¶ 7. The declaration then selectively discloses when Tata took certain steps in discovery and what information was collected. *Id.* ¶¶ 12, 13, 17. Plaintiffs promptly noticed a deposition of Ms. La Mar to address the contents of her declaration (Ex. 4), but informed Tata that they would be willing to depose any witness who could testify to the declaration's contents.

Given the contents of her declaration, Plaintiffs seek to question Ms. La Mar (or another witness) regarding Tata's own communications concerning what data to collect and produce in discovery, the substance and timing of Tata's collection and production efforts, and its decisions to produce or withhold data. Plaintiffs believe this testimony will reveal Tata's bad faith discovery conduct in this case (including the strategic withholding of critical data to obtain a procedural advantage in the case, including its decision to produce employee data shortly before, and after, Plaintiffs' class certification briefing deadline, and the fact that it continues to withhold relevant data).

Tata objects to a deposition on the basis of privilege. But a party may not use privilege "'both as a sword and shield.'" *Rock River Commc'ns v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2013) (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)). "A party who affirmatively places its attorney-client communications at issue in a litigation implicitly waives the privilege." *Id.* Likewise, the work-product doctrine is waived where a party provides testimony concerning covered matters. *United States v. Nobles*, 422 U.S. 225, 239-40 & n.14 (1975) (holding that party cannot use work-product materials for its own benefit, while still maintaining work-product protection – where "counsel attempts to make a testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination");

---

[4] *See also* Dkt. #96; Dkt. #104 at 1-3; Dkt. #114 at 6-8; Dkt. #121 at 7-8; Dkt. #146 at 2-3.

*Hernandez*, 604 F.3d at 1100.[5]

Having provided a one-sided account of Tata's discovery conduct through Ms. Lar Mar's declaration, Tata now seeks to avoid having that testimony cross-examined. This is wholly inappropriate. To the extent any privilege existed regarding Tata's discovery conduct, that privilege has been waived.[6]

### TCS' Position

The motions contemplated by plaintiffs both arise out of (unfounded) accusations of discovery misconduct that were briefed in an administrative motion on March 23, 2017. ECF No. 146. On March 29, 2017, this Court referred plaintiffs' administrative motion to Magistrate Judge Sallie Kim, who promptly set a supplemental briefing schedule and ordered a discovery hearing on April 6, 2017. ECF Nos. 159-160. TCS maintains that the issues addressed in this letter should be submitted to Judge Kim in conjunction with the briefing schedule she has set. Plaintiffs disagree. TCS therefore submits this abbreviated response to the matters raised by plaintiffs, reserving its right to submit a more comprehensive opposition as directed by this Court or Judge Kim.

### Motion to Strike TCS' Expert Reports

Plaintiffs' request to strike TCS' expert reports is without merit. TCS timely complied with its initial disclosure obligations, including by providing items to plaintiffs throughout the course of this litigation that were not even requested by them in discovery. Plaintiffs have now taken ten separate depositions pursuant to Rule 30(b)(6) relating to, among other things, documents and records maintained by TCS. The first round of 30(b)(6) depositions took place in early-2016, and the second round proceeded in early-2017. Following each round of depositions, plaintiffs requested items that were identified by the witnesses who were deposed. TCS promptly provided such items.

None of the data that plaintiffs complain about is anything which should have been provided earlier pursuant to initial disclosures or a request for production of documents. TCS will address the specifics of each production in accordance with the briefing schedule set by the Magistrate. However, much of this data was identified in manuals (extensively quoted by plaintiffs) and other records produced in 2016, or contained in email boxes that were produced earlier in the case.

In summary, plaintiffs have not and cannot identify a single request for production or deposition question which was not answered fully and timely, and have provided no basis for TCS' expert reports to be excluded. TCS welcomes a telephonic conference on this point. If plaintiffs require more time to prepare their reply brief, TCS does not oppose that request, provided that it has the opportunity to file a sur-reply with respect to any new matter raised by plaintiffs or their expert. In fact, one of TCS' expert witnesses is not available for his deposition until April 14, 2017, due to

---

[5] Tata's reliance on *Shelton v. Am. Motors Corp.*, is misplaced, as that case did not involve privilege waiver. *See infra* (citing 805 F.2d 1323 (8th Cir. 1986)). In contrast, here, counsel *has already given testimony*, but is attempting to avoid cross examination under the shield of privilege.

