UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN BUCHANAN, et al.,

    Plaintiffs,

v.

TATA CONSULTANCY SERVICES, LTD,

    Defendant.

Case No. 15-cv-01696-YGR (SK)

**ORDER REGARDING DISCOVERY AND REPORT AND RECOMMENDATION**

Regarding Docket Nos. 146, 156, 157, 162, 164, 171

Before the Court are several requests by Plaintiffs in this action, after referral from the District Court: (1) to extend the time in which to complete the motion for class certification (Dkt. 115) and change the schedule regarding motion(s) for summary judgment (Dkt. 106), (2) to force Defendant Tata Consultancy Services, Ltd. ("Defendant") to answer questions informally about documents that Defendant produced in January and February of 2017, (3) to require a third party to gather and secure data from Defendant.

The Court rules as follows and recommends that the District Court alter the pending schedule as follows:

(1) This Court RECOMMENDS that the District Court alter the pending schedule for class certification. (Dkt. 115.) Currently, Plaintiffs are required to file a reply memorandum in support of their motion for class certification, by April 10, 2017. (Dkt. 119.) This Court RECOMMENDS that the District Court allow Plaintiffs to file their reply brief in support of their pending motion for class certification by June 15, 2017. This Court also RECOMMENDS that the District Court move the currently-scheduled hearing date of May 16, 2017, for several motions (Dkts. 115, 103, and 106) be heard on either July 25, 2017 at 2:00 p.m. or at the District Court's convenience in July 2017. This

Court RECOMMENDS that the District Court allow Plaintiffs to submit a supplemental brief, not to exceed ten (10) pages, by June 15, 2017, in opposition to Defendant's pending motion for summary judgment, not to exceed five (5) pages and that the District Court allow Defendant to file a supplemental brief in reply in support of Defendant's motion for summary judgment by June 29, 2017.

(2) The request to force Defendant to answer questions informally about documents that Defendant produced in January and February of 2017 is DENIED.

(3) The request to appoint a third party to gather and secure data from Defendant is DENIED.

This Court rules, however, that Plaintiffs are authorized to take another Rule 30(b)(6) deposition of Defendant regarding the reports that that Defendant produced in January and February of 2017 and listed in Plaintiffs' Supplemental Discovery Brief (Dkt. 164.) That deposition must take place within 30 days of this Order.

Plaintiffs may also take another half day of deposition for each of Defendant's expert witnesses who submitted a report in opposition to the pending motion for class certification. Those depositions must take place within 45 days of this Order. Plaintiffs may take those depositions after the Rule 30(b)(6) deposition noted above.

This Court finds that there is good cause for allowing additional discovery and additional briefing on pending motions because Defendant produced a significant number of new reports after Plaintiffs took the Rule 30(b)(6) deposition of the Defendant regarding its records. Defendant claims that it provided the same data to Plaintiffs in separate formats and that, for the most part, Defendant merely re-formatted existing data that had already been provided to Plaintiff. This Court has read closely all of the documents that Defendant submitted for this motion and cannot determine that the data provided in the reports that that Defendant produced in January and February of 2017 were included in previously-produced documents.

After the District Court referred matters in the original discovery dispute to this Court (Dkts. 146, 156, and 157), the parties submitted an additional letter brief to the District Court on a related discovery matter on March 31, 2017. (Dkt. 162.) In that letter brief, Plaintiffs moved to

1  strike the reports of Defendant's expert witnesses that were submitted in opposition to the pending
2  motion for class certification and moved to compel the deposition of Michelle La Mar,
3  Defendant's counsel in this case.  The underlying reasons for Plaintiffs' request are the same as
4  underlying the discovery dispute above – i.e., Plaintiffs' concerns that Defendant produced reports
5  in January and February 2017 with new data that had not been previously produced.  Plaintiffs
6  assert that Defendant's expert witnesses relied upon those new reports and thus that Plaintiffs were
7  not able to understand or attack those expert witnesses' reports.  Plaintiffs also assert the need to
8  depose Ms. La Mar to understand how Defendant gathered data and how Defendant generated the
9  reports produced in January and February 2017.  The parties disagreed whether this Court should
10 determine the issues raised in that letter brief.  Since the March 29, 2017 order referring the
11 original discovery disputes to this Court discusses in specific terms the urgency of Plaintiffs'
12 request and the District "Court's upcoming lack of availability," (Dkt. 159), this Court addressed
13 the issues raised in the letter brief of March 31, 2017 at the hearing set for the other matters on
14 April 6, 2017.  At that April 6 hearing, this Court informed the parties that exclusion of reports by
15 expert witnesses and depositions of counsel in a case are drastic remedies, this Court would deny
16 them.  Since there is a dispute about the jurisdiction over the March 31 letter brief, this Court
17 provides an advisory opinion.  This Court RECOMMENDS that the District Court DENY the
18 motion to strike the reports of Defendant's expert witness and that the District Court DENY the
19 motion to compel the deposition of Ms. La Mar.  This Court has fashioned a remedy to address
20 any late-produced reports above, and these drastic remedies that Plaintiffs seek are unnecessary
21 and premature.

Finally, this Court notes that Plaintiffs cited to a case in another district in which
22 Defendant was sanctioned heavily for abuses in the process of discovery.  This Court has ignored
23 that information.  For the same reason that Federal Rule of Evidence 404 prohibits use of a
24 "wrong" or "other act" to prove that a person acted in accordance on a particular occasion, this
25 Court excludes that type of information in this case.  Injecting that type of accusation in this case
26 merely raises the level of hostility and distracts the Court's attention from the key matters:  the
27 discovery in this case.
28

1  **IT IS SO ORDERED**.

2  Dated:  April 7, 2017



_____
SALLIE KIM
United States Magistrate Judge