UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEVEN HELDT, BRIAN BUCHANAN, and CHRISTOPHER SLAIGHT,**<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>**TATA CONSULTANCY SERVICES, LTD.**,<br><br>　　　　　Defendant. | Case No. 15-cv-1696 YGR<br><br>**ORDER DIRECTING FURTHER SUBMISSION IN SUPPORT OF ADMINISTRATIVE MOTIONS TO SEAL**<br><br>**Dkt. Nos. 112, 113, 120, 163, 169, 195, 197 and 219** |

　　　Plaintiffs have filed:

✓　an Administrative Motion To File Under Seal (Dkt. Nos. 112, 113, 120, 163, 169, 195, 197 and 219.)

____　an Administrative Motion to Remove Incorrectly Filed Document (Dkt. No. ___. )

　　　The motion does not comply with the requirement(s) of Civil Local Rule 79-5 and/or this Court's Standing Order In Civil Cases, paragraph 11, as follows:

____　seeks to remove a document from the record without making a motion to file under seal an unredacted version of the document;

____　does not include a declaration establishing that the documents sought to be filed under seal, or portions thereof, are sealable under the standard appropriate to the underlying motion. Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that documents, or portions thereof, are sealable. *See* Civ. L. R. 79-5(d)(1)(A); *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009); *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006).

\_\_\_\_  does not include proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed. *See* Civ. L. R. 79-5(d)(1)(B).

\_\_\_\_  does not include a proposed order that conforms to this Court's Standing Order in Civil Cases, paragraph 11 (as set forth in Appendix A to this Order).

\_\_\_\_  does not include redacted version of the document that is sought to be filed under seal or indicate that the submitting party is seeking to file the entire document under seal. *See* Civ. L. R. 79-5(d)(1)(C).

\_\_\_\_  does not include an unredacted version of the document sought to be filed under seal which indicates, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version. *See* Civ. L. R. 79-5(d)(1)(D).

✓  no timely declaration from the Designating Party establishing that all of the designated material is sealable. *See* Civ. L. R. 79-5(e)(1) (declaration must be provided within four (4) days of filing of the motion).

✓  does not include an *updated* proposed order reflecting only those portions for which a declaration establishing a basis for sealing has been submitted after the time has passed for the Designating Party to file its declaration under Civ. L. R. 79-5(e)(1). *See* Standing Order in Civil Cases, paragraph 11.

### ORDER

\_\_\_\_  The Motion to Remove Incorrectly Filed Document is **DENIED**. The document will remain locked on the Court's docket. [Moving Party] is directed to file a Motion To File Under Seal in accordance with the Local Rule 79-5.

✓  Designating Party is directed to file supplemental documents to cure the defects identified above no later than **August 22, 2017.** Failure to do so may result in an automatic denial of the Motion to Seal.

**IT IS SO ORDERED.**

Dated: August 15, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

# APPENDIX A

The Court's Standing Order In Civil Cases, Paragraph 11, provides:

**11.** **Motions to Seal (Civ. L. R. 79-5).** For documents submitted in connection with administrative motions to seal, parties shall provide chambers copies of the **unredacted** documents with proposed redacted material highlighted, as required Civil Local Rule 79-5(d)(1)(D), *only*. Do not submit chambers copies of the **redacted** versions of documents sought to be sealed.

When a designating party files a declaration in support of another party's motion to seal, as required by Civil Local Rule 79-5(e)(1), the designating party must indicate whether they join the administrative motion to seal in whole or in part. If the designating party narrows the submitting party's sealing request(s), the designating party must specify the requests they concede should not be granted, and submit both: (1) an unredacted version of the document highlighting the narrowed proposed redacted material, and (2) a proposed order consistent with the narrowed request(s).

Proposed orders on administrative motions to seal must conform to the following format:

| Document or Portion of Document Sought to be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| Motion at page 2, lines 10–11 | Jones Declaration ¶ 1 | |
| Motion at page 5, lines 4–17 | Jones Declaration ¶ 2 | |