MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
TERRY D. GARNETT (SBN 151212)
tgarnett@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRIAN BUCHANAN, CHRISTOPHER SLAIGHT, SEYED AMIR MASOUDI AND NOBEL MANDILI<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>CLASS ACTION<br><br>**TATA CONSULTANCY SERVICES, LTD.'S ANSWER TO FOURTH AMENDED COMPLAINT**<br><br>Action Filed:    April 14, 2015 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

## DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S ANSWER TO FOURTH AMENDED COMPLAINT

Defendant Tata Consultancy Services, Ltd. ("TCS") answers the Fourth Amended Complaint as follows:

1. Defendant admits that TCS is an Indian company but denies the remainder of the allegations in paragraph 1, inclusive of all subparts and footnotes.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3, except admits that plaintiff Slaight's employment with TCS began in June 2012 and that he was terminated.

4. Defendant denies the allegations contained in paragraph 4 as phrased, except admits that plaintiff Masoudi was released from Apple in March of 2016 and was ultimately terminated. Defendant further admits that plaintiff Mandili worked in a position servicing Microsoft in Redmond, Washington and was ultimately terminated effective February 2, 2015.

5. Defendant denies the allegations in paragraph 5, except admits that Plaintiffs purport to maintain Title VII and section 1981 claims.

6. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 6 and denies them on that basis.

7. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 7 and denies them on that basis.

8. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 8 and denies them on that basis.

9. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 9 and denies them on that basis.

10. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 10 and denies them on that basis.

11. The first sentence of paragraph 11 is a legal conclusion to which no response is required. To the extent a response is required, defendant denies the allegations.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

Defendant admits that Mr. Buchanan, Mr. Masoudi and Mr. Mandili filed administrative charges with the EEOC, but denies the remainder of the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12, except admits that it provides consulting and technology services, among other things, and that it is headquartered in Mumbai, India and has an office in Santa Clara, California.

13. Defendant states that paragraph 13 is a legal conclusion to which no response is necessary.

14. Defendant states that paragraph 14 is a legal conclusion to which no response is necessary.

15. Defendant states that paragraph 15 is a legal conclusion to which no response is necessary.

16. Defendant states that paragraph 16 is a legal conclusion for which no response is necessary.

17. Defendant states that the first through third sentences of paragraph 17 are legal conclusions to which no response is necessary except that Defendant admits it maintains an office in Santa Clara, California.  Defendant denies the allegations of the fourth sentence except that Defendant admits that Mr. Masoudi serviced Apple.  Defendant lacks sufficient information in which to admit or deny the fifth sentence and on this basis denies the allegations.  Defendant denies the allegations of the sixth sentence as phrased except that it admits Mr. Masoudi was benched and interviewed for a new position.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19, except that it denies the accuracy of the description of defendant's business services.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations of paragraph 21, and states that it lacks information sufficient to form a belief as to the truth of Plaintiffs' allegations in footnote 4 and denies them on that basis.

22. Defendant denies the allegations in paragraph 22.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

2

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25, except admits that Defendant has a unit titled Resource Management Group.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28, except admits that Defendant has a unit titled Talent Acquisition Group.

29. Defendant denies the allegations in paragraph 29 except admits, that the Talent Acquisition Group utilizes third-parties to locate available talent in the United States.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant lacks information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 32 and accompanying footnote 5 and denies the allegations on that basis.

33. Defendant lacks information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 33 and denies the allegations on that basis.

34. Defendant lacks information sufficient to form a belief as to the truth of plaintiffs' allegations in paragraph 34 and denies the allegations on that basis.

35. Defendant denies the allegations in paragraph 35.

36. Defendant lacks information sufficient to form a belief as to the truth of the Plaintiffs' allegations as to SCE's announcements and discussions with its employees and on that basis denies them. Defendant further denies the remaining allegations in paragraph 36, including footnote 6.

37. Defendant lacks information sufficient to form a belief as to the truth of the Plaintiffs' allegations as to SCE's announcements and discussions with its employees and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

3

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

on that basis denies them. Defendant further denies the remaining allegations in paragraph 37.

