UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BUCHANAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TATA CONSULTANCY SERVICES, LTD,<br><br>　　　　Defendant. | Case No. 15-cv-01696-YGR (SK)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Regarding Docket Nos. 282-284 |

　　　　Defendant Tata Consultancy Services, Ltd. ("Defendant") moves for a protective order to prevent the deposition of Surya Kant, Defendant's President of North America, the United Kingdom, and Europe. Defendant argues that Mr. Kant is an "apex" witness who allegedly has no knowledge of the matters in this case or only duplicative knowledge of areas that other employees have covered in their depositions. Plaintiffs oppose the motion and argue that Mr. Kant has unique knowledge regarding Defendant's staffing, terminations of employees, policies regarding human relations, and diversity efforts – the key issues in this case.

　　　　In considering whether to allow an apex deposition, courts consider factors such as whether the apex witness has "unique, non-repetitive knowledge of facts in issue in the case" and "whether the party seeking the deposition has exhausted other less intrusive discovery methods. *Liveperson, Inc. v. [24]7.AI, Inc*., 2018 U.S. Dist. LEXIS 42232, at *4 (N.D. Cal. March 14, 2018). The parties appear to agree that Mr. Kant is an apex witness and agree that Plaintiffs have taken the depositions of Defendant's employees on these issues. Defendant does not argue or provide any evidence showing that the deposition would cause prejudice or harm. The issue in dispute here is whether Mr. Kant has unique knowledge that other deponents did not have.

　　　　 Plaintiffs argue that Mr. Kant had unique knowledge partially because Defendant has a "flat" leadership structure with very few levels of management between Mr. Kant and other

managers, and the result of that structure is that Mr. Kant directly manages much of Defendant's operations in the United States. Plaintiffs cite to the deposition testimony of a high-ranking employee, Paul Devenny, who explained that Mr. Kant was directly involved in activities in Mr. Devenny's area of responsibility even though Mr. Devenny had a supervisor in the level between him and Mr. Kant, that Defendant's hierarchy was "flat," and that Mr. Kant would sign off on every deal including the number of people working on the project and the people working on the project. (Dkt. 283-1.)

Defendant argues that the questions Plaintiffs will pose to Mr. Kant are duplicative of questions already posed to other witnesses in response to pointed topics in Rule 30(b)(6) depositions and cite to that testimony and topics. (Dkts. 284-1 – 7.) Defendant's argument is that Mr. Kant will testify exactly the same as those other witnesses, and for that reason Plaintiffs should not be able to take his deposition. However, Plaintiffs are not required to assume that Mr. Kant will answer questions in the same way as other witnesses. For example, Plaintiffs' final question to Mr. Devenny was as follows: "If there were a corporate policy of discrimination favoring placing Indians in the U.S. positions, is that something that he would be aware of . . . in your experience?" (Dkt. 283-1.) Mr. Devenny answered: "Yes." (*Id*.) Plaintiffs are entitled to explore this type of issue – the policies of discriminating or not discriminating – with the person who sets policies for Defendant.

In addition, Defendant argues that Plaintiffs have already deposed other employees about the few documents which Mr. Kant received or sent, and thus that there is no need to depose Mr. Kant about those documents. Again, Plaintiffs are not ultimately required to accept the analysis or interpretation of only one party to a communication; Plaintiffs are entitled to seek explanation from other participants to that communication.

Plaintiffs have proceeded with discovery in a rational manner by first asking questions of lower level employees and then deposing the apex witness. Given that many other employees have testified about these subjects and given that there are few documents on which Mr. Kant's name appears as a recipient or sender, the Court assumes that Plaintiffs will exercise restraint and not use this deposition as a mechanism to harass Defendant. Although the Court considered

imposing a time limit, the Court will assume good faith by all parties.

For the foregoing reasons, Defendant's motion for protective order to prevent the deposition of Surya Kant is DENIED.

**IT IS SO ORDERED**.

Dated: April 6, 2018



SALLIE KIM
United States Magistrate Judge