Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com;
mvk@kotchen.com;
lgrunert@kotchen.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BRIAN BUCHANAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>Complaint Filed: April 14, 2015 |

## DECLARATION OF MICHAEL VON KLEMPERER

I, Michael von Klemperer, hereby declare as follows, based on personal knowledge:

1. I am an attorney licensed to practice law in the District of Columbia. I am an associate with Kotchen & Low LLP and represent Plaintiffs in the above captioned proceeding. I submit this declaration in support of Plaintiffs' portion of the Joint Letter Brief Regarding Tata's Privilege Logs.

2. On September 13, 2017, Plaintiffs received an email from Erin Smith, counsel for Tata, which stated that Tata would agree to "generate a list of [privileged] emails by date, sender, recipient, and subject line."

3. On September 14, 2017, Daniel Low, counsel for Plaintiffs, stated the following in an email to counsel for Tata: "As you know, Rule 26(b)(5) and the Court's standing order provide that

privilege logs *must* be provided, and specifies the level of detail required. *See* Fed. R. Civ. P. 26(b)(5) ('When a party withholds information otherwise discoverable by claiming that the information is privileged . . . , the party *must*' provide a privilege log with sufficient detail to 'enable other parties to assess the claim' of privilege); J. Kim Standing Order at 6 ('If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified,' including specific topics identified in subsections (a) through (g) of the Standing Order). A list of emails by date, sender, recipient, and subject line does not satisfy these requirements."

4. On January 15, 2018, I stated the following in an email to counsel for Tata: "Plaintiffs … will need for Phase I [discovery] … Tata's privilege logs."

5. On February 1, 2018, Daniel Kotchen, counsel for Plaintiffs, stated the following in an email to counsel for Tata: "We have been waiting for Tata to produce privilege logs since August 2017. Please complete the production of the logs by February 16, 2018. In addition, of the two logs that Tata has produced for Mr. Ramanan and Ms. Williams, we would like to have a meet and confer to discuss the basis of Tata's withholding of the documents for all entries except entry numbers 5 and 11 of Ms. Williams' log. Can you please let us know when you are free for a call?"

6. On February 9, 2018, I stated the following in an email to counsel for Tata: "Per Dan's February 1 email, can we expect to receive the remainder of Tata's privilege logs by February 16?"

7. On February 15, 2018, I stated the following in an email to counsel for Tata: "Plaintiffs have requested that Tata complete its production of privilege logs by February 16. We have not heard back from Tata on this. Can you please let us know Tata's response?"

8. On March 3, 2018, I stated the following in an email to counsel for Tata: "Regarding the privilege log, as we noted on our call, we are very concerned about timing given that we have been requesting Tata's log since August 2017 and discovery is scheduled to close in May."

9. On March 14, 2018, I stated the following in an email to counsel for Tata: "Per our

phone call and your filing yesterday, Tata has agreed to provide final privilege logs for the remaining 13 custodians by the end of March[.] . . . Please confirm you will make these logs as or more detailed as your logs for Williams and Ramanan."

10. On March 14, 2018, Plaintiffs received an email from Patrick Downes, counsel for Tata, which stated that Tata agreed to produce the privilege logs by March 30, and that "the logs should look at least as detailed and very close to Williams and Ramanan."

11. On March 29, 2018, counsel exchanged emails that included the following statements:

a) Plaintiffs' Counsel: "We are very concerned with the content of the logs we have received thus far. While we will address specific issues once we receive your complete set of logs, as an initial matter, Andrillo and Tripathi's logs do not identify the job titles of any individuals as required by Judge Kim's standing order and the parties' stipulation. By the March 30 stipulated deadline, please reproduce these logs with job titles included and ensure that all future logs contain this information as well."

b) Tata's Counsel: "Mike—why do you keep taking unreasonable discovery positions? You have TCS rosters in abundance."

c) Plaintiffs' Counsel: "Here is the language of Judge Kim's standing order regarding what must be included on privilege logs: 'The identity and position of its author(s);' 'The identity and position of all addressees and recipients.' Judge Kim's Standing Order at 6-7."

d) Tata's Counsel: "That standing order assumes the information hasn't already been provided, particularly as it pertains to a case of this magnitude."

