UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BUCHANAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD,<br><br>Defendant. | Case No. 15-cv-01696-YGR (SK)<br><br>**ORDER REGARDING JOINT LETTER BRIEF**<br><br>Regarding Docket Nos. 304 |

Plaintiffs move to force Defendant Tata Consultancy Services, Ltd. ("Defendant") to produce a limited number of witnesses in response to its deposition notice issued pursuant to Fed.R.Civ.P. 30(b)(6). Defendant claims that it must identify 30-50 witnesses to respond to the topics. The deposition notice lists five topics and asks for testimony on those topics "as referenced in" or "as discussed in" 50 exhibits of 380 pages, referred to by Bates numbers for identification. (Dkt. 306-1.) Defendant asks this Court to quash the deposition notice completely, as this is Plaintiff' fourth deposition notice issued pursuant to Fed.R.Civ.P. 30(b)(6).

It is unreasonable for Plaintiffs to ask a corporate defendant to produce only one or two witnesses to testify on topics specifically as they relate to 50 exhibits. It appears that Plaintiffs are attempting to circumvent the limit on depositions by taking one Rule 30(b)(6) deposition when they would otherwise be required to take multiple depositions to ask either the author or recipient of 50 specific documents. Normally, a party would depose the author or recipient of a document in a separate deposition, but here Plaintiffs attempt to force Defendant to prepare and produce, in the guise of one Rule 30(b)(6) deposition, several individual deponents who may not otherwise be the author or recipient of a document.

For this reason, the Court GRANTS IN PART and DENIES IN PART the parties' requests. The Court ORDERS that the deposition proceed on the topics issued in the deposition

1  notice at issue (Dkt. 306-1) but that Defendant need not prepare each witness to testify about the
2  attached documents.  In other words, Plaintiffs may ask Defendant's deponent about the topics and
3  the exhibits, but if the deponent is neither the sender nor recipient of the exhibit and cannot opine
4  with regard to the specific meaning or intent of the exhibit, Plaintiffs must accept that answer.
5  Defendant must prepare a witness on the topics designated, though.  Defendant must designate no
6  more than three (3) witnesses to respond to the deposition notice.  The deposition or depositions
7  must take place by May 31, 2018.

**IT IS SO ORDERED**.

Dated: May 16, 2018



SALLIE KIM
United States Magistrate Judge