Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com;
mvk@kotchen.com;
lgrunert@kotchen.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BRIAN BUCHANAN, et al.<br><br>Plaintiffs,<br>v.<br><br>TATA CONSULTANCY SERVICES, LIMITED,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR (SK)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MICHAEL VON KLEMPERER REGARDING DISCOVERY JOINT LETTER BRIEF REGARDING PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>Complaint Filed: April 14, 2015 |

**<u>DECLARATION OF MICHAEL VON KLEMPERER</u>**

I, Michael von Klemperer, hereby declare as follows, based on personal knowledge:

1. I am an attorney licensed to practice law in the District of Columbia. I am an associate with Kotchen & Low LLP and represent Plaintiffs in the above captioned proceeding.

2. TCS has produced thousands of pages of materials produced in just the past few weeks, and some productions still outstanding.

3. TCS has produced over 380,000 pages of additional documents *after* the discovery period ended on May 15.

4. Plaintiffs have produce over 11,000 pages of materials.

5. More than a dozen third parties have produced documents pursuant to subpoenas issued by TCS.

6. Dozens of individuals have been deposed. There are more depositions scheduled. A large number of declarations have been filed with various motions.

7. TCS's Third Supplemental Initial Disclosures list dozens of individuals, and entire groups, with discoverable information relevant to the case. TCS most recently updated its Initial Disclosures on May 14, 2018.

8. Plaintiffs' supplemental interrogatory responses are over 300 pages long.

9. The parties met and conferred by telephone on May 17, 2018. TCS requested that Plaintiffs remove all qualifying language from their interrogatory responses during this call.

10. Later that day, in response to the parties' meet and confer call, Plaintiffs' counsel emailed counsel for TCS, stating the following:

> Thanks for speaking with us today. We understand your position, but we harbor concerns.
>
> As we discussed on the call, Tata has produced over 7,500,000 pages and more than 1,757,555 documents in this case, with thousands of pages of materials produced in just the past few weeks, and some productions still outstanding. Plaintiffs have likewise produce thousands of pages of materials. Similarly, dozens of individuals have been deposed, with more depositions coming. A large number of declarations have also been filed, and Tata's initial disclosures list dozens of individuals, and entire groups of individuals, with discoverable information relevant to the case. Accordingly, your interrogatories, requesting, in effect, every fact in the case, every witness with knowledge of that fact, and every document supporting and relating to that fact, are exceedingly overbroad.
>
> Plaintiffs have engaged in a good faith effort to answer these overbroad interrogatories, and have provided supplemental responses over fifty pages in length. However, our investigation and review of materials continues.

> Based on this series of events, your new requests appear to lack a legitimate discovery purpose and we are concerned this is an effort to freeze the universe of facts and evidence Plaintiffs can present at trial. It seems like an attempt to hamstring Plaintiffs at trial by creating a pretext to exclude damaging evidence and escape liability through gamesmanship rather than on the merits of the case. This is contrary to the purpose of the Federal Rules and contention interrogatories should not be used in this manner. "[I]t is not desirable or feasible to tie a party down at an early stage to a particular theory of the case, and . . . judgment must be allowed to go according to the facts as they develop at trial, not limited by the belief of the party before the trial about what the facts may be." Charles A. Wright & Mary Kay Kane, Law of Federal Courts § 86 (7th ed.).
>
> However, in the interest of avoiding unnecessary motions practice we propose an alternative. Plaintiffs will stipulate to supplement our responses at the time of the pretrial conference, as contemplated by Rule 33(a)(2), if Tata will also stipulate to supplement its response to Interrogatory 6 from Plaintiffs' 5th Set at that time (which seeks the factual and legal basis of your affirmative defenses, the current answers to which are exceedingly sparse).

11. Counsel for TCS never responded to the above quoted email. Rather, TCS sent Plaintiffs a draft of the joint brief on May 20 without comment.

12. The parties met and conferred in a cursory fashion by telephone on May 16, 2018 regarding nine different sets of discovery and dozens of different Requests for Production, Requests for Admissions, and Interrogatories.

13. On May 21, 2018, Plaintiffs' counsel emailed counsel for TCS, stating that they have produced all documents responsive to Requests for Production Nos. 84-88 and that "no other responsive documents exist regarding Mr. Buchanan's location on those dates in August 2014."

14. On May 17, 2018 Plaintiffs' counsel emailed counsel for TCS, stating the following: "RFPs re damages for which Plaintiffs indicated they would produce tax returns or W-2s. In a follow-up to your inquiry on these, I can state that we don't intend to rely on any documents that have not been produced."

15. Submitted with this declaration are true and correct copies of the following documents:

- **Exhibit 1**: Defendant's First Set of Special Interrogatories Propounded to Plaintiff Nobel Mandili, issued March 29, 2018;

- **Exhibit 2**: Defendant's Second Set of Special Interrogatories Propounded to Plaintiff Slaight, issued March 29, 2018;
- **Exhibit 3**: Plaintiff Buchanan's Supplemental Responses and Objections to Defendant's Second Set of Special Interrogatories, served on May 11, 2018;
- **Exhibit 4**: Plaintiff Mandili's Supplemental Responses and Objections to Defendant's First Set of Special Interrogatories, served on May 11, 2018;
- **Exhibit 5:** Plaintiff Masoudi's Supplemental Responses and Objections to Defendant's First Set of Special Interrogatories, served on May 11, 2018;
- **Exhibit 6:** Plaintiff Buchanan's Supplemental Responses and Objections to Defendant's Second Set of Special Interrogatories, served on May 11, 2018;
- **Exhibit 7:** Plaintiff Buchanan's Second Supplemental Responses and Objections to Defendant's Second Set of Special Interrogatories, served on May 15, 2018;
- **Exhibit 8:** Plaintiff Slaight's Second Supplemental Responses and Objections to Defendant's Second Set of Special Interrogatories, served on May 15, 2018;
- **Exhibit 9:** Defendant's Responses to Plaintiffs' Fifth Set of Interrogatories, served on March 14, 2018.
- **Exhibit 10:** Plaintiff Buchanan's Responses and Objections to Defendant's Third Set of Requests for Production of Documents, served on May 14, 2018;
- **Exhibit 11:** Defendant's Third Set of Requests for Production of Documents to Plaintiff Buchanan, issued April 12, 2018; and
- **Exhibit 12:** Plaintiff Slaight's Responses and Objections to Defendant's Third Set of Requests for Production of Documents, served on May 14, 2018.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 22, 2018

/s/Michael von Klemperer
Michael von Klemperer