MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
TERRY D. GARNETT (SBN 151212)
tgarnett@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRIAN BUCHANAN, CHRISTOPHER SLAIGHT, SEYED AMIR MASOUDI AND NOBEL MANDILI,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**ADMINISTRATIVE MOTION OF DEFENDANT TATA CONSULTANCY SERVICES, LTD. TO FILE CERTAIN DOCUMENTS UNDER SEAL IN SUPPORT OF MOTION TO DECERTIFY CLASS; DECLARATION OF MICHELLE M. LA MAR IN SUPPORT THEREOF**<br><br>**(3 OF 3)**<br><br>Date: July 17, 2018<br>Time: 2:00 p.m.<br>Location: Oakland Courthouse, Ctrm. 1<br><br>Complaint Filed: April 14, 2015<br>Trial Date: November 5, 2018 |

## INTRODUCTION

Defendant Tata Consultancy Services, Ltd. ("TCS") respectfully requests an order permitting it to file under seal certain exhibits to the Declaration of Michelle M. La Mar ("La Mar Declaration") filed separately in support of TCS' concurrently filed Motion to Decertify Class. These exhibits contain personal information regarding current or former TCS employees and the names of TCS' clients, a summary of TCS termination forms containing performance reviews and client critiques of dozens of TCS employees, and an expressly "proprietary" internal TCS manual describing in detail, among other things, its organization, structure and operational methods, and other personal, proprietary and/or confidential information, none of which is relevant to the concurrently filed motion.

This motion – the third of three motions to seal that TCS is filing in connection with its Motion to Decertify Class in light of the volume of confidential material involved – is made pursuant to Civil Local Rules 7-11 and 79-5. Unredacted copies of the documents to be filed under seal pursuant to Local Rule 79-5(c) are attached to the Declaration of Michelle M. La Mar attached hereto ("MLM Seal Decl.").

## ARGUMENT

A party must show "good cause" to seal judicial records attached to a motion which is neither "dispositive" nor closely related to such a motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F. 3d 1092, 1101 (9th Cir. 2016). Otherwise, a party must assert a "compelling reason" to seal judicial records attached to a motion. *Kamakana*, 447 F.3d at 1179. In any event, invasion of third party privacy interests demonstrates both good cause, and a "compelling reason," to file information under seal. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 U.S. Dist. LEXIS 26519 at *3 (N.D. Cal. Mar. 4, 2015) (Case No. 12-cv-03844-JST) (noting that "invasion of [a] third party's privacy" constitutes a compelling reason to file an exhibit under seal). Moreover, courts may restrict access to sensitive business information. *Zenith Radio Corp. v. Matsushita Elec. Indus. Corp.*, 529 F.Supp. 866, 890 (E.D. Pa. 1981).

Here, the relevant exhibits (the "Confidential Documents") contain confidential, proprietary and personal information, including:

- The names of TCS employees;
- The names of TCS clients;
- The home and e-mail addresses of TCS employees; and
- The personal telephone numbers of TCS employees. [*See* MLM Seal Decl., ¶¶ 2-3.]

In addition, the relevant exhibits include (i) a summary of TCS termination forms containing performance reviews and client critiques of dozens of TCS employees, and (ii) an internal TCS manual describing in minute detail, among other things, its organization, structure, personnel policies, operational methods, and other proprietary and/or confidential information. [MLM Seal Decl., ¶¶ 2-3.] TCS seeks to file these two exhibits under seal in their entireties. Indeed, at Bates page TCS07392 of the manual, TCS expressly states that the contents of the manual are "confidential and proprietary" and are not to be disseminated to anyone outside of TCS. [*Id.*]

No purpose would be served by disclosing such information to the public, and none of the redacted information is relevant to the determination of plaintiffs' motion for class certification. [MLM Seal Decl., ¶¶ 2-3.] Third parties whose identities appear in exhibits to the pending motions should be afforded the right to remain anonymous and highly sensitive information about their job performance should not be disclosed to the public. In addition, the names of TCS' clients and detailed descriptions of its internal operations, structure and policies are sensitive and proprietary, and such information should not be disclosed to the public or to TCS' competitors, particularly when no purpose would be served by such disclosure. [*Id.*]

## CONCLUSION

For the foregoing reasons, TCS respectfully requests that the Court permit TCS to file the Confidential Documents under seal as specified in the proposed order submitted concurrently.

Dated: May 29, 2018.

LOEB & LOEB LLP
MICHELLE M. LA MAR
TERRY GARNETT
PATRICK N. DOWNES
ERIN M. SMITH

By: /s/ Michelle M. La Mar
Michelle M. La Mar
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

# DECLARATION OF MICHELLE M. LA MAR

I, Michelle M. La Mar, declare as follows:

1. I am a partner with the law firm of Loeb & Loeb, LLP, counsel for defendant Tata Consultancy Services, Ltd. ("TCS"). I have personal knowledge of the following facts and if called as a witness, I would testify to them under oath.

2. On May 29, 2018, TCS is filing certain exhibits to the Declaration of Michelle M. La Mar ("La Mar Declaration") in connection with its Motion to Decertify Class (the "Confidential Documents"). The Confidential Documents contain, among other information, the names of dozens of TCS employees, and the names of TCS clients. The Confidential Documents also includes the e-mail addresses, home addresses, and telephone numbers of TCS employees, a summary of TCS termination forms containing performance reviews and client critiques for dozens of TCS employees, and an internal TCS manual describing in minute detail, among other things, its organization, structure, personnel policies and operational methods, and other proprietary and/or confidential information. Indeed, at Bates page TCS07392 of this manual TCS expressly states that the contents of the manual are "confidential and proprietary" and are not to be disseminated to anyone outside of TCS.

3. TCS is in a highly competitive business and seeks to protect the names of its clients and detailed descriptions of its internal organization, structure, personnel policies and operations from unnecessary disclosure, especially when, as here, the information is not relevant to the controversy. This information could cause harm to TCS' business if it were publicly available or otherwise made available to TCS' competitors. Moreover, TCS seeks to protect the identities of its current and former employees, as well as information that is personal to those employees, such as the information described in paragraph 2 above. Throughout the pendency of this action, TCS has sought to protect all of these kinds of information from public disclosure.

4. Attached hereto collectively as **Exhibit 1** are redacted versions of Exhibits A-G to the La Mar Declaration.

5. Attached hereto collectively as **Exhibit 2** are unredacted versions of Exhibits A-G to the La Mar Declaration.

6. Attached hereto collectively as **Exhibit 3** are unredacted versions of Exhibits I-J to the La Mar Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 29, 2018, at Los Angeles, California.

/s/ *Michelle M. La Mar*
MICHELLE M. LA MAR

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on May 29, 2018.

Dated: May 29, 2018.

/s/ *Michelle M. La Mar*
MICHELLE M. LA MAR