Daniel Low, SBN 218387
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
Email: dlow@kotchen.com;
dkotchen@kotchen.com;
mvk@kotchen.com;
lgrunert@kotchen.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| BRIAN BUCHANAN, et al.,<br><br>Plaintiffs,<br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No. 4:15-cv-01696-YGR (SK)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF DANIEL KOTCHEN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Complaint Filed: April 14, 2015<br>Trial Date: November 5, 2018 |

**DECLARATION OF DANIEL KOTCHEN**

I, Daniel Kotchen, hereby declare as follows, based on personal knowledge:

1. I am an attorney licensed to practice law in the State of Wisconsin and the District of Columbia. I am a partner with Kotchen & Low LLP and represent Plaintiffs and the Class in the above-referenced matter.

2. Plaintiffs seek to file portions of Exhibits 1, 4-6, 8, 16-20, 28, and 30-31 accompanying their Opposition to Defendant Tata Consultancy Services, Ltd.'s ("TCS's") Motion to Decertify under seal. TCS has designated information contained in these exhibits as confidential pursuant to the Parties' Stipulated Protective Order (Dkt. #76), and has previously asked that the names and contact information of its employees and clients, and certain portions of its Resource Management Group Manual, be redacted in Plaintiffs' public filing. TCS has also previously requested that Exhibit 7, a list of unallocated employees, be filed under seal in its entirety.

3. These exhibits were the subject of a prior Administrative Motion to Seal (Dkt. #113), filed in connection with Plaintiffs' Motion for Class Certification (Dkt. #115). Plaintiffs noted in their motion that they "t[ook] no position … as to whether good cause exists to seal Tata's materials." *See* Pls.' Admin. Mot. to Seal at 3 (Dkt. #113). TCS, the Designating Party, failed to file a "timely declaration … establishing that all of the designated material [wa]s sealable," as required by L.R. 79-5(e)(1). *See* Order at 2 (Aug. 15, 2017) (Dkt. #221). In August 2017, the Court ordered TCS to file a declaration, an updated proposed order, and "supplemental documents to cure the defects identified" by the Court by August 22, 2017. *Id.* at 1-2. TCS then filed the requisite declaration in support of Plaintiffs' Administrative Motion to Seal, addressing the 27 exhibits Plaintiffs sought to seal in part or in full. *See* Smith Decl. ¶¶ 2-4 (Dkt. #222). TCS also filed unredacted versions of Exhibits 36 and 37, and provided the Court with a proposed order only addressing the sealing of these two exhibits. *See* Def's Proposed Order at 1 (Dkt. #222-1); Def.'s Ex. A at 2-6 (Dkt. #222-2). On December 27, 2017, the Court issued an Order, addressing the sealing of Exhibits 36 and 37 to Plaintiffs' Motion for Class Certification. *See* Order (Dec. 27, 2017) (Dkt. #235). Because the Court did not specifically address the remaining 25 exhibits Plaintiffs' moved to seal in connection with their Motion for Class Certification, Plaintiffs now move to file some of these documents under seal.

4. TCS has also asked Plaintiffs to file certain portions of Exhibits 2, 11-13, 21, 27, 29, 32, 35, 38-41, 45-46, and 52 to its opposition brief under seal, and to file Exhibit 14 under seal in its entirety. These exhibits contain information designated confidential by TCS pursuant to the Parties' Stipulated Protective Order (Dkt. #76). TCS has requested that Plaintiffs redact certain employee names and contact information, client names, an employee's passport number, and selected employee job titles in Exhibits 2, 11-13, 21, 27, 29, 32, 35, 38-41, 45-46, and 52. Exhibit 14, which TCS has asked Plaintiffs to seal in its entirety, contains information concerning TCS's staffing and business model.

5. Plaintiffs take no position at this time as to whether good cause exists to seal the aforementioned exhibits. Plaintiffs do not believe that good cause exists to seal certain employee job titles contained in Exhibit 11.

6. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June 19, 2018

/s/Daniel Kotchen
Daniel Kotchen

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: June 19, 2018

By: /s/Daniel Kotchen
Daniel Kotchen