# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SLAIGHT, ET. AL,**<br><br>Plaintiffs**,**<br><br>vs.<br><br>**TATA CONSULTANCY SERVICES, LTD,**<br><br>Defendant**.** | CASE NO. 15-cv-01696-YGR<br><br>**PRETRIAL ORDER NO. 1** |

**TO ALL PARTIES[1] AND COUNSEL OF RECORD**:

The Court is in receipt of the parties proposed Scheduling Orders (Dkt. Nos. 422, 423) and Orders as follows:

| Date in 2018 | Event<br>(Exchanges shall occur by 5pm Pacific time unless otherwise agreed by the parties.) |
|---|---|
| Aug 31 | Exchange of preliminary exhibit lists |
| Sept. 5 | Exchange of initial drafts of pretrial conference statement |
| Sept. 7 | Meet & confer for pretrial conference statement (Dkt. #312, Standing Order § 2) |
| Sept. 14 | Exchange proposed motions in limine (Standing Order § 4) |
| Sept. 14 | Exchange proposed jury instructions (Standing Order § 3f) |
| Sept. 14 | Exchange list of discovery excerpts, audios and video (Standing Order § 6c) |
| Sept. 18 | Exchange of preliminary witness list |
| Sept. 18 | Exchange of exhibit and discovery excerpt objections |
| Sept. 21 | Meet and confer regarding motions *in limine*, jury instructions, exhibit admissibility, discovery designations, and any other trial readiness binder issues (Standing Order §§ 3, 4, 6) |

---

[1] The Order relates to the class action trial in the above-referenced matter, and not to the individual action of Brian Buchanan which has been bifurcated. (Dkt. No. 412.) The caption has been revised accordingly.

| | | |
|---|---|---|
| 1 | Sept. 28 | File Pretrial Conference Statement (Dkt. #312) |
| 2 | Sept. 28 | File motions *in limine* not otherwise resolved (Standing Order § 4) |
| 3 | Oct. 3 | File oppositions to motions *in limine* (Standing Order § 4) |
| 4-6 | Oct. 5 | Trial Filings (Stipulations, Witness List, Expert Witness List, Exhibit Lists Annotated with Stipulations/Objections, List of Discovery Excerpts, Jury Instructions, Preliminary Statement of the Case and Instructions, Proposed Jury Voir Dire Questions, Proposed Verdict Forms) and Deliver Trial Readiness Binders with ECF notations (Standing Order § 3(a)-(i)) |
| 7 | Oct. 12 | Pretrial Conference (Dkt. #312) |
| 8 | Nov. 2 | Provide Court finalized set of exhibits (Standing Order § 6) |
| 9 | Nov. 5 | Jury Trial (Dkt. #312) |

With respect to standard pretrial motions, the Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists. A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984). Overly broad motions are routinely denied.

Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by the pretrial conference.

**Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties shall be available by telephone on the Friday before trial to discuss the issues raised with the Court. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

**Expert Disclosures/Fed. R. Civ. P. 68 Offers:** Counsel shall lodge with the Court at the pretrial conference, two copies of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

**Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

**Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. ***Before each trial day,*** counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

**Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript used during the trial ***on the day said testimony was provided***. The filing shall be designated: "Plaintiff's /Defendant's Trial Related Transcript(s) for Video Deposition(s)." The filing shall include an index listing the name of the deponent-witness and the date used during trial.

**Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party

3

presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

**Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Dated: August 1, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CHRISTOPHER SLAIGHT, ET. AL,**

    **PLAINTIFFS,**

vs.

**TATA CONSULTANCY SERVICES, LTD,**

    **DEFENDANTS**

CASE NO.: 15-CV-1696 YGR

**PROCEDURAL STIPULATIONS
(EXHIBIT A TO PRETRIAL ORDER)**

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    For the Plaintiff _____      For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    For the Plaintiff _____      For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    For the Plaintiff _____      For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.

    For the Plaintiff _____      For the Defendant _____

In the absence if the trial judge, any judge of this court may receive the verdict.

    For the Plaintiff _____          For the Defendant _____

(Party Name) _____      (Party Name) _____

_____      _____

    Signature (Plaintiff's Attorney)            Signature (Defense Attorney)