United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SLAIGHT, ET AL.**, <br> Plaintiffs, <br> vs. <br> **TATA CONSULTANCY SERVICES, LTD**, <br> Defendant. | CASE NO. 15-cv-01696-YGR <br><br> **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. No. 398 |

Plaintiffs Christopher Slaight, Seyed Amir Masoudi, and Nobel Mandili[1] bring this class action against defendant Tata Consultancy Services, Ltd. ("TCS") for discrimination in employment practices. (Dkt. No. 246, Fourth Amended Complaint ("4AC").) Plaintiffs bring causes of action for disparate treatment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. 1981. (*Id.* ¶ 5.) Plaintiffs allege that TCS discriminated against them in their employment and/or termination practices based on race and national origin. (*Id.* ¶¶ 1-5.) Specifically, plaintiffs claim that TCS maintains a pattern and practice of intentional discrimination in its United States workforce whereby TCS treats persons who are South Asian[2] or of Indian national origin[3] more favorably than those who are not South Asian or of Indian national origin. (*Id.*)

---

[1] On July 23, 2018, this Court granted the TCS's motion to bifurcate from the class claims of plaintiff Brian Buchanan. (Dkt. No. 412.) Accordingly, the Court notes that the caption of this order has been revised to reflect the class action only. The three named plaintiffs are referred to herein as "Class Representatives."

[2] Plaintiffs define "South Asian race" as referring to individuals who trace their ancestry to the Indian sub-continent. (4AC ¶ 1, n. 3.)

[3] Plaintiffs define "Indian national origin" as referring to individuals born in India, or whose ancestors came from India. (*Id.*)

Now before the Court is TCS's motion for partial judgment on the pleadings regarding the declaratory and injunctive relief sought by Class Representatives and the class.[4] (Dkt. No. 398 ("Motion").) Having carefully reviewed the papers submitted, and for the reasons set forth more fully below, the Court **DENIES** TCS's motion for judgment on the pleadings.[5]

## I. BACKGROUND

The background giving rise to this action is well-known and the Court will not repeat it here.

Relevant to the instant motion, the Class Representatives represent the following class: "All individuals who are not of South Asian race or Indian national origin who were employed by [TCS] in the United States, were subject to a policy or practice of benching and allocation, were place in an unallocated status and were terminated between April 14, 2011 and December 27, 2017 and who are not bound by an arbitration agreement with TCS." (Dkt. No. 412 at 16.) By way of the fourth amended complaint, the Class seeks declaratory and injunctive relief. (*See* 4AC at 33-34.) Specifically, the class seeks (i) a declaratory judgment that the practices of which plaintiffs complain are unlawful and violate Title VIII of the Civil Rights Act of 1964 as well as the Civil Rights Act of 1866; (ii) an injunction against TCS and its officers, agents, employees, and others acting in concert with them from engaging in unlawful policies, practices, customs, and usages as described in the complaint; (iii) an order directing TCS to adopt valid non-discriminatory method for hiring, placement, termination, and other employment decisions; and

---

[4] The Court has reviewed the pleadings as well as the papers submitted by the parties in connection with TCS's motion for judgment on the pleadings. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for August 14, 2018.

[5] In connection with defendant's reply in support of the instant motion, TCS filed an administrative motion to seal the last names of former non-managerial TCS employees as well as the phone number of named plaintiff Nobel Mandili. (Dkt. No. 436.) Finding good causes exists to seal this information, namely its personal nature and lack of relevance to the instant motion, the Court **GRANTS** TCS's administrative motion and approves the proposed redactions. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Accordingly, this Order terminates Docket Number 436.

(iv) an order directing TCS to post notices concerning its duty to refrain from discriminating against employees on the basis of race or national origin. (*Id.*)

Defendant now, on the eve of trial, raises the argument that because the operative complaint does not include any allegation that either the Class Representatives or other members of the class actually requested reinstatement or sought or are actively seeking reemployment with TCS, TCS is entitled to judgment as to plaintiffs' claims for injunctive relief. (Motion at 4 (citing 4AC); *see also* 4AC ¶¶ 3, 49 (Slaight), ¶¶ (Masoudi), and ¶ 73 (Mandili).)

Plaintiffs counter, with extrinsic evidence, that plaintiff Mandili and other class members have repeatedly sought re-employment with TCS. (Dkt. No. 420 ("Opposition") at 1 (citing Dkt. No. 420-1 ("Mandili Decl.") at ¶ 3; Dkt. No. 420-2 ("Bedeiwi Decl.") at ¶ 3).) Plaintiffs further assert that TCS engaged in a practice of "prohibiting third-party recruiters from submitting applications on behalf of former employees, promptly rejecting direct applications from former employees, and even banning persistent former employees from submitting online applications."[6] (*Id.* at 2 (citing Mandili Decl. ¶ 4).) TCS replies that Class Representatives failed to describe or otherwise identify any plans to resume employment with TCS in their declarations in support of class certification, in their responses to TCS's interrogatories and document requests, or during their depositions.[7] (Dkt. No. 435 ("Reply") at 10-13.)

