DANIEL LOW, SBN 218387
dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice*)
dkotchen@kotchen.com
MICHAEL von KLEMPERER (*pro hac vice*)
mvk@kotchen.com
LINDSEY GRUNERT (*pro hac vice*)
lgrunert@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: 202.471.1995

*Attorneys for Plaintiffs and the Class*

MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
TERRY D. GARNETT (SBN 151212)
tgarnett@loeb.com
PATRICK N. DOWNES (SBN 186461)
pdownes@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

*Attorneys for Defendant Tata
Consultancy Services Ltd.*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No. 4:15-cv-01696-YGR (SK)<br><br>**CLASS ACTION**<br><br>**DISCOVERY JOINT LETTER BRIEF REGARDING DEFENDANT'S PRIVILEGE LOGS**<br><br>Complaint Filed:  April 14, 2015<br>Trial Date:  November 5, 2018 |

Dear Magistrate Judge Kim,

### MEET AND CONFER ATTESTATION

Counsel attest that they have complied with Judge Kim's meet and confer requirements by meeting and conferring telephonically on August 6, 2018.  Further, counsel attest that they have complied with Section 9 of the Northern District's Guidelines for Professional Conduct. This dispute involves Plaintiffs' challenge to Tata's privilege logs.

Relevant case management deadlines include an August 31, 2018 exchange of exhibit lists; September 28 motions *in limine* deadline, October 5 submission of exhibit lists, and a November 5 trial date. *See* Pretrial Order No. 1 (Dkt. #431).

**PLAINTIFFS' PORTION**

TCS has withheld from production 13,825 emails (plus accompanying attachments) on the basis of attorney-client privilege, despite failing to identify any attorney on its privilege logs. Because TCS has failed to meet its burden of establishing privilege, the Court should order prompt production of these materials. This issue is especially pressing in light of the August 31 exhibit list deadline and other approaching pretrial deadlines.

**Background**: On February 8, 2017, TCS substantially completed document production from its fifteen ESI custodians but did not produce a privilege log (as required) despite withholding a significant number of documents. MvK Decl. ¶ 1. Plaintiffs began actively requesting the overdue privilege logs in August 2017. *Id.* ¶ 2. In October 2017, Tata produced a short privilege log for one custodian (Ramanan), containing nine entries, but otherwise ignored Plaintiffs' entries that it promptly complete its production of logs. *Id.* ¶ 3.

On December 27, 2017, the District Court certified a nation-wide terminations class and denied TCS's Motion for Summary Judgment. *See* Omnibus Order (Dkt. #244). Subsequently, in January 2018, TCS produced one log containing 28 entries and, in February 2018, a "draft" log for the thirteen remaining custodians, which contained 166,000 entries. MvK Decl. ¶ 4. At that time, TCS refused to commit to providing its "final" privilege logs by any date certain, which prompted a series of disputes that culminated in TCS stipulating to a March 30 deadline. Stip. to Vacate Hearing (Dkt. #266); MvK Decl.¶ 5.

On March 30, 2018—over a year after completing document production—TCS completed its initial production of privilege logs (though it produced a log for one custodian weeks after the stipulated deadline, without explanation). Dkt. #266. These logs were not compliant with this Court's standing order or Fed. R. Civ. P. 26, rendering them largely useless.  Dkt. #290-1 at 1:28-2:7. After briefing, the Court ordered TCS to produce logs compliant with the Court's standing order by May 10. Dkt. #297.  TCS failed to meet the Court's May 10 deadline, instead seeking an extension, which Plaintiffs opposed. Dkts. #299, 300. The Court sympathized with Plaintiffs' prejudice concerns and ordered TCS to produce compliant privilege logs on a weekly rolling basis, starting on May 10 and concluding on May 31. Hr'g Tr. 4:14-5:19 (Dkt. #333). After some

1

unusable interim productions, TCS produced four logs on May 31, one of which was over 6,000 pages long. MvK Decl.¶ 6. However, the logs were incomplete and TCS stated that it planned to produce amended logs containing additional information, which delayed Plaintiffs' ability to begin a substantive review.[1]

During a June 6 hearing, TCS represented to the Court that the company would provide those amended logs on June 11 or 12. Hr'g Audio at 12:35-45 (June 6, 2018) (Dkt. #355) ("In terms of when we could do that, I would suggest next Monday or Tuesday"). However, without explanation, TCS did not provide the logs at that time (despite requests from Plaintiffs that TCS do so). MvK Decl.¶¶ 7. Although TCS represented to the Court that it produced the amended logs on June 18, Dkt. #418 at 2:23-25, that representation is not correct—TCS produced no amended logs on June 18. *Id.* ¶ 8. Accordingly, in the midst of briefing dispositive motions, Plaintiffs began reviewing the May 31 logs in mid-June. *Id.* ¶ 9.

