MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
BERNARD R. GIVEN (SBN 134718)
bgiven@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SLAIGHT, et al.,

Plaintiffs,

vs.

TATA CONSULTANCY SERVICES, LTD.,

Defendant.

Case No.: 4:15-cv-01696-YGR (SK)

Assigned to Hon. Yvonne Gonzalez Rogers

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO PERMIT CONTEMPORANEOUS TESTIMONY FROM A REMOTE LOCATION UNDER RULE 43(A)**

**CLASS ACTION**

<u>Hearing</u>
Date : October 12, 2018
Time : 9:00 a.m.
Location: Courtroom 1

Action Filed: April 14, 2015
Trial Date: November 5, 2018

Defendant Tata Consultancy Services, Ltd. ("TCS") hereby submits its Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Permit Contemporaneous Testimony from a Remote Location Under Rule 43(a) (hereinafter, the "Motion"), as follows:

# TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 2

II. STATEMENT OF RELEVANT FACTS .......... 3

A. The Witnesses .......... 3

B. The Alleged "Late-Produced" Documents .......... 4

III. DISCUSSION .......... 6

A. The Witnesses Are Beyond The Court's Subpoena Power, As Limited By Rule 45(c), And Cannot Be Compelled To Testify At Trial. .......... 7

B. Rule 43(a) Does Not Provide An Exception To Rule 45(c) And Cannot Be Used To Circumvent The Geographic Limits Of Rule 45(c). .......... 10

C. Because Rule 45(c) Does Not Vest The Court With Authority To Compel The Attendance Of The Witnesses, The Five Factor Test Advanced By Plaintiffs Does Not Apply. .......... 14

D. Plaintiffs' Arguments Concerning Various Discovery Issues Do Not Change The Outcome Of Their Motion. .......... 14

IV. CONCLUSION .......... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Takeda (In re Actos (Pioglitazone) Prods. Liab. Litig.*, MDL No. 6:11-md-2299, 2014 U.S. Dist. LEXIS 2231 (W.D. La., Jan. 8, 2014) ........ 12

*Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 U.S. Dist. LEXIS 170464 (N.D. Cal., Dec. 9, 2014) ........ 10

*Baker v. Bayer Healthcare Pharms. Inc.*, No. 13-cv-00490-THE, 2015 U.S. Dist. LEXIS 94979 (N.D. Cal., July 21, 2015) ........ 10

*Doe v. Uber Techs., Inc.*, No. 17-cv-00950-WHO, 2017 U.S. Dist. LEXIS 83462 (N.D. Cal., May 31, 2017) ........ 9

*Havens v. Mar. Communications/Land Mobile, LLC*, Civ. No. 11-993 (KSH) (CLW), 2014 U.S. Dist. LEXIS 68786 (Dist. N.J., May 20, 2014)........ 7

*In re Actos (Pioglitazone) Prods. Liab. Litig.*, MDL No. 6:11-md-2299, 2014 U.S. Dist. LEXIS 2231 (W.D. La., Jan. 8, 2014) ........ 11, 12

*In re Urethane Antitrust Litig.*, Civ. No. 2:08-5169, 2016 U.S. Dist. LEXIS 21226 (Dist. N.J., Feb. 22, 2016) ........ 7

*In re Washington Public Power Supply System Sec. Litig.*, MDL No. 551, 1988 U.S. Dist. LEXIS 19630 (W.D. Wa., Aug. 9, 1988)........ 14

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 Section L, 2017 U.S. Dist. LEXIS 81047 (E.D. La., May 25, 2017) ........ 13

*Ishee v. Fannie Mae*, No. 2:13-CV-234-KS-MTP, 2014 U.S. Dist. LEXIS 159619 (S.D. Miss., Nov. 13, 2014)........ 7

*Johnson v. Bay Area Rapid Transit Dist.*, No. C-09-0901 EMC, 2014 U.S. Dist. LEXIS 77411 (N.D. Cal., June 4, 2014) ........ 12

*Lin v. Horan Capital Mgmt., LLC*, No. 14 Civ. 5202 (LLS), 2014 U.S. Dist. LEXIS 114631 (S.D.N.Y., Aug. 13, 2014) ........ 7, 11

*Mullins v. Ethicon, Inc.*, No. 2:12-cv-02952, 2015 U.S. Dist. LEXIS 163522 (S.D. W. Va., Dec. 7, 2015) ........ 13

*NML Capital LTD. v. Republic of Arg.*, No. 2:14-cv-492-RFB-VCF, 2014 U.S. Dist. LEXIS 110625 (Dist. Nev., Aug. 11, 2014) ........ 12

