MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
BERNARD R. GIVEN (SBN 134718)
bgiven@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>**MOTION IN LIMINE NO. 2 TO EXCLUDE DECLARATIONS OF PLAINTIFFS AND/OR THIRD PARTIES**<br><br>**CLASS ACTION** |

Defendant Tata Consultancy Services, Ltd. ("TCS") hereby moves the Court for an order, *in limine*, excluding declarations of plaintiffs and/or third parties pursuant to Fed. R. Evid. 802 (hearsay), and, as to certain declarations, on the grounds that plaintiffs did not disclose the declarant in its Fed. Rule of Civ. P., Rule 26 Initial Disclosures. *See* Fed. Rule of Civ. P. 37(c)(1).

## I. INTRODUCTION

Plaintiffs' August 31, 2018, preliminary exhibit list includes at least 20 declarations signed by various plaintiffs and/or third parties to this action. *See* Ex. A, appended hereto. Each of the declarations includes hearsay that should be excluded pursuant to Fed. Rule Evid. 802. Specifically, each declaration contains out of court statements offered to prove the truth of the matter asserted.

Moreover, certain of the declarations are from declarants that were not disclosed in plaintiffs' Rule 26 Initial Disclosures, or supplements thereto, (*see* Plaintiffs' Supplemental Rule 26 Initial Disclosures, Ex. B hereto) as having evidence relevant to this case. *See* Fed. Rule Civ. P., Rule 26(a)(1). Accordingly, plaintiffs' failure to disclose these witnesses as having potentially relevant information provides an independent ground to exclude the declarants' testimony. *See* Fed. Rule of Civ. P. 37(c)(1).

## II. BACKGROUND

Plaintiffs' August 31, 2018 preliminary exhibit list includes the following declarations (*see* Ex. A, appended hereto) from either a named plaintiff, or a person listed on Plaintiffs' Supplemental Rule 26(a)(1) Disclosures as having potentially discoverable information ("Group 1"):

- Declaration of Salah Bedeiwi (2) (Ex. 1513, 1514)
- Declaration of Loran Peck (Ex. 1634)
- Declaration of Jessica Wilson (Ex. 1783)
- Declaration of Seyed Amir Masoudi (Ex. 1618)
- Declaration of Steven Webber (Ex. 1782)
- Declaration of Nasser Nahshal (Ex. 1624)
- Declaration of Nobel Mandili (3) (Exs. 1607, 1608, 1609)
- Declartion of Stephen Bradley (Ex. 1515)
- Declaration of Dwight Giovanni (Ex. 1567)
- Declaration of Brian Buchanan (Ex. 1516)
- Declaration of Christopher Slaight (Ex. 1772)

Plaintiffs' August 31, 2018 exhibit list also includes the following declarations (*see* Ex. A, appended hereto) from persons *not* identified on Plaintiffs' Supplemental Rule 26(a)(1) Disclosures (or any of plaintiffs' Rule 26 Disclosures) as having potentially discoverable information ("Group 2"):

- Declaration of Bradley Margol (Ex. 1612)
- Declaration of Roland Ocampo (Ex. 1630)
- Declaration of Joseph Huffman (Ex. 1572)
- Declaration of Ted Kanellopoulos (Ex. 1577)
- Declaration of Justin Guy (Ex. 1569)
- Declaration of Joshua Grant (Ex. 1573)
- Declaration of Fischer (Ex. 1563)
- Declaration of Roberto Calles (Ex. 1517)
- Declaration of Vincent Nwizubo (1629)
- Declaration of Dawn Grant (Ex. 1519)

## III. EACH AND ALL OF THE DECLARATIONS (GROUP 1 AND 2) CONTAIN INADMISSIBLE HEARSAY TESTIMONY

Each of the above-referenced declarations from both Group 1 and Group 2 includes hearsay testimony because the statements therein are made out of court and offered to prove the truth of the matter asserted. Fed. Rule Evid. 802. As such, each declaration and its content should be excluded from trial for all purposes.

## IV. TESTIMONY OF UNDISCLOSED DECLARANTS (GROUP 2) SHOULD BE EXCLUDED

As set forth above, plaintiffs failed to disclose certain of the declarants in their Initial Disclosures made pursuant to Fed. Rule of Civ. P. 26(a)(1), or in any supplement thereto. Accordingly, the testimony of these declarants should be excluded pursuant to Fed. Rule of Civ. P. 37(c)(1), which provides that a "party is not allowed to use [non-disclosed] information or witness[es] to supply evidence . . . at trial."

## V. CONCLUSION

For the foregoing reasons, the Court should exclude at trial the above-referenced declarations (Group 1 and 2) for all purposes.

Dated: September 28, 2018

LOEB & LOEB LLP
MICHELLE M. LA MAR
BERNARD R. GIVEN
ERIN M. SMITH

By: */s/Michelle M. La Mar*
Michelle M. La Mar
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing were served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on September 24, 2018.

Dated: September 28, 2018

/s/ *Michelle M. La Mar*
Michelle M. La Mar