MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
BERNARD R. GIVEN (SBN 134718)
bgiven@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR (SK)<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF UNRELATED LAWSUITS**<br><br>**CLASS ACTION**<br><br>Complaint Filed: April 14, 2015<br>Trial Date: November 5, 2018 |

Defendant Tata Consultancy Services, Ltd. ("TCS") hereby moves the Court for an order, *in limine*, excluding any reference to evidence, documents or testimony regarding lawsuits and claims against TCS which are unrelated to the present action, under Fed. R. Evid. 402 and 403.

## I. INTRODUCTION AND FACTUAL BACKGROUND

In their list of trial exhibits, Plaintiffs list items pertaining to unrelated lawsuits or claims made against TCS. Among those items are the following: Exhibit 1482 – Email chain re Notice of Investigation of claim by Mark Rossmiller; Exhibit 1623 – EEOC Charge of Discrimination filed by Nasser Nahshal; and Exhibit 1781 – EEOC Charge of Discrimination filed by Steven Webber. *See* Ex. A, appended hereto.

In addition to these documents, Plaintiffs also list TCS quarterly reports which summarize the number of pending suits (*see, e.g.,* Exhibits 201 and 203), as well as an incomplete and therefore misleading and inaccurate demonstrative exhibit summarizing discrimination complaints against TCS (but leaving out positive comments). (Exhibit 1540). *See* Ex. A, appended hereto.

Plaintiffs also should be precluded from referencing an investigation of TCS' employment practices - an investigation by the Civil Rights Division of the Department of Justice of a claim filed by Mark Rossmiller (Charge No. 197-35-404) (Exhibit 1482 and 531, appended hereto as Ex. A), which was dismissed on February 5, 2014 (as reflected in TCSLTD008352315[1]); The existence of this claim, which was dismissed because no violations were found, should be excluded.

Plaintiffs also have repeatedly mentioned other litigation in papers filed with the Court, such as *Epic Sys. Corp. v. Tata Consultancy Servs.*, No. 14-cv-748, 2015 U.S. Dist. LEXIS 173927 (W.D. Wis. Dec. 31, 2015), and *Vedachalam v. Tata Consultancy Servs., Ltd.*, No. C 06-0963 (N.D. Cal. 2012). Magistrate Judge Kim already has ruled that references to discovery issues in other matters were not helpful or productive. Dkt. 174 at 3; *see also*, Fed. R. Evid. 404, which prohibits use of other acts to prove conduct in conformity. Any reference to these cases should be excluded at trial. Moreover, TCS deponents were asked about unrelated lawsuits at deposition. *See* Ex. B. That testimony should also be excluded for the same reasons.

---

[1] Appended hereto as Ex. B

Because such evidence is not relevant, contains hearsay, and poses substantial danger of unfair prejudice, confusing the issues and misleading the jury, TCS seeks an order excluding any such evidence.

## II. DISCUSSION

### A. Evidence Of Unrelated Lawsuits And Claims Is Not Relevant.

Only relevant evidence is admissible. Fed. R. Evid. 402. Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Fed. R. Evid. 401. The exhibits referenced above do not meet this standard.

TCS's involvement in unrelated claims and lawsuits is irrelevant to the issues to be determined by the jury. Courts routinely exclude such evidence. *See, e.g., Fabric Selection, Inc. v. NNW Imp., Inc.*, No. 2:16-cv-08558-CAS (MRWx), 2018 U.S. Dist. LEXIS 62334 at *20-21 (C.D. Cal., April 11, 2018) (finding that unrelated claims and lawsuits against defendant corporation were irrelevant).

Plaintiffs seek to offer this evidence to prove a pattern of conduct, but such character evidence is impermissible under Fed. R. Evid. 404, and does not rise to the level of habit or routine practice required for admissibility under Fed. R. Evid. 406. *See, e.g., Classical Silk, Inc. v. Dolan Group, Inc.*, No. CV 14-09224-AB (MRWx), 2016 U.S. Dist. LEXIS 193774 at *29-30 (C.D. Cal., March 21, 2016) (excluding two summary judgment rulings rendered against defendant corporation in separate cases).

### B. The Subject Exhibits Contain Inadmissible Hearsay

The claims made in the EEOC charging documents, for example, are merely allegations consisting of out of court statements that are offered to prove the truth of the matters asserted. As such, they constitute inadmissible hearsay. This evidence also should be excluded on that basis.

**C. The Probative Value, If Any, Of Evidence Of Other Lawsuits Is Substantially Outweighed By The Danger Of Unfair Prejudice, Confusing The Issues, And Misleading The Jury.**

The jury must be permitted to make its decision on the facts of this case, not on the existence of other, not yet adjudicated allegations made against TCS in other actions, or, in some instances, claims that were found to lack merit. Allowing a jury to hear evidence of other claims or lawsuits poses significant danger of unfair prejudice. *See*, *Fabric Selection*, *supra*, 2018 U.S. Dist. LEXIS 62334 at *20 (evidence of unrelated lawsuits is inadmissible because it is more prejudicial than probative). If the jury is permitted to hear evidence, out of context, of other claims made against TCS, there is substantial danger that such evidence could confuse the issues and mislead the jury. *See*, *Classical Silk*, *supra*, 2016 U.S. Dist. LEXIS 193774 at *31 (recognizing "the certain prejudice to Defendants and confusion of the jury that would result" from the introduction of unrelated summary judgment rulings). Therefore, the evidence from other claims and lawsuits should be excluded under Fed. R. Evid. 403. Such evidence and testimony is found at Exs. A and B hereto.

**D. Evidence Concerning The Number Of Other Claims, Or A Summary Of Such Claims, Asserted Against TCS Is Inadmissible.**

Plaintiffs also seek to offer summaries of claims asserted against TCS. *See* Exhibits 201, 203 and 1540. However, such evidence is inadmissible under Ninth Circuit precedent.

In *Woodhouse v. Motel 6 G.P.*, No. 94-35716, 1995 U.S. App. LEXIS 28347 (9th Cir. 1995), the Ninth Circuit reviewed the District Court's decision to allow the plaintiffs to introduce a summary chart of prior guest and administrative agency complaints against the defendant. The District Court determined the summary chart of prior discrimination complaints was relevant in determining whether a reasonable company would have taken affirmative action to curb discrimination. The Ninth Circuit concluded that the defendant's "mere receipt of prior complaints had no tendency to prove any fact of consequence … unless the claims were valid." *Id.* at *10-11. Further, the admission of a summary of such

complaints of discrimination, unsupported by sworn testimony from witnesses exposed to cross-examination, was held inadmissible because the summary "did not demonstrate past discrimination but, instead, set forth bare allegations thereof, without any evidence of their validity. *Id*. at *12-13. The Court concluded that the District Court erred in admitting the summary of complaints.

Plaintiffs' attempt to introduce summaries of claims against TCS, such as Exhibits 201, 203 and 1540, imposes substantial danger of unfair prejudice, confusing the issues, and misleading the jury. For these reasons, the bare allegations contained in the evidence referenced herein should be excluded.

## III. CONCLUSION

For the foregoing reasons, TCS respectfully requests that the Court exclude evidence relating to other claims and lawsuits made against TCS because the probative value, if any, of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury.

Dated: September 28, 2018

LOEB & LOEB LLP
MICHELLE M. LA MAR
BERNARD R. GIVEN
ERIN M. SMITH

By: *<u>/s/Michelle M. La Mar</u>*
Michelle M. La Mar
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing were served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on September 28, 2018.

Dated: September 28, 2018

/s/ *Michelle M. La Mar*
Michelle M. La Mar