DANIEL LOW, SBN 218387
dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice*)
dkotchen@kotchen.com
MICHAEL von KLEMPERER (*pro hac vice*)
mvk@kotchen.com
LINDSEY GRUNERT (*pro hac vice*)
lgrunert@kotchen.com
AMY ROLLER (*pro hac vice*)
aroller@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: 202.471.1995

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.<br><br>Plaintiffs,<br>v.<br><br>TATA CONSULTANCY SERVICES, LIMITED,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR (SK)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 5 TO EXCLUDE BLANDFORD & SMALLEY**<br><br>Trial Date: November 5, 2018<br>Pre-Trial Conference: October 12, 2018 |

Melissa Blandford and Gina Smalley should be precluded from testifying at trial because TCS failed to timely disclose them. In the alternative, Plaintiffs should be granted leave to depose them.

### I. BACKGROUND

Discovery opened in this case in August 2015 and closed on May 15, 2018. *See* Def.'s Initial Disclosures (Aug. 28, 2015) (Ex. 1); Scheduling Order at 1 (Dkt. #312). Despite this nearly three-year span, TCS waited to disclose the existence of Melissa Blandford as a relevant witness until Thursday, May 10, 2018—three business days before the close of discovery, and Gina Smalley until Monday, May 14, 2018—one business day before the close of discovery. *See* Def.'s 2d Supp. Initial Disclosures at 1:20 (May 10, 2018) (Ex. 2) (disclosing Blandford for first time); Def.'s 3d Supp. Initial Disclosures at 1:20-21 (May 14, 2018) (Ex. 3) (disclosing Smalley for first time). Neither of these individuals had been disclosed in TCS's August 2015 initial disclosures, nor its first supplemental initial disclosures provided on April 17, 2018. *See* Def.'s Initial Disclosures (Aug. 28, 2015) (Ex. 1); Def.'s Supp. Initial Disclosures (April 17, 2018) (Ex. 4). Nor did TCS ever submit a declaration from either individual in support of any brief in this case (despite filing dozens of declarations from a host of individuals over the last three years) or otherwise mention either individual in any brief or at any hearing. MvK Decl. ¶ 2.

These individuals purport to have knowledge concerning: "TCS' diversity policies and procedures, on boarding and termination process, disciplinary process, project release processes, travel requests and returns to base country, employee retention efforts, EEO-1 processes, Equal Employment Opportunity policies, anti-harassment training, and mandatory arbitration policy." Def.'s 3d Supp. Initial Disclosures at 1:25-2:1 (May 14, 2018) (Ex. 3).

Because of their belated disclosure, Plaintiffs were unable to depose these individuals. *See* Scheduling Order at 1 (Dkt. #312) (setting May 15, 2018 discovery cutoff); L.R. 37-3 ("all depositions must be concluded" by discovery cutoff). Nor were Plaintiffs able to issue written discovery related to the relevant knowledge and documents these individuals purportedly possess. *See* L.R. 37-3.

Plaintiffs objected to the addition of these individuals in the last days of discovery and noted their intention to seek the exclusion of these witnesses. *See* Email from M. von Klemperer to TCS

(May 15, 2018) (Ex. 5) (black text). TCS responded that "we may call any of those persons identified in our disclosures as trial witnesses." Email from M. La Mar to Plaintiffs (May 15, 2018) (Ex. 5) (response in blue text). TCS asserted that the mere mention of these individuals in uncited deposition testimony or among the millions of pages of produced documents was sufficient for Plaintiffs to be on notice that TCS may rely on them at trial. *Id.* Plaintiffs also requested to depose Mss. Blandford and Smalley after TCS produced its witness list, but TCS refused to make them available.

## II.   LEGAL STANDARD

Rule 26(a)(1) provides that a party must disclose "the name … of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). If a party learns that a disclosure is incomplete, it must supplement the disclosure "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"[D]isclosure[] of witnesses must be made sufficiently in advance of the close of discovery for the party-opponent to have a reasonable opportunity to pursue discovery of these witnesses." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595, 2016 U.S. Dist. LEXIS 47899, at *5-6 (S.D. Cal. April 8, 2016); *Reed v. Wash. Area Metro. Transit Auth.*, No. 1:14cv65, 2014 U.S. Dist. LEXIS 89598, at *6 (E.D. Va. July 1, 2014) ("Making a supplemental disclosure of a known fact witness a mere two days before the close of discovery, as is the case here, is not timely by any definition."); *Barnes v. Century Aluminum Co.*, No. 05-62, 2012 U.S. Dist. LEXIS 81733, at *17 (D.V.I. June 13, 2012) (disclosing new witnesses on last day of discovery "not timely for the purposes of Rule 26(e) because it deprives the disclosing party's adversary of the opportunity to use the discovery process to learn what testimony the named witness might give"); *United States v. Dunn*, No. 04 C 50472, 2007 U.S. Dist. LEXIS 27089, at *13-14 (N.D. Ill. Apr. 12, 2007) (holding that the testimony of witnesses improperly "sprung" on the plaintiff on the last day of fact discovery was barred from use at hearing or trial); *Spina v. Forest Pres.*, No. 98-C-1393, 2001 U.S. Dist. LEXIS 19146, at *33-34 (N.D. Ill. Nov. 23, 2001) (granting motion in limine to exclude testimony of

