MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
BERNARD R. GIVEN (SBN 134718)
bgiven@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.,<br>Plaintiffs,<br>vs.<br>TATA CONSULTANCY SERVICES, LTD.,<br>Defendant. | Case No.: 4:15-cv-01696-YGR<br>**TCS'S MOTION IN LIMINE NO. 11 REGARDING ALLEGED "VISA FRAUD."**<br>**CLASS ACTION** |

Defendant Tata Consultancy Services, Ltd. ("TCS") hereby moves the Court for an order, *in limine*, excluding plaintiffs' proposed exhibit numbers 130, 181, 255, 264, 469, 526, 547, 559, 566, 570, 611, 612, 733, 737, 740, 743, 744, 749, 751, 752, 754, 755, 761, 766, 775, 778, 799, 821, 822, 863, 1435, 1436, 1443-1445, 1448, 1449, 1457, 1459, 1461, 1473, 1474, 1477, 1478, 1482 and any other statement offered by plaintiffs regarding alleged "visa fraud" or misuse of the visa process pursuant to plaintiffs' prior positions, this Court's September 18, 2015, order (ECF No. 70) and the doctrine of judicial estoppel. These proposed exhibits are attached as part of TCS's administrative motion to seal.

Based on plaintiffs' recent discovery responses, plaintiffs intend to assert that TCS committed "visa fraud." This allegation should be barred because it is highly prejudicial, particularly at this late juncture, and plaintiffs previously disavowed this allegation. Three years ago, at the outset of this case, TCS moved to strike plaintiffs' complaint because this Court lacks subject matter jurisdiction to entertain such a claim in these circumstances. *See* Def.'s Mot. To Strike 2:4-8, ECF No. 47. TCS also moved to dismiss on this ground as well. *See* Def.'s Mot. To Dismiss Am. Compl. 6:20-9:7, ECF No. 50 (citing *Biran v. JP Morgan Chase & Co.*, 2002 WL 31040345 (S.D. N.Y. Sept. 12, 2012) (holding plaintiff required to exhaust administrative remedies before filing suit for employer's discriminatory use of visa program.) In response, plaintiffs vowed that "the amended complaint makes no such allegation and Tata's attempt to distort Plaintiffs' valid and well-pled Title VII and § 1981 claims into an attack on Tata's visa practices is unfounded." Pls.' Opp'n To Mot. To Dismiss Am. Compl. 5:25-6:2, ECF No. 59 (emphasis added). The Court's order then noted: "In opposition, plaintiffs argue that TCS misconstrued their allegations, and that they do not allege that TCS has misused the visa program." Sep. 18, 2015, Order 8:21-22, ECF No. 70. In footnote five, the Court ruled:

> While the FAC does not directly allege that TCS misuses the visa process, it does contain an allegation that TCS is "currently being investigated by the federal government for visa abuse." (FAC ¶ 26.) Plaintiffs now disavow any attempt to base their claims on misuse of the visa program. To clarify their position, plaintiffs shall make clear in their amended complaint that they do not allege any misuse or abuse of the visa program. *See* Section V, *infra*.

*Id.* at 8:22 n. 5. In Section V, the Court continued: "Plaintiffs are directed to file an amended complaint…which must clarify the following: ….Plaintiffs' disavowal that they allege any misuse or abuse of the visa programs." *Id.* at 11:17-12:6 (emphasis added).

Plaintiffs avoided a ruling on their apparent visa fraud claim by expressly telling the Court and TCS that no such allegation existed. The Court relied on plaintiffs' statement in its ruling. In addition to substantial prejudice, plaintiffs should be estopped from changing their position now.

> Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis* **v**. *Wakelee*, 156 U.S. 680, 689, 39 L. Ed. 578, 15 S. Ct. 555 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram* **v**. *Herdrich*, 530 U.S. 211, 227, n. 8, 147 L. Ed. 2d 164, 120 S. Ct. 2143 (2000); see 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding");

*New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001); *see also First Intercontinental Bank v. Ahn,* 798 F.3d 1149, 1154 (9th Cir. 2015) (Bank opposed summary judgment by acknowledging that plaintiff signed documents in California. Bank judicially estopped from later disputing this assertion.).

In fairness, plaintiffs should not be permitted at trial to assert "visa fraud" or "any misuse or abuse of the visa program." Moreover, even if the claim were justiciable or appropriate in this action (and it is not), plaintiffs should not be permitted to assert visa fraud because TCS lacks notice as to the specific theories and documents that plaintiffs believe support their visa fraud claim.

TCS believes plaintiffs intend to offer proposed exhibit nos. 130, 181, 255, 264, 469, 526, 547, 559, 566, 570, 611, 612, 733, 737, 740, 743, 744, 749, 751, 752, 754, 755, 761, 766, 775, 778, 799, 821, 822, 863, 1435, 1436, 1443-1445, 1448, 1449, 1457, 1459, 1461, 1473, 1474, 1477, 1478, and 1482[1] to demonstrated alleged visa misuse by TCS. Based on the foregoing, such exhibits should not be admitted, and plaintiffs and their witnesses should be instructed to avoid claiming or suggesting that TCS has misused the visa process.

---

[1] Each exhibit is appended hereto as Exhibit A, although some exhibits have been reduced to excerpts due to size, and all are being filed under seal in conjunction with TCS's administrative motion to seal.

Dated: September 28, 2018

LOEB & LOEB LLP
MICHELLE M. LA MAR
BERNARD R. GIVEN
ERIN M. SMITH

By: */s/ Michelle M. La Mar*
Michelle M. La Mar
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing were served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on September 28, 2018.

Dated: September 28, 2018

*/s/ Michelle M. La Mar*
Michelle M. La Mar