MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
BERNARD R. GIVEN (SBN 134718)
bgiven@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
Loeb & Loeb LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SLAIGHT, et al.,

Plaintiffs,

vs.

TATA CONSULTANCY SERVICES, LTD.,

Defendant.

Case No.: 4:15-cv-01696-YGR

**CLASS ACTION**

**ADMINISTRATIVE MOTION OF DEFENDANT TATA CONSULTANCY SERVICES, LTD. TO FILE CERTAIN DOCUMENT UNDER SEAL IN SUPPORT OF ITS MOTION IN LIMINE NOS. 1, 3, 11 and 12; DECLARATION OF MICHELLE M. LA MAR**

Pre-Trial Conference: October 12, 2018

Trial: November 5, 2018

## I. INTRODUCTION

Defendant Tata Consultancy Services, Ltd. ("TCS") respectfully requests an order sealing certain documents that contain attorney client privilege information and confidential and proprietary TCS information. These documents are detailed in the accompanying declarations of Michelle M. La Mar ("La Mar Decl.") and include privileged documents (from TCS' former General Counsel Satyanarayan Hegde), TCS' tax returns. Additional documents related to TCS employees' application for visa accompany the second declaration of Michelle M. La Mar ("La Mar Decl. #2"). All these documents are being filed in connection with TCS' Motions in Limine Nos. 1, 3, 11 and 12.

This motion is made pursuant to Civil Local Rules 7-11 and 79-5. Unredacted copies of the Confidential Documents to be filed under seal pursuant to Civil Local Rules 7-11 and 79-5 are attached to the La Mar Decl. and La Mar Decl. #2.

## II. DISCUSSION

Courts may restrict access to sensitive business information, which would include tax returns, attorney client privileged documents, and financial data of a corporation. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Corp.,* 529 F. Supp. 866, 890 (E.D. Pa. 1981). Invasion of a third party privacy interest demonstrates good cause, indeed a "compelling reason," to file information under seal. *See Icon-IP Pty. Ltd. v. Specialized Bicycle Components, Inc.,* No. 12-cv-03844-JST, 2015 U.S. Dist. LEXIS 26519 at *3 (N.D. Cal. 2015).

Here, TCS has not waived any privilege with respect to any privileged document, and its tax returns and tax related documents and employee visa application information include confidential and proprietary information that, if disclosed, could put TCS at a competitive disadvantage. These documents are not being submitted in connection with any dispositive motion, but instead with respect to TCS' motions *in limine.* The appropriate standard for this motion to seal is "good cause." *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1179-80 (9th Cir. 2006). Based on the attached La Mar Decl. and La Mar Decl.

#2 TCS has demonstrated the requisite good cause and this motion should accordingly be granted.

## III. CONCLUSION

For the foregoing reasons, TCS respectfully requests that the Court permit TCS to submit the documents identified in the accompanying La Mar Decl. and La Mar Decl. #2 under seal as specified in the proposed order submitted concurrently herewith.

Dated: September 28, 2018.

LOEB & LOEB LLP
MICHELLE M. LA MAR
BERNARD R. GIVEN, II
ERIN M. SMITH

By: /s/ Michelle M. La Mar
Michelle M. La Mar
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

**DECLARATION OF MICHELLE M. LA MAR**

I, Michelle M. La Mar, declare as follows:

1. I am a partner with the law firm of Loeb & Loeb, LLP, counsel for defendant Tata Consultancy Services, Ltd. ("TCS"). I have personal knowledge of the following facts and if called as a witness, I would testify to them under oath.

2. Attached hereto are documents that support TCS' **Motion in Limine ("MIL") No.1.** The documents contain confidential and proprietary information such as tax returns and tax related information, that, if disclosed, could put TCS at a competitive disadvantage.

| Decl. Exhibit No. | MIL Exhibit No. | Plaintiffs' Exhibit No. | Description of Information |
|---|---|---|---|
| 1 | A1 | 1405 | TCS' tax returns |
| 2 | A2 | 1406 | TCS' tax returns |
| 3 | A3 | 1407 | TCS' tax returns |
| 4 | A4 | 1408 | TCS' tax returns |
| 5 | A5 | 1409 | TCS' tax returns |
| 6 | A6 | 1410 | TCS' tax returns |
| 7 | A7 | 1411 | TCS' tax returns |
| 8 | A8 | 1412 | TCS' tax returns |
| 9 | A9 | 1413 | TCS' tax returns |
| 10 | A10 | 1414 | TCS' tax returns |
| 11 | A11 | 1415 | TCS' tax returns |
| 12 | A12 | 1416 | TCS' tax returns |
| 13 | A13 | 1419 | TCS' tax returns |
| 14 | A14 | 1420 | TCS' tax returns |
| 15 | A15 | 1421 | TCS' tax returns |
| 16 | A16 | 1422 | TCS' tax returns |

| | | | |
|---|---|---|---|
| 17 | A17 | 1423 | TCS’ tax returns |
| 18 | A18 | 1424 | TCS’ tax returns |
| 19 | A19 | 1425 | TCS’ tax returns |
| 20 | A20 | 1426 | TCS’ tax returns |
| 21 | A21 | 1427 | TCS’ tax returns |
| 22 | A22 | 1428 | TCS’ tax returns |
| 23 | A23 | 1429 | TCS’ tax returns |
| 24 | A24 | 1441 | TCS’ tax returns |
| 25 | A25 | 1442 | TCS’ tax returns |
| 26 | A26 | 1446 | TCS’ tax returns |
| 27 | A27 | 1450 | TCS’ tax returns |
| 28 | A28 | 1451 | TCS’ tax returns |
| 29 | A29 | 1452 | TCS’ tax returns |

3. Attached hereto is a document that supports TCS’ **MIL No. 3** that contains TCS’ privileged information regarding unrelated lawsuits.

| | | | |
|---|---|---|---|
| Decl. Ex. No. 30 | MIL Ex. No. A1 | Plaintiffs’ Ex. No. 1482 | Privileged information regarding unrelated lawsuits. |

4. Attached hereto is a document that supports TCS’ **MIL No. 12** that contains a privileged document from TCS’ former General Counsel Satyanarayan Hegde.

| Decl. Exhibit No | MIL Exhibit No. | Plaintiffs’ Exhibit No. | Description of Information |
|---|---|---|---|
| 31 | A1 | 1482 | Privileged |

| | | | |
|---|---|---|---|
| | | | information from TCS' former General Counsel Satyanarayan Hegde. |

5. TCS has not waived any privilege as to the above-identified documents and is seeking to exclude it them as attachments to a non-dispositive motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2018, at Los Angeles, California.

/s/ *Michelle M. La Mar*
MICHELLE M. LA MAR

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on September 28, 2018.

Dated: September 28, 2018.

/s/ *Michelle M. La Mar*
MICHELLE M. LA MAR