1  DANIEL LOW, SBN 218387
   dlow@kotchen.com
2  DANIEL KOTCHEN (*pro hac vice*)
   dkotchen@kotchen.com
3  MICHAEL von KLEMPERER (*pro hac vice*)
   MvK@kotchen.com
4  LINDSEY GRUNERT (*pro hac vice*)
   lgrunert@kotchen.com
5  AMY ROLLER (*pro hac vice*)
   aroller@kotchen.com
6  KOTCHEN & LOW LLP
   1745 Kalorama Road NW, Suite 101
7  Washington, DC 20009
   Telephone: 202.471.1995

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TATA CONSULTANCY SERVICES, LTD., <br><br> Defendant. | Case No. 4:15-cv-01696-YGR (SK) <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE TCS'S MOTIONS IN LIMINE #6, 7, 8, & 12** <br><br> Complaint Filed: April 14, 2015 <br> Trial Date: November 5, 2018 |

The Court should strike TCS's Motions in Limine #6, 7, 8, and 12, as they were not timely disclosed to Plaintiffs and the parties have not met and conferred about them.

## I. BACKGROUND

Pretrial Order #1 sets a September 14 deadline to exchange motions in limine. Pretrial Order #1 at p. 1 (Dkt. #431). The order sets a September 21 deadline to meet and confer regarding the motions in limine. *Id*; *see also* Pretrial Standing Order § 4(a) ("The parties shall then meet and confer and attempt to resolve the issues raised in the motions prior to the filing of the Pretrial Statement."). Failure to comply with the pretrial deadlines "will result in sanctions appropriate to the gravity of the failure." Pretrial Order #1 at p. 4 (Dkt. #431); *see also* Pretrial Standing Order § 9(b) ("No party is relieved of any of the requirements of this Order without a prior written order of this Court").

TCS did not disclose to Plaintiffs its Motion in Limine #12 (Dkt. #534) until September 25. *See* Email from P. Downes to Plaintiffs (Sept. 25, 2018) (Ex. 1). Plaintiffs responded that TCS had not timely disclosed the motion in limine in question, and that they would move to strike if TCS filed it. Email from L. Grunert to TCS (Sept. 27, 2018) (Ex. 1). TCS never responded to this email. MvK Decl. ¶ 2. Nor did TCS list Motion in Limine #12 in the Pretrial Conference Statement or otherwise indicate to Plaintiffs that it still intended to file it. *See* Pretrial Conference Statement § F, p. 22 (Dkt. #514) (failing to include Motion in Limine #12). TCS never requested to meet and confer regarding this motion, and the parties never did so. MvK Decl. ¶ 2.

TCS *never* disclosed to Plaintiffs its Motions in Limine #6, 7, or 8. (Dkts. #529, #530, #532); MvK Decl. ¶ 3. The first time Plaintiffs learned of the existence of these motions was when TCS listed them in a draft of the Pretrial Conference Statement on the afternoon of September 28. Email from E. Smith to Plaintiffs (Sept. 28, 2018) (attaching redlined Pretrial Conference Statement) (Ex. 2); TCS Redlined Pretrial Conference Statement § F, p. 24-25 (Ex. 3) (adding three motions in limine). Plaintiffs responded that these motions were not timely disclosed, and that they would move to strike if TCS filed them. Email from M. von Klemperer to TCS (Sept. 28, 2018) (Ex. 4); *see also* Pretrial Conference Statement § F, p. 21:22-27 (Dkt. 514) (stating that motions in question were not timely disclosed, and that Plaintiffs would move to strike them if filed). TCS never responded regarding this issue. *See* Email from E. Smith to Plaintiffs (Sept. 28, 2018) (Ex. 4). The first time

1

Plaintiffs saw the content of these motions was when they were filed on the docket on the night of September 28. MvK Decl. ¶ 3. TCS never requested to meet and confer regarding these motions, and the parties never did so. *Id.*

