DANIEL LOW, SBN 218387
dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice*)
dkotchen@kotchen.com
MICHAEL von KLEMPERER (*pro hac vice*)
mvk@kotchen.com
LINDSEY GRUNERT (*pro hac vice*)
lgrunert@kotchen.com
AMY ROLLER (*pro hac vice*)
aroller@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.<br><br>Plaintifs,<br>v.<br><br>TATA CONSULTANCY SERVICES, LIMITED,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR (SK)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO PERMIT CONTEMPORANEOUS TESTIMONY FROM A REMOTE LOCATION UNDER RULE 43(A)**<br><br>Date: October 12, 2018<br>Time: 9:00am<br>Location: Courtroom 1, 4th Floor, Oakland<br><br>Complaint Filed: April 14, 2015<br>Trial Date: November 5, 2018 |

Plaintiffs seek an order under Fed. R. Civ. P. 43(a) permitting live videoconference testimony by six Tata Consultancy Services, Ltd. ("TCS") executives during the trial beginning November 5, 2018. *See* Mot at 1 (Dkt. #497). TCS's opposition misinterprets Plaintiffs' request, misapplies the law, and omits material facts.

## I. BACKGROUND

Plaintiffs seek to call six TCS executives at trial, who the company refuses to voluntarily produce either in person or remotely. As a result, Plaintiffs moved for an order under Fed. R. Civ. P. 43(a) permitting live videoconference testimony by the six witnesses during the upcoming trial. *See* Mot. (Dkt. #497). Subsequently, TCS disclosed its preliminary witness list, which includes five of the six individuals at issue. *See* Ex. 19 (highlighted portions) (listing Surya Kant, Narasimhan Srinivasan, Balaji Ganapathy, Ashok Seetharaman, and Amit Jindal).

If the Court authorizes remote testimony, Plaintiffs will issue subpoenas commanding each witness to appear and testify at a federal courthouse within twenty miles of his workplace, in accordance with Rule 45(c)(1). Of the six remote witnesses, Surya Kant, Narasimhan Srinivasan, Balaji Ganapathy, Ashok Seetharaman, and Vignesh Rangasamy would appear to testify at the District of New Jersey's Newark federal courthouse, sixteen miles from TCS's Edison, New Jersey offices. Amit Jindal would appear and testify at the District of Maryland's Greenbelt federal courthouse, seventeen miles from TCS's Rockville, Maryland offices. The Oakland federal courthouse has videoconferencing equipment available and a videoconferencing protocol in place.

## II. LEGAL STANDARD

Under Rule 43(a), "the court may permit testimony in open court by contemporaneous transmission from a different location" for "[1] good cause in compelling circumstances and [2] with appropriate safeguards." In allowing remote video testimony under Rule 43(a), courts reflect a "consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices." 9A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2414 (3d ed.). Whether to permit videoconference testimony "is 'expressly reserved to the sound discretion of the trial court.'" *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (Fed.

Cl. 2010) (quoting *Air Turbine Tech. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005)); *accord Beltran-Tirado v. INS*, 213 F.3d 1179, 1185-86 (9th Cir. 2000).

### III. ARGUMENT

Where a court permits remote testimony under Rule 43(a), the witness can be subpoenaed to appear and testify within the geographic limits of Rule 45(c)(1). *See* Fed. R. Civ. P. 45, Advisory Committee's Note to 2013 amendment. In this case, good cause exists to permit live videoconference testimony under Rule 43(a), and Plaintiffs would be prejudiced if they were not allowed the opportunity to question key TCS executives at trial.

### A. The Federal Rules Authorize Using Rule 45 and Rule 43(a) Together

Plaintiffs' proposal complies with Rule 45(c)(1)'s travel restrictions. "When an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from any place described in Rule 45(c)(1)." Fed. R. Civ. P. 45, Advisory Committee's Note to 2013 amendment. As TCS notes, "'Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to *travel* more than 100 miles.'"[1] Def.'s Opp. at 8 (Dkt. #504) (some emphasis omitted) (quoting *id.*). Plaintiffs do not disagree, *see* Pls.' Mot. at 11 (Dkt. #497), but TCS's argument regarding party-officer travel misses the crux of Plaintiffs' motion—Plaintiffs are not requesting that TCS's employees *travel* beyond the geographic limits of Rule 45(c)(1). Each witness would travel no more than twenty miles from his workplace to appear and testify—a point TCS entirely ignores.[2] *See* Pls.' Mot. at 1 (Dkt. #497). This use of Rules 43 and 45 complies with the 2013 amendments to Rule 45.

---

[1] The 2013 amendments made substantial changes to Rule 45. Among those changes, they removed restrictions on the issuing court, so that federal district courts can issue subpoenas nationwide. *See Johnson v. Bay Area Rapid Transit Dist.*, No. 09-0901-EMC, 2014 U.S. Dist. LEXIS 77411, at *4-6 n.2 (N.D. Cal. June 4, 2014); se*e also NML Capital Ltd. v. Republic of Arg.*, No. 2:14-cv-492, 2014 U.S. Dist. LEXIS 110625, at *29-30 (D. Nev. Aug. 11, 2014) ("The territorial scope of the court's subpoena power is only limited by Rule 45(c), which governs the place of compliance."). However, the subpoena cannot require an individual (including a party officer) to travel beyond the limits stated in Rule 45(c)(1).

