DANIEL LOW, SBN 218387
dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice)*
dkotchen@kotchen.com
MICHAEL von KLEMPERER (*pro hac vice*)
mvk@kotchen.com
LINDSEY GRUNERT (*pro hac vice*)
lgrunert@kotchen.com
AMY ROLLER (*pro hac vice*)
aroller@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: 202.471.1995

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.<br><br>Plaintiffs,<br>v.<br><br>TATA CONSULTANCY SERVICES, LIMITED,<br><br>Defendant. | Case No.: 4:15-cv-01696-YGR (SK)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S MOTION IN LIMINE NO. 3 (DKT. #519)**<br><br>Trial Date: November 5, 2018<br>Pre-Trial Conference: October 12, 2018 |

TCS's Motion in Limine No. 3 to exclude evidence of other lawsuits and claims of discrimination should be denied. TCS seeks to exclude the following categories of materials.

First, TCS seeks to exclude two quarterly reports containing a wide range of relevant information, including detailed statistical evidence of attrition rates comparing, for example, expat attrition to local attrition. *See* TCS Ex. A.1 (Dkt. #519-2); Ex. A.2 (Dkt. #519-3). TCS seeks to exclude these documents merely because they also contain a count of ongoing or threatened litigation in the most general terms.

Second, TCS seeks to exclude a demonstrative exhibit containing a summary of discrimination complaints that TCS's diversity survey and email to HR. TCS Ex. A.5 (Dkt. #519-6).

Third, TCS seeks to exclude the EEOC charges of two of Plaintiffs' witnesses. Ex. A.6 (Dkt. #519-7); Ex. A.7 (Dkt. #519-8). Mr. Nahshal is a class member and Mr. Webber would be a class member but for his arbitration agreement. Their experiences are directly relevant to the existence of a pattern or practice of discrimination.

Fourth, TCS seeks to exclude two email chains regarding a complaint that TCS engaged in a pattern or practice of citizenship discrimination that was provided to both Surya Kant and Narasimhan Srinivasan—two key witnesses in this case, both of whom denied any knowledge of any such investigation under oath. Ex. A.4 (Dkt. #519-5); Ex. A.3 (Dkt. #519-4); Kant Dep. 45:4-46:3 (Ex. 1); Srinivasan Dep. 107:13-16 (Ex. 2). The more detailed of the two email chains, Ex. A.4, was produced after the close of the discovery, precluding Plaintiffs from asking any deponents about it.[1]

## I. LEGAL STANDARD

Evidence is generally admissible so long as it is relevant. *See* Fed. R. Evid. 402. Under Fed. R. Evid. 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "The court *may* exclude relevant evidence if its probative value is *substantially outweighed* by a danger of … unfair prejudice." Fed. R. Evid. 403 (emphasis added).

[1] Finally, TCS seeks to exclude references to *Epic v. Tata Consultancy Servs.* or *Vedachalam v. Tata Consultancy Servs.* But Plaintiffs already informed TCS during the meet and confer process that they do not intend to introduce such evidence. *See* Email from A. Roller to TCS at 1 (Sept. 24, 2018) (Ex. 3).

## II. Discussion

***A. Quarterly Reports.*** TCS's quarterly reports (Ex. A.1, Ex. A.2) contain a wealth of highly relevant information, including, *e.g.*, a comparison of attrition rates for locals and expats and attrition reasons. Such statistical evidence is central to this case. *See, e.g.*, Omnibus Order at 20 (Dkt. #244) (Plaintiffs can establish *prima facie* case "through circumstantial evidence such as *statistical disparities*, documents, and testimony from protected class members") (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977)) (emphasis added). "'[G]ross statistical disparities' in the treatment of members of a protected class 'alone may in a proper case constitute *prima facie* proof of a pattern or practice of discrimination.'" *Id.* (compiling cases and quoting *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 308 (1977)). The fact that these documents *also* contain a simple, non-descriptive count of ongoing lawsuits is of no consequence, and Plaintiffs do not intend to use the documents for that purpose. Such vague information cannot be said to substantially outweigh the probative value of the other highly relevant information contained in the documents.

***B. Demonstrative Exhibit.*** Plaintiffs' demonstrative exhibit reflecting other complaints of discrimination (Ex. A.5) is also highly relevant. This is a pattern or practice case—Plaintiffs must demonstrate that "'intentional discrimination' was the defendant's 'standard operating procedure' as opposed to an 'unusual practice.'" *Id.* (quoting *Teamsters*, 431 U.S. at 336). The Ninth Circuit has explained that in pattern or practice cases, "anecdotal evidence of past discrimination" is generally admissible. *Obrey v. Johnson*, 400 F.3d 691, 698 (9th Cir. 2005) (reversing decision to exclude anecdotal evidence). "While such evidence might prove inadmissible in the typical case of individual discrimination, in a case involving a claim of discriminatory pattern or practice," such evidence "is commonplace." *Id.* Here, Ex. A.5 provides just such anecdotal evidence, reflecting discriminatory animus and a corporate culture of discrimination. Such evidence has even been found admissible in individual cases. *See Spring/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) (noting that admissibility of "me too" evidence in individual case "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.").

