MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
BERNARD R. GIVEN (SBN 134718)
bgiven@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TATA CONSULTANCY SERVICES, LTD., <br><br> Defendant. | Case No.: 4:15-cv-01696-YGR <br><br> Assigned to Hon. Yvonne Gonzalez Rogers <br><br> **DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE TCS' MOTION IN LIMINE NOS. 6, 7, 8 AND 12** <br><br> Pre-Trial Conference: <br> Date: October 12, 2018 <br> Time: 9:00 a.m. <br> Ctrm: 1 <br><br> [CLASS ACTION] <br><br> Complaint Filed: April 14, 2015 <br> Trial Date: November 5, 2018 |

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16920889.3
205625-10015

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
TCS' MOTIONS IN LIMINE NOS. 6, 7, 8 AND 12
CASE NO. 4:15-CV-01696-YGR

Defendant Tata Consultancy Services, Ltd. ("TCS") hereby opposes Plaintiffs' Administrative Motion to Strike TCS' Motion in Limine Nos. 6, 7, 8 and 12 (the "Motion to Strike").[1]  Because there is substantial justification for TCS's inability to exchange drafts of the motions at issue prior to September 14, 2018, and because plaintiffs can show no actual resulting prejudice, the Motion to Strike lacks merit and should be denied.

## I. INTRODUCTION

TCS' Motion in Limine No. 6 seeks to exclude a demonstrative chart, Exhibit 1520, because it contains inaccurate data. *See* Dkt. 529.  As discussed in TCS' Motion in Limine No. 6, and as reiterated below, Ninth Circuit precedent requires the Court to ascertain the accuracy of the underlying data summarized in the demonstrative exhibit prior to allowing its use at trial.  A copy of the demonstrative exhibit was provided by plaintiffs on September 7, 2018—only one week prior to the date that draft motions in limine were due to be exchanged.  Given that plaintiffs identified almost 2,000 exhibits, TCS did not have an adequate opportunity to assess plaintiffs' demonstrative exhibits against the pertinent source documents prior to the date designated for the exchange of draft motions. Nonetheless, because the Court will need to resolve the issues raised in TCS' Motion in Limine No. 6, regardless of whether that occurs now or at trial, and because plaintiffs will have had almost two weeks in which to submit their opposition, TCS asks that the Court decide the issue now.

TCS' Motion in Limine No. 8 seeks to exclude the presentation of deposition testimony from Paul Devenny on the grounds that his testimony is irrelevant.  Mr. Devenny worked for TCS as a manager and salesperson, and therefore, is not a member of the class.  Although he maintains he was discriminated against, he admittedly lacks knowledge about TCS' benching and allocation practices, or the theories of discrimination alleged on behalf of the class members in this case.  TCS was unaware of plaintiffs'

---

[1] TCS voluntarily withdrew its Motion in Limine No. 7, which sought to exclude testimony from seven newly identified witnesses, after plaintiffs agreed to produce those witnesses for deposition. *See* Dkt. 541.  Thus, only Motion in Limine Nos. 6, 8 and 12 are at issue in this opposition, and the Court previously indicated that Motion in Limine No. 8 would be heard.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16920889.3
205625-10015

2

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
TCS' MOTIONS IN LIMINE NOS. 6, 7, 8 AND 12
CASE NO. 4:15-CV-01696-YGR

1  intention to use Mr. Devenny's trial testimony until plaintiffs disclosed the same on
2  September 14, 2018—the date on which draft motions in limine were due to be exchanged.
3  During a telephonic conference with the Court on October 1, 2018, the Court indicated that
4  it would hear this particular motion notwithstanding that a draft was not furnished.

5        Lastly, Motion in Limine No. 12 concerns a privileged internal communication
6  from TCS' former General Counsel regarding a Department of Justice Investigation that
7  concluded in TCS' favor. TCS never waived privilege with respect to the document, and
8  in fact, the document was produced expressly subject to a protective order that permitted
9  its claw-back. *See* ECF No. 298. Plaintiffs did not produce copies of the actual documents
10 identified on their exhibit list (containing 1,783 items in total) until September 7, 2018. It
11 was only upon examination of those documents that TCS realized plaintiffs intended to
12 introduce an unquestionably privileged communication at trial. Again, regardless of
13 whether it does so now or at time of trial, the Court will need to resolve TCS' privilege
14 objection. However, doing so at time of trial may be both inefficient, and unduly
15 prejudicial to TCS if the privileged material is somehow exposed to the jury.

16 **II.    GOOD CAUSE EXISTS TO HEAR THE MOTIONS AT ISSUE**

17       Plaintiffs are correct that the Court's Pretrial Order No. 1 imposed a deadline of
18 September 14, 2018 to exchange motions in limine. However, TCS can demonstrate good
19 cause to excuse the late exchange of Motion in Limine Nos. 6, 8 and 12.

