UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CHRISTOPHER SLAIGHT, ET. AL,**

Plaintiffs,

vs.

**TATA CONSULTANCY SERVICES, LTD,**

Defendant.

Case No. 15-cv-01696-YGR

**PRETRIAL ORDER NO. 3 RE: PRETRIAL CONFERENCE**

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on October 12, 2018, and for good cause shown, the Court enters the following orders:

1. **<u>Trial Date and Schedule:</u>** The trial of this matter is confirmed to proceed in Courtroom 1. Jury Selection shall begin at 9:00 a.m. on Friday, November 2, 2018. Opening statements and evidence shall commence on Monday, November 5, 2018. All remaining trial days shall begin at 8:30 a.m. Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m. each day the Court is in session. The trial schedule will be from 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks on the following days:

   - Monday, November 5, 2018 through Thursday, November 8, 2018
   - Tuesday, November 13, 2018 through Friday, November 16, 2018
   - Monday, November 26, 2018 and each day thereafter through the end of deliberations

   Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m. On Friday, November 9, 2018, the Court will conduct a charging conference with the parties beginning at 9:00 a.m. Evidence will not be presented that day.

2. The parties shall each be afforded 27 hours to present their case, including opening statements and closing arguments. The Court shall reserve one hour for each side for closing arguments. The parties shall receive daily timesheets advising them of the time remaining. Any concerns must be raised immediately or will be waived.

3. The Court sets the next pre-trial conference for Friday, October 26, 2018 at 9:00 a.m. **By noon on Wednesday, October 24, 2018**, the parties shall file a joint statement outlining the issues which they would like the Court to address.

4. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of the case, to the extent it exists.

    A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n.2 (1984). The Court's rulings on the motions *in limine* will be issued by separate orders.

5. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **Witnesses:** The parties are limited to calling the witnesses submitted on the lists filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

7. **By noon on Friday, October 19, 2018**, the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors during voir dire. The list shall be legible and formatted to fit on one page.

8. **By noon on Friday, October 19, 2018**, defendant shall confirm for the Court that Surya Kant, President of TCS North America, and Narasimhan Srinivasan, Head of Human Resources for North America, shall appear for trial on November 6 and/or 7, 2018.

9. **Exhibits and Exhibit Lists:** In general, the parties are limited to using the exhibits submitted on the Exhibit List. The Court understands that certain modifications are in the process of being made based upon the discussions at the pretrial conference. A revised and updated list shall be filed by noon on **Thursday, October 25, 2018.** However, given the Court's rulings on motions *in limine*, the parties may not change exhibit designations wholesale. Sub-categorizations or Court-approved additions are acceptable.

10. Exhibits are due to the Court pursuant to Standing Order ¶ 6.h.i.(A) and shall be delivered to the Court no later than **Thursday, November 1, 2018.** Each exhibit shall be tagged and organized numerically. The parties shall agree by no later than **Friday, October 19, 2018** on different colors of tags. Witness Binders due to the Court pursuant to Standing Order ¶ 6.h.i.(B) may be delivered on the day of said witness's testimony. However, an **electronic copy** of all exhibits organized numerically shall be delivered in addition to the hard copy no later than November 1, 2018.

11. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

12. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

13. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to the appropriate time for doing so. The parties may submit a proposed form of order with a list of all trial equipment and materials to be brought into the courthouse for trial

14. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

15. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

\\

16. **Jurors and Peremptory Challenges:** The Court will seat a total of nine (9) jurors and no alternates. The Court sets the number of peremptory challenges at four (4). *Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

17. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

18. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** The Court confirms that the parties have provided the Court with a copy of all expert disclosures, including any supplements. All offers of judgment made under Fed. R. Civ. P. 68 shall be lodged before jury selection commences on November 2, 2018.

19. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

20. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the Courtroom Deputy upon lodging the transcripts. The index shall provide a space for the party and the Courtroom Deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **Thursday, November 1, 2018.**

21. Before each trial day, Counsel shall confer with the Courtroom Deputy and identify which of the transcripts may be used that day.

\\

\\

22. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designations, and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall provide to the court reporter in pdf format the testimony as played on the same day as the video is played. The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

23. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For witnesses on a Monday (or Tuesday after a Monday holiday), written notice shall be provided by the prior Saturday at noon. The parties are encouraged to meet and confer on the timing for exchanging witness binders. If an agreement is reached, the Court should be advised in advance so that it can be enforced if necessary.

24. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Further, and as explained at the Pretrial Conference, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

25. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

26. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

\\

27. **Punitive Damages:** If the jury will be asked to consider punitive damages, the following additional orders shall apply:
    a. Defendant shall have all relevant financial data in Court in a sealed envelope by November 2, 2018;
    b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and
    c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.
28. **Requests for Transcripts:** The Court understands that daily transcripts will be requested. Arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **by October 19, 2018** as additional resources will need to be procured to accommodate the request.
29. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal motion for approval of settlement is filed.
30. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach the other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

    During voir dire, you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

\\

31. **Failure to Comply:** Failure to comply with the obligations set forth in this Order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED.**

Dated: October 15, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**