**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRISTOPHER SLAIGHT, ET AL.,**<br>Plaintiffs,<br>vs.<br>**TATA CONSULTANCY SERVICES, LTD,**<br>Defendant. | CASE NO. 15-cv-01696-YGR<br><br>**PRETRIAL ORDER NO. 4 RE: MOTIONS *IN LIMINE***<br><br>Re: Dkt. Nos. 512, 513, 515, 516, 517, 518, 519, 521, 522, 523, 524, 526, 528, 529, 531, 532, 533, 534, 535, 536, 537, 555 |

The Court, having considered the remaining motions *in limine* submitted by plaintiffs Christopher Slaight, et al. (Dkt. Nos. 515-518, 521, 525, 527, 528), and by defendant Tata Consultancy Services, LTD ("TCS") (Dkt. Nos. 512, 513, 519, 522, 523, 526, 529, 531-534)[1] and for the reasons expressed on the record at the pretrial conference held on October 12, 2018, **ORDERS** as follows:

First, as an overarching matter, the Court notes that its Standing Order cautions counsel that:

> Parties frequently misuse motions *in limine* in an attempt to exclude broad categories of possible evidence. Such motions are routinely denied. Any motion *in limine* must specify the precise exhibits or proffered testimony the party seeks to exclude.

(*See* Court's Standing Order re: Pretrial Instructions in Civil Cases, paragraph 4.a.) To the extent that the parties have failed to heed that advice, their motions *in limine* have been denied, as set forth herein. Further, with respect to all rulings, if a party opens the door, the other party may request consideration, but such request must be done outside the presence of the jury.

---

[1] A number of motions were withdrawn by the parties prior to the pretrial conference and are thus not addressed herein.

**I. PLAINTIFF'S MOTIONS *IN LIMINE***
**Plaintiffs' Nos. 1 – 3 Re Experts:**
**No. 1 To Exclude the Expert Testimony of Edward Lazear;**
**No. 2: To Exclude Materials Not Included in Experts' Reports;**
**No. 3: To Exclude Expert Testimony on Whether Expats Are Part of the U.S. Workforce:**

These motions are **GRANTED IN PART AND DENIED IN PART**.

Defendant's experts cannot opine on legal issues. An expert may articulate their understanding of a legal issue is it is relevant to or a basis upon which certain conclusions were made. Further, they cannot use terms of art, such as "statistically significant," for which they have not disclosed any foundation. They can opine only on materials which were disclosed to plaintiffs.

**Plaintiffs' No. 4: To Exclude Late-Produced Documents:**

The motion is **GRANTED IN PART AND DENIED IN PART**.

As a general matter, the Court will permit the introduction of documents listed on Dkt. No. 518-3 which were produced through May 31, 2018. To the extent there are documents listed on Dkt. No. 518-3 which were produced after that date and that either side believes should nevertheless be admitted under the five-part test for determining whether to preclude introduction of evidence pursuant to Federal Rule of Civil sProcedure 37, *see S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011), the parties must identify them, in *chart format*, by no later than **Friday, October 19, 2018**. Namely, for *each individual document* produced after May 31, 2018 that the parties seek to introduce, they must identify the exhibit number, the date on which the document was produced, the reason(s) for the late production, and a short summary explaining why the Court should permit the introduction of the document despite the late production of the same.

**Plaintiffs' No. 6: To Exclude Evidence of Two Affirmative Defenses:**

The motion is **DENIED**. However, the Court cannot discern how evidence regarding the statute of limitations is relevant in this trial phase.

\\

\\

**Plaintiffs' No. 9: To Exclude Lay Opinion Evidence Regarding Stereotypes:**

The motion is **DENIED WITHOUT PREJUDICE** to object as to lack of foundation.[2]

## II. DEFENDANT'S MOTIONS *IN LIMINE*

**Defendant's No. 1: To Exclude Evidence of TCS's Finances and Wealth**

The motion is **GRANTED IN PART** and **DENIED IN PART**.

In general, evidence of TCS's finances and wealth is excluded. However, with respect to plaintiffs efforts to "rebut[] the argument [by defendant] that TCS increased its reliance on local hires due to a purported good faith effort" (*see* Dkt. No. 546, at 2), the Court will consider specific pages of the annual report (Ex. 879) for evidence of defendant's intent. By no later than **Friday, October 19, 2018**, plaintiffs must submit the exact pages of the annual report that they wish to use in their rebuttal argument.

**Defendant's No. 2: To Exclude Declarations of Plaintiffs and/or Third Parties**

The motion is **GRANTED IN PART** and **DENIED IN PART**.

Other than the Fischer custodian declaration, all remaining declarations which were created in the context of litigation are excluded.[3] *See United States v. Smith*, 893 F.2d 1573, 1581 (9th Cir. 1990) (holding that "a prior consistent statement is admissible [pursuant to Fed. Rule Evid. 801(d)(1)(B)] only if it was made *before the witness had a motive to fabricate*") (internal citations omitted) (emphasis supplied).

