# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SLAIGHT, ET AL.**, <br> Plaintiffs, <br> vs. <br> **TATA CONSULTANCY SERVICES, LTD**, <br> Defendant. | CASE NO. 15-cv-01696-YGR <br><br> **PRETRIAL ORDER NO. 5 RE: PLAINTIFFS' MOTION TO PERMIT CONTEMPORANEOUS TESTIMONY FROM A REMOTE LOCATION UNDER RULE 43(A)** <br><br> Re: Dkt. No. 497 |

The Court has reviewed plaintiffs' motion to permit contemporaneous testimony from a remote location pursuant to Rule 43(a). (Dkt. No. 497 ("Motion").) As noted during the October 12, 2018 pretrial conference, this motion now only relates to Amit Jindal.[1] Jindal is TCS's Head of Immigration and works in TCS's Rockville, Maryland office. (*Id.* at 7.) Plaintiffs would like to question Jindal regarding "the number of expats that travel each year to the U.S. to staff positions and associated filings/plans needed to enable expats to work in the U.S." as well as audits by PricewaterhouseCoopers and Ernst & Young. (*Id.*)

Pursuant to Rule 43(a), "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Five elements factor into whether good cause exists to permit live videoconference testimony: "(1) the control exerted over the

---

[1] Plaintiffs' motion seeks to compel testimony via teleconference of six Tata Consultancy Services, Ltd. ("TCS") employees – Surya Kant, Narasimhan Srinivasan, Balaji Ganapathy, Ashok Seetharaman, Vignesh Rangasamy, and Amit Jindal. (Motion.) However, as noted during the parties' pretrial conference on October 12, 2018, only Amit Jindal remains a subject of the motion. TCS is planning to call Kant, Srinivasan, Ganapathy, and Seetharaman, as well as Rangasamy's supervisor, Geeta Gwalani, to testify at trial. Thus, and as also noted during the conference, plaintiffs have agreed to withdraw the motion as it applies to Kant, Srinivasan, Ganapathy, Seetharaman, and Rangasamy. Accordingly, the plaintiffs' Rule 43(a) motion remains only as to Jindal.

witness by the defendant; (2) the complex, multiparty, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation." 9A Wright & Miler, Federal Practice & Procedure § 2414; *see also Draper v. Rosario*, 836 F.3d 1072, 1082-83 (9th Cir. 2016).

Although TCS employs, and therefore exerts some control, over Jindal and this suit is a multiparty, multi-state, class action, in light of the availability of witnesses Kant, Srinivasan, and Ganapathy, whom plaintiffs intend to ask about the PricewaterhouseCoopers and Ernst & Young audit reports (Motion at 5-7), and the Court's order granting in part defendant's motion to exclude at trial evidence of visa fraud, the Court finds that plaintiffs have not shown good cause in compelling circumstances to compel remote testimony of Jindal. Accordingly, the Court **DENIES WITHOUT PREJUDICE** plaintiffs' motion to permit remote contemporaneous testimony.

This Order terminates Docket Number 497.

**IT IS SO ORDERED.**

Dated: October 17, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**