# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIAN BUCHANAN, ET AL.,** <br> Plaintiffs, <br> vs. <br> **TATA CONSULTANCY SERVICES, LTD,** <br> Defendant. | CASE NO. 15-cv-01696-YGR <br><br> **PRETRIAL ORDER NO. 6 RE: PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 7 & 8** <br><br> Re: Dkt. Nos. 525, 527 |

The Court, having considered plaintiffs' motions *in limine* nos. 7 and 8 (Dkt. Nos. 525, 527) and the parties' arguments raised at the pretrial conference held on October 12, 2018 regarding the same, **ORDERS** as follows:

**Plaintiffs' No. 7: To Exclude TCS's Termination Forms:**

This motion is **GRANTED**. The termination forms contain hearsay and do not fall within any of the exceptions to the rule against hearsay. These forms are prepared by the human resources department in preparation of a request to terminate an employee. They are reviewed and, in some cases, revised after the legal department reviews them. They are not shown to the employee nor are they used for any ongoing business purpose. "[I]t is manifest that in this case th[e] [forms] are not for the systematic conduct of [TCS] as a [company that contracts with clients to provide consulting, technology, and outsourcing services]." *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943); *cf. id.* ("Unlike payrolls, accounts receivable, accounts payable, bills of lading and the like these [accident] reports are calculated for use essentially in the court, not in business. Their primarily utility is in litigating, not in railroading.").

TCS argues that it does not seek to introduce the forms for the truth of the statements contained therein but rather to show the lack of discriminatory intent. The cases TCS cites in support of this argument do not persuade. First, while the cases indicate that evidence of lack of

discriminatory intent is admissible, they do not consider these kinds of forms or use of the same in a class action context. *See Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454 (1983) (employee brought individual suit alleging employment discrimination on the basis of national origin and age); *Rosebrock v. Beiter*, CV 10-01878 SJO (SSx), 2011 WL 13214270 (C.D. Cal. May 26, 2011) (veteran brought individual suit alleging viewpoint discrimination in violation of the First Amendment). Additionally, and in any event, the probative value of admitting the termination forms to show an alleged lack of discriminatory intent is outweighed by the volumes of inadmissible hearsay contained therein. *See* Fed. R. Evid. 403; Fed. R. Evid. 801(c).

Notwithstanding the foregoing, the Court will allow a witness to discuss the existence of the forms and the lack of any statement therein of intent to discriminate. In addition, the forms can be used as a demonstrative, *i.e.*, a witness can show the jury how many pages exist if all the forms were to be printed out, but the forms themselves will not be admitted. Further, the Court will allow the introduction of a template or redacted termination form which shows *only* the questions included on the form, but no other content and/or appended materials.[1]

**Plaintiffs' No. 8: To Exclude TCS's Termination Form Summaries:**

In light of the Court's ruling regarding plaintiffs' motion *in limine* no. 7, this motion is also **GRANTED**.

This Order terminates Docket Numbers 525 and 527.

**IT IS SO ORDERED.**

Dated: October 23, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] To the extent that a specific form is needed for purposes of an admission or recorded recollection regarding a specific issue, the Court will address those instances on a case-by-case basis.