UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SLAIGHT, ET. AL,**<br><br>Plaintiffs,<br><br>vs.<br><br>**TATA CONSULTANCY SERVICES, LTD,**<br><br>Defendant. | Case No. 15-cv-01696-YGR<br><br>**PRETRIAL ORDER NO. 8 RE: OCTOBER 26, 2018 PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions presented at the Pretrial Conference held on October 26, 2018, and for good cause shown, the Court **ORDERS** as follows:

1. **Juror Questionnaire & Jury Selection**: Jury selection shall commence on **Friday, November 2, 2018**. Counsel must arrive in court to proceed promptly at **8:30 a.m**. Jury selection will begin at **9:00 a.m**. The Court will provide each party with two copies of each completed juror questionnaire. The Court will empanel nine (9) jurors.

2. **Exhibits & Exhibit Lists**: The Court has received the parties' exhibit lists. (Dkt. Nos. 611, 612.) The parties are instructed to submit electronic versions of all exhibits by no later than **Thursday, November 1, 2018**, pursuant to Pretrial Order No. 3. (*See* Dkt. No. 591.) The parties are instructed to bring physical copies of exhibits they intend to offer at trial. Given the sheer enormity of the exhibit lists, the parties shall not bring a copy of ALL exhibits to the courtroom. Notwithstanding the forgoing, the parties are warned that time is limited, and delay due to the failure to have exhibits readily accessible may occur given a failure to plan properly. The trial clock does not pause for delays of any kind.

3. **Aggregate Amount of Punitive Damages**: The Phase I jury, who will determine liability and the availability of punitive damages, will also determine the aggregate amount of punitive damages to be awarded. The parties shall follow the process set out in Pretrial Order No. 3, paragraph 27. In determining the aggregate amount of punitive damages, the jury may

consider defendant's financial condition. In addition, because punitive damages must be proportionate to compensatory damages, the Court **RESERVES** for after Phase II the issue of whether any punitive damages award needs to be either allocated or reduced.[1]

With respect to plaintiffs' arguments regarding the other purposes for which financial information is probative, the Court **RESERVES** to consider the proffer on a case-by-case basis. The Court has reviewed Exhibit Number 1147-A and finds it not admissible. Evidence of global finances, while arguably admissible for punitive damages purpose, is more prejudicial than probative of defendant's labor costs and resources in the United States market.

4. **Evidence of Individualized Termination Decisions**: The Court previously issued an order deeming defendant's termination files inadmissible. (*See* Dkt. No. 605.) That order, which pertained to those files only, did *not* conclude as a general matter that any and all evidence of defendant's nondiscriminatory intent is inadmissible. In the interest of fairness, the Court notes that because plaintiffs are permitted to enter into evidence anecdotal information, defendant will be allowed to do the same for purposes of rebutting plaintiffs' *prima facie* case.

5. **Affirmative Defense of Bona Fide Occupational Qualification ("BFOQ")**: Pretrial Order No. 3 addresses only the *availability* of the BFOQ affirmative defense based on the Court's finding that the defense was properly preserved. The Court reiterates here its position regarding anecdotal evidence.

6. **Exhibit Nos. 261 and 272**: Defendant shall submit for *in camera* review Exhibits 261 and 272 regarding the issue of privilege. Defendant is warned that if the issue is not resolved in a timely manner, witnesses may be recalled to testify.

7. **Plaintiffs' Augmented Exhibit List**: The Court has already ruled on the issues defendant raises regarding plaintiffs' "augmented" exhibit list and will not address them further.

8. **Plaintiffs' Augmented Witness List**: The Court will not limit plaintiffs' witness list to exclude individuals who were disclosed only in the context of plaintiffs' deposition

---

[1] Neither party objected to this process at the Pretrial Conference. Nor did they offer any competing alternative to deal with the hybrid situation of a *Teamsters* phased approach to trial.

2

designations. Defendant had fair warning of this anticipated evidence. Its objection at this point reflects nothing more than inappropriate gamesmanship.

9. **Hiring-Related Witnesses at Trial**: The Court will not limit plaintiffs' witness list based on defendant's perception of the nature of witnesses' testimony. The Court will resolve any objections to particular witnesses at trial.

10. **Accuracy of Plaintiffs' Summaries**: The Court will not exclude plaintiffs' summaries wholesale. To the extent that defendant raises issues with plaintiffs' calculations as to the underlying information contained therein, counsel may raise those issues during cross-examination.[2]

This Order terminates Docket Numbers 602 and 606.

**IT IS SO ORDERED.**

Dated: October 29, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Plaintiffs' administrative motion for leave to file a reply to defendant's further response to plaintiffs' motion *in limine* no. 4 (Dkt. No. 602) is **DENIED AS MOOT**. As stated on the record, while the parties should assume that any late-produced documents will not be admitted, the Court will address the documents on a case-by-case basis at trial, to the extent necessary.

In addition, in the interest of preventing the release of personal, identifiable information, plaintiffs' administrative motion to file under seal thirty-one exclusion request forms (Dkt. No. 606) is **GRANTED**.