MICHELLE M. LA MAR (SBN 163038)
mlamar@loeb.com
BERNARD R. GIVEN (SBN 134718)
bgiven@loeb.com
ERIN M. SMITH (SBN 235039)
esmith@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SLAIGHT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>TATA CONSULTANCY SERVICES, LTD.,<br><br>　　　　Defendant. | Case No.: 4:15-cv-01696-YGR<br><br>Assigned to Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANT TATA CONSULTANCY SERVICES, LTD.'S PROPOSED PROCEDURE FOR PHASE TWO PROCEEDINGS**<br><br>**CLASS ACTION** |

In accordance with the Court's directive at the Jury Instruction Conference on November 9, 2018, Defendant Tata Consultancy Services, Ltd. ("TCS") respectfully submits the following proposal for the procedure for Phase II of the proceedings in this action.

## I. BACKGROUND REGARDING PHASE II PROCEDURE

Although TCS analyzed the feasibility of a "trials by extrapolation" approach – where the trials of several "representative" plaintiffs would potentially bind the class – this device would prove deficient in a number of respects.[1] As a threshold matter, the "trials by extrapolation" approach has been upheld on appeal in only one significant case, *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996). Other courts across various jurisdictions that have attempted to implement such an approach have encountered significant problems on appellate review, notably, due process concerns and Seventh Amendment issues. *See, e.g., Wal-Mart Stores,* 546 U.S. 338 (2011); *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020 (5th Cir. 1997). Moreover, *Hilao* concerned a class action brought under the Alien Tort Statute, where liability was established in separate proceedings and the only issue being determined by means of a trial by extrapolation was damages to be awarded class-wide. Fifteen years after *Hilao* was decided, the Supreme Court expressed implicit disapproval of the approach in *Hilao*. *See Wal-Mart Stores v. Dukes*, 546 U.S. 338, 348, 367 (2011) (disapproving of the "novel project" of "Trial by Formula" and noting that the Ninth Circuit had approved the trial plan in reliance on *Hilao*).

Here, the facts and circumstances of each Plaintiff's claim are so individualized that it would be impossible to determine liability on a class-wide basis using *Hilao*'s approach (nor did *Hilao* itself even attempt to do so with respect to establishing liability). Nonetheless, wherever possible, TCS' Phase II proposal incorporates the efficiencies of the "trial by extrapolation" model. The proposal below, consisting of placing class members into appropriate sub-groups and proceeding with bellwether trials after appropriate individualized discovery, is intended to streamline the determination of various issues across similarly-situated Plaintiffs while still adhering to fundamental legal precepts and facilitating settlement of individual claims.

---

[1] Plaintiffs sought certification only of Phase I, and this Court determined at that time that it was appropriate to focus only on whether there was sufficient evidence demonstrating that TCS had in place a pattern or practice of discrimination during the limitations period. Moreover, this Court stated that "[a]n individual assessment of each plaintiff's intentional national origin discrimination claim under *McDonnell Douglas* is premature," therefore explicitly leaving such determinations for Phase II. *See* Order Granting in Part and Denying in Part Motion for Class Certification (ECF No. 244 at 29-30) (quoting *Colindres v. Quietflex Mfg.*, 2004 WL 3690215, at *6 (S.D. Tex. 2004)).

17082971.1
205625-10015

1

DEFENDANT TCS'S PROPOSED PROCEDURE FOR PHASE II
CASE NO. 4:15-CV-01696-YGR

Loeb & Loeb
A Limited Liability Partnership Including Professional Corporations

## II. TCS'S PROPOSED PHASE II PROCEDURE

### A. The Parties Determine Which Individuals Comprise the Class.

1. Within 30 days of the Court's Order establishing the Phase II procedures, Plaintiffs shall provide TCS with a current list identifying all individuals who Plaintiffs believe constitute the class members and identifying each Phase II claim to be asserted by or on behalf of each. Plaintiffs shall dismiss any and all claims they do not intend to pursue and/or for which consent to dismiss has been received.

2. Within 30 days of receiving the list of class members, TCS shall serve on counsel for Plaintiffs interrogatories ("Phase II Interrogatories") seeking the following basic factual information from each individual who remains in the case:

whether that individual:

- is not South-Asian or of Indian national origin;
- was employed by TCS;
- was subject to a policy or practice of benching and allocation;
- was placed in an unallocated status;
- signed an arbitration agreement; and
- was terminated while on the bench.

Additionally, the Phase II Interrogatories shall ask each individual to itemize the amount and type of compensatory damages claimed and whether punitive damages are requested.

Plaintiff shall answer the Phase II Interrogatories within 30 days of service. Based on the responses to the Phase II Interrogatories, Plaintiffs and TCS shall exchange lists of individuals they believe comprise the class members. Within 15 days of the list exchange, the Parties shall meet and confer regarding a master list identifying the individual class members and agree on such list (the "Class List").

