UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER SLAIGHT, ET AL,**<br><br>  Plaintiffs,<br>  v.<br><br>**TATA CONSULTANCY SERVICES, LTD.,**<br><br>  Defendant. | Case No. 4:15-cv-01696-YGR<br><br>**CLASS ACTION**<br><br>**JURY INSTRUCTIONS** |

The Court attaches hereto the jury instructions, which were used to instruct the jury orally on November 27, 2018.

Dated: November 27, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

**BASIC INSTRUCTIONS**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

As you have been previously instructed, Plaintiffs are a class of discharged employees defined as:

> All individuals who are not of South Asian race or Indian national origin who were employed by TCS in the United States, were subject to a policy or practice of benching and allocation, were placed in an unallocated status and were terminated between April 14, 2011, and December 27, 2017.

The defendant is a corporation. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Plaintiffs assert that TCS has engaged in a systematic, companywide pattern or practice of discriminating against individuals who are not South Asian or Indian in termination decisions. TCS denies plaintiffs' allegation and maintains that the terminations were based on legitimate, non-discriminatory reasons.

Plaintiffs must prove their allegations by a preponderance of the evidence.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

(1)   the sworn testimony of any witness;

(2)   the exhibits that are admitted into evidence;

(3)   any facts to which the lawyers have agreed; and

(4)   any facts that I have instructed you to accept as proved.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

During trial I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You heard deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

You also heard evidence that one or more witnesses made a different statement under oath on a prior occasion. This evidence may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

You have heard testimony from expert witnesses who gave opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Some exhibits received in evidence are capable of being displayed electronically and will be provided to you in that form, and you will be able to view them in the jury room. A computer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note, signed by your

3

foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**CLAIM-BASED INSTRUCTIONS**

Plaintiffs bring this class action under two separate statutes: (i) Title VII of the Civil Rights Act of 1964, commonly referred to as Title VII, and (ii) the Civil Rights Act of 1866, commonly referred to as Section 1981.

To succeed on these claims, plaintiffs must prove by a preponderance of the evidence that TCS had:

1. a pattern or practice
2. of intentionally discriminating on the basis of race against non-South Asian employees or national origin against non-Indian employees
3. who were benched and then terminated.

If you find plaintiffs have proved each element referenced above, you should reach a verdict in favor of plaintiffs. If you find that they have not, your verdict should be for defendant.

As used herein:

- A "pattern or practice" means a standard operating procedure. It requires more than mere occurrence of sporadic or isolated incidents of discrimination or insensitive remarks. The pattern or practice may be established without proving discrimination as to every class member.

- "Intentional" conduct means conduct that is purposeful; it does not require malice or hostility.

- The term "race" refers to ancestry, ethnic characteristics, or cultural characteristics. "South Asian race" refers to individuals who trace these characteristics to the Indian sub-continent.

- The term "national origin" means the country of ancestry or where a person was born. "Indian national origin" refers to individuals born in India or whose ancestors came from India.

Plaintiffs do not assert claims based on citizenship or immigration status itself, but rather race and/or national origin.

In deciding whether plaintiffs have proved their claim by a preponderance of the evidence, you may consider direct and/or circumstantial evidence to prove each element of the claim.

In this kind of case, a jury may consider anecdotal evidence and statistical evidence. Statistics alone can be sufficient to establish the element of a pattern or practice. As with all evidence, you should give this evidence the weight you think it deserves.

**STOP**

## CLOSING INSTRUCTIONS

When you go the jury room, the first thing you should do is elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this case. Your training or experience is not part of the evidence received in this case.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Verdict forms have been prepared for you.  I have instructed you on the law that you are to use in answering these questions.  You must follow my instructions and the verdict forms carefully. You must consider each question separately.

All of you must deliberate on and agree on each question. When you have finished filling out the form, your presiding juror must write the date and sign it where indicated and then notify the courtroom deputy that you are ready to present your verdict in the courtroom.

After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote. This is referred to as "polling" the jury and is done to ensure that all jurors have agreed to each decision.  Each of you will be provided a copy of the verdict form to assist in your deliberations.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, Ms. Stone, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including the court – how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.