DANIEL LOW, SBN 218387
dlow@kotchen.com
DANIEL KOTCHEN (*pro hac vice)*
dkotchen@kotchen.com
MICHAEL von KLEMPERER (*pro hac vice*)
MvK@kotchen.com
LINDSEY GRUNERT (*pro hac vice*)
lgrunert@kotchen.com
AMY ROLLER (*pro hac vice*)
aroller@kotchen.com
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: 202.471.1995

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER SLAIGHT, et al.,

Plaintiffs,

v.

TATA CONSULTANCY SERVICES, LTD.,

Defendant.

Case No. 4:15-cv-01696-YGR (SK)

**CLASS ACTION**

**PLAINTIFFS' OBJECTIONS TO TCS'S PROPOSED FORM OF JUDGMENT AND ALTERNATIVE PROPOSED JUDGMENT**

**<u>PLAINTIFFS' OBJECTIONS TO TCS'S PROPOSED FORM OF JUDGMENT</u>**

Christopher Slaight, Seyed Amir Masoudi, Nobel Mandili, and the Class object to TCS's Proposed Form of Judgment, submitted by email on December 6, 2018, and request this Court to amend the Proposed Judgment to reflect the substantive issues outlined below. An alternative Proposed Judgment, modified to reflect these concerns and minor clarifying changes, is attached as Exhibit A. A red line comparing the two versions (excluding changes to formatting, footers, and the caption) is attached as Exhibit B.

1. <u>Scope of Judgment.</u> The Judgment should be carefully worded to encompass only those issues actually resolved at trial. An adverse pattern-or-practice judgment "(1) bars the class members from bringing another class action against the [defendant] alleging a pattern or practice of discrimination for the relevant time period and (2) precludes the class members in any other litigation with the [defendant] from relitigating the question whether the [defendant] engaged in a pattern and practice of discrimination against [non-South Asian] employees during the relevant time period." *Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 880 (1984). Plaintiffs' Proposed Judgment clarifies that it encompasses only Plaintiffs' pattern-or-practice claims. *See* Exhibit A ¶ 3.

2. <u>Individual Claims.</u> The Judgment should reflect that Mr. Slaight's, Mr. Masoudi's, and Mr. Mandili's individual discrimination claims remain. As noted, an adverse pattern-or-practice judgment only precludes named plaintiffs and class members from relitigating the pattern-or-practice issue. *Cooper*, 467 U.S. at 880. It does not preclude named plaintiffs or class members from pursing individual discrimination claims. *Id.* at 880-81 (holding that "the [pattern-or-practice] judgment is not, however, dispositive of the individual claims" that were not "actually adjudicate[d]"); *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1106 n.8 (10th Cir. 2001) ("If the plaintiffs do not prevail during the first stage of a pattern-or-practice trial, they are nevertheless entitled to proceed on their individual claims of discrimination.") (citing *Cooper*, 467 U.S. at 878).[1] In *Cooper*, the Supreme Court found

---

[1] *See also Watsy v. Johnson*, 849 F.2d 610 (6th Cir. 1988) (table) ("The Supreme Court reasoned, in effect, that the determination that the employer had not engaged in an overall pattern or practice of discrimination would not foreclose a finding that the employer had discriminated against particular employees in particular instances."); *Brewton v. City of Harvey*, 285 F. Supp. 2d 1121, 1124-25 (N.D. Ill. 2003) (holding that res judicata did not bar the plaintiff's individual claims of discrimination where no pattern or practice of discrimination was found in prior suit).

that, so long as a plaintiff's individual discrimination claim had not been "actually adjudicate[d]," she could pursue it following an adverse pattern-or-practice finding. 467 U.S. at 878, 881. The Court explained that "[i]t could not be more plain that the rejection of a claim of classwide discrimination does not warrant the conclusion that no member of the class could have a valid individual claim." *Id.* at 878. Here, the Court did not "actually adjudicate" the claims of the class representatives—no finding was made regarding their individual claims one way or the other. *See* Special Verdict Form (Dkt. #673). Therefore, those claims survived the jury's verdict and judgment cannot be entered against them. Paragraphs 3-4 have been modified accordingly. *See* Exhibit A ¶¶ 3-4.

