**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHRISTOPHER SLAIGHT, ET AL.,**<br>Plaintiffs,<br>vs.<br>**TATA CONSULTANCY SERVICES, LTD,**<br>Defendant. | CASE NO. 15-cv-01696-YGR<br><br>**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE TCS'S RESPONSE TO PLAINTIFFS' COST OBJECTIONS**<br>Re: Dkt. No. 704 |

The Court has reviewed the papers submitted by the parties in connection with plaintiffs' administrative motion to strike TCS's response to plaintiffs' cost objections. (Dkt. Nos. 705, 706.) Unfortunately, the bickering that has infected this litigation persists.

First, the Court is unpersuaded by TCS's current argument that it viewed plaintiffs' objections filed January 28, 2019 as "a motion to deny TCS its costs in total" improperly styled as an objection. TCS did not so characterize plaintiffs' objections in its actual response, which is now the subject of the instant administrative motion. (*Compare* Dkt. No. 706 at 1 *with* Dkt. No. 703 at 1 (TCS notes therein "[p]ursuant to stipulation, plaintiffs filed an objection on January 28, 2019" to which "TCS hereby files its response") (emphasis supplied). The Court will not entertain such revisionist explanations for violations of the local rules. Accordingly, the Court **GRANTS** plaintiffs' motion and hereby **STRIKES** TCS's filing at Docket Number 703.

Next, the Court agrees with TCS that plaintiffs' argument that "the Court should exercise its discretion to decline to tax costs, as an award of costs would be inequitable" (*see* Dkt. No. 698 at 2:18-10:5) is not properly characterized as "specific objections to any item of cost claimed in [TCS's] bill, succinctly setting forth the grounds of each objection." *See* L.R. 54-2(a). Moreover, plaintiffs' argument attempts to circumvent the procedure for filing a proper motion for review of the clerk's cost determination. *See* Federal Rule of Civil Procedure 54(d)(1). Therefore, the

Court **STRIKES** this portion of plaintiffs' objection as filed in violation of Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-2. To the extent there is an objection to the clerk's cost determination, plaintiffs shall comply with Rule 54(d)(1).

The Court considered issuing monetary sanctions against both parties for violations of the rules but has already spent more than enough time on this squabble. Further rule violations will be viewed as intentional and flagrant. Parties are hereby warned.

This Order terminates Docket Number 704.

**IT IS SO ORDERED.**

Dated: February 12, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**