[6] With respect to an investigation involving Ms. La Mar's representation of Tata, Tata was sanctioned for the "'disingenuous assertion of a privilege that never had a basis in law or fact[.]'" Dkt. #146-5 at 3 (quoting Dkt. #146-6 at 6-7).

planned travel and appearing before Congress.

### Deposition of Michelle La Mar

Plaintiffs' attempt to depose Ms. La Mar is absurd and harassing.

Ms. La Mar's declaration merely (1) authenticates deposition excerpts, (2) provides a timeline with respect to when depositions were taken in this case, and (3) provides the date of production and a description of items produced.  The declaration was necessary in order to rebut demonstrably false assertions raised by plaintiffs in their motion for class certification.  It is of course completely standard for counsel to submit declarations in connection with discovery disputes—a fact which is readily confirmed by Judge Kim's order which encourages the parties to submit short declarations in connection with their supplemental briefs relating to the discovery matters she will soon hear.

Ms. La Mar is presumptively entitled to a protective order that her deposition not occur. Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); see also Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide:  Federal Civil Procedure Before Trial, § 11:1142, p. 11-176 (Rutter 2017).  To overcome this presumption, plaintiffs must show not only that Ms. La Mar has relevant, non-privileged information, but that she has information that is "crucial" and which cannot be obtained by any means other than her deposition.  Shelton,  805 F.2d at 1327 ("[c]ounsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent"). Here, in stark contrast, plaintiffs' counsel have not articulated any factual basis for satisfying this rigorous standard, and none exists.  The only reason given by plaintiffs' counsel during the meet-and-confer process for seeking to depose Ms. La Mar is that she filed a declaration (ECF No. 139) in opposition to plaintiffs' class certification motion. Indeed, plaintiffs could not specify a single, non-privileged line of inquiry that they intend to pursue at the deposition.

Further, despite plaintiffs' arguments to the contrary, Ms. La Mar has not waived the attorney-client privilege or work product protection merely by submitting her declaration.  There is no plausible interpretation of Ms. La Mar's declaration which puts attorney-client communications at issue.  Thus, plaintiffs' waiver arguments are misplaced.

Finally, plaintiffs' counsel have known for weeks that Ms. La Mar's mother suffered a fall and has been in intensive care with life-threatening injuries since February 24th.  Ms. La Mar has been out of the office since then.  To seek to depose Ms. La Mar under these circumstances, and without any showing of need, warrants sanctions.  Plaintiffs' new position that they will take the deposition of any witness who can testify to the facts in Ms. La  Mar's declaration is disingenuous.  Not only are such facts equally known to plaintiffs, but they have always been free to utilize the Rule 30(b)(6) deposition procedure to request depositions from TCS.

| | | |
|---|---|---|
| 1 | Dated: March 31, 2017 | Respectfully submitted, |
| 2 | | By: /s/Daniel Kotchen |
| | | Daniel Kotchen (*pro hac vice*) |
| 3 | | Daniel Low, SBN 218387 |
| 4 | | Michael von Klemperer (*pro hac vice*) |
| | | **KOTCHEN & LOW LLP** |
| 5 | | 1745 Kalorama Road NW, Suite 101 |
| | | Washington, DC 20009 |
| 6 | | Telephone: (202) 471-1995 |
| 7 | | Email: dkotchen@kotchen.com; |
| | | dlow@kotchen.com; |
| 8 | | mvk@kotchen.com |
| 9 | | *Attorneys for all Plaintiffs Buchanan, Slaight, Webber, Masoudi, and Mandili* |
| 10 | | |
| 11 | Dated:   March 31, 2017 | LOEB & LOEB LLP |
| | | MICHELLE M. LA MAR |
| 12 | | PATRICK N. DOWNES |
| | | LAURA A. WYTSMA |
| 13 | | ERIN M. SMITH |
| 14 | | |
| 15 | | By: /s/ Michelle M. La Mar |
| | | Michelle M. La Mar |
| 16 | | Attorneys for Defendant |
| | | TATA CONSULTANCY SERVICES, LTD. |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on March 31, 2017.

Dated: March 31, 2017                               /s/Daniel Kotchen
                                                    Daniel Kotchen