38. Defendant lacks information sufficient to form a belief as to the truth of the Plaintiffs' allegations as to SCE's announcements and discussions with its employees and on that basis denies them. Defendant further denies the remaining allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40 except admits that representatives from Defendant attended a job fair in or about October 2014, that Defendant had a booth at the job fair, and that Mr. Buchanan has never been hired by Defendant.

41. Defendant denies the allegations in paragraph 41, except admits that positions were available at SCE and in the United States.

42. Defendant denies the allegations in paragraph 42. Mr. Buchanan was never hired by Defendant.

43. Defendant lacks sufficient information to form a belief as to the truth of Plaintiffs' allegations in paragraph 43 with respect to Mr. Buchanan and his alleged request for an extension from SCE and on that basis denies them. Defendant denies the remaining allegations in paragraph 43.

44. Defendant lacks sufficient information to form a belief as to the truth of Plaintiffs' allegations in paragraph 44 and on that basis denies them.

45. Defendant denies the allegations in paragraph 45, except admits that Mr. Slaight began work for TCS on July 9, 2012 and underwent training in Cincinnati, Ohio and Chennai, India.

46. Defendant admits the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47, except admits that Alok Bhalla and Vignesh Ramanan were supervisors.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

4

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

48. Defendant denies the allegations of paragraph 48, except admits that Mr. Slaight was considered for a position at Bank of America.

49. Defendant denies the allegations in paragraph 49, except admits that Mr. Slaight was terminated on or about April 19, 2013.

50. Defendant lacks sufficient information to form a belief as to the truth of Plaintiffs' allegations in paragraph 50 and on that basis denies them, except Defendant admits that Mr. Masoudi was hired by Defendants.

51. Defendant lacks sufficient information to form a belief as to the truth of Plaintiffs' allegation that Mr. Masoudi relocated to Cincinnati, and on that basis denies it. Defendant admits that Mr. Masoudi was placed on the SAP Enterprise Solution Team and was supervised by Vikram Shankar. Defendant denies the remaining allegations in paragraph 51 as phrased.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53 except admits that Mr. Masoudi was not selected for a client project in November or December 2014.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant admits that Mr. Masoudi interviewed and was selected for a position servicing Apple in California, but denies the remainder of the allegations in paragraph 59 as phrased.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61 except admits that Mr. IB is of South Asian race and Indian decent.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

5

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67 except admits that Mr. Masoudi was terminated.

68. Defendant admits that Mr. Mandili started work in March 2012, servicing Microsoft in Redmond, Washington but denies the remaining allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70, except admits that Mr. Mandili was placed on the bench.

71. Defendant denies the allegations in paragraph 71, as phrased, except admits that Mr. Mandili was on the bench.

72. Defendant denies the allegations in paragraph 72 except admits that Mr. Mandili was selected for a position at Southern California Edison in Los Angeles.

73. Defendant denies the allegations in paragraph 73, as phrased except admits that Mr. Mandili was terminated on February 2, 2015.

74. Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 74 and on that basis denies them. Defendant denies that Buchanan, Slaight, Masoudi and Mandili have standing to seek an injunction or other prospective relief.

75. Defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 75 and on that basis denies them.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

6

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

## COUNT I

84. Defendant re-alleges the allegations in paragraphs 1 through 83 as if fully set forth herein.

85. Defendant lacks information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 85, except admits that Buchanan, Masoudi, and Mandili purport to proceed as set forth therein.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

## COUNT II

89. Defendant re-alleges the allegations in paragraphs 1 through 88 as if fully set forth herein.

90. Defendant lacks information sufficient to form a belief as to the truth of Plaintiffs' allegations in paragraph 90, except admits that Plaintiffs purport to proceed as set forth therein.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs and/or the purported class they seek to represent are entitled to any damages or relief and prays for judgment against Plaintiffs as follows:

1. That Plaintiffs recover nothing from their Fourth Amended Complaint;

2. For costs and legal fees of the suit herein;

3. For a declaration that plaintiffs lack standing to seek injunctive or other prospective relief; and

4. For such other and further relief as the Court deems just and proper.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

7

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Defendant alleges that the Fourth Amended Complaint ("FAC"), and each count contained therein, fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

2. Defendant alleges that Plaintiffs lack standing to prosecute one or more claims.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, to the extent the class period exceeds the applicable limitations period for civil and/or administrative claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative/Procedural Remedies)

4. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, to the extent they failed to exhaust applicable administrative remedies or seek to pursue claims outside the scope of such charges.