12. On April 11, 2018, I stated the following in an email to counsel for Tata: "[W]e still have not received Jindal's log, which is now almost 2 weeks late."

13. On April 12, 2018, Plaintiffs received an email from Lauren Williams, counsel for Tata, which attached Amit Jindal's privilege log.

14. The following table summarizes the contents of Tata's privilege logs:

| Ex. | Log | Entries | No Titles | No Author | A-C Emails with 3rd Parties | Unjustified Attachment Withholdings |
|---|---|---|---|---|---|---|
| 1 | Ambika | 2,579 | All | 1,162 | 569 | 602 |
| 2 | Andrillo | 631 | All | 304 | 70 | 114 |
| 3 | Axelrod | 1,067 | All | 530 | 233 | 193 |
| 4 | Bhalla | 189 | All | 81 | 49 | 76 |
| 5 | Chinnari | 4,664 | All | 2500 | 905 | 807 |
| 6 | Galicki | 2,285 | All | 1247 | 569 | 658 |
| 7 | Ganapathy | 6,812 | All | 4,192 | 222 | 3,303 |
| 8 | Kovurri | 6,580 | All | 3,656 | 824 | 3,159 |
| 9 | Kumar | 8,580 | All | 4,370 | 1,217 | 2,763 |
| 10 | Ramanan | 9 | 0 | 3 | 4 | 3 |
| 11 | Sharma | 7,038 | All | 5,512 | 139 | 5,351 |
| 12 | Shobitha | 4,815 | All | 1537 | 1,768 | 1,279 |
| 13 | Tripathi | 307 | All | 119 | 117 | 87 |
| 14 | Williams | 29 | 0 | 23 | 0 | 19 |
| | Jindal[1] | 58,646 | All | *See* fn.1 | *See* fn.1 | *See* fn.1 |
| | **Totals** | **104,231** | **104,193** | **13,690** | **6,686** | **18,414** |

15. Submitted with this declaration are true and correct copies of the following documents, excluding the columns containing Bates numbers and page counts, in the interest of saving space:

- Exhibit 1: Annotated first 25 pages of Tata's Privilege Log for custodian Ambika G;
- Exhibit 2: Annotated first 25 pages of Tata's Privilege Log for custodian Andrillo;
- Exhibit 3: Annotated first 25 pages of Tata's Privilege Log for custodian Axelrod;
- Exhibit 4: Annotated Privilege Log for custodian Bhalla;
- Exhibit 5: Annotated first 25 pages of Tata's Privilege Log for custodian Chinnari;
- Exhibit 6: Annotated first 25 pages of Tata's Privilege Log for custodian Galicki ;
- Exhibit 7: Annotated first 25 pages of Tata's Privilege Log for custodian Ganapathy;

[1] Plaintiffs lack the omitted figures because of problems with the Jindal log file and because of its late production.

- Exhibit 8: Annotated first 25 pages of Tata's Privilege Log for custodian Kovvuri;
- Exhibit 9: Annotated first 25 pages of Tata's Privilege Log for custodian Kumar;
- Exhibit 10: Annotated Privilege Log for custodian Ramanan;
- Exhibit 11: Annotated first 25 pages of Tata's Privilege Log for custodian Sharma;
- Exhibit 12: Annotated first 25 pages of Tata's Privilege Log for custodian Shobitha;
- Exhibit 13: Annotated first 25 pages of Tata's Privilege Log for custodian Tripathi;
- Exhibit 14: Annotated first 25 pages of Tata's Privilege Log for custodian Williams.

16. The foregoing annotated privilege logs are color coded as follows:

| ISSUE CODING |
| --- |
| Privacy |
| Blank required field |
| Unjustified attachment withholding |
| Email includes third party email addresses |
| Email includes an identifiable attorney |
| Immigration document |

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 16, 2018

/s/Michael von Klemperer
Michael von Klemperer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: April 16, 2018

By: /s/Michael von Klemperer
Michael von Klemperer