## II. DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to place a defendant on notice of the claims at issue. *See* Fed. R. Civ. P. 8. Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed – *but early enough not to delay*

---

[6] TCS seeks to strike these later statements as inadmissible hearsay pursuant to Rule 802 of the Federal Rules of Evidence. (Reply at 12 n.7.) Given the Court's ruling, the Court need not consider these statements so the objection is moot.

[7] Given the apparent factual nature of the inquiry TCS requests of the Court and both parties' reliance on documents that fall outside of the pleadings, the substance of TCS's motion is much more appropriate for summary judgment. Despite the fact that TCS has been aware from the beginning of this lawsuit of plaintiffs' intent to pursue injunctive and declaratory relief, TCS's motion for summary judgment, filed January 31, 2017, fails to mention the issue of standing or address the injunctive and declaratory relief sought by plaintiffs. (*See* Dkt. No. 106.)

3

*trial*[.]" Fed. R. Civ. P. 12(c) (emphasis supplied). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *See Or. Laborers-Emp'rs Health & Welfare Tr. Fund v. Philip Morris, Inc.*, 185 F.3d 957, 963, 967-69 (9th Cir. 1999). Where a motion for judgment on the pleadings is based upon an apparent lack of subject matter jurisdiction, it will be evaluated under the standard applicable to a motion under Rule 12(b)(1). *See Drazich v. Mabus*, No. 5:13-cv-03931-BLF, 2014 WL 2069474, at *6 (N.D. Cal. May 16, 2014); *see also Diamond v. Corizon Health, Inc.*, No. 16-cv-03534-JSC, 2016 WL 7034036, * 11 (N.D. Cal. Dec. 2, 2016).

TCS argues that because the "*four corners* of the [4AC] do not contain any allegations pertaining to reinstatement, or requests for reinstatement[,] . . . neither the Class nor the Class Representatives, can reasonably be expected to benefit from any prospective [injunctive] relief ordered against TCS [and, therefore,] there is no viable basis for an injunction." (Motion at 4 (emphasis supplied).) Specifically, TCS avers that plaintiffs' pleading fails to demonstrate that they would benefit from an injunction, and therefore fails to show Article III standing for their claims for injunctive relief because "[a] plaintiff who cannot reasonably be expected to benefit from prospective relief ordered against the defendant has no claim for an injunction." (*Id.* at 3 (citing *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 865 (9th Cir. 2017); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036-37 (9th Cir. 2006).)

Fundamentally, the complaint, both in its operative form as the 4AC and in its original form, filed April 15, 2015, put TCS on notice of plaintiffs' claim for injunctive relief, and apparently, the issue was litigated. (*See* Dkt. No. 435-1 ("La Mar Decl.") ¶¶ 4-20 (detailing the deposition of and interrogatories and production requests regarding Class Representatives).) Had this motion been brought at the outset of the litigation, the pleading issue could have been resolved.[8] As shown by the plaintiffs' declarations, the Court cannot, at this late juncture,

---

[8] Each of the cases to which TCS cites in support of its argument that plaintiffs lack standing to pursue the injunctive and declaratory relief sought are distinguishable based on the timing of relevant motion. *See e.g.*, *Walsh*, 471 F.3d at 1035 (holding that trial court properly granted defendant's motion for judgment on the pleadings as to injunctive relief filed twenty-one

4

consider the omissions in the pleadings as having established some fact. Instead, the motion reveals a hail-Mary effort at limiting the scope of relief. The instant motion is not only untimely, but also constitutes a back-door attempt by TCS to re-litigate the issue of certification. The Court ordered a deadline of May 29, 2018 for TCS's motion for decertification, and TCS so filed. (*See* Dkt. Nos. 312; 335.) TCS raised the issue of standing for injunctive relief in passing in its motion for decertification, but failed to succeed. TCS filed the instant motion, nearly a month and a half after the Court's deadline for the decertification motion, which essentially reiterates TCS's argument in its decertification motion that the Class Representatives are not adequate representatives as to the declaratory and injunctive relief sought by the class. (*See* Motion at 1; Dkt. No. 335 at 19-20.) The Court denied TCS's motion for decertification on July 23, 2018. (Dkt. No. 412.) TCS could have also raised the issue at the summary judgment stage and failed to do so.

### III. CONCLUSION

Accordingly, for the reasons discussed above, the Court **DENIES** TCS's motion for partial judgment on the pleadings.

This terminates Docket Numbers 398 and 436.

**IT IS SO ORDERED.**

Dated: August 10, 2018

                                                **YVONNE GONZALEZ ROGERS**
                                                **UNITED STATES DISTRICT COURT JUDGE**

---

days after filing of operative complaint); s*ee also Dukes*, 564 U.S. at 364-365 (discussing the issue of standing for injunctive relief raised by defendants in opposition to class certification); *Bayer*, 861 F.3d at 865 (finding that plaintiff's claim for injunctive relief is moot based on his status as a former employee in response to defendant's motion for summary judgment).

5