On July 6, Plaintiffs emailed TCS outlining their positions with regard to TCS's privilege claims and requesting a response. *Id.* ¶ 10. Ten days elapsed without a response, at which point Plaintiffs followed up via email, on July 16, requesting a meet and confer. *Id.* ¶ 11. TCS responded on July 18, finally providing the amended logs (after Plaintiffs had completed substantial review), and stating the company would begin substantively responding to Plaintiffs' July 6 positions by July 23. *Id.* ¶ 12. July 23 came and went, with no word from TCS. *Id.* ¶ 13. Plaintiffs again inquired about the status of its responses on July 24, to which TCS replied that it would send partial responses soon, which it did on July 25. *Id.* ¶ 14. The July 25 responses indicated that TCS would produce the vast majority of challenged documents. *Id.* ¶ 15. In addition, the parties agreed that TCS would produce thousands of additional immigration documents pursuant to a prior stipulation. *Id.* ¶ 16.; *see also* Stipulation (Dkt. #295).

Due to the complexity of the situation and the need to repeatedly follow up with TCS regarding every missed deadline, Plaintiffs requested a joint telephonic status conference to establish a framework to address privilege issues, which the Court denied on August 1. *See* Dkt.

---

[1] TCS also produced an additional log on June 1 (after the deadline), yet again without prior notice or explanation.

#432. That day, Plaintiffs emailed opposing counsel requesting a time to meet and confer the following day. *Id.* ¶ 17. TCS did not reply, so Plaintiffs followed up on August 2, again requesting a time to meet and confer that day. *Id.* ¶ 18. Defense counsel replied offering to meet and confer on August 6, which Plaintiffs accepted. *Id.* ¶ 19.

**Legal Standard**: When withholding responsive discovery on the basis of privilege, Rule 26(b)(5)(A)(ii) requires a party to describe the documents in a manner sufficient to enable other parties to assess the claimed privilege. *Accord* Standing Order at 6-7 (requiring log to be "sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified."). These "are not mere guidelines, to be followed only upon request by an opposing party." *Vieste, LLC v. Hill Redwood Dev.*, No. 09-cv-04024-JSW (DMR), 2010 U.S. Dist. LEXIS 126607, at *27 (N.D. Cal. Nov. 18, 2010). "Failure to furnish [a compliant log] promptly may be deemed waiver of the privilege or protection." Standing Order at 7; *see also Vieste, LLC*, 2010 U.S. Dist. LEXIS 126607, at *24.

**Argument**: On July 6, 2018, Plaintiffs emailed TCS requesting production of 13,825 emails (plus accompanying attachments)[2] that were withheld solely pursuant to a claim of attorney-client privilege but had no identified attorney or paralegal on the communication. *See* Exhibit A. The entries list on Exhibit A provided no explanation of why the privilege applies despite the absence of counsel. These invocations are insufficient to meet the proponent's burdens to both describe the documents in a manner sufficient to enable the other party to assess the claimed privilege, Fed. R. Civ. P. 26(b)(5)(A)(ii), and to establish all elements of the asserted privilege, *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002).

TCS has had 1.5 years to adequately justify its withholdings, and has not done so in that time. Accordingly, TCS has failed to meet its burden, and prompt production of these withheld materials (all emails listed in Exhibit A plus their attachments) should be required.

Below, TCS contends that each of Plaintiffs' privilege challenges required a written response. However, in actuality TCS has produced a large number of the challenged documents.

---

[2] TCS did not assert any separate basis for withholding the attachments. TCS's attachment withholdings are entirely derivative of the withholding of the parent emails.

3

Plaintiffs are not responsible for the fact that TCS's assertions of privilege were grossly overbroad and sparsely justified at the outset—thus necessitating broad challenges.