*Passmore v. Barrett*, Case No. 2:13-cv-290, 2016 U.S. Dist. LEXIS 42953 (N.D. Ind., Mar. 31, 2016) ........ 7, 11

*Petrovic v. Travelers Prop. Cas. Ins. Co.*, No. C 15-01713 WHA, 2015 U.S. Dist. LEXIS 102124 (Aug. 4, 2015) ........ 10

*Rheumatology Diagnostics Lab, Inc. v. Aetna, Inc.*, No. 12-cv-05847-WHO, 2015 U.S. Dist. LEXIS 92776 (N.D. Cal., July 16, 2015) ........ 8, 11

*Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 U.S. Dist. LEXIS 76255 (W.D. Wa., June 3, 2014) ........ 7, 11

*Williams v. Wells Fargo Bank, N.A.*, No. 5:13-cv-03387-EJD, 2017 U.S. Dist. LEXIS 116084 (N.D. Cal., July 24, 2017) ........ 8

**Rules**

Fed. R. Civ. P. 43(a) ........ *passim*

Fed. R. Civ. P. 45 ........ *passim*

Fed. R. Civ. P. 45(c) ........ *passim*

## I. INTRODUCTION

All but ignoring the relevant and determinative authority, and instead relying upon outdated case law and an argument that consistently has been rejected since the 2013 amendments to Rule 45 of the Federal Rules of Civil Procedure, plaintiffs seek an Order, pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, compelling six witnesses beyond the reach of this Court's subpoena power to appear for trial via contemporaneous video transmission.[1] However, because such an Order would be an impermissible end run around the clear application of Rule 45(c), plaintiffs' Motion must be denied.

Plaintiffs admit in their motion that they knew of the existence of these witnesses during the discovery period, and also knew their respective roles at TCS. Plaintiffs deposed Messrs. Kant, Srinivasan, Ganapathy, and Jindal during the discovery period. Plaintiffs did not depose Messrs. Seetharaman and Rangasamy, but could have since they were aware of them during the discovery period.

Plaintiffs' complaints about alleged "late-produced" documents are not germane to the issue of whether the Court can compel the identified witnesses to appear at trial via videoconference. Notwithstanding, the documents that plaintiffs claim were "late-produced" were either produced during the discovery period, or are entirely cumulative of other documents which were produced long-ago. Plaintiffs cannot credibly claim that they did not have documents regarding the "leadership directive" to use at depositions. (The "directive" was to lower attrition of locals and expats, and not, as plaintiffs' contend, to favor expats.) Further, plaintiffs questioned several witnesses at deposition regarding their theory that TCS maps only expats to open positions. Plaintiffs utilized documents at all of these depositions regarding both the leadership directive and "mapping." Moreover, it was plaintiffs' last hour demand that TCS run yet additional searches for responsive documents that led to the production of cumulative documents toward the end, or after, the discovery

[1] All further rule references are to the Federal Rules of Civil Procedure unless otherwise noted.

cut-off. In short, plaintiffs' discovery complaints (i) are not relevant to whether trial testimony via videoconference is appropriate, and, (ii) even if relevant, are not valid.

## II. STATEMENT OF RELEVANT FACTS

This forum was selected by plaintiffs when they filed their Complaint on April 14, 2015. Dkt. No. 1.[2] Plaintiffs apparently chose this forum despite knowing that a number of witnesses employed by TCS reside and work beyond the geographic limits of this Court's subpoena power as defined under Rule 45. Apparently now regretting the consequences of their decision, plaintiffs urge this Court to ignore the geographic limits of Rule 45(c) and grant the extraordinary relief of compelling six witnesses to appear and testify at trial via videoconference technology. However, that relief is prohibited by the 2013 amendments to Rule 45.

### A. The Witnesses

More specifically, plaintiffs seek an Order requiring six TCS employees – Surya Kant, Narasimhan Srinivasan, Balaji Ganapathy, Amit Jindal, Ashok Seetharaman and Vignesh Rangasamy – to testify at trial via videoconference.[3] Plaintiffs reluctantly admit (as they must) that they have deposed four of these six witnesses (Kant, Srinivasan, Ganapathy and Jindal). *See* Motion, p. 17. One of these witnesses (Ganapathy) was deposed more than once, and two of these depositions (Kant and Srinivasan) were videotaped. *See* Declaration of Michelle M. La Mar ("La Mar Decl."), at ¶ 11-13.