witnesses disclosed on the last day of discovery). "To satisfy the supplementation requirements, a supplemental disclosure, 'must [be] in such a form and of such specificity as to be the functional equivalent of a supplemental discovery response; *merely pointing to places in the discovery where the information was mentioned in passing is not sufficient.*'" *Faure v. Las Cruces Med. Ctr., LLC*, No. 14cv559, 2017 U.S Dist. LEXIS 150358, at *6 (D.N.M. Sept. 15, 2017) (quoting *L-3 Commc'n Corp. v. Jaxon Eng'r & Maint., Inc.,* 125 F.Supp. 3d 1155, 1169 (D. Colo. 2015)) (emphasis added). "Indeed, the 'knowledge of the existence of a person is distinctly different from the knowledge that the person will be relied upon as a fact witness.'" *Id.* (quoting *Jama v. City & Cnty. of Denver,* 304 F.R.D. 289, 294 (D. Colo. 2014)).

An untimely disclosed witness is subject to automatic exclusion under Rule 37(c)(1) unless the failure to disclose was "justified or harmless." *Obesity Research Inst.*, 2016 U.S. Dist. LEXIS 47899, at *6; *see* Fed. R. Civ. P. 37 Advisory Committee Note (1993 amendments) (untimely disclosure subject to "automatic" and "self-executing" sanction of exclusion). The non-producing party "has the burden of proving that its failure to disclose was substantially justified or is harmless." *Romero v. Cnty. of Santa Clara*, No. 11-cv-04812-WHO, 2014 U.S. Dist. LEXIS 133595, at *4 (N.D. Cal. Sep. 22, 2014); *see also Jackson Family Wines, Inc. v. Diageo N. Am., Inc.*, No. 11-5639 EMC (JSC), 2014 U.S. Dist. LEXIS 3389, at *3, 14 (N.D. Cal. Jan. 9, 2014) (granting motion in limine where 3 of 5 relevant factors favored exclusion). In assessing justification and harmlessness, courts consider five factors: "'(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for [the] failure to disclose the evidence.'" *Jackson Family Wines*, 2014 U.S. Dist. LEXIS 3389, at *3 (quoting *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011)).

### III.   ANALYSIS

Here, all five factors favor exclusion of Mss. Blandford and Smalley. The addition of these two individuals to TCS's initial disclosures on the final days of discovery was a surprise to Plaintiffs—TCS had never previously indicated that they possessed relevant discovery that TCS intended to rely on at trial. TCS's purported justification—that the individuals had been made known

to Plaintiffs in unidentified documents and deposition testimony is unavailing. At the time TCS disclosed these individuals, approximately 8 million pages of discovery had been produced, and thousands of pages of deposition testimony had been taken. MvK Decl. ¶ 3. Plaintiffs had no plausible way to determine from this mountain of material that TCS intended to call the two individuals as witnesses at trial. Moreover, the mere mention of an individual in a document on in testimony is not sufficient to place a party on notice that the individual has discoverable information that the opposing party intends to rely on at trial. *See Faure*, 2017 U.S Dist. LEXIS 150358, at *6 ("'merely pointing to places in the discovery where the information was mentioned in passing is not sufficient'") (quoting *L-3 Commc'n Corp*, 125 F. Supp. 3d at 1169). "Disclosure of two names during a long and complex discovery process does not relieve [TCS] of [its] ongoing disclosure duties under the Rules. *Id.* at *7.

By failing to timely disclose Mss. Blandford and Smalley, TCS precluded Plaintiffs from taking discovery related to them (including taking their deposition and issuing written discovery). Accordingly, the prejudice cannot be cured, and permitting these witnesses to testify at trial would be disruptive as Plaintiffs would be learning for the very first-time what evidence these individuals have to offer. *See id.* at *9-11 (finding prejudice from late disclosure and inability to cure where discovery had closed); *see also Obesity Research Inst.,* 2016 U.S. Dist. LEXIS 47899, at *9-13 (excluding witnesses disclosed on last day of discovery); *Barnes*, 2012 U.S. Dist. LEXIS 81733, at *17, 26 (excluding witnesses disclosed on last day of discovery given lack of ability to take discovery related to them). "Trial by surprise is no longer countenanced." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1140 (9th Cir. 2006).

Finally, the testimony of these individuals is not important. TCS's disclosures identify numerous other individuals with purportedly identical knowledge. *See* Def.'s 3d Supp. Initial Disclosures at 1:20-21 (May 14, 2018) (Ex. 3). Moreover, while TCS's exhibit list contains a large number of documents from Mss. Blandford and Smalley, these documents were all improperly produced months after the close of discovery and should be excluded as well (which is the subject of a separate motion in limine).

For the foregoing reasons, Mss. Blandford and Smalley should precluded from testifying at trial. In the alternative, Plaintiffs should be granted leave to depose these individuals before trial.

| | |
|---|---|
| Dated: September 28, 2018 | KOTCHEN & LOW LLP |
| | By: /s/ Daniel Kotchen |
| | Daniel Low (SBN 218387) |
| | Daniel Kotchen (*pro hac vice*) |
| | Michael von Klemperer (*pro hac vice*) |
| | Lindsey Grunert (*pro hac vice*) |
| | Amy Roller (*pro hac vice*) |
| | KOTCHEN & LOW LLP |
| | *Attorneys for Plaintiffs and the Class* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: September 28, 2018                              By: /s/ Daniel Kotchen
                                                                          Daniel Kotchen