## II. ARGUMENT

The Court should strike Motions in Limine #6, 7, 8, and 12, as TCS failed to comply with Pretrial Order #1 and the Court's Pretrial Standing Order. "A pretrial order controls 'the subsequent course of the action unless modified by a subsequent order.'" *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (quoting Fed. R. Civ. P. 16(e)) (affirming denial of untimely motion for violation of pretrial order). Where a party fails to comply with a pretrial order, "the appropriate remedy is to strike the motion or deny it as untimely." *Fresno Rock Taco, LLC v. Nat'l Sur. Corp.*, No. 1:11-cv-00845, 2013 U.S. Dist. LEXIS 132952, at *38-39 (E.D. Cal. Sept. 16, 2013) (discussing striking of untimely motions in limine); *Urwyler v. United States*, No. CIV 93 5181, 1995 U.S. Dist. LEXIS 11682, at *1 (E.D. Cal. Aug. 3, 1995) (striking motions in limine filed after Pretrial Order deadline); *see also* Pretrial Order #1 at p. 4 (Dkt. #431) ("Failure to comply with the [pretrial deadlines] will result in sanctions appropriate to the gravity of the failure.").

TCS's conduct significantly prejudices Plaintiffs. Rather than having 19 days to review TCS's motions and begin preparing their oppositions, Plaintiffs are left with only five days (only three business days) to review the motions and draft oppositions. *See* Pretrial Order #1 at 2 (Dkt. #431) (setting October 3 deadline for oppositions). TCS's conduct has also prejudiced the Court, as the parties have not met and conferred. As a result, the Court is faced with motions that the parties may have been able to resolve or narrow.

TCS has not obtained prior leave of the Court for its conduct, as required under the Pretrial Standing Order. *See* Pretrial Standing Order § 9(b). Nor has it asserted any good cause for its failure to timely disclose the motions in question. *See* Fed. R. Civ. P. 16(b)(4) (requiring showing of good cause to modify scheduling order). And no good cause exists. Motion in Limine #6 seeks to exclude a demonstrative exhibit Plaintiffs provided TCS on September 7—the deadline TCS itself requested for the exchange of exhibits. *See* Pretrial Order #2 (Dkt. #495) (setting September 7 exhibit exchange

deadline).[1] Motion in Limine #7 seeks to exclude testimony of class members. But TCS has known that Plaintiffs may call class members to testify at trial since March 7, 2018 when Plaintiffs listed all class members on their supplemental initial disclosures.[2] And the Court has already addressed this issue. *See* Order (Dkt. #511) (permitting 4-hour depositions of class members). Motion in Limine #8 seeks to exclude the testimony of Paul Devenny, a witness that TCS deposed on April 2, 2018 (and therefore has known of for six months). Motion in Limine #12 concerns an exhibit Plaintiffs identified for TCS on August 31. *See* Pretrial Order #1 (Dkt. #431) (setting August 31 deadline to exchange exhibit lists).[3]

### III. CONCLUSION

Accordingly, the Court should strike TCS's untimely Motions in Limine #6, 7, 8, and 12.

Dated: October 1, 2018

Respectfully submitted,

By: /s/ Daniel Kotchen
Daniel Low (SBN 218387)
Daniel Kotchen (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
Amy Roller (*pro hac vice*)
KOTCHEN & LOW LLP

*Attorneys for Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: October 1, 2018

By: /s/Daniel Kotchen
Daniel Kotchen

---

[1] Plaintiffs were able to draft and timely exchange a motion in limine seeking exclusion of numerous TCS demonstratives. *See* Pls.' Mot. in Limine #8 (Dkt. #527).

[2] Plaintiffs were able to draft and timely exchange a motion in limine seeking to exclude two of TCS's witnesses, even before receiving TCS's witness list. *See* Pls.' Mot. in Limine #5 (Dkt. #520).

[3] Plaintiffs were able to draft and timely exchange numerous motions in limine challenging a large number of TCS's exhibits. *See, e.g.*, Pls.' Mot. in Limine #4 (Dkt. #518).