[2] Curiously, TCS block quotes this section of the 2013 Advisory Committee Note—adding italics, underline, and bold for emphasis—while ignoring the same Note's discussion of Rule 43.

When crafting the 2013 Amendment's limit on party-officer travel, the Advisory Committee expressly envisioned using Rule 43(a) to obtain party-officer testimony. *See* Hon. David G. Campbell, Advisory Comm. on Fed. R. Civ. P., *Report of the Civil Rules Advisory Committee* 3 (May 8, 2012) ("[t]o the extent testimony of such party [officer or employee] witnesses is important there are alternatives to attending trial. *See, e.g.*, . . . 43(a) (permitting the court to order testimony by contemporaneous transmission).") (Ex. 20). [3] Contrary to TCS's assertions, "a Rule 45 subpoena is properly used for this purpose—a witness outside the reach of a subpoena from the court where the action is pending can be compelled to testify from a place within the limits imposed by Rule 45." Minutes, Civil Rules Advisory Committee Meeting (Mar. 22-23, 2012), p.14 (emphasis added) (Ex. 21).

None of the cases that TCS cites for its interpretation of Rule 45 considered the 2013 Advisory Committee Note to Rule 45—which expressly states that a subpoena can be used in conjunction with Rule 43(a)—or the corresponding Advisory Committee Report and Minutes. "Advisory Committee's Notes on a federal rule of procedure 'provide a reliable source of insight into the meaning of a rule, especially when, as here, the rule was enacted precisely as the Advisory Committee proposed.'"[4] *Class v. United States*, 138 S. Ct. 798, 808 (2018) (quoting *United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002)). This additional insight into the drafters' intent resolves any ambiguity over whether a Rule 45 trial subpoena can be used to command attendance for live videoconference testimony.

Additionally, many courts have used Rules 43 and 45 together to obtain live videoconference testimony at trial from witnesses outside the subpoena range after the 2013 amendments to Rule 45.

---

[3] The Advisory Committee Report and Minutes are available in a larger package of documents maintained by the Administrative Office of the U.S. Courts. *See* Committee on Rules of Practice and Procedure (July 11-12, 2012), http://www.uscourts.gov/sites/default/files/fr_import/ST2012-06_Revised.pdf.

[4] Federal courts often consider the Civil Rules Advisory Committee's reports and minutes when interpreting the Federal Rules. *See, e.g.*, *McKnight v. Neven*, 366 F. App'x 841, 842 n.1 (9th Cir. 2010) (report); *United States v. $ 4,224, 958.57*, 392 F.3d 1002, 1005 (9th Cir. 2004) (report); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 843 (1999) (minutes); *Burnley v. City of San Antonio*, 470 F.3d 189, 199 n.8 (5th Cir. 2006) (minutes); *United States v. Sierra Pac. Indus.*, No. 2:09-cv-2445, 2011 U.S. Dist. LEXIS 60372, at *20-21 (E.D. Cal. May 26, 2011) (minutes).

*See, e.g.*, *Chapman v. Tristar Prods.*, No. 1:16-cv-1114, 2017 U.S. Dist. LEXIS 104344 (N.D. Ohio July 6, 2017);[5] *In re: Depuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-2244-K, (N.D. Tex. Sept. 20, 2016) (Dkt. #83), *mandamus denied*, No. 16-11419 (5th Cir. Sept. 27, 2016); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. 2592, 2017 U.S. Dist. LEXIS 81047, at *8 (E.D. La. May 25, 2017); *In re: Nexium (Esomeprazole Magnesium) Antitrust Litig.*, No: 14-225, slip op. at 1-2 (E.D. Pa. Oct. 3, 2014) (Dkt. #18); *Allen v. Takeda*, No. 12-cv-00064, 2014 U.S. Dist. LEXIS 2231, at *35, 54-56 (W.D. La. Jan. 8, 2014). And some courts employed this approach under the pre-1991 version of Rule 45, which did not allow courts to require a party officer to travel more than 40 miles for trial (similar to today's Rule 45). *See, e.g.*, *In re San Juan Dupont Plaza Hotel Fire Litig.*, 129 F.R.D. 424, 426 (D.P.R. 1989); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 1988 U.S. Dist. LEXIS 19630, at *1, 4-6 (W.D. Wash. Aug. 9, 1988)).