Ex. A.5 is also admissible to show "intent" "and "absence of mistake." Fed. R. Evid. 404(b)(2). In *Lyons v. England*, the plaintiffs "allege[d] a pervasive pattern of racial discrimination"

in staffing and promotions. 307 F.3d 1092, 1111 (9th Cir. 2002). The Court held that "background evidence" of other discriminatory conduct was relevant to showing discriminatory intent and could be considered by the jury in assessing liability for plaintiffs' actionable claims. *Id.* at 1110-12. And while TCS argues that Ex. A.5 "imposes a substantial danger of unfair prejudice," MIL No. 3 at 4, the Ninth Circuit noted in *Lyons* that "in discrimination cases, probative evidence of wrongful intent will necessarily prejudice the defendant's case." *Id.* at 1110. That is not a basis for excluding the evidence.

Ex. A.5 will also counter TCS's effort to show "good faith efforts at Title VII compliance." *See, e.g.*, TCS's Statement of the Elements of Proof at p. 6 (Dkt. #514-2); TCS's Witness List (Ex. 4) (listing Balaji Ganapathy to testify regarding "TCS's diversity and inclusiveness practices."). And it will be used to demonstrate TCS's "knowledge" of its pattern of discrimination, and failure to remediate. *See* Fed. R. Evid. 404(b)(2); *Bazemore v. Friday*, 478 U.S. 385, 394-97 (1986) (holding that the knowing failure to remediate discrimination violates Title VII); *Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 943-44 (9th Cir. 2003) (defendant "exposes itself to Title VII liability if it fails or refuses to investigate and process complaints of racial harassment by its members or their employees").

In addition, the statements contained in Ex. A.5 largely come from survey responses TCS itself issued or from TCS's presentations regarding those surveys. "[S]urveys are routinely 'admissible, if relevant, either as nonhearsay or through a hearsay exception.'" *Brown v. Wal-Mart Store, Inc.*, No. 09-cv-03339-EJD, 2018 U.S. Dist. LEXIS 117438, at *39 n.5 (N.D. Cal. July 13, 2018) (quoting *Prudential Ins. Co. of Am. v. Gibraltar Fin. Corp. of Cal.*, 694 F.2d 1150, 1156 (9th Cir. 1982)). In addition, "At a minimum, '[c]ourts frequently find that survey evidence is admissible under the 'catch-all' exception to the hearsay rule.'" *Brown*, 2018 U.S. Dist. LEXIS 117438, at *39 n.5 (quoting *Sanchez v. Cty. of San Bernardino*, No. 10-cv-09384, 2014 U.S. Dist. LEXIS 199466 (C.D. Cal. Mar. 10, 2014)).

Finally, TCS's reliance on *Woodhouse v. Motel 6 G.P.*, No. 94-357126, 1995 U.S. App. LEXIS 28347 (9th Cir. 1995) is misplaced. *Woodhouse* is an unreported individual accommodation discrimination case—not an employment discrimination case involving pattern or practice

discrimination. Accordingly, its applicability here is limited, as anecdotal evidence is regularly found admissible in pattern or practice cases. Moreover, to the extent TCS asserts the case created a *per se* prohibition on the use of other complaints of discrimination, the decision has been abrogated by *Spring/United Mgmt. Co.*, 552 U.S. at 388 (holding that "me too" evidence may be admissible in individual case depending on relation to "plaintiff's circumstances and theory of the case").

***C. EEOC Charges.*** Mr. Nahshal and Mr. Webber will testify at trial, making their EEOC charges admissible as prior consistent statements to "rebut an express or implied charge [by TCS] that the declarant recently fabricated [a statement] or acted from a recent improper influence or motive in … testifying … or … to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B)(i)-(ii). "[The] district court has broad discretion regarding whether to admit a prior consistent statement under Fed. R. Evid. 801(d)(1)(B)." *United States v. Smith*, 893 F.2d 1573, 1581 (9th Cir. 1990). Plaintiffs may also rely on the declarations as prior recorded statements if "the witness once knew about [a matter] but now cannot recall well enough to testify fully and accurately." Fed. R. Evid. 803(5)(A) (Recorded Recollection). As such, the Court should deny TCS's Motion in Limine and reserve a ruling on the admissibility of these declarations until the time of trial under this rule. *See, e.g.*, *Venture Corp. v. Barrett*, No. 5:13-cv-3384-PSG, 2015 U.S. Dist. LEXIS 59477, at *4 (N.D. Cal. May, 2015); *United States v. Wilkinson*, No. 1:14-cr-168, 2015 U.S. Dist. LEXIS 143942, at *34 (D. Idaho Oct. 21, 2015).

***D. Email Chains Regarding Pattern or Practice.*** Finally, the email chains concerning complaints of a pattern or practice of citizenship discrimination (Ex. A.3 and Ex. A.4) are admissible for many of the same reasons as Ex. A.5—it demonstrates knowledge of a culture of discrimination at TCS which TCS management failed to remedy. It is also admissible impeachment evidence, as both Mr. Kant and Mr. Srinivasan testified that they lack knowledge regarding any such investigation. Yet both received Ex. A.3, providing detailed allegations. Moreover, this document was produced after the close of discovery, precluding Plaintiffs from questioning either about it during their depositions.

## III. CONCLUSION

For the foregoing reasons, the Court should deny TCS's Motion in Limine No. 3.

Dated: October 3, 2018

KOTCHEN & LOW LLP

By: /s/ Daniel Kotchen
Daniel Low (SBN 218387)
Daniel Kotchen (*pro hac vice)*
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
Amy Roller (*pro hac vice*)
KOTCHEN & LOW LLP

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: October 3, 2018

By: /s/ Daniel Kotchen
Daniel Kotchen