20       With respect to Motion in Limine No. 6, TCS did not receive plaintiffs' inaccurate
21 demonstrative Exhibit 1520 until September 7, 2018. Declaration of Erin M. Smith
22 ("Smith Decl.") at ¶ 1. That exhibit purports to summarize unallocated expats who were
23 hired into various positions while Plaintiffs Slaight, Masoudi and Mandili were benched
24 and/or terminated. Upon receipt of Exhibit 1520, TCS promptly undertook efforts to
25 ascertain the accuracy of the summary chart. Smith Decl., at ¶ 2. The review of the data
26 purportedly summarized in Exhibit 1520 required substantial time and was not completed
27 prior to September 14, 2018, the date for the exchange of draft motions in limine. *Id*.
28 Accordingly, as of September 14, 2018, it was not yet clear that Exhibit 1520 was

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16920889.3
205625-10015

3

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
TCS' MOTIONS IN LIMINE NOS. 6, 7, 8 AND 12
CASE NO. 4:15-CV-01696-YGR

1  inadmissible. *Id*. Once it became clear that Exhibit 1520 was not accurate, TCS moved
2  promptly to place the issue before the Court for determination. *Id*. at ¶¶ 3, 4.

3       With respect to Motion in Limine No. 8, TCS was not aware that plaintiffs would
4  seek to introduce Mr. Devenny's deposition testimony at trial until the parties exchanged
5  discovery excerpts on September 14, 2018. Plaintiffs' excerpts were received at 4:56 p.m.,
6  which was within the deadline, but without sufficient time for TCS to prepare a motion in
7  limine. On October 1, 2018, the Court indicated that it would hear this motion despite the
8  fact that a draft was not included in the September 14, 2018 exchange.

9       With respect to Motion in Limine No. 12, again, due to the number and volume of
10 plaintiffs' exhibits and the fact that TCS received them only one week ahead of the
11 deadline for the exchange of draft motions, TCS did not discover Exhibit 1482— the
12 privileged document on plaintiffs' exhibit list— until after September 14, 2018. TCS
13 never waived the privilege attaching to this document.

14      A proper purpose of a motion in limine, of course, is to obtain an advance ruling on
15 controversial evidence. *Rhead v. Mundy*, No. 01cv0629, 2005 U.S. Dist. LEXIS 47633, at
16 *10 (S.D. Cal., Oct. 21, 2005).[2] Because the Court will have to rule on the admissibility of
17 Exhibits 1482 and 1520, as well as the deposition testimony of Mr. Devenny, before they
18 can be introduced to the jury, denying the Motion to Strike will allow the Court to consider
19 these issues in a more orderly process now rather than at the time of trial. Once objections
20 are made at trial, the Court, under the authority cited above, may need to take time, out of
21 the presence of the jury, to consider whether everything included in Exhibit 1520 is
22 supported by the proof, whether Mr. Devenny's testimony is relevant, and whether Exhibit
23 1482 is privileged. TCS fails to see how deferring these evidentiary objections until trial

---

[2] In fact, Ninth Circuit precedent makes clear that, prior to admitting a summary chart such as Exhibit 1520, certain precautionary measures must be taken, and "[t]he trial court, out of the presence of the jury, should carefully examine the summary charts to determine that everything contained in them is supported by the proof." *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984), citing *United States v. Abbas*, 504 F.2d 123, 124 (9th Cir. 1974), *cert. denied*, 421 U.S. 988 (1975). Therefore, the Court will have to decide this issue, either now or prior to allowing Plaintiffs to publish Exhibit 1520 to the jury.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16920889.3
205625-10015

4

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
TCS' MOTIONS IN LIMINE NOS. 6, 7, 8 AND 12
CASE NO. 4:15-CV-01696-YGR

would be a more efficient use of the Court's and jury's time.  It makes far better sense for the Court to have sufficient time to consider these issues and make its determination now rather than when a jury has been empaneled and is waiting.

Plaintiffs' claims of prejudice are overwrought.  Given that plaintiffs will have received nearly two weeks in which to file oppositions, it is hard to see how plaintiffs would be prejudiced if the Court were to take up these important issues now.  In fact, plaintiffs likely will have an opportunity to more fully brief the issues now than they would at the time an evidentiary objection is asserted at the time of trial.

### III.   CONCLUSION

Because good cause exists to allow the Court to consider the motions notwithstanding plaintiffs' technical objections, TCS respectfully requests that the Court deny the Motion to Strike and consider TCS' Motion in Limine Nos. 6, 8 and 12.

Dated: October 9, 2018

LOEB & LOEB LLP
MICHELLE M. LA MAR
BERNARD R. GIVEN
ERIN M. SMITH

By: */s/Michelle M. La Mar*
　　Michelle M. La Mar
　　Attorneys for Defendant
　　TATA CONSULTANCY SERVICES, LTD.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

16920889.3
205625-10015

5

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
TCS' MOTIONS IN LIMINE NOS. 6, 7, 8 AND 12
CASE NO. 4:15-CV-01696-YGR

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing were served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on October 10, 2018.

Dated: October 10, 2018

*/s/ Michelle M. La Mar*
Michelle M. La Mar

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

16920889.3
205625-10015

6

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
TCS' MOTIONS IN LIMINE NOS. 6, 7, 8 AND 12
CASE NO. 4:15-CV-01696-YGR