**Defendant's No. 3: To Exclude Evidence of Unrelated Lawsuits**

The motion is **GRANTED IN PART** and **DENIED IN PART**.

The EEOC charges of Nasser Nahshal, Steven Webber (Exs. 1623, 1781) are excluded. Plaintiffs may seek to admit the email chain (Ex. 531)[4] and the quarterly reports (Exs. 201, 203),

---

[2] The Court will issue a separate order addressing plaintiffs' motions *in limine* numbers 7 (Dkt. No. 525) and 8 (Dkt. No. 527).

[3] Plaintiffs' withdrew declarations of Bradley, Giovanni, Margol, Ocampo, Huffman, Kannellopolous, Guy, Grant, Calles, Nwizubo, and Grant. (*See* Dkt. No. 547.) The Court notes that plaintiffs may use declarations at issue in this motion to refresh the recollection of a witness.

[4] Sufficient authority which provides that although discrimination on the basis of citizenship is *not* prohibited by Title VII on its own, when such discrimination has the purpose or effect of discriminating on the basis of national origin, it violates the portion of Title VII that

once those reports have been redacted to eliminate information about pending litigation.

Moreover, the motion is **DENIED IN PART AS MOOT** as to the demonstrative (Ex. 1540).[5]

**Defendant's No. 4: To Exclude Evidence of Discovery Disputes**

The motion is **RESERVED IN PART** as to the document containing production metadata (Ex. 1622). The motion is **GRANTED IN PART** as to the email regarding custodians (Ex. 1562) and the joint discovery letter brief related to the testimony of Surya Kant (Ex. 1575).[6] *See Barcamerica Intern. USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n. 4 (9th Cir. 2002) (noting that statements and arguments of counsel are not evidence); *EOTT Energy Operating Ltd. Partnership v. Winterthur Swiss Ins. Co.*, 257 F.3d 992, 999 (9th Cir. 2001) (finding counsel's assertions made at oral argument are not part of the factual record).

**Defendant's No. 5: To Exclude Evidence of Arbitration and Separation Agreements**

The motion is **GRANTED**.

**Defendant's No. 6: To Exclude Demonstrative Exhibit 1520**

The motion is **DENIED** as untimely.[7]

**Defendant's No. 8: To Exclude Deposition Testimony of Paul Devenny**

The motion is **DENIED** as untimely.

**Defendant's No. 9: To Exclude Evidence, Inquiry, or Argument with Respect to Uncertified Discrimination Claims and Claims of Non-Class Members**

The motion is **GRANTED IN PART** as to evidence of discrimination in hiring and **DENIED IN PART** as to the remaining evidence, including evidence non-hiring discrimination against non-

---

prohibits national origin discrimination. *See Espinoza v. Farah Mfg. Co., Inc.*, 414 U.S. 86, 92 (1973); *see also Lopez v. Arrowhead Ranches*, 523 F.2d 924, 927 (9th Cir. 1975); *Rai v. IBM Credit Corp.*, No. C 01-02283-CRB, 2002 WL 1808741, at *4 (N.D. Cal. 2002). Accordingly, evidence of citizenship discrimination may have relevance in showing national origin discrimination and may be admitted (assuming proper foundation).

[5] Plaintiffs withdrew the second email chain (Ex. 1482) pursuant to an email from counsel, dated October 11, 2018.

[6] Plaintiffs' withdrew the joint discovery letter brief related to a privilege log dispute (Ex. 1576). (*See* Dkt. No. 549.)

[7] Plaintiffs' motion to strike defendant's motions *in limine* Nos. 6, 8, and 12 is **DENIED AS MOOT** in light of the Court's rulings herein as to those motions.

class members. To the extent that parties cannot agree whether a particular piece of evince relates to hiring discrimination, they may raise the issue with the Court at trial.

**Defendant's No. 10: To Exclude Evidence, Inquiry, or Argument Regarding Contents of Unsworn Pleadings**

The motion is **GRANTED**.[8]

**Defendant's No. 11: To Exclude Evidence Regarding Alleged Visa Fraud**

The motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiffs may not introduce evidence of visa fraud in their case in chief. However, if defendant raises the issue of visa compliance, the Court will allow plaintiffs to introduce rebuttal evidence. To the extent plaintiffs intend to offer documents for a purpose other than to address alleged visa fraud, the parties are encouraged to redact as necessary so exhibits can be admitted without offending content.

**Defendant's No. 12: To Exclude Plaintiffs' Exhibit 1482**

The motion is **DENIED AS MOOT** as plaintiffs have withdrawn Exhibit 1482 pursuant to an email from counsel, dated October 11, 2018.

This Order terminates Docket Numbers 512, 513, 515, 516, 517, 518, 519, 521, 522, 523, 524, 526, 528, 529, 531, 532, 533, 534, 535, 536, 537, and 555.

**IT IS SO ORDERED.**

Dated: October 15, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[8] The Court notes that Exhibits 1562 and 1575 are also the subject of defendant's motion *in limine* No. 4.

5