### B. The Class Members Are Divided Into Appropriate Sub-Groups for Expeditious Resolution of Their Claims.

1. The Class List will, in the first instance, be divided into two groups:

- those class members who seek $10,000 or less in compensatory damages and no punitive damages ("Group A Members"); and
- those class members who seek either more than $10,000 in

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17082971.1
205625-10015

2

DEFENDANT TCS'S PROPOSED
PROCEDURE FOR PHASE II
CASE NO. 4:15-CV-01696-YGR

compensatory damages or punitive damages ("Group B Members").

2.  Group A Members will be notified that they have the option of settling their claims with TCS on an expedited basis, without further discovery required. Within 15 days of notification, the Group A Members will notify TCS whether they choose to pursue such option. For those Group A Members who avail themselves of this option, the goal would be to resolve such claims within 90 days of TCS receiving such notification.

3.  Group B Members and those Group A Members who choose not to settle their claims will be further grouped based on the following commonalities:
- an individual's highest employment rank at TCS (C1Y; C1; C2; C3; or C4);
- the geographic area in which that individual was last performing services for TCS;
- the number of years employed by TCS;
- that individual's last client project at TCS;
- the damages requested by that individual; and
- whether that individual requests punitive damages.

These groups shall be determined with the objective of maximizing the similarity of both factual circumstances and damages (both amount and type) sought within each group. TCS shall serve a list of proposed groups on counsel for Plaintiffs. The Parties shall thereafter meet and confer regarding the appropriate composition of groups of individual class members.

4.  The Parties shall file with the Court a joint list of proposed groups and the basis for such groups, for the Court's approval. If the Parties are unable to agree on the groupings, they shall file separately proposed groups of class members and the basis for such groups for the Court's determination.

C.  **For Each Group of Class Members, the Parties Proceed With Discovery and Bellwether Trials.**

1.  A certain number of cases *from each group of individual class members* shall immediately move forward through streamlined written discovery, depositions, dispositive motions (as to the statute of limitations or other legal issues), and ultimately, to "bellwether" trials. These cases may not, and need not, move forward in tandem; some cases may require less

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17082971.1
205625-10015

3

DEFENDANT TCS'S PROPOSED
PROCEDURE FOR PHASE II
CASE NO. 4:15-CV-01696-YGR

discovery and therefore will move more expeditiously to trial. Trials for these cases shall therefore proceed on a rolling basis.

      2.     The Parties shall agree, by use of a statistical expert or otherwise, on the number of cases in each group that must be tried to result in a statistically significant number of cases, with the limitation that no more than three cases from each group should move forward on an expedited basis.

      3.     The Parties shall choose the specific bellwether cases in each group to move forward through a process to be determined, including but not limited to random selection or each Party selecting a certain number of cases. To the extent the Parties engaged a statistical expert, such expert may also assist with selecting representative cases from each group for trial. TCS and Plaintiffs shall exchange their lists of bellwether cases for each group, and shall thereafter meet and confer regarding a master list of which cases should move forward immediately.

      4.     The Parties shall file a joint list of the cases for each group proposed to move forward immediately. If the Parties are unable to agree, they shall file separately proposed cases for each group. The Court shall make the final approval or determination of which cases within each grouping should move forward immediately (the "Bellwether Cases").

      5.     For each of the Bellwether Cases, the Parties shall proceed with written discovery and depositions, with the intent to proceed to trial expeditiously. The Parties shall discuss the possibility of an opt-in procedure to bind non-bellwether plaintiffs to the results of various Bellwether Cases.

      6.     In addition to binding the plaintiff of each Bellwether Case and any other individual class members within a certain grouping who choose to be bound, such Bellwether Cases shall educate the Court and the Parties about the strengths and weaknesses of the underlying cases, with the goal of increasing settlement between the Parties.

## III. CONCLUSION

For the foregoing reasons, TCS respectfully requests that the Court issue an order adopting its proposed Phase II procedure, as set forth above.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17082971.1
205625-10015

4

DEFENDANT TCS'S PROPOSED
PROCEDURE FOR PHASE II
CASE NO. 4:15-CV-01696-YGR

Dated: November 16, 2018

LOEB & LOEB LLP
MICHELLE M. LA MAR
BERNARD R. GIVEN
ERIN M. SMITH

By: */s/Michelle M. La Mar*
Michelle M. La Mar
Attorneys for Defendant
TATA CONSULTANCY SERVICES, LTD.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing were served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system on November 16, 2018.

Dated:  November 16, 2018

*/s/ Michelle M. La Mar*
Michelle M. La Mar

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

17082971.1
205625-10015

5

DEFENDANT TCS'S PROPOSED
PROCEDURE FOR PHASE II
CASE NO. 4:15-CV-01696-YGR