3. Costs. Because the Court is entering only partial judgment, costs are premature. "[T]he time for taxing costs begins to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues. To hold otherwise would unnecessarily complicate matters." *Woodmen Accident & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1057-58 (10th Cir. 1986) (also noting that plaintiff may yet succeed on remaining claims and thus "be entitled to costs as a 'prevailing party'"); *PJY Enters., LLC v. Kaneshiro*, Civil No. 12-00577, 2014 U.S. Dist. LEXIS 104609, at *13-14 (D. Haw. July 31, 2014) (finding award of taxable costs inappropriate where only partial judgment entered, particularly given the likelihood that doing so "may chill future civil rights litigation"); *Asarco, LLC v. NL Indus.,*, 2016 U.S. Dist. LEXIS 39859, at *10-11 (E.D. Mo. March 28, 2016) (finding award of costs "premature" until "entry of judgment on all claims as to all parties").[2] Paragraph 3 is modified accordingly. *See* Ex. A ¶ 3.

4. No Just Cause for Delay. Because the individual claims of Mr. Slaight, Mr. Masoudi, and Mr. Mandili remain pending, Paragraph 4 has been modified to satisfy the requirements of Rule 54(b) for their claims, in addition to those of Mr. Buchanan. Under Fed. R. Civ. P. 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." This requires an evaluation of

---

[2] Moreover, whether to award costs at all is within the discretion of the Court, and costs are improper here, given such an award's likely "chilling effect … on future civil rights litigants," the public importance and closeness of the case, and the vast difference in means between the plaintiffs and TCS—a multi-billion-dollar company. *See Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000) (citation omitted).

"juridical concerns," particularly "whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.' This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, 'so long as resolving the claims would 'streamline the ensuing litigation.''" *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)).

(A) As to Mr. Slaight, Mr. Masoudi, and Mr. Mandili, class-wide pattern-or-practice claims are factually and analytically distinct from individual discrimination claims, satisfying the juridical test. *See generally Cooper*, 467 U.S. at 876-78. The Supreme Court has explained that "'[c]onceptually, there is a wide gap between [individual and class-wide discrimination claims]. For [a plaintiff] to bridge that gap, he must prove much more than the validity of his own claim.'"[3] *Id.* at 876-77 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157-58 (1982)). "The inquiry regarding an individual's claim is the reason for a particular employment decision, while 'at the liability stage of a pattern-or-practice trial the focus often will not be on individual hiring decisions, but on a pattern of discriminatory decisionmaking.'" *Id.* at 876 (quoting *Teamsters v. United States*, 431 U.S. 324, 360 n.46 (1977)). Because the class-wide and individual claims present distinct issues, separate consideration would streamline the litigation, satisfying Rule 54(b).

(B) Mr. Buchanan's claims rest on different facts, as the Court found in its Bifurcation Order (Dkt. #412), as noted in TCS's proposed judgment.

---

[3] The discussion continues: "'Even though evidence that he was passed over for promotion when several less deserving whites were advanced may support the conclusion that respondent was denied the promotion because of his national origin, such evidence would not necessarily justify the additional inferences (1) that this discriminatory treatment is typical of petitioner's promotion practices, (2) that petitioner's promotion practices are motivated by a policy of ethnic discrimination that pervades [plaintiff's] division, or (3) that this policy of ethnic discrimination is reflected in petitioner's other employment practices, such as hiring, in the same way it is manifested in the promotion practices.' . . . . *Falcon* thus holds that the existence of a valid individual claim does not necessarily warrant the conclusion that the individual plaintiff may successfully maintain a class action. It is equally clear that a class plaintiff's attempt to prove the existence of a companywide policy, or even a consistent practice within a given department, may fail even though discrimination against one or two individuals has been proved." *Id.* at 876-78 (quoting *Falcon*, 457 U.S. at 157-58).

Dated: December 7, 2018

Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low (SBN 218387)
Michael von Klemperer (*pro hac vice*)
Lindsey Grunert (*pro hac vice*)
Amy Roller (*pro hac vice*)
KOTCHEN & LOW LLP

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by electronic service through the Clerk of the Court's CM/ECF filing system.

Dated: December 7, 2018

By: /s/Daniel Kotchen
Daniel Kotchen