## FIFTH AFFIRMATIVE DEFENSE

### (Mitigation/Offset)

5. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, to the extent that any of them failed to mitigate damages and other alleged losses as required by law. Moreover, any such damages must be offset by the amount of any benefits any Plaintiff has already received as provided by law.

## SIXTH AFFIRMATIVE DEFENSE

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

8

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

**(Lack of Proximate Cause)**

6.  Defendant alleges that Plaintiffs' injuries and damages, if any, were directly and proximately caused by the acts, omissions and/or negligence of Plaintiffs and/or other persons and/or entities other than Defendant. Defendant has no control over such persons and/or entities, and the conduct of such persons and/or entities constitutes an intervening and superseding cause of the alleged injuries and damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

7.  Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Frivolous Action)**

8.  Defendant alleges that Plaintiffs' claims are frivolous and without foundation in fact. Furthermore, this lawsuit is being pursued by Plaintiffs in bad faith and for vexatious reasons and for the purpose of harassing Defendant. Accordingly, Defendant is entitled to recover its attorneys' fees and the appropriate costs and expenses in defending this action.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

9.  Defendant alleges that it implemented policies and programs prohibiting all forms of discrimination in good faith and with reasonable belief it did not, in any manner directly or indirectly, perform any act, or fail to perform any act, which would violate any of Plaintiffs' alleged rights.

**TENTH AFFIRMATIVE DEFENSE**

**(Laches)**

10. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

9

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

11. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the California Workers' Compensation Act or another state's equivalent.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

12. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

13. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Business Reasons/Business Necessity)**

14. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because the acts or omissions, if any, of Defendant were taken for legitimate, non-discriminatory reasons and/or in furtherance of legitimate business interests.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

15. Defendant alleges that Plaintiffs' claims fail to allege facts which if proven, would entitle Plaintiffs to recover punitive damages against Defendant. Defendant also alleges that it acted in good faith. Recovery of any such punitive damages would violate applicable laws, including Defendant's due process.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

Defendant alleges that any recovery on Plaintiffs' claims is barred, in whole or in part, due to the discovery of after-acquired evidence.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

10

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (Failure To Utilize Internal Grievance Procedures)

16. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, to the extent that any plaintiff failed to avail themselves of Defendant's internal complaint procedures.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Reasonable Care)

17. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct any alleged discriminatory and/or retaliatory conduct, if any.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Bona Fide Occupational Qualification)

18. Defendant alleges that Plaintiffs' claims are barred, in whole or in part, to the extent each decision at issue was made based on a bona fide occupational qualification.

## TWENTIETH AFFIRMATIVE DEFENSE
## (Mixed Motive)

19. Plaintiffs' claims and request for relief are barred in whole or in part to the extent they are subject to the mixed motive defense.

## TWENTY FIRST AFFIRMATIVE DEFENSE
## (No Class Action)

20. Plaintiffs are not entitled to certification of this action as a class action because the purported class is not so numerous that joinder of its members is impracticable, questions of law or fact are not common to the class, Plaintiffs' claims are not typical of the claims or defenses of the purported class, Plaintiffs will not fairly and adequately protect the interests of the class, and the requirements of Fed. R. Civ. P. 23(b) are not met in this case.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

11

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

# TWENTY SECOND AFFIRMATIVE DEFENSE

### (Release/Arbitration)

21. Plaintiffs' claims are barred to the extent any plaintiff has released any claim or has agreed to arbitration of such claims.

Dated:   January 22, 2018

LOEB & LOEB LLP
MICHELLE M. LA MAR
PATRICK N. DOWNES
ERIN M. SMITH


By: /s/Michelle M. La Mar
    Michelle M. La Mar
    Attorneys for Defendant
    TATA CONSULTANCY SERVICES, LTD.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

12

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on January 22, 2018.

Dated:  January 22, 2018         /s/ *Michelle M. La Mar*
                                 Michelle M. La Mar

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

13

DEFENDANT'S ANSWER TO FAC
CASE NO.: 4:15-CV-01696-YGR