TCS's proposal below to prohibit further challenges to TCS's logs is entirely inappropriate, and would simply reward TCS for its own repeated failures to provide compliant logs, meet deadlines, or timely respond to Plaintiffs' challenges. Given the volume of documents withheld under dubious claims of privilege, Plaintiffs have been required to make a large number of challenges, which Plaintiffs divided into exhibits covering different defects in TCS's logs. Plaintiffs have attempted to resolve these issues as quickly as possible, but, if necessary, additional challenges may be forthcoming.[3]

**Prejudice:** Plaintiffs continue to suffer prejudice arising from Tata's failure to timely produce complete privilege logs. Exhibit lists are due August 31, with a host of other pretrial deadlines following shortly thereafter. *See* Pretrial Order No. 1 (Dkt. #431). To the extent TCS argues that it has moved promptly, such an argument is misplaced. The fact that substantial disputes remain concerning TCS's privilege withholdings on the eve of trial are a problem entirely of TCS's own making, and Plaintiffs should not be punished (and deprived of relevant and responsive evidence) for TCS's repeated failures to timely provide compliant privilege logs. Accordingly, Plaintiffs' requested relief—production of all emails listed in Exhibit A and their attachments—is proper.

---

[3] For example, the parties intend to meet and confer later this week regarding additional privilege issues.

4

### DEFENDANT'S PORTION

To circumvent this Court's four-page limit on letter briefs, Plaintiffs' have resorted to piecemeal attacks on TCS' privilege log and have filed this additional motion attacking the same privilege log that is the subject of an additional brief filed today. As already set forth in our response to Plaintiffs' initial brief, and summarized again below, TCS respectfully requests that Plaintiffs' motion be denied in its entirety and that they be barred from making further challenges to TCS' log.

Despite having TCS' privilege log since March 2018, and updated logs in May and June, 2018, plaintiffs did not challenge the substance of a single entry on TCS' log until July 6, 2018. At that time, Plaintiffs' sent TCS several "exhibits" seeking production of privileged documents on TCS' log. On July 24, Plaintiffs' sent additional exhibits requesting production of more documents properly withheld as privileged. In total, Plaintiffs' have sent TCS <u>fourteen</u> exhibits seeking production of nearly 40,000 documents PLUS all attachments to those documents. As a result, TCS has been forced to expend excessive time and resources to review documents and reply to never ending demands.

Exhibit A, at issue here, not only requests production of 13,825 parent emails, but also their corresponding attachments, which has forced TCS to review over 26,000 documents and provide a specific, written reply regarding each and every one of them. TCS has diligently reviewed and responded to these items by adding a column to Plaintiffs' Exhibit A spreadsheet and expects to have replied to all of the Exhibit A documents, including all attachments, within a week.

Further complicating this already arduous review process is that fact that many of Plaintiffs' complaints proved factually inaccurate on their face. TCS devoted hundreds of attorney hours to investigate when Plaintiffs asserted incorrectly, for example, that thousands of entries lacked an attorney, when an attorney was in fact listed. Numerous other challenged Exhibit A entries are communications between TCS employees referencing legal advice from TCS Counsel, compiling documents for the purpose of legal advice, or acting at the direction of counsel and as such remain properly withheld as privileged. *See Upjohn v. United States,* 449 U.S. 383, 396(1981); *United*

JOINT LETTER BRIEF RE PRIVILEGE LOGS                                    No. 4:15-cv-01696-YGR (SK)

*States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002); *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 444 (N.D. Cal. 2010).

While it takes little effort for plaintiffs to lodge piecemeal and never-ending attacks, actually investigating and responding to those complaints takes more time.  Notwithstanding this burden, TCS has acted diligently and is responding as quickly as possible.  It does not help that in many instances, plaintiffs' attacks are facially inaccurate.  Ironically, the only actual effect of Plaintiffs' over eager motion practice is to draw resources away from TCS' ongoing reviews and ensure that TCS will be further delayed in responding to Plaintiffs' Exhibit A requests.  Accordingly, TCS respectfully requests that Plaintiffs' motion be denied in its entirety and that plaintiffs be barred from making further challenges to TCS' log.

6

Dated:   August 13, 2018                          LOEB & LOEB LLP

                                                  By: /s/ Patrick N. Downes
                                                      Patrick N. Downes
                                                      *Attorney for Tata Consultancy Services, Ltd.*


                                                  KOTCHEN & LOW LLP

                                                  By: /s/ Michael von Klemperer
                                                      Michael von Klemperer
                                                      *Attorneys for Plaintiffs and the Class*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.


Dated: August 13, 2018                          By: /s/Michael von Klemperer
                                                    Michael von Klemperer

7