Mr. Seetharaman was identified in at least 15,686 documents produced by TCS prior to 2018 (during the discovery period. La Mar Decl., ¶ 3. Contrary to plaintiffs' statements in their Motion, Seetharaman's role at TCS was known prior to Mr. Sharma's August 2018 deposition. Indeed, at her deposition on March 3, 2106, Ms. Alkiewicz identified Mr. Seetharaman by name. *See* La Mar Decl., ¶ 4, Ex. B. On March 16, 2016,

---

[2] Plaintiffs even resisted efforts to transfer the case elsewhere, insisting that this Court was the proper venue to hear the dispute. Dkt. No. 33.

[3] Plaintiffs conveniently fail to disclose that their Preliminary Witness List names 13 TCS-affiliated witnesses, all expected to cover the same subject matter. La Mar Decl., ¶ 2, Ex. A. And yet, plaintiffs offer no explanation why the testimony cannot be obtained from other TCS witnesses who will testify at trial.

Mr. Andrillo testified at deposition that Mr. Seetharaman was TCS' "deputy head of human resources." La Mar Decl., ¶ 5, Ex. C. Likewise, during 2016 and 2017, TCS produced 112 documents, including 15 emails, that identified Mr. Rangasamy. La Mar Decl., ¶ 6. While Mr. Rangasamy replaced Mr. Kumar, who left TCS, he has only been in his current role since October of 2017. Geeta Gwalani, who oversees Mr. Rangasamy has already agreed to testify at trial. *Id.* at ¶ 7, Ex. D.

None of these witnesses is employed, or regularly transacts business in person within 100 miles of this Court. *See* Declaration of Jeevak Sharma, ¶ ¶ 4, and 5. None of the six witnesses resides in California. *Id.* Although defendant may call some of these witnesses depending on plaintiffs' testimony (and this Court's ruling on pre-trial matters), the final decision has not yet been made. At the present time, none of these witnesses is willing to appear voluntarily to testify at trial before this Court with the exception of Messrs. Kant and Ganapathy. *Id*. Messrs. Kant and Ganapathy are on TCS' preliminary witness list. La Mar Decl., ¶ 7, Ex. D. (Should TCS decide to call any of the six witnesses at trial, TCS understands that pursuant to this Court's rule, TCS should make that witness available to plaintiffs during their case in chief.) Therefore, there simply is no authority for the Court to order the witnesses to testify at trial, whether by videoconference or otherwise.

**B. The Alleged "Late-Produced" Documents**

Plaintiffs contend that these witnesses should be compelled to testify at trial because TCS allegedly produced documents "late" by which they mean either toward the end of the discovery period (which ended on May 15, 2018), or after the discovery cut-off. Plaintiffs' argument ignores several key facts.

First, TCS' document production is not a relevant factor that the Court can or should consider in deciding the issue of whether to allow trial testimony via videoconference. Apparently, plaintiffs raise these discovery issues in an attempt to show that "good cause" exists to order the witnesses to attend trial via videoconference. As set

forth herein, however, the "good cause" exception to Rule 43(a) does not apply, and there is no "good cause" exception to the 100 mile limit articulated in Rule 45.

Second, TCS produced documents toward the end of the discovery period in order to address discovery concerns raised by plaintiffs in April and early May 2018. La Mar Decl., ¶¶ 8-10, Exs. E, F, and G. As plaintiffs well-know, plaintiffs provided TCS with additional search terms on March 21, 2018, and demanded that TCS run the search terms across all document custodians and produce the documents that "hit" on those terms. *Id.* TCS complained that plaintiffs' search terms were overly broad and unworkable because they included words like "only." In the end, on May 7, 2018, eight days before the May 15 cut-off, the parties resolved their dispute regarding the breadth of plaintiffs' eleventh hour request that TCS run additional searches. *Id.* TCS ran the additional searches and produced the hundreds of thousands of documents that "hit" on plaintiffs search terms. *Id.*

As Mr. von Klemperer's declaration indicates, TCS produced over 380,000 documents on or about May 18, 2018, and 393,711 pages were produced within six days of the discovery cut-off. Dkt. No. 497-1, p. 2. What Mr. von Klemperer does not disclose is that *plaintiffs* demanded that TCS produce hundreds of thousands of documents in May 2018. *Id.* Plaintiffs should not demand that TCS search for and produce documents on the eve of the discovery cut-off, only to later complain when TCS complies. To now fault TCS because some documents arrived shortly after the cut-off is disingenuous and a total misrepresentation of the history of discovery in this case.