**B.     Good Cause Exists to Permit Videoconference Testimony Under Rule 43(a)**

Plaintiffs satisfy the five-factor good cause test that courts apply when determining whether to require party officers to testify remotely. *See* Mot. at 12-16 (Dkt. #497). When evaluating whether good cause exists, court consider a variety of factors including: (1) the control exerted over the witness by the defendant; (2) the complex, multiparty, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation. 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2414 (3d ed. 2008) (collecting cases).[6]

---

[5] Although *Chapman* does not discuss subpoenaing the witness under Rule 45, the Court granted "Plaintiffs' motion to *compel* [the executive's] videoconference testimony," *id.* (emphasis added), over the defendant's objections that the request violated Rule 45(c)(1). Def.'s Opp'n at 1-3, Dkt. #102, *Chapman v. Tristar Prods.,* No. 1:16-cv-1114 (N.D. Ohio July 3, 2017).

[6] Courts have also considered: the witness's unavailability to testify due to distance, *Beltran-Tirado*, 213 F.3d at 1186; the importance of the testimony to the issues for trial, *Lyons v. Leonhardt*, No. 3:05-CV-400, 2013 U.S. Dist. LEXIS 101212, at *28-29 (D. Nev. July 19, 2013); and the adequacy of available deposition testimony, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, No. 2592, 2017 U.S. Dist. LEXIS 81047, at *11 (E.D. La. May 25, 2017).

TCS does not contest its control of the witnesses, the complex nature of this case, or the lack of prejudice to TCS from videoconference testimony.

With regard to the third factor, TCS does not point to any real inconvenience to the witness, rather than an apparent tactical advantage. Rather, TCS makes the tangential – and inaccurate – argument that Plaintiffs' 2018 search terms caused the company's untimely productions. Based on TCS's own production emails, less than 3% of pages produced after May 15 resulted from the 2018 requests for production.[7] *See* Decl. ¶ 2 (table of production explanations provided by TCS); *see also id.* ¶ 3; Ex. 22 (production explanation email compilation). Moreover, Plaintiffs' 2018 discovery requests were issued in February 2018—nearly three months prior to the close of discovery and two months before TCS's own last-minute requests for production were issued on April 13. *See* Pls.' 6th & 7th RFP (Ex. 23); *see also* TCS's 2d RFP to Masoudi (Ex. 24).

Despite this substantial lead time, TCS's infamous vendor (to whom they have repeatedly attributed delays throughout this litigation) was unable to run some of Plaintiffs' requested search terms due to technical problems, introducing substantial delay. *See* Ex. 25 at 1, 5 (emails among counsel referencing the vendor issue). Most of the late-produced documents responsive to Plaintiffs' 2018 discovery requests appear related to these search terms. *See* Decl. ¶ 2. The delay is not attributable to Plaintiffs, and TCS's contentions to the contrary are an effort at misdirection. The fact remains, TCS's untimely document production prevented Plaintiffs from questioning witnesses about key documents in this proceeding. *See* Mot. at 13-15 (Dkt. #497).

In addition, sitting for a deposition does not excuse a witness from testifying at trial. In fact, "Rule 43(a) was [originally] promulgated in response to abuses under the old equity practice of taking testimony entirely by deposition." *In re Adair*, 965 F.2d 777, 780 n.4 (9th Cir. 1992); *Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 & n.3-4 (9th Cir. 2005) (criticizing immigration judge's decision to rely on written report instead of allowing telephonic testimony from petitioner's expert, where

---

[7] Although TCS represents that its "Other Documents Index" contains these documents and some others, based on a review of TCS's production emails and the documents themselves, only 11% of the documents on the list are attributable to 2018 search term results. In addition the "Other" Index contains a substantial number of documents that TCS previously represented were released privilege log documents. See Ex. 22 at 1.

credibility was at issue). And TCS's recently disclosed witness list, containing five of the six witnesses at issue, makes clear that TCS believes these individuals have relevant information that TCS intends to present during its own case-in-chief. TCS's refusal to produce them during Plaintiffs' case is purely tactical.[8] *See Chapman v. Tristar Prods.*, No. 1:16-cv-1114, 2017 U.S. Dist. LEXIS 104344, at *4 (N.D. Ohio July 6, 2017) ("Third, given that Tristar plans to call Fisher in its own case-in-chief, Tristar's refusal to produce Fisher appears largely tactical.").

Nor is this case meaningfully distinguishable from multidistrict litigation, as TCS suggests. With respect to the flexibility needed to manage complex litigation, this case is similar in complexity and scope to an MDL. No logical distinction exists between multidistrict litigation and the instant case. Other courts have applied the five-factor test in non-MDLs. *See, e.g.*, *Chapman*, 2017 U.S. Dist. LEXIS 104344, at *4 (applying five-factor test to compel testimony in class action spanning only three states).

### IV.   CONCLUSION

For the forgoing reasons, Plaintiffs' motion to permit remote testimony should be granted.

Dated: October 1, 2018                                           KOTCHEN & LOW LLP

By: /s/ Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low (SBN 218387)
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
Amy Roller (*pro hac vice*)
KOTCHEN & LOW LLP

*Attorneys for Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

---

[8] Even though TCS may produce live witnesses for trial, a Rule 43 order is warranted to ensure that Plaintiffs have the means to compel their attendance. *Chapman*, 2017 U.S. Dist. LEXIS 104344, at *4

      I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: October 1, 2018                        By: /s/ Daniel Kotchen
                                                        Daniel Kotchen