Third, in addition to the 393,711 pages produced at plaintiffs' request, 590,000 of the allegedly 1.4 million "late-produced" documents identified in Mr. von Klemperer's Declaration (Dkt. No. 497-1 at p.2), are communications regarding individual visa applications. If plaintiffs did not reinsert visa fraud into this case in their August 10, 2018 supplemental responses to contention interrogatories, these documents would not have been produced at all. *See* Dkt. No. 492.

Fourth, the documents identified by Mr. von Klemperer as relevant to the testimony of these six witnesses are cumulative of other discovery produced within the discovery

period and made the subject of deposition testimony. *See* Plaintiffs' Motion at pp.4-5, Dkt. No. 487. Mr. Srinivasan and Mr. Kant were deposed and testified about the alleged "leadership directive." Both witnesses were presented with documents that allegedly show TCS has a purported leadership directive to favor expats, and that TCS maps expats to open positions. *See* La Mar Decl., ¶ ¶ 12, 13, Exs. I and J. TCS affirmative action efforts were discussed at the depositions of Messrs. Ganapathy and Srinivasan. *See* La Mar Decl., ¶ ¶ 11, 13, Exs. H and J. Mr. Srinivasan is the head of Human Resources, so any suggestion that plaintiffs did not know he would have a role in setting benching and termination policies is ludicrous and belied by Mr. Srinivasan's own deposition testimony. *See* La Mar Decl., ¶ 13, Ex. J. Release agreements and severance payments should not be part of the November 5 trial. In addition to being cumulative of discovery provided before the cut-off, several of the documents identified by plaintiffs (*e.g.*, the PwC audit (TCSLTD008028157-60), TCSLTD008148629, TCSLTD007823210 and TCSLTD007905187), were produced on May 16, 2018, one day after the close of discovery. La Mar Decl., ¶ 14.

## III. DISCUSSION

Perhaps recognizing that Rule 45(c) prevents this Court from issuing subpoenas to force witnesses residing out of state to travel across the country to attend a trial in Oakland, plaintiffs urge the Court to misconstrue Rule 43(a) as allowing the Court to order these same witnesses, none of whom are willing to appear voluntarily at trial in Oakland (except Kant and Ganapathy), to appear in courts in New Jersey and Maryland in order to have their testimony transmitted via videoconference. Such an end run around the strict limitations of Rule 45(c) is prohibited.

TCS will first address the geographic restrictions of Rule 45(c), and then the authority establishing that Rule 43(a) cannot be used as a back door means of compelling the testimony of a witness who is beyond the subpoena power of this Court.

**A. The Witnesses Are Beyond The Court's Subpoena Power, As Limited By Rule 45(c), And Cannot Be Compelled To Testify At Trial.**

The Court's power to subpoena witnesses for trial is defined and circumscribed by Federal Rule of Civil Procedure 45(c), which states:

> (c) Place of Compliance.
>
> (1) For a Trial, Hearing, or Deposition.
>
> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
> (i) is a party or a party's officer; or
>
> (ii) is commanded to attend a trial that would not incur substantial expense.

Fed. R. Civ. P. 45(c).

Prior to 2013, courts differed as to whether they had authority to compel parties and party officers to attend trial beyond the 100 mile geographic limit of Rule 45. ***<u>However, that disagreement no longer exists</u>***. In 2013, Rule 45 was amended to resolve a split in the case law interpreting the rule's provisions for subpoenaing parties and party officers. As the Advisory Committee explained:

> Because Rule 45(c) directs that compliance may be commanded only as it provides, these amendments resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers. Compare *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New

> Jersey to testify at trial in New Orleans), with *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state). ***Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state.***

Fed. R. Civ. P. 45 Advisory Committee's Note (emphasis added).

Because the 2013 amendments conclusively established that a district court lacks authority to enforce a trial subpoena beyond the geographic limits of Rule 45, district courts routinely deny attempts to force witnesses to appear for trial beyond the geographic limits of Rule 45. *See, e.g.*, *Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 U.S. Dist. LEXIS 76255 at *3-4 (W.D. Wa., June 3, 2014) (holding that Rule 45 did not permit the court to compel an Arizona-based corporate deponent to testify at trial in Seattle); *Lin v. Horan Capital Mgmt., LLC*, No. 14 Civ. 5202 (LLS), 2014 U.S. Dist. LEXIS 114631 at *2 (S.D.N.Y., Aug. 13, 2014) (holding that a witness who resided and worked more than 100 miles outside New York could not be compelled to appear for an arbitration hearing in New York City); *Havens v. Mar. Communications/Land Mobile, LLC*, Civ. No. 11-993 (KSH) (CLW), 2014 U.S. Dist. LEXIS 68786 at *9-10 (Dist. N.J., May 20, 2014) (quashing subpoenas which sought to require witnesses who resided and worked in California to appear for trial in New Jersey); *Ishee v. Fannie Mae*, No. 2:13-CV-234-KS-MTP, 2014 U.S. Dist. LEXIS 159619 at *3 (S.D. Miss., Nov. 13, 2014) (holding that the court lacked authority to require a witness who resided and worked in Texas to appear at trial in Mississippi); *Passmore v. Barrett*, Case No. 2:13-cv-290, 2016 U.S. Dist. LEXIS 42953 at *8 (N.D. Ind., Mar. 31, 2016) (quashing subpoena which sought the trial attendance of a witness who lived and worked outside Indiana and more than 100 miles from the location of trial); *In re Urethane Antitrust Litig.*, Civ. No. 2:08-5169 (WJM-MF),

2016 U.S. Dist. LEXIS 21226 at *5 (Dist. N.J., Feb. 22, 2016) (denying motion to require trial testimony of eight employees of a party, none of whom resided in, were employed in, or regularly transacted business in New Jersey or within 100 miles of the court).

This District is in accord. In *Williams v. Wells Fargo Bank, N.A.*, No. 5:13-cv-03387-EJD, 2017 U.S. Dist. LEXIS 116084 (N.D. Cal., July 24, 2017), the plaintiff issued trial subpoenas to two employees of the defendant. *Id*. at *1. Both witnesses lived, worked, and transacted business in Texas. *Id*. Although the plaintiff conceded that both defendants resided outside the geographical limits of Rule 45, she argued that the court had discretion to enforce the subpoenas. *Id*. at *1-2. In support of this argument, the plaintiff relied on an excerpt from the Advisory Committee Notes to the 2013 amendment to Rule 45(c), suggesting that, when travel over 100 miles could impose substantial expense on the witness, the court could condition enforcement of the subpoena upon payment of that expense by the party issuing the subpoena. *Id*. at *2. However, as the Court properly recognized:

> This excerpt refers to Rule 45(c)(1)(B)(ii), not 45(c)(1)(A). Subsection (B)(ii) applies only to subpoenas that command attendance "within the state where the person resides." It does not apply here because [the witnesses] reside in Texas. ***<u>As such, this Court must quash Plaintiff's trial subpoenas … under Fed. R. Civ. P. 45(d)(3)(A)(ii)</u>***.

*Id*. (emphasis added); *see also*, *Rheumatology Diagnostics Lab, Inc. v. Aetna, Inc.*, No. 12-cv-05847-WHO, 2015 U.S. Dist. LEXIS 92776 at *20 (N.D. Cal., July 16, 2015) (precluding live testimony of a defendant's employees who resided beyond the geographic limits of Rule 45(c)).[4]

---

[4] While *Wells Fargo* is the only opinion from the Northern District (or the Ninth Circuit Court of Appeals, from which there were no opinions) to discuss the issue directly, several cases from the Northern District of California have discussed the "100 mile limit" for the district court's subpoena power in the context of analyzing motions to transfer, which often include an assessment of which court can compel the attendance of witnesses. See *Doe v. Uber Techs., Inc.*, No. 17-cv-00950-WHO, 2017 U.S. Dist. LEXIS 83462, at

Because the six witnesses who are the subject of the Motion reside outside of California, and because this Court is more than 100 miles from where the witnesses reside, are employed, and regularly transact business in person, the Court lacks authority to order the witnesses to testify in this matter. To circumvent this limitation, Plaintiffs argue that Rule 43(a) vests the Court with authority to order the witnesses to testify by videoconference from remote locations. Plaintiffs are wrong.

### B. Rule 43(a) Does Not Provide An Exception To Rule 45(c) And Cannot Be Used To Circumvent The Geographic Limits Of Rule 45(c).

Plaintiffs spend much of their Motion arguing that the Court should exercise its purported discretion under Rule 43(a) and find "good cause" to order the witnesses to testify at trial via videoconference. While plaintiffs are not the first to argue that Rule 43(a) can be construed as providing an exception to the geographic limits of Rule 45(c), almost all courts, including courts in this District, that have been called upon to consider this argument after the 2013 amendments to Rule 45(c) have concluded that the argument lacks merit.[5]

Rule 43(a) establishes that, as a general matter, witnesses must deliver their testimony live and in open court. Fed. R. Civ. P. 43(a). However, Rule 43(a) also states,

---

*15-18 (N.D. Cal., May 31, 2017) (analyzing motion to transfer factors and noting that Fed. R. Civ. P. 45(c)(1)(A) would not allow witnesses in Minnesota to be compelled to appear for trial in California); *Petrovic v. Travelers Prop. Cas. Ins. Co.*, No. C 15-01713 WHA, 2015 U.S. Dist. LEXIS 102124, at *14-15 (Aug. 4, 2015) (analyzing motion to transfer factors and noting that "Rule 45(c)(1) specifies that a subpoena may require a person to testify at trial only if the court is within 100 miles of where the person resides or works, or if the court is within the state where the individual resides or works and attending trial would not result in substantial expense"); *Baker v. Bayer Healthcare Pharms. Inc.*, No. 13-cv-00490-THE, 2015 U.S. Dist. LEXIS 94979, at *8-9 (N.D. Cal., July 21, 2015) (analyzing motion to transfer factors and stating, "The San Francisco courthouse of the Northern District of California is more than 100 miles from both Indiana and the Riverside area of Southern California. Thus, in the Northern District, compulsory process of witnesses is not guaranteed for witnesses in Southern California and is entirely unavailable for Indiana witnesses"); *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 U.S. Dist. LEXIS 170464, at *35 (N.D. Cal., Dec. 9, 2014) (citing Rule 45(c) in the context of a motion to transfer and recognizing the geographic limitations of the rule).

[5] Of the cases cited by plaintiffs which were decided after the 2013 amendments to Rule 45(c), only two courts have compelled an unwilling witness outside of the geographic limits of Rule 45(c) to testify at trial by videoconference. However, those cases are distinguished below.

"For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location. *Id*. Plaintiffs argue that this language gives the Court unfettered authority to order witnesses residing outside the geographic limits of Rule 45(c) to appear within 100 miles of their homes or offices to testify via videoconference. That simply is not correct.

In *Rheumatology Diagnostics*, *supra*, a case decided in the Northern District of California, the plaintiffs sought testimony from witnesses who were beyond the geographic limits of the Court's subpoena power under Rule 45(c). The plaintiffs argued, as plaintiffs do here, that Rule 43(a) gave the Court authority to order the witnesses to testify via contemporaneous transmission from a different location. However, the District Court properly concluded that Rule 43(a) "presupposes a witness willing or compelled to testify at trial." *Rheumatology Diagnostics*, 2015 U.S. Dist. LEXIS 92776 at *20-21, quoting *Roundtree*, *supra*, 2014 U.S. Dist. LEXIS 76255 at *5 (denying a request to compel trial testimony via contemporaneous transmission from an unwilling witness who resided beyond the geographic limit of Rule 45(c)). Where there is no witness willing to testify by videoconference, Rule 43(a) does not apply. In other words, Rule 43(a) "does not operate to extend the range or requirements of a subpoena." *Rheumatology Diagnostics*, 2015 U.S. Dist. LEXIS 92776 at *21, quoting *Lin*, *supra*, 2014 U.S. Dist. LEXIS 114631 at *3 (refusing to compel arbitration testimony via contemporaneous transmission from an unwilling witness who resided beyond the geographic limit of Rule 45(c)).

As this District held in *Rheumatology Diagnostics*, *supra*, ***"Where a proposed witness is both unwilling to testify and beyond the court's subpoena power, [Rule 43(a)] does not provide a backdoor means of presenting his or her testimony at trial."*** *Rheumatology Diagnostics*, 2015 U.S. Dist. LEXIS 92776 at *21, citing *Lin*, 2014 U.S. Dist. LEXIS 114631 at *3 (emphasis added).

Similarly, in *Passmore v. Barrett*, No. 2:13-cv-290, 2016 U.S. Dist. LEXIS 42953 (N.D. Ind., Mar. 31, 2016), the defendant (who lived outside Indiana and more than 100 miles from the location of trial) asked the Court to admit his videotaped deposition at trial

in lieu of live testimony, and the plaintiff asked the court to compel the defendant's attendance at trial. *Id*. at *6. The parties made the familiar arguments that had been advanced prior to the 2013 amendments to Rule 45(c), but the Court found the 2013 amendments determinative: "Although not cited by either party, a 2013 Amendment to Federal Rule of Civil Procedure 45 resolved this issue." *Id*. at *7. Accordingly, the Court quashed the subpoena.

Plaintiffs advance the generic argument that the use of Rule 43(a) "is not contrary to the limits imposed by Rule 45" (Motion at p. 11). That may be true where a witness is located beyond the court's subpoena power but is ***willing*** to testify elsewhere, but it is not true otherwise. As stated above, Rule 43(a) does not abrogate the geographic limits of Rule 45(c) and does not extend the range or requirements of a subpoena.

Lacking any relevant authority from this District or the Ninth Circuit to support their argument, plaintiffs instead cite a case discussing the service requirements for a subpoena upon a U.S. national or resident in a foreign country (*Johnson v. Bay Area Rapid Transit Dist.*, No. C-09-0901 EMC, 2014 U.S. Dist. LEXIS 77411, (N.D. Cal., June 4, 2014)), and a case involving compliance with a post-judgment discovery subpoena (*NML Capital LTD. v. Republic of Arg.*, No. 2:14-cv-492-RFB-VCF, 2014 U.S. Dist. LEXIS 110625, (Dist. Nev., Aug. 11, 2014)). Neither case is helpful to the issue before the Court.

Most of the cases cited by plaintiffs pre-date the 2013 amendments to Rule 45(c) and thus are not instructive. However, plaintiffs have cited three cases which were decided after the 2013 amendments in which the courts compelled an unwilling witness outside of the geographic limits of Rule 45(c) to testify at trial by videoconference. Although those cases do not follow the weight of authority on this issue, all three of the cases involved bellwether trials in multi-district litigation matters, and were decided on that basis. Those cases are, therefore, distinguishable.

In *Allen v. Takeda (In re Actos (Pioglitazone) Prods. Liab. Litig.*, MDL No. 6:11-md-2299, 2014 U.S. Dist. LEXIS 2231 (W.D. La., Jan. 8, 2014), which was decided just one month after the 2013 amendments to Rule 45(c) took effect, the plaintiffs asked the

Court to allow them to present trial testimony via contemporaneous video transmission for certain of the defendants' current or former employees who were beyond the Court's subpoena power. *Id*., 2014 U.S. Dist. LEXIS 2231 at *19-20. Earlier in the case, the Court had issued a scheduling order which stated the Court's expectation that the parties would "make significant efforts to produce witnesses for trial rather than relying on deposition testimony." *Id*. at *32. In light of this scheduling order, and because the case was the first bellwether trial of several cases that would be tried, the Court found good cause to allow live witness testimony via contemporaneous transmission. *Id*. at *52-53. Although the Court recognized the numerous cases denying similar motions, it made clear that it was basing its aberrant decision on the fact that the upcoming trial was a bellwether case in multidistrict litigation, in which the Court earlier had stated an expectation that the parties would produce witnesses for trial rather than rely on deposition testimony. *Id*. See, also, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig*., MDL No. 2592 Section L, 2017 U.S. Dist. LEXIS 81047 at *11(E.D. La., May 25, 2017) (where the Court, focusing its decision largely on the fact that the upcoming trial was a bellwether trial "intended to inform the parties on the future course of this entire litigation," found that this factor "tilt[ed] the balance, albeit slight, in favor of allowing live [testimony]" of the witness); *Mullins v. Ethicon, Inc*., No. 2:12-cv-02952, 2015 U.S. Dist. LEXIS 163522 at *10-11, 13 (S.D. W. Va., Dec. 7, 2015) (where the Court, again basing its decision on the fact that the upcoming bellwether trial of consolidated cases was a "small sampling of cases [that] will bear on many more cases beyond the bounds of this consolidated trial," ordered the witnesses to appear by videoconference).

The factors at play in the multidistrict litigation bellwether trials referenced above do not exist in the case before this Court. Accordingly, this Court should follow the substantial weight of authority, and the only authority in this District, holding that Rule 43(a) cannot be used to abrogate the requirements of Rule 45(c).

**C. Because Rule 45(c) Does Not Vest The Court With Authority To Compel The Attendance Of The Witnesses, The Five Factor Test Advanced By Plaintiffs Does Not Apply.**

Plaintiffs spend significant time walking the Court through a five factor test, first articulated in 1988 in *In re Washington Public Power Supply System Sec. Litig.*, MDL No. 551, 1988 U.S. Dist. LEXIS 19630 (W.D. Wa., Aug. 9, 1988), in order to determine whether "good cause" exists to allow video testimony under Rule 43(a). However, based on the wealth of authority cited above, and all authority in this District, TCS does not believe the five factor test applies in the circumstances before this Court. Instead, because the witnesses reside and work outside of California and more than 100 miles from this Court, and are not willing to testify voluntarily, the restrictions of Rule 45(c) apply, and the witnesses cannot be compelled to testify. The existence of Rule 43(a) is of no consequence in this situation.

**D. Plaintiffs' Arguments Concerning Various Discovery Issues Do Not Change The Outcome Of Their Motion.**

Plaintiffs spend significant time arguing that they would be prejudiced if the six witnesses are not compelled to testify at trial via contemporaneous transmission. If Rule 45(c) did not bar the requested relief, and if this were a discovery motion, perhaps these arguments would merit some consideration. However, plaintiffs' claims of prejudice are overwrought.

Plaintiffs' preliminary witness list identifies 13 TCS-affiliated witnesses whom plaintiffs intend to call to testify at trial (in addition to "Individuals Listed on TCS's Witness List"), not just the six identified in plaintiffs' Motion. La Mar Decl., ¶ 2, Ex. A. The same testimony that plaintiffs argue they must be allowed to offer through the six witnesses identified in the Motion is listed for several other witnesses. Therefore, plaintiffs have failed to establish even that the testimony they seek from these six witnesses is unique.

The subject testimony from these six witnesses likely would be excluded as cumulative in any event. A cursory review of plaintiffs' descriptions of the testimony they seek reveals substantial overlap in the subjects of testimony. *See* Motion, p. 5-8. For example, plaintiffs seek testimony concerning the setting of affirmative action goals from at least two of the witnesses (Kant and Ganapathy), both of whom were deposed. Plaintiffs seek testimony concerning staffing goals from at least four of the witnesses (Kant, Srinivasan, Jindal and Rangasamy), three of whom were deposed. Plaintiffs seek testimony concerning the alleged leadership directive from at least four of the witnesses (Kant, Srinivasan, Ganapathy and Rangasamy), three of whom were deposed. Plaintiffs seek testimony concerning expat preferences from at least four witnesses (Kant, Srinivasan, Jindal and Rangasamy), three of whom were deposed. Simply stated, plaintiffs are misrepresenting their claimed need for testimony from these six witnesses because the testimony is largely duplicative and cumulative.

Additionally, what plaintiffs conveniently fail to highlight is that four of the six witnesses (Kant, Srinivasan, Ganapathy and Jindal) have been deposed, and their deposition transcripts can be read at trial. La Mar Decl., ¶¶ 11-13 and 15, Exs. H, I, J and K. One of those witnesses (Ganapathy) was deposed twice. *Id.* at ¶ 11. The Advisory Committee Notes to the 1996 Amendment to Rule 43(a) state that "[o]rdinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena." Because plaintiffs have deposed four of the witnesses who are the subject of the Motion, plaintiffs are able to utilize those deposition transcripts at trial.

In footnote 15 of the Motion, plaintiffs also improperly reference past cases in which TCS encountered discovery disputes. Aside from the fact that those cases have no bearing on the present Motion, plaintiffs previously were admonished in this action against citing those cases in an attempt to persuade the Court that TCS has not complied with its discovery obligations in this case. *See* Dkt. No. 174 at p. 3. Such evidence is improper under Fed. R. Evid. 404 and should not be considered.

Finally, plaintiffs complaints regarding TCS' discovery efforts not only mischaracterize the discovery history in this case, but are wholly irrelevant. As set forth above, Rule 43(a)'s "good cause" exception is of no consequence to this motion and has no bearing on whether Rule 45 limits the ability of plaintiffs to call these out of state witnesses at trial.

Moreover, as set forth *infra,* p. 5, it was plaintiffs own late request that TCS run "additional" search terms for responsive documents that resulted in the production of some documents after the cut-off. Most of these documents are entirely cumulative of documents produced during the discovery period. At deposition, Messrs. Kant and Srinivasan discussed TCS' alleged leadership directive, the alleged "mapping" of expats and TCS' alleged preference for exapts. Mr. Ganapathy and Mr. Srinivasan addressed TCS' affirmative action goals and policies. *See* La Mar Declaration, ¶¶ 11-13, Exs. H, I, and J. The documents identified by plaintiffs are not only irrelevant to this motion, but they also fail to establish that plaintiffs were somehow prejudiced by the timing of their production.

## IV. CONCLUSION

Because the six TCS witnesses do not reside in California, and do not live, work or regularly transact business in person within 100 miles of this Court, and because the witnesses are not willing to voluntarily testify at trial (except Kant and Ganapathy), Rule 45(c) mandates that the Court deny plaintiffs' Motion.

Dated: September 24, 2018

LOEB & LOEB LLP
MICHELLE M. LA MAR
BERNARD R. GIVEN
ERIN M. SMITH

By: /s/Michelle M. La Mar
Michelle M. La Mar
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing and the Declarations of Michelle M. La Mar and Jeevak Sharma were served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on September 24, 2018.

Dated: September 24, 2018

/s/ Michelle M. La